UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-02013 |
| **JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON** | § § § § | |
| | § | |
| *Defendants.* | | |

### DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Motion to Dismiss Plaintiff's complaint and seek dismissal of Plaintiff's claims in their entirety.

### I.   NATURE AND STAGE OF THE PROCEEDING

On or about October 31, 2005, Plaintiff, who at the time went only by Rachael Griffin but has since added the "-El" designation to her name consistent with her allegation that she is a Moorish American national, purchased the real property located at 703 Deveron Lane, Houston, Texas, 77090 (the "Property").[1] Plaintiff purchased the property with two loans from Long Beach Mortgage Company, a first note for $131,012 (the "First Note") and a second note for $32,753 (the "Second Note"). The First Note is secured by a deed of trust recorded in the real property records

---

[1] Plaintiff now writes her address without a zip code, instead indicating it is "Zip Exempt," but the Property is, of course, the same, and the alleged exemption from United States zip codes has no impact on her or JPMC's rights.

of Harris County as instrument no. Y886750 (the "First Deed of Trust"). *See* Ex. A. The Second Note is secured by a deed of trust recorded in the real property records of Harris County as instrument no. Y886754 (the "Second Deed of Trust"). *See* Ex. B. On or about July 27, 2015, the First Deed of Trust was assigned to JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company, via a Corporate Assignment of Deed of Trust, recorded in the real property records of Harris County as instrument no. 20120543726. *See* Ex. C. On or about March 1, 2025, Plaintiff purportedly conveyed the Property by a "Quit Claim Deed" to the R L Freeman Trust. *See* Ex. D.

Plaintiff filed this suit, *pro se*, asserting claims for Violation of the Fair Debt Collection Practices Act ("FDCPA"), Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title/Quiet Title, and Violations of the United States Constitution, while also seeking injunctive and declaratory relief. Doc. 1, p. 2-3. All of Plaintiff's claims are premised on her false allegation that she never entered into the First Note and that it is fraudulent, and that JPMC lacks authority to enforce the First Note or foreclose under the First Deed of Trust. None of Plaintiff's claims have merit, and her allegations are demonstrably false, as reflected by documents of which the Court may take judicial notice. Further, Plaintiff makes no substantive allegations against Dimon, Dimon is not subject to personal jurisdiction in Texas, and Dimon cannot be liable for the alleged causes of action solely by virtue of being the CEO of JPMC's parent company, JPMorgan Chase & Co. Accordingly, Plaintiff fails to state a claim against JPMC and Dimon, and all claims against JPMC and Dimon should be dismissed.

## II.   ISSUES TO BE DECIDED BY THE COURT

1. Whether Plaintiff states any plausible claim against JPMC upon which relief may be granted. The Court's decision on a Rule 12(b)(6) motion is reviewed *de novo*. *In re Katrina Canals Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2. Whether Dimon is subject to personal jurisdiction in Texas.

3. Whether Plaintiff states any plausible claim against Dimon upon which relief may be granted.

## III.   REQUEST FOR JUDICIAL NOTICE

In determining the validity of a Rule 12(b)(6) motion, a court cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Accordingly, JPMC respectfully asks the Court to take judicial notice of the following documents that are available in the public record or referenced in the Complaint:

| | |
|---|---|
| Exhibit A: | Certified Copy of October 31, 2005 Deed of Trust recorded in the real property records of Harris County, Texas on November 8, 2005 as instrument no. Y886750; |
| Exhibit B: | Certified Copy of October 31, 2005 Deed of Trust recorded in the real property records of Harris County, Texas on November 8, 2005 as instrument no. Y886754; |
| Exhibit C: | Certified Copy of November 17, 2012 Corporate Assignment of Deed of Trust recorded in the real property records of Harris County, Texas on July 31, 2015 as instrument no. 20120543726; |
| Exhibit D: | Certified Copy of March 1, 2025 Quit Claim Deed, recorded in the real property records of Harris County, Texas on April 5, 2025 as instrument no. RP-2025-137588. |
| Exhibit E: | Plaintiff's Chapter 13 Bankruptcy Schedules (Doc. 12), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Terrence Griffin, Rachael Griffin (debtors)*, Case No. 10-41294; |
| Exhibit F: | Plaintiff's Chapter 13 Voluntary Petition with Schedules (Doc. 1), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Rachael Lee Griffin dba Bona Fide Beauty Salon*, Case No. 16-36061. |
| Exhibit G: | Order Dismissing Chapter 13 Case (Doc. 75), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Terrence Griffin, Rachael Griffin (debtors)*, Case No. 10-41294; |
| Exhibit H: | Order of Discharge (Doc. 77), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Rachael Lee Griffin dba Bona Fide Beauty Salon*, Case No. 16-36061. |

### IV.    ARGUMENT AND AUTHORITIES

#### A.    Rule 12(b)(2) Motion to Dismiss

In federal court, personal jurisdiction over a nonresident defendant is only proper when: (1) the defendant is amenable to service of process under the forum state's long-arm statute, and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *See Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir.2000); *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992); *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 518-19 (S.D. Tex. 2001). The Texas long-arm statute authorizes service

of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042.

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution requires a two-pronged inquiry. *McCaskey*, 133 F. Supp. 2d at 518-19 (S.D. Tex. 2001). First, the Court must conclude that the defendant has "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must ensure that requiring the defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994).

To show personal jurisdiction, "The plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id*.

The Fifth Circuit established a three-step analysis by which to determine whether a defendant is subject to specific jurisdiction. 1) whether the defendant has minimum contacts with the forum state, i.e., whether he purposely directed his activities toward the forum state or purposefully availed himself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *McFadin*, 587 F.3d at 759.

Generally, with regard to a motion to dismiss for lack of personal jurisdiction, once a nonresident defendant raises the issue of personal jurisdiction by motion, the plaintiff must bear the burden of establishing the Court's jurisdiction over the nonresident. *See Wilson v. Belin,* 20 F.3d at 648; *McCaskey*, 133 F. Supp. 2d at 519.

Mr. Dimon is a resident of New York with no personal business contacts with the State of Texas. While Mr. Dimon is CEO of JPMorgan Chase & Co., Plaintiff does not allege that he personally conducts business in Texas or that he avails himself of the privileges of conducting business in Texas. There are no allegations to support personal jurisdiction over Mr. Dimon. Plaintiff alleges only that Mr. Dimon is CEO for Chase. There are no allegations regarding his contacts with Texas that would support personal jurisdiction. Accordingly, Plaintiff has not met her burden of demonstrating that the exercise of personal jurisdiction over Mr. Dimon is appropriate. *See Testi v. Chase Home Finance, LLC*, 4:10-cv-272-Y, 2010 WL 2293177, at *2-3 (N.D. Tex. June 7, 2010). The claims against Mr. Dimon should be dismissed for lack of personal jurisdiction.

B. **Rule 12(b)(6) standard for dismissal.**

To survive a motion to dismiss based on Rule 12(b)(6), a plaintiff must plead sufficient facts to state "a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)) (internal citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id*. at 556. The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Twombly*, 550 U.S. at 557.

### C.   Plaintiff fails to state any claims against Mr. Dimon.

In addition to the arguments below, which apply to both JPMC and Mr. Dimon, Plaintiff fails to state a claim against Mr. Dimon because she does not allege any specific conduct or actions by Mr. Dimon that would support any of her claims. The sole allegation against Mr. Dimon is that he is the "CEO and acting agent of JPMorgan Chase Co." Doc. 1, p. 2. The remaining allegations are made against "defendants" generally, but the context makes it clear that Plaintiff is complaining about the actions of corporate entities, not of Mr. Dimon himself.

"A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (citing *Atuahene v. City of Hartford,* 10 Fed. App'x 33, 34 (2d Cir. 2001)). Indeed, where a plaintiff's pleadings about a particular defendant "provide only conclusory statements and/or

irrelevant factual allegations in support of her claims … [t]he plaintiff has failed to plead sufficient facts to raise her right to relief against [that] defendant above the speculative level." *Belford v. Scott*, No. CIV.A. H-11-2329, 2012 WL 3069846, at *6 (S.D. Tex. July 27, 2012) (citing *Iqbal*, 129 S.Ct. at 1949). Plaintiff has done exactly what *Del Castillo* and *Belford* hold she cannot. She has made a single preliminary allegation against Mr. Dimon which is not relevant to her causes of action and then made generalized allegations of wrongdoing against "Defendants" without specifically identifying any wrongful conduct by Mr. Dimon. Plaintiff fails to state a claim against Mr. Dimon, and her claims against Mr. Dimon should be dismissed.

### D. Plaintiff is judicially estopped from challenging the First Note and First Deed of Trust.

Plaintiff is judicially estopped from arguing the First Note is not a valid debt, or that she did not enter into the First Note or that she does not owe the debt reflected by the First Note and First Deed of Trust, because in both her 2010 and 2016 voluntary Bankruptcy Petitions and Schedules she acknowledged the mortgage without challenging "the security interests encumbering the Property and did not dispute the right of any beneficiary, successor, assign, or trustee under the Deed of Trust."[2] *Rivera v. Recontrust Co., N.A.*, No. 2:11-CV-01695-KJD, 2012 WL 2190710, at *2 (D. Nev. June 14, 2012), *aff'd sub nom. Rivera v. Recontrust Co., NA*, 594 Fed. Appx. 412 (9th Cir. 2015) (dismissing claims challenging a mortgage lender's right to foreclose). Indeed, on her Schedule D in both bankruptcy proceedings, she identified "Chase" (2010) and "Chase Mtg" (2016) as having secured claims in the amount of $178,823 (2010) and $132,579 (2016) under the account ending in 1980[3] without indicating that the claim was disputed or otherwise challenging the claim. Ex. E, p. 9; Ex. F, p. 24. Courts have consistently held that where

---

[2] *See* Exhibit E, p. 9; Exhibit F, p. 24.
[3] This is the same account number about which she complains receiving a mortgage statement in the Complaint. *See* Doc. 1-1, p. 2.

a debtor fails to challenge a security interest or secured claim in a bankruptcy petition and schedules and then obtains a discharge in that bankruptcy proceeding, the debtor/plaintiff is subsequently judicially estopped from asserting claims challenging the debt or for quiet title. *Costell v. Bank of New York Mellon*, No. 12-CV-15063, 2013 WL 317746, at *4 (E.D. Mich. Jan. 28, 2013) (granting motion to dismiss because plaintiff was barred by judicial estoppel from seeking to invalidate a foreclosure sale "and, in effect, quiet title" because during their prior bankruptcy proceedings, they "did not challenge the security interests encumbering the property and did not dispute the right of any beneficiary successor, or assign under the [mortgage]."); *River*, 2012 WL 2190710 at *2 (concluding the plaintiff was barred from asserting claims which challenged the bank's security interests encumbering the underlying property because "during the bankruptcy proceedings, Plaintiff did not challenge the security interests…" and "Plaintiff's positions in this case are totally inconsistent with those taken in the bankruptcy proceeding"); *Lund v. Am. Home Mortgage Servicing Inc.*, No. CV1107431MMMRZX, 2011 WL 13221008, at *5 (C.D. Cal. Dec. 13, 2011) (plaintiff judicially estopped from asserting quiet title, cancellation of note, and cancellation of deed of trust claims because she listed the mortgage on the schedule of creditors in her bankruptcy petition and did not indicate the claim was disputed); *In re Dials*, 575 B.R. 137, 150 (Bankr. S.D.W. Va. 2017) (same, except debtor in privity with individual who listed mortgage as a secured debt in prior Chapter 7 filing). Plaintiff obtained a discharge in the 2016 bankruptcy[4], and the 2010 bankruptcy was dismissed for failure to make plan payments[5], and therefore she is judicially estopped from asserting claims challenging the debt, First Note, and First Deed of Trust.

---

[4] *See* Exhibit H.
[5] *See* Exhibit G.

Plaintiff is also judicially estopped from asserting any claims against JPMC premised on the validity of the debt because she failed to list any such claims on Schedule B in either of her bankruptcy petitions. *See*, Ex. E, Ex. F. Plaintiff cannot now, after receiving a discharge without disclosing such claims and after failing to make plan payments, assert them against JPMC and/or Dimon. *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1030–31 (N.D. Cal. 2010); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416 (3d Cir.1998) (finding a debtor who failed to list a claim against its lender on bankruptcy schedule was estopped from pursuing claims against the lender arising from that dispute); *Conrad v. Bank of America, National Trust and Savings Ass'n.,* 45 Cal.App.4th 133, 148, 53 Cal.Rptr.2d 336 (1996) (analyzing several federal cases and concluding that a lender liability action was precluded where the plaintiff failed to identify the claims in an earlier bankruptcy action).

### E.  Plaintiff fails to state a claim for Violation of the FDCPA.

The Fair Debt Collection Practices Act ("FDCPA") "makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff makes the conclusory allegation that Defendants violated the FDCPA by falsely representing the legal status of a debt, failing to verify the debt, and using deceptive and misleading means to collect on the debt. Doc. 1, p. 2-3. Plaintiff, however, does not and cannot allege that JPMC or Dimon are debt collectors subject to the FDCPA. "The term 'debt collectors' refers to 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008) (citing 15 U.S.C. § 1692(a)(6). "Mortgage

companies collecting debts are not 'debt collectors.'" *Id.* (citing *Perry*, 756 F.2d at 1208). Plaintiff therefore fails to state a claim for Violation of the Fair Debt Collection Practices Act ("FDCPA") because only a debt collector is liable under the FDCPA, and mortgage lenders and servicers are not debt collectors under the Act. 15 U.S.C. § 1692a(6); *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428 (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008)); *Perry*, 756 F.2d at 1208 ("The legislative history of [the Act] indicates conclusively that a debt collector does not include the consumer's credits, a mortgage servicing company, or an assignee of a debt… .").

Plaintiff fails to state a claim for Violation of the FDCPA against JPMC or Dimon, and her claims against JPMC and Dimon should be dismissed.

### F. Plaintiff fails to state a claim for Mail Fraud.

Plaintiff alleges Defendants committed Mail Fraud, in violation of 18 U.S.C. § 1341, by knowingly causing to be delivered through the mail a false debt collection statement to obtain money under false pretenses. *See* Doc. 1, p. 3. However, Plaintiff's "invocation of the statute making mail fraud criminal, 18 U.S.C. § 1341, does not avail relief because that statute does not create a private right of action. *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006), *aff'd*, No. 06-11277, 2007 WL 4467580 (5th Cir. Dec. 20, 2007). Accordingly, "any claim under 18 U.S.C. § 1341 must be dismissed." *Id.*

### G. Plaintiff fails to state a claim for Fraudulent Misrepresentation.

In Texas, the elements of a common-law cause of action for fraud include: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made the misrepresentation recklessly, without knowledge of the truth; (4) the defendant intended for the plaintiff to act on the misrepresentation; (5) the plaintiff

acted on the misrepresentation; and (6) the plaintiff incurred damages thereby. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). The elements of a cause of action for fraudulent misrepresentation are identical. *See Baribeau v. Gustafson*, 107 S.W.3d 52, 58 (Tex. App.—San Antonio 2003, pet. denied).

A common law fraud claim must satisfy a heightened pleading standard, which Plaintiff utterly fails to meet. *See* Fed. R. Civ. P. 9(b); *Benchmark Elecs., Inc. v. J.W. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). To sufficiently plead a fraud claim, Plaintiff must specify the time, place, and content of the misrepresentation, as well as the identity of the speaker and what benefit the speaker gained from the misrepresentation. *Williams*, 112 F.3d at 177-78. Plaintiff does not allege with the specificity that Rule 9 requires that JPMC or Dimon made a false statement or facts that support her contention that JPMC or Dimon did so with the intent for Plaintiff to act on the misrepresentation. In fact, Plaintiff does not identify any specific misrepresentation made by JPMC or Dimon, instead vaguely alleging that JPMC issued false claims of indebtedness without substantiating or verifying it. Plaintiff falls woefully short of stating a claim for fraudulent misrepresentation, and her claims against JPMC and Dimon should be dismissed.

### H.     Plaintiff fails to state a claim for Identity Misrepresentation.

"Identity Misrepresentation" is not a recognized cause of action under Texas or Federal law. However, even if it were a recognized cause of action, Plaintiff's allegations regarding this purported identity misrepresentation are simply false. Plaintiff's allegation is that "[b]y using the artificial name 'RACHAEL GRIFFIN / RACHEL GRIFFIN', Defendants attempted to bind Plaintiff to her obligations not her own, in violation of her due process and property rights." Doc. 1, p. 3. This claim is related to the allegation that JPMC sent a "Mortgage Statement" … "addressed

to the legal fiction 'Rachael Griffin / Rachel Griffin' which is not the name of the living Plaintiff and constitutes identity misrepresentation.

In short, it appears that Plaintiff claims that by not adding her newly adopted "-El" designation on her mortgage statement or in other correspondence, Defendants have committed a tort against her. Plainly, this is not the law. Plaintiff can add whatever designations she likes to her name, but doing so does not relieve her of her obligations under the First Note and First Deed of Trust. As reflected in Exhibits A and B, Plaintiff signed the First Deed of Trust and Second Deed of Trust as "Rachael Griffin." Ex. A, Ex. B. Likewise, as recently as March 5, 2025, Plaintiff executed a Quit Claim Deed purportedly conveying the Property to the R L Freeman Trust by signing her name as "Rachael Lee Griffin" without any "-El" designation. Ex. D. Further, in her 2010 and 2016 Bankruptcy petitions and schedules, in which she acknowledged the debt she now disputes, she identified herself as "Rachael Griffin" and "Rachael Lee Griffin" respectively. Ex. E, Ex. F. Regardless of how Plaintiff identifies herself now, she entered into the mortgage at issue as "Rachael Griffin," acknowledged the debt in bankruptcy as "Rachael Griffin," and conveyed the Property as "Rachael Lee Griffin," and she therefore cannot reasonably complain that JPMC sent her a mortgage statement addressed to Rachael Griffin. The Court should dismiss this frivolous claim.

### I.     Plaintiff fails to state a claim premised on Constitutional Violations.

In conclusory fashion, Plaintiff alleges that Defendants have violated the following portions of the United States Constitution: (1) Article 1, Section 10; (2) Article VI; (3) the Fifth

Amendment; and (4) the Fourteenth Amendment. None of the alleged violations support a claim by Plaintiff against JPMC or Dimon, and they should be dismissed.

### 1. Article I, Section 10

Article I, Section 10 of the United States Constitution restricts states from a variety of actions, including coining money and emitting bills of credit. *See* U.S. Const. art. I, § 10. Article I, Section 10 does not create or support a claim against private entities such as JPMC or against individuals such as Dimon. "The Contracts Clause does not provide a cause of action against private actors. As all defendants are private actors in this case, this claim is dismissed." *Bagwell v. Countrywide Home Loans Servicing, LP*, No. 3:09-CV-1358-P, 2011 WL 1120261, at *4 (N.D. Tex. Mar. 24, 2011). Because Article I, Section 10 applies only to the States, and not private actors, Plaintiff fails to state a claim against JPMC or Dimon premised on any alleged violations, and her claims should be dismissed.

### 2. Article VI

Article VI of the United States Constitution addresses the validity of debts entered into before the adoption of the Constitution, the Constitution being the supreme law of the land, and that various officeholders shall be bound by an oath or affirmation to support the Constitution. *See* U.S. Const. art. VI. Plaintiff's bare allegation that Defendants attempted to compel performance in unconstitutional tender (Federal Reserve Notes) and violated her due process rights by asserting obligations absent lawful cause have nothing to do with Article VI, and in any event Article VI, as

Article I, does not create or even suggest a private right of action against private actors such as JPMC or Dimon. Accordingly, Plaintiff's claims should be dismissed.

### 3. *Fifth and Fourteenth Amendments*

Similarly, Plaintiff cannot state a claim against JPMC or Dimon for alleged violations of the Fifth or Fourteenth Amendments and their due process clauses. "The due process clauses of the Fifth and Fourteenth Amendments protect individuals from state actions, not from actions of private entities, such as [Defendant]. Therefore, any cause of action [Plaintiff] asserts for violation of due process must fail as a matter of law[.]" *Martinez v. DISA, Inc.*, 435 F. Supp. 3d 747, 754 (W.D. Tex. 2020) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Because the due process clauses upon which Plaintiff's claims depend apply only to state action, Plaintiff's claims for violation of the Fifth and Fourteenth Amendments fail as a matter of law, she fails to state a claim, and her claims should be dismissed.

### J. Plaintiff fails to state a claim for Slander of Title or Quiet Title.

As an initial matter, Plaintiff is judicially estopped from bringing a Slander of Title or Quiet Title claim for the same reasons outlined in Section IV.D, *supra*. However, even if Plaintiff were not judicially estopped, she fails to state a claim for either.

### 1. *Plaintiff fails to state a claim for Slander of Title*.

To recover for slander of title, a party must allege and prove: "(1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale." *Wise v. Conklin*, No. 01–13–00840–CV, 2015 WL 1778612, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet.). "Slander of title consists of a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Allen-Pieroni v. Pieroni*, 535 S.W.3d 887, 887

(Tex. 2017). "Special damages exist when the plaintiff can show the loss of a specific, pending sale that was frustrated by the slander." Id. at 889.

Plaintiff completely and utterly fails to allege elements (1), (2), (3), (4), and (6). Her threadbare allegation is that "Defendants have made false claims to title or lien over Plaintiff's ancestral estate … despite no proof of allodial or aboriginal title." Doc. 1, p. 3. Allodial or aboriginal title is irrelevant. Plaintiff does not identify any uttered or published statement of disparaging words regarding the Property, she does not allege falsity – and to the extent she does, there is no falsity because JPMC has a valid lien on the property as indicated by Plaintiff's bankruptcy schedules and the property records, she does not allege or identify any malice by JPMC in making any such statements, and she fails to identify a specific sale that was lost or that was frustrated by JPMC or Mr. Dimon. As a result, Plaintiff fails to state a claim for slander of title.

   2.   *Plaintiff has not stated a claim for quiet title.*

Under Texas law, a claim to quiet title requires that the plaintiff prove: "(1) [s]he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable." *Cervantes v. New Century Mortg. Corp.*, 633 Fed. Appx. 290, 291 (5th Cir. 2016). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Id.*

Plaintiff's quiet title claim is premised on the notion that JPMC has made a false claim to a lien. *See* Doc. 1, p. 3. But JPMC has a validly recorded lien, *see* Ex. A, and Plaintiff has previously acknowledged the validity of JPMC's lien as reflected in her bankruptcy schedules

(specifically Schedule D for each). Ex. E, p. 9, Ex. F, p. 24. Therefore, Plaintiff does not and cannot allege that the lien is invalid or unenforceable, and Plaintiff's quiet title claim fails.

### K.  Plaintiff is not entitled to declaratory relief.

The Federal Declaratory Judgment Act is a procedural device for granting a remedy, and "does not create any substantive rights or causes of action." *Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Thus, a request for a declaratory judgment is remedial in nature and fails without an underlying, viable, substantive cause of action. *Thompson*, 13 F.Supp.3d at 660. Because Plaintiff has failed to plead a substantive legal claim, her request for declaratory relief also fails. *Id.*; *Verdin v. Fed. Nat'l Mortgage Ass'n*, 540 Fed. Appx. 253, 257 n.4 (5th Cir. 2013).

### L.     Plaintiff is not entitled to injunctive relief.

A request for injunctive relief absent a cause of action supporting entry of a judgment is fatally defective and does not state a claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff fails to state any plausible claim upon which relief may be granted, dismissal is also proper on Plaintiff's request for injunctive relief. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

## V.
## CONCLUSION

WHEREFORE, JPMC prays that the Court grant this Motion to Dismiss, dismissing all claims asserted by Plaintiff against JPMC and Mr. Dimon with prejudice because Plaintiff does not state a claim upon which relief can be granted and because Mr. Dimon is not subject to personal jurisdiction, and grant JPMC and Mr. Dimon whatever other relief they may show themselves to be justly entitled.

Respectfully submitted,

  */s/ Eric G. Carlson*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS**
**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION AND**
**JAMIE DIMON**

## CERTIFICATE OF SERVICE

    This is to certify that on June 25, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

  */s/ Eric G. Carlson*
Eric G. Carlson