UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-02013 |
| **JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Response to Plaintiff's Request for Entry of Default and respectfully show the Court as follows:

#### I. INTRODUCTION

Plaintiff filed this lawsuit on May 5, 2025, asserting claims against JPMC and Dimon for violations of the Fair Debt Collection Practices Act, Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title / Quiet Title, and a variety of alleged Constitutional violations, while also seeking injunctive and declaratory relief. *See* Doc. 1. Plaintiff did not properly serve JPMC or Dimon. However, on May 20, 2025, Plaintiff filed "Plaintiff's Affidavit of Fact" subtitled "Certificate of Service" in which she appears to represent that she served some of her pleadings in this case on Jamie Dimon as Chairman of the Board of Directors and CEO of JPMorgan Chase Co., and includes a Certified Mail Receipt indicating something was mailed to

"Jamie Dimon CEO Chase Co. JPMorgan" at "270 Park Avenue, New York, NY near 10017 United State." See Doc. 12[1]. On June 6, 2025, Plaintiff filed a Request for Entry of Default (Doc. 14) alleging she "duly served" defendants on May 15, 2025. On June 25, 2025, JPMC and Dimon filed their Motion to Dismiss (Doc. 16). Because service on JPMC and Dimon was not proper, because there is no entry of default or default judgment yet entered, and because JPMC and Dimon have now appeared and filed a motion to dismiss, Plaintiff's request for entry of default should be denied.

## II.     ARGUMENT AND AUTHORITIES

### A.     Default Cannot Be Entered Without Proper Service

Under Federal Rule of Civil Procedure 55(a), the clerk may only enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). However, a defendant must be properly served before an entry of default and default judgment can be entered. *See G & H Partners, Ltd. v. Boer Goats Intern. Ltd.*, 896 F. Supp. 660, 663 (W.D. Tex. 1995), *aff'd sub nom*. G & H Partners v. Boer Goats, 84 F.3d 432 (5th Cir. 1996) (setting aside entry of default and default judgment because defendant was not properly served). Because Plaintiff has not properly served JPMC or Dimon, entry of default would be improper.

### B.     Plaintiff Did Not Properly Serve Defendants

Federal Rule of Civil Procedure 4(e) – for Dimon – and 4(h) – for JPMC – outline the service of process requirements, which Plaintiff failed to satisfy.

---

[1] It is not entirely clear based on the documents filed by Plaintiff who she purports to have served and what she purports to have served them with. It is also unclear why she refuses to use zip codes.

1. *Dimon was not properly served.*

Rule 4(e) states that an individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Plaintiff appears to take the position that her Certified Mail effectuated service. Certified Mail is not one of the acceptable methods of service in Rule 4(e)(2), meaning Plaintiff must have complied with the requirements of Rule 4(e)(1).

Under Texas Rule of Civil Procedure 106, service on an individual may be made by certified mail, return receipt requested. Tex. R. Civ. P. 106(a)(2). However, if service is made by certified mail, the return of service <u>must</u> contain the return receipt with the addressee's signature. Tex. R. Civ. P. 107(c); *Dream Realty & Constr. Corp. v. Lin Family Revocable Tr. Dated May 9, 2013*, No. 03-23-00447-CV, 2025 WL 284982, at *3 (Tex. App.—Austin Jan. 24, 2025, no pet.) ("When service is effected by certified mail, Rule 107(c) unambiguously requires the return receipt to contain the addressee's signature."). To the extent Plaintiff attempted to serve Dimon via certified mail under Texas law, such service fails because there is no return of service with Dimon's signature.

New York law does not permit service in the manner attempted by Plaintiff. New York Civil Practice Laws and Rules § 308 sets forth the permitted methods of service on an individual, and it does not permit serving a defendant solely by certified mail. *Greenland Asset Mgmt. Corp.*

*v. MicroCloud Hologram, Inc.*, 80 Misc. 3d 1231(A), 197 N.Y.S.3d 924 (N.Y. Sup. Ct. 2023) ("CPLR 308 (1)-(4) does not permit serving a defendant solely by email, certified mail, or regular mail."). Accordingly, service upon Dimon was not effective. Because service was not effective, entry of default would be improper.

  2. *JPMC was not properly served.*

Rule 4(h) states that a corporation, partnership, or association must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Plaintiff has not served JPMC, and the sole basis for her allegation that she served it appears to be that her service on Dimon is effective as service on JPMC, but service on Dimon is not service on JPMC. Texas law provides that a financial institution such as JPMC must be served by serving the registered agent of the financial institution. Tex. Civ. Prac. & Rem. Code § 17.028(b). Dimon is not the registered agent for JPMC, and therefore under Texas law, any purported service on him is not service on JPMC. Mailing the citations and summons to Dimon is also not proper service on JPMC under New York law. "Section 311 of the CPLR provides that service on a corporate defendant is effected by personally delivering a copy of the summons to 'an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. As an alternative to personal service, a plaintiff may serve a corporate defendant by mail pursuant to CPLR § 312-a, provided however, that the plaintiff comply with the additional requirements set forth in that section." *Sander v. Office*

*of Comptroller of Currency*, No. 15-CV-5879 (VSB), 2016 WL 11951030, at *6 (S.D.N.Y. Sept. 29, 2016) (quoting CPLR § 311 and citing CPLR § 312-a). Plaintiff plainly did not comply with either CPLR § 311 (requiring personal delivery) or CPLR § 312 and therefore failed to serve JPMC under New York law.

Likewise, Plaintiff has not properly served Plaintiff under Rule 4(h)(1)(B) because "[t]he plain language of Rule 4(h)(1)(B) makes clear that personal delivery is required and thus mailing a copy of the summons and complaint, without more, is insufficient under the Federal Rules of Civil Procedure to effect service of process." *Id.* Because Plaintiff has not properly served JPMC, entry of default would be improper.

### C. Even If Service Were Proper, Default Is Disfavored

Even if service were proper (which it is not), courts disfavor defaults. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Id.* (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)). JPMC and Dimon did not fail to meet a procedural time requirement, but even if they had, they have now filed a Motion to Dismiss and will defend against Plaintiff's claims. *See* Doc. 16. When a defendant has "taken an appropriate action to defend" before the clerk has made an entry of default, it would be improper to enter default or a default judgment. *Dryden v. Dubose*, No. EP-07-CA-272-FM, 2008 WL 11417020, at *2 (W.D. Tex. Jan. 14, 2008) (citing

Fed. R. Civ. P. 55(a)). Accordingly, the clerk should not enter a default, the Court should not enter a default judgment, and the case should proceed in its normal course.

### III.   CONCLUSION

Because Plaintiff has not properly served Defendants, entry of default under Rule 55(a) is not appropriate. Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon respectfully request that the Court deny Plaintiff's request for entry of default and grant them whatever other relief they may show themselves to be justly entitled.

Respectfully submitted,

  /s/ Wm. Lance Lewis
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

### CERTIFICATE OF SERVICE

This is to certify that on June 25, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

  /s/ Eric G. Carlson
Eric G. Carlson