UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 07 2025

Nathan Ochsner, Clerk of Court

Rachael Griffin-EL, sui juris, ex rel.
RACHAEL GRIFFIN,
Plaintiff,
v.
JAMIE DIMON, CEO of JPMorgan Chase & Co., and
THOMAS J. AXON, CEO of Franklin Credit Management Corporation,
Defendants.
Civil Action No. 4:25-cv-02013

---

**PLAINTIFF'S REBUTTAL TO DEFENDANTS' MOTION TO DISMISS AND JUDICIAL NOTICE OF INTERNATIONAL HUMAN RIGHTS INSTRUMENT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff **Rachael Griffin-El**, sui juris, in propria persona, a living Moorish American Indigenous woman, and submits this Combined **Rebuttal in Opposition to Defendants' Motion to Dismiss** and **Judicial Notice** of a binding international human rights instrument. This filing is made with full reservation of rights, not pro se, and not as a corporate fiction.

---

**I. REBUTTAL TO DEFENDANTS' MOTION TO DISMISS**

**A. Plaintiff States Valid and Plausible Claims**

Defendant Jamie Dimon seek dismissal under Federal Rule of Civil Procedure 12(b)(6), claiming Plaintiff has failed to state a valid cause of action. This is false.

Plaintiff has stated facts and claims which are:

- Supported by federal statute, international law, and constitutional provisions;
- Based on fraudulent concealment, trust misrepresentation, and lack of lawful consideration;
- Properly pleaded under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff alleges violations of the **Truth in Lending Act**, fraudulent securitization of a **promissory note**, misclassification as a **tenant**, and unlawful efforts to foreclose on a void or fraudulent mortgage contract.

---

**B. Defendants Operated Under a Deceptive Banking System**

The contract in question is a **dead pledge**, not a true bilateral agreement. Defendants monetized Plaintiff's promissory note without disclosing their **fiduciary or trustee status**. No lawful funds (gold or silver) were ever lent.

Plaintiff's transaction was governed by:

- The **Federal Reserve Act of 1913**, which replaced lawful money with corporate credit;
- The **Trading with the Enemy Act (50 U.S.C. § 4305 et seq.)**, amended in 1933 to treat U.S. citizens as "enemies" under emergency banking powers;
- Secret trust arrangements and mortgage-backed securities not disclosed at closing.

This renders the mortgage **void for lack of consideration** and **fraud in factum**, violating the basic tenets of contract and trust law.

### C. Defendants Misclassified Plaintiff and Violated Her Indigenous Status

Defendants Jamie Dimon and Thomas Axon, acting through their corporations, treated Plaintiff as a **tenant** and debtor rather than a rightful owner, contrary to the representations made at the time of the supposed sale.

This constitutes:

- Constructive fraud,
- Breach of fiduciary duty,
- Violation of Plaintiff's rights as a **living Moorish American Indigenous woman sui juris**.

Plaintiff is not subject to statutory or corporate jurisdiction, nor to administrative foreclosure processes that rely on **unlawful securitized instruments** and **commercial war powers**.

## II. JUDICIAL NOTICE OF INTERNATIONAL HUMAN RIGHTS LAW

Pursuant to **Federal Rule of Evidence 201**, Plaintiff respectfully requests that this Court take **Judicial Notice** of the **American Declaration on the Rights of Indigenous Peoples (ADRIP)**, adopted by the **Organization of American States (OAS)** on **June 15, 2016**, via General Assembly Resolution AG/RES. 2888 (XLVI-O/16).

### A. Key Articles Supporting Plaintiff's Claims

1. **Article I** – Full and effective enjoyment of all human rights;
2. **Article III** – Right to self-identify as Indigenous;
3. **Article IV** – Right to self-determination and self-governance;
4. **Article XXI** – Right to land, protection from forced removal;
5. **Article XXIII** – Right to recognition of treaties and historical agreements.

### B. Constitutional and Legal Authority

This Declaration is enforceable under **Article VI, Clause 2** of the United States Constitution (Supremacy Clause), as part of binding international law adopted by the United States via the **Charter of the OAS** (ratified in 1951).

Defendants' attempt to foreclose violates Plaintiff's rights under ADRIP and other **international treaty obligations,** including the **Treaty of Peace and Friendship (1786/1836).**

---

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

1. **DENY Defendants' Motion to Dismiss** in its entirety;
2. **Take Judicial Notice** of the **American Declaration on the Rights of Indigenous Peoples (2016);**
3. Recognize Plaintiff's Indigenous status and land rights under ADRIP, the U.S. Constitution, and treaty law;
4. Declare the mortgage and foreclosure **void ab initio;**
5. Grant any other relief this Court deems just, proper, and equitable.

---

### SUPPLEMENTAL REBUTTAL TO DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S MOTION TO DISMISS

#### A. Plaintiff Denies Validity of the First Note and First Deed of Trust

Defendants argue that Plaintiff's claims are "demonstrably false" based on the existence of a First Note and Deed of Trust signed in 2005. Plaintiff challenges:

- The **lawful formation** of that contract;
- The **failure of consideration;**
- The **fraudulent concealment** of the securitization scheme;
- The **constructive trust** never disclosed to Plaintiff at the time of signing.

A promissory note signed under **fraud in factum**, where key material facts are concealed, is not enforceable in equity or law.

#### B. Plaintiff Never Received Lawful Consideration Under Article I, Section 10, Clause 1

Defendants fail to dispute the Plaintiff's constitutional claim that **no gold or silver** was ever loaned, as required under the Constitution. Plaintiff asserts:

- Her **promissory note was monetized** and deposited as an asset by the lender,
- No **lawful tender** was exchanged,
- Defendants profited off the securitization and resale of said instrument without Plaintiff's knowledge.

This renders the contract **void ab initio** due to **lack of full disclosure, consideration, and mutual consent.**

---

#### C. Jamie Dimon Is Not Immune from Suit

Defendants assert that Jamie Dimon is not subject to personal jurisdiction in Texas. However:

- Jamie Dimon is **named in his official and private capacity**, not merely as a CEO,
- Under **aiding and abetting** or **agency theories**, a corporate officer may be held personally liable for fraud and trust violations when acting with **knowledge and intent** (*see United States v. Wise*, 370 U.S. 405 (1962)).

Further, as a **trustee** or agent of the Federal Reserve-aligned banking institution, Mr. Dimon:

- Bears responsibility for executing or overseeing commercial foreclosure proceedings under **color of law**,
- Operates within the jurisdiction of Texas through JPMorgan Chase Bank, N.A., a registered and active banking entity in this District.

Therefore, Plaintiff asserts **jurisdiction is proper** over both JPMorgan Chase Bank and Jamie Dimon under **minimum contacts doctrine**, and due to his direct or indirect **fiduciary actions in Texas**.

---

### D. Plaintiff Reasserts Indigenous, Allodial Rights

The assertion that Plaintiff filed "pro se" and is now merely "adding the -El designation" misunderstands the **religious, cultural, and international treaty-based identity** that Plaintiff has always held. Under the **American Declaration on the Rights of Indigenous Peoples**, and in line with the **Treaty of Peace and Friendship (1786/1836)**:

- Plaintiff has the **right to land, self-identification**, and **self-determination**,
- Defendants' actions violate **Articles III, IV, and XXI** of ADRIP.

Defendants' repeated classification of Plaintiff as a "tenant" with no interest in the property is a **constructive fraud** and a **mischaracterization of her standing** in both law and equity.

---

### E. No Judicial Notice May Be Taken of Incomplete Records Offered by Defendants

Defendants urge the Court to take judicial notice of assignments and deeds of trust. However:

- **Judicial notice cannot be taken of disputed or unauthenticated documents** under FRE 201(b)(2),
- Plaintiff contests the **authenticity, completeness, and context** of any record offered by Defendants,
- Plaintiff has submitted **competing claims of fraud, non-disclosure, and misrepresentation**, which raise genuine issues of fact.

### F. Violation of Trust Law and Fiduciary Duties

Plaintiff further alleges that Defendants, acting as fiduciaries and trustees, **violated express and constructive trust principles** governing the mortgage transaction. Specifically:

1. **Constructive Trust Violations**:
   Defendants failed to disclose that Plaintiff's promissory note was converted into a negotiable instrument, deposited and monetized into mortgage-backed securities (MBS) without Plaintiff's knowledge or consent. This creates a **constructive trust** in which JPMorgan Chase, through its agents and executives including Jamie Dimon, held fiduciary duties to Plaintiff as the grantor/beneficiary of the underlying asset.
2. **Breach of Fiduciary Duty**:
   At no point were the material facts regarding securitization, conversion of Plaintiff's signature into a

      negotiable asset, or the identity of the actual beneficiary disclosed to Plaintiff. These omissions constitute a breach of fiduciary duty under established trust principles, including:
- **Restatement (Third) of Trusts § 78**, imposing loyalty obligations on fiduciaries;
- **Texas Trust Code § 113.051 et seq.**, which prohibits self-dealing, concealment, and failure to disclose material facts by trustees.

3. **Fraud in a Fiduciary Capacity:**
Defendants acted not merely as lenders but as **constructive trustees or agents of a larger securities pool**, misrepresenting their role and unjustly enriching themselves through layered transactions using Plaintiff's original asset. This is **fraud under trust law,** violating equitable doctrines and constituting grounds for rescission, quiet title, and disgorgement of profits.

4. **Trust Mischaracterization of Plaintiff:**
Further, Plaintiff was misclassified as a tenant or debtor in a private corporate transaction, despite being the equitable and beneficial holder of the property. Defendants' failure to acknowledge the trust obligations arising from the monetization of Plaintiff's note supports a claim for **constructive fraud and breach of equitable title rights.**

Accordingly, the mortgage contract is void **ab initio** under trust law, equity, and public policy. No lawful trust instrument can be sustained where the trustee concealed the trust's existence from the grantor and violated the duty of full disclosure.

---

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### I. Response to Lack of Personal Jurisdiction Over Jamie Dimon

Plaintiff respectfully rebuts Defendants' argument that Jamie Dimon is not subject to personal jurisdiction in Texas. While Mr. Dimon may reside in New York, Plaintiff asserts that:

1. **JPMorgan Chase Bank, N.A. operates extensively in Texas**, and Mr. Dimon, as CEO, exercises operational oversight and receives direct or indirect benefits from this jurisdiction, satisfying the minimum contacts test.
2. Mr. Dimon's failure to **disclose his fiduciary status as trustee** in the mortgage process directly affects a Texas resident and the Texas property at issue.
3. Dimon, through JPMorgan's participation in the mortgage transaction, was party to the deceptive conversion of Plaintiff's property interests, creating a legal nexus to the state.

**Case law cited by Defendant (Testi v. Chase)** is distinguishable, as it did not involve allegations of undisclosed trust arrangements or fiduciary concealment affecting real property.

---

### II. Response to Failure to State a Claim Under Rule 12(b)(6)

Defendants argue Plaintiff made only conclusory statements. However:

1. Plaintiff has stated **specific violations**:
   - **Truth in Lending Act (TILA):** Failure to disclose the nature and existence of the security instrument.
   - **Trust law:** Conversion of ownership via undisclosed trust relationships.
   - **Deceptive labeling** of Plaintiff as a "tenant" instead of an "owner" on the deed.
2. Plaintiff further alleged that:
   - No lawful money of account (gold/silver) was loaned per Article I, Section 10 of the Constitution;

- o  Defendant violated Article I, Section 9 (Bill of Attainder) by enforcing commercial penalties via a fraudulent instrument.

These are more than "naked assertions" and meet the plausibility standard of **Twombly** and **Iqbal** when interpreted liberally in favor of a **pro se litigant**.

---

### III. Judicial Estoppel Argument Rebuttal

Defendants claim Plaintiff is barred from disputing the debt due to prior bankruptcies. However:

1. **Plaintiff's prior filings were based on incomplete or misrepresented material facts**, especially the true party in interest to the note, and the undisclosed trust/legal title separation.
2. Under **American Declaration on the Rights of Indigenous Peoples (ADRIP)** and public law doctrines, Plaintiff maintains reserved unalienable rights and protections from concealment-based contracts.
3. Judicial estoppel **does not apply to fraud**, concealment, or lack of full disclosure.

---

### IV. FDCPA and Mail Fraud Claims

While Defendants claim JPMorgan is not a "debt collector" under FDCPA:

1. Plaintiff asserts that **third-party affiliates and servicers**, acting under JPMorgan's direction, engaged in attempts to collect under false pretenses.
2. The **use of mails to enforce a contract based on fraud and misrepresentation** constitutes **mail fraud** even if not directly actionable under 18 U.S.C. § 1341—it still supports the pattern of deceit.

---

### V. Judicial Notice Request

Plaintiff respectfully requests the Court take **judicial notice** of:

1. The **American Declaration on the Rights of Indigenous Peoples**, particularly Articles VI, XX, and XXI.
2. The **Federal Reserve Act, Trading with the Enemy Act, and 12 U.S.C. § 95a**, which pertain to the emergency banking powers and the systemic transformation of private credit as money.
3. The fact that Plaintiff was labeled as a "tenant" rather than owner on public records, while simultaneously being charged as if she had fee-simple ownership, which constitutes a material conflict.

---

Notice to the Principal is Notice to the Agent; Notice to the Agent is Notice to the Principal.

Executed and entered into the public record the _____ day July of 2025.
By:
/s/ Rachael

All Rights Reserved Without Prejudice – UCC 1-308
/s/ Rachael Griffin-El, ex rel.
**RACHAEL GRIFFIN**, in propria persona, *sui juris*
703 Deveron Lane
Houston, Texas Republic [Zip Exempt]



STATE OF TEXAS
COUNTY OF HARRIS

Before me **Rachael Griffin-El** on the day personally in full life appeared July **3rd**, 2025. To be then natural person whose title is Subscribed to the foregoing instrument and acknowledges to me that [he/she] executed the same for the purpose of consideration there in expressed

[Notarization Block].



_Kayla Mason_
KAYLA MASON









**International documents**
**Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent**

I, **Rachael Griffin-El**, affirm by Divine Law, the Zodiac Constitution, and the Constitution for the United States of America (1791), and by the honor of my ancestors, that the facts herein are true and correct to the best of my knowledge. This PLAINTIFF'S **REBUTTAL TO DEFENDANTS' MOTION TO DISMISS** AND JUDICIAL NOTICE OF INTERNATIONAL HUMAN RIGHTS INSTRUMENT

executed on this **3rd** day of July 2025.

_Rachael Griffin-El_
Affiant: Rachael Griffin-El, ex rel RACHAEL GRIFFIN
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt

**CERTIFICATE OF SERVICE**

I, **Rachael Griffin-El**, hereby certify that a true, correct, and complete copy of PLAINTIFF'S **REBUTTAL TO DEFENDANTS' MOTION TO DISMISS** AND JUDICIAL NOTICE OF INTERNATIONAL HUMAN RIGHTS INSTRUMENT

this executed on this **3rd** day of July 2025.

- Nicholas J. Ganjei, – Southern District of Texas
- Scott Bessent – U.S. Treasury, Office of Foreign Assets Control
- Marco Rubio – United States Secretary of State
- Pamela Bondi – United States Attorney General
- Volker Türk – United Nations High Commissioner for Human Rights

- T. Michael O'Connor – U.S. Marshal, Southern District of Texas
- Office of Consul General – Morocco, Maghrib al-Aqsá
- Jane Nelson – Texas Secretary of State
- Jamie Dimon -JPMORGAN Chase, CEO
- Tomas J. Axon -Franklin credit management, CEO