UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-02013 |
| **JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON** | § § § § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Response to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and respectfully show the Court as follows.

### I.   NATURE AND STAGE OF THE PROCEEDING

On or about October 31, 2005, Plaintiff purchased the real property located at 703 Deveron Lane, Houston, Texas 77090 (the "Property") with two loans from Long Beach Mortgage Company, both of which were secured by deeds of trust recorded in the real property records of Harris County. In 2015, the first position deed of trust was assigned to JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company. Plaintiff subsequently defaulted on her mortgage, which led to JPMC

beginning foreclosure proceedings. In response, Plaintiff filed this suit, *pro se*, asserting claims for Violation of the Fair Debt Collection Practices Act ("FDCPA"), Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title/Quiet Title, and Violations of the United States Constitution, while also seeking injunctive and declaratory relief. Doc. 1, p. 2-3. None of Plaintiff's claims have merit and should be dismissed, as set forth in Defendants' Motion to Dismiss. *See* Doc. 16.

On June 3, 2025, a foreclosure sale took place, and the Property was sold via a substitute trustee's deed to P.C.F. Properties in TX, LLC ("P.C.F."). P.C.F. subsequently filed an eviction action against Plaintiff in the Justice Court of Harris County, Precinct 4, Place 1. Defendants are not parties to the Justice Court action and have not made any efforts to evict Plaintiff or obtain a writ of possession. The Justice Court entered judgment for possession in favor of P.C.F. *See* Doc. 21, p. 1. Plaintiff now asks this Court to "Issue a Temporary Restraining Order immediately enjoining Defendants, their agents, assigns, and any state officers from enforcing any Writ of Possession of attempting to evict Plaintiff from the property in question" despite the fact that Defendants are not attempting to enforce a writ of possession or evict Plaintiff, and any purported state officers Plaintiff seeks to enjoin are not before the Court in this matter. The Anti Injunction Act and *Rooker-Feldman* doctrine also prohibit the relief sought by Plaintiff. The Court should deny Plaintiff's Motion.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff seeks relief against Defendants for conduct that is not occurring.

Plaintiff asks this Court to enjoin Defendants from enforcing a writ of possession or attempting to evict her, but Defendants did not obtain a writ of possession and are not attempting to evict Plaintiff, and Plaintiff has not and cannot allege or show that they are. Accordingly,

Plaintiff cannot establish any of the elements required for obtaining injunctive relief, and her Motion should be denied. *See Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000) (setting forth elements required for obtaining injunctive relief).

    **B.    The Anti-Injunction Act and *Rooker-Feldman* Doctrine prohibit the relief Plaintiff seeks.**

"The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). Federal courts may not grant injunctive relief that would enjoin a party "from enforcing a valid extant judgment of a Texas court." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013). Federal courts have already addressed the precise scenario at issue, where a Plaintiff comes into federal court seeking an injunction to prevent execution of a writ of possession issued in state court and have concluded they cannot grant such relief. "Where, as here, the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief." *Henderson v. Larkin St. Homes, LLC*, No. 4:23-CV-0084-O-BP, 2023 WL 2072090, at *2 (N.D. Tex. Feb. 17, 2023), *report and recommendation adopted*, No. 4:23-CV-00084-O-BP, 2023 WL 2090989 (N.D. Tex. Feb. 17, 2023). This applies even more forcefully when, as here, the Defendants in the federal court case did not obtain and are not seeking to execute the writ of possession.

Similarly, "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" without specific authorization from Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted). Plaintiff asks this Court to reverse the Justice Court's judgment, which the *Rooker-Feldman* doctrine prohibits. Accordingly, Plaintiff's request for an injunction to

prevent Defendants (or anybody) from enforcing a writ of possession or attempting to evict Plaintiff falls outside this Court's jurisdiction under the Anti-Injunction Act and the *Rooker-Feldman* doctrine. *Henderson*, 2023 WL 2072090, at * 2. The Court should deny Plaintiff's Motion for injunctive relief.

### III.   CONCLUSION

WHEREFORE, JPMC and Dimon pray that the Court deny Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and grant JPMC and Mr. Dimon whatever other relief they may show themselves to be justly entitled.

Respectfully submitted,

 */s/ Eric G. Carlson*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

## CERTIFICATE OF SERVICE

This is to certify that on July 9, 2025, a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

                                             */s/ Eric G. Carlson*
                                             Eric G. Carlson