UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RACHAEL GRIFFIN-EL,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:25-cv-02013 |
| **JPMORGAN CHASE CO., JAMIE** § | |
| **DIMON, FRANKLIN CREDIT** § | |
| **MANAGEMENT CORPORATION,** § | |
| **AND THOMAS J. AXON** § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S WRIT OF ERROR, JUDICIAL NOTICE OF DEFAULT, AND AFFIDAVIT IN SUPPORT**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") (together, "Defendants") file this Response to Plaintiff's Writ of Error, Judicial Notice of Default, and Affidavit in Support and respectfully show the Court as follows.

### I.   NATURE AND STAGE OF THE PROCEEDING

On or about October 31, 2005, Plaintiff purchased the real property located at 703 Deveron Lane, Houston, Texas 77090 (the "Property") with two loans from Long Beach Mortgage Company, both of which were secured by deeds of trust recorded in the real property records of Harris County. In 2015, the first position deed of trust was assigned to JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company. Plaintiff subsequently defaulted on her mortgage, which led to JPMC

beginning foreclosure proceedings. In response, Plaintiff filed this suit, *pro se*, asserting claims for Violation of the Fair Debt Collection Practices Act ("FDCPA"), Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title/Quiet Title, and Violations of the United States Constitution, while also seeking injunctive and declaratory relief. Doc. 1, p. 2-3. None of Plaintiff's claims have merit and should be dismissed, as set forth in Defendants' Motion to Dismiss. *See* Doc. 16.

Plaintiff did not properly serve the Defendants. However, on May 20, 2025, Plaintiff filed "Plaintiff's Affidavit of Fact" subtitled "Certificate of Service" in which she appears to represent that she served some of her pleadings in this case on Dimon as Chairman of the Board of Directors and CEO of JPMorgan Chase Co., and includes a Certified Mail Receipt indicating something was mailed to "Jamie Dimon CEO Chase Co. JPMorgan" at "270 Park Avenue, New York, NY near 10017 United State." *See* Doc. 12[1]. On June 6, 2025, Plaintiff filed a Request for Entry of Default (Doc. 14) alleging she "duly served" Defendants on May 15, 2025. On June 25, 2025, Defendants filed their Motion to Dismiss (Doc. 16). The clerk has not entered a default. Nonetheless, on July 1, 2025, Plaintiff filed her "Writ of Error, Judicial Notice of Default, and Affidavit in Support" (the "Motion") which, while poorly articulated, Defendants construe, at least in part, as a motion for default judgment. *See* Doc. 18. Because Defendants have appeared and filed a Rule 12(b)(6) Motion to Dismiss, and because the clerk has not entered a default, the Court should not enter a default judgment.

The Motion also asks the Court to "declare the foreclosure proceedings void and unlawful." Doc. 18, p. 3. The Court should not grant this relief. Plaintiff has not asserted any claims that

---

[1] It is not entirely clear based on the documents filed by Plaintiff who she purports to have served and what she purports to have served them with.

would permit the Court to declare the foreclosure sale void and has not presented any evidence or authority supporting her position.

The Motion also contains a slew of irrelevant, often nonsensical, arguments and contentions which have no legal or factual support. The Court should deny the Motion in its entirety.

## II.    ARGUMENT AND AUTHORITIES

### A. Plaintiff has not satisfied the requirements for a default judgment.

A movant must satisfy three procedural prerequisites to obtain a default judgment: (1) the movant must properly serve the defendants who must then fail to answer or defend the lawsuit; (2) an entry of default must be entered when default is established; and (3) after the first two requirements are met, a party must move for a default judgment. *G&G Closed Circuit Events, LLC v. Chavarria*, No. 5:24-CV-00463-JKP, 2025 WL 939691, at *1 (W.D. Tex. Mar. 27, 2025) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). As explained in Defendants' Response to Plaintiff's Motion for Entry of Default, neither the first nor second prerequisites are met here. Plaintiff did not properly serve Defendants. Rather than restate the arguments regarding service, Defendants incorporate their Response to the Motion for Entry of Default. *See* Doc. 17, p. 2-5.

An entry of default has also not been entered, nor should it, for the reasons articulated in Defendants' Response to Plaintiff's Motion for Entry of Default. *See* Doc. 17. Because Defendants were not properly served and because an entry of default has not been entered, a default judgment is not appropriate. Further, even if the prerequisites for a default judgment had been met, that alone does not entitle Plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Default judgments are a drastic remedy, disfavored by the Federal Rules of Civil Procedure and

which are only available "when the adversary process has been halted because of an essentially unresponsive party.". *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Defendants are not unresponsive, as they have filed a motion to dismiss and are defending this suit, despite the lack of proper service. *See* Doc. 16. Further, "Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party." *G&G Closed Circuit Events, LLC*, 2025 WL 939691, at *1 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Plaintiff has not satisfied any of the requirements for a default judgment against Defendants, and the Court should therefore deny her request for a default judgment.

### B. The Court should not declare the foreclosure sale void.

Plaintiff asks the Court to void the June 3, 2025 foreclosure sale, but presents no evidence of a wrongful foreclosure or that it should be void, instead attaching various exhibits of questionable relevancy, none of which indicate the foreclosure sale was improper. *See* Doc. 18. Further, Plaintiff's motion, to the extent it can be construed as a motion, is not the appropriate vehicle for challenging the foreclosure sale or seeking a declaratory judgment that the foreclosure sale is void. The Court should not declare the foreclosure sale void.

### C. Plaintiff's remaining contentions and citations are irrelevant.

Plaintiff makes ten additional purported contentions in which she misconstrues various laws or orders purported in support of her positions. While all are meritless, they will be addressed briefly, *in seriatim*.

#### 1. *Demand for Verification of Debt and Failure to Verify Debt.*

Plaintiff alleges she twice served a "Notice of Dispute and Demand for Verification of Debt" on Dimon. Doc. 18, p. 1. But Dimon, either in his capacity as CEO of JPMC's parent entity or in his individual capacity, has no obligation to verify Plaintiff's debt. Plaintiff then argues that

Defendants failed to verify the debt which was purportedly required by 12 U.S.C. § 95(a) and Article I, Section 10 of the U.S. Constitution. 12 U.S.C. 95(a) deals with emergency limitations on the national banking system, and it is wholly irrelevant to Plaintiff's claims. Article I, Section 10 of the U.S. Constitution proscribes state conduct, not the conduct of entities such as JPMC or individuals such as Dimon, and therefore it is also irrelevant.

As set forth in Defendants' Motion to Dismiss, Plaintiff's deed of trust was properly assigned to JPMC from the FDIC, and Plaintiff acknowledged her debt to JPMC in her bankruptcy proceeding, twice. *See* Doc. 16. The debt is valid.

2. *Unlawful Foreclosure and Trespass.*

Plaintiff alleges that the foreclosure sale which occurred on June 3, 2025 and the substitute trustee's deed recorded on June 12, 2025 occurred and were filed "without lawful jurisdiction or verified authority" and that they were "conducted under color of law in violation of Plaintiff's estate rights." Doc. 18, p. 1. Plaintiff cites no authority or evidence in support of her contentions, which lack merit. Further, to the extent Plaintiff complains about a foreclosure sale, a purported "Writ of Error, Judicial Notice of Default, and Affidavit in Support" filing is not the appropriate vehicle for such a complaint.

3. *Fiduciary Misconduct.*

Plaintiff contends that Dimon breached fiduciary duties owed to her. Again, to the extent she complains about breach of fiduciary duty, her motion is not the appropriate vehicle. Regardless, a mortgage servicer and/or its CEO do not owe fiduciary duties to borrowers such as Plaintiff, nor does a lender owe a fiduciary duty to a borrower. *See Lovell v. Western Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302–3 (Tex. App—Amarillo 1988, writ denied); *Nance v. Resolution Trust Co.,* 803

S.W.2d 323, 332–33 (Tex. App.—San Antonio 1990), *writ denied,* 813 S.W.2d 154 (Tex.1991) (per curiam).

4. *Commercial Liability and Holder in Due Course*

Plaintiff next argues she is entitled to damages pursuant to the Uniform Commercial Code ("UCC"). However, "to the extent Texas has adopted the UCC into the Texas Business and Commerce Code, it does not apply to mortgages." *Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577-SS, 2013 WL 4677742, at *6 (W.D. Tex. Aug. 30, 2013) (citing *Tremble v. Wells Fargo Home Mortg., Inc.,* 478 F. App'x 164, 166 (5th Cir. 2012)). Plaintiff's UCC arguments are irrelevant.

5. *Statutory Discharge of Obligation.*

Plaintiff contends that pursuant to 12 U.S.C. § 95a(2) [sic], all debts were discharged via lawful notice and conveyance and that under Article I, Section 10 of the U.S. Constitution, "states may not make anything but gold and silver coinlegal [sic] tender." Doc. 18, p. 2. 12 U.S.C. § 95, again, does not address mortgages, and instead deals with emergency limitations and restrictions with respect to the national banking system. The statue is utterly irrelevant to Plaintiff's claims. And, as also discuss *supra*, Article I, Section 10 of the U.S. Constitution proscribes state conduct, not the conduct of entities such as JPMC or individuals such as Dimon, and therefore it is also irrelevant.

6. *Violations of Banking Law*.

Plaintiff argues that Defendants "have violated 12 U.S.C. § 73, which governs the conduct of banking institutions, fiduciaries, and officers." Doc. 18, p. 2. 12 U.S.C. § 73 addresses the National Bank Directors' oath of office, but it has no applicability to Plaintiff's purported claims relating to her mortgage, and in any event, it does not authorize a private right of action. *Starnes*

*v. J.P. Morgan Chase Bank*, No. 4:12-CV-711-A, 2013 WL 1286655, at *3 (N.D. Tex. Mar. 27, 2013) (collecting cases).

    7. *Unlawful Governmental Assumption.*

It is unclear why Plaintiff thinks there has been an unlawful governmental assumption, but the United States is not entering into commercial business here, and therefore this section of her motion is irrelevant. *See* Doc. 18, p. 2.

    8. *Violation of Executive Order 14219*

Executive Order 14219 applies to agencies and their rescission of federal regulations and deals with the Department of Government Efficiency. Nothing in the order is even remotely related to the issues in this case, and it does not afford Plaintiff any relief.

    9. *Judicial Notice of Civil Orders Dated July 4, 2014*.

Again, nothing in these orders directly impacts JPMC or Dimon or is in any way related to the issues in this case. To the extent Plaintiff seeks relief based on purported violations of orders by Defendants, she is not entitled to such relief.

### III.   CONCLUSION

WHEREFORE, Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon pray the Court deny Plaintiff all of the relief sought in her Writ of Error, Judicial Notice of Default, and Affidavit in Support (Doc. 18), and grant Defendants all relief to which they are justly entitled.

Respectfully submitted,

*/s/ Eric G. Carlson*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

## CERTIFICATE OF SERVICE

This is to certify that on July 10, 2025, a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric G. Carlson*
Eric G. Carlson