UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RACHAEL GRIFFIN-EL,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| **JPMORGAN CHASE CO., JAMIE** § | CIVIL ACTION NO. 4:25-cv-02013 |
| **DIMON, FRANKLIN CREDIT** § | |
| **MANAGEMENT CORPORATION,** § | |
| **AND THOMAS J. AXON** § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Reply in Support of Motion to Dismiss Plaintiff's complaint and seek dismissal of Plaintiff's claims in their entirety.

### I.    NATURE AND STAGE OF THE PROCEEDING

On or about October 31, 2005, Plaintiff, who at the time went only by Rachael Griffin but has since added the "-El" designation to her name consistent with her allegation that she is a Moorish American national, purchased the real property located at 703 Deveron Lane, Houston, Texas, 77090 (the "Property").[1] Plaintiff purchased the property with two loans from Long Beach Mortgage Company, a first note for $131,012 (the "First Note") and a second note for $32,753 (the "Second Note"). The First Note is secured by a deed of trust recorded in the real property records

---

[1] Plaintiff now writes her address without a zip code, instead indicating it is "Zip Exempt," but the Property is, of course, the same, and the alleged exemption from United States zip codes has no impact on her or JPMC's rights.

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**                                                    **PAGE 1**

of Harris County as instrument no. Y886750 (the "First Deed of Trust"). *See* Doc. 16-1, p. 1-10. The Second Note is secured by a deed of trust recorded in the real property records of Harris County as instrument no. Y886754 (the "Second Deed of Trust"). *See* Doc. 16-1, p. 11-24. On or about July 27, 2015, the First Deed of Trust was assigned to JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company, via a Corporate Assignment of Deed of Trust, recorded in the real property records of Harris County as instrument no. 20120543726. *See* Doc. 16-1, p. 25-27.

Plaintiff filed this suit, *pro se*, asserting claims for Violation of the Fair Debt Collection Practices Act ("FDCPA"), Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title/Quiet Title, and Violations of the United States Constitution, while also seeking injunctive and declaratory relief. Doc. 1, p. 2-3. All of Plaintiff's claims are premised on her false allegation that she never entered into the First Note and that it is fraudulent, and that JPMC lacks authority to enforce the First Note or foreclose under the First Deed of Trust. None of Plaintiff's claims have merit, and Plaintiff fails to state a claim upon which relief may be granted. Accordingly, JPMC and Dimon filed their Motion to Dismiss Plaintiff's Complaint (the "Motion"). *See* Doc. 16.

On July 8, Plaintiff filed her "Rebuttal to Defendants' Motion to Dismiss and Judicial Notice of International Human Rights Instrument" (the "Response"). *See* Doc. 19. The Response purports to add new causes of action, fails to establish that Plaintiff states a claim upon which relief may be granted, and only confirms that Plaintiff's claims should be dismissed. Because Plaintiff fails to state a claim upon which relief may be granted, and because Dimon is not subject to personal jurisdiction in Texas, the Court should dismiss all Plaintiff's claims against JPMC and Dimon.

## II.    ARGUMENT AND AUTHORITIES

**A. Plaintiff cannot assert new causes of action via the Response.**

In the Response, Plaintiff purports to assert new causes of action which are not mentioned in the Complaint. *See generally* Doc. 19. For example, Plaintiff contends she asserts claims for violations of the Truth in Lending Act, fraudulent securitization of a note, "misclassification as a tenant, and unlawful efforts to foreclose on a void or fraudulent mortgage contract." *Id*. Plaintiff also now alleges that JPMC and Dimon "violated express and constructive trust principles" and breached fiduciary duties. *Id*. at 4-5.[2] None of these purported causes of action are included in the Complaint, which explicitly sets forth Plaintiff's causes of action as: (1) Violations of the FDCPA; (2) Mail Fraud; (3) Fraudulent Misrepresentation; (4) Identity Misrepresentation; (5) Slander of Title / Quiet Title; (6) Constitutional Violations; and (7) Injunctive and Declaratory Relief. Doc. 1, p. 2-3. Only the causes of action stated in the Complaint are properly before the Court, and Plaintiff cannot assert new causes of action via the Response. *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *1 (S.D. Tex. Mar. 13, 2025) (refusing to consider "new causes of action" raised in response to motion to dismiss); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 (N.D. Tex. Apr. 13, 2011) (facts and claims asserted for first time in response to motion to dismiss "are not properly before the court")' *Ryan v. Whitehurst*, No. CIV A SA07-CA723-XR, 2008 WL 1967507, at *6 (W.D. Tex. May 1, 2008) ("Plaintiff cannot, however, assert new causes of action in a response to a motion to dismiss."). The Court should not consider any new causes of action or factual allegations included in the Response which are not present in the Complaint.

---

[2] The Response contains many rambling, allegations, factual contentions, and potentially new causes of action which are not contained in the Complaint. Defendants have attempted to address all reasonably substantive and coherent arguments made by Plaintiff, but to the extent she makes any new factual allegations or asserts new causes of action or potential causes of action, none of them are properly before the Court, and they should be ignored.

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT                                              PAGE 3**

### B. Plaintiff's arguments regarding purported operations under a deceptive banking system are irrelevant.

In the Response, Plaintiff argues that the contract in question was a "dead pledge" and that no lawful funds (defined by Plaintiff as exclusively gold or silver) were lent. Plainly, there is no requirement that mortgage loans must be made in gold or silver, and any contention by Plaintiff to the contrary is nonsensical and unsupported by any legal authority. To the extent Plaintiff contends that the French etymology of the word "mortgage" somehow renders the First Note and First Deed of Trust invalid, her position is unsupported by any legal authority. Mortgages are valid under the laws of both Texas and the United States. Plaintiff's oblique references to the Federal Reserve Act of 1913, and The Trading with the Enemy Act only reinforce and highlight the frivolity of her claims, as neither has anything to do with the issues presented in this case or the mortgage banking industry generally, and they certainly do not invalidate the First Note, Second Note, First Deed of Trust, or Second Deed of Trust. *See* Doc. 19, p. 1-2. The same is true with respect to her reference to International Human Rights. *See Id.*, at 2.

### C. Plaintiff is judicially estopped from challenging the debt.

Plaintiff contends that the First Note and First Deed of Trust are not enforceable but cites no authority in support of her position. Doc. 19, p. 3. Plaintiff merely makes conclusory allegations that she challenges the formation of the contract underlying the debt. *Id.* She does not identify any allegations in the Complaint which support these conclusory allegations, and – more importantly – she fails to meaningfully address the fact that she acknowledged the validity of the mortgage in order to obtain a discharge in bankruptcy. Her unsupported arguments that her prior representations (in her bankruptcy cases) were based on incomplete or misrepresented facts fail to support any position she may take regarding the validity of the debt. *Id.* at 6. Her reliance on the American

Declaration on the Right of Indigenous Peoples has no bearing on this case and does not save her from dismissal under Rule 12. *Id.*

### D. Jamie Dimon is not subject to personal jurisdiction in Texas.

Plaintiff fails to establish that Dimon is subject to personal jurisdiction in Texas. She claims that he is "named in his private and official capacity," although the meaning of that is unclear. What is clear is that to the extent Plaintiff intends to sue Dimon, she must show he is subject to personal jurisdiction in Texas, and that personal jurisdiction cannot be based on the Court having jurisdiction over JPMC. *Cambria Cnty. Employees' Ret. Sys. v. Venator Materials PLC*, 532 F. Supp. 3d 440, 451 (S.D. Tex. 2021) ("jurisdiction over the employees of a corporation may not be predicated on jurisdiction over the corporation itself, but must be based on their individual contacts with the forum.") (quoting *Lee v Allen*, 32 F.3d 566, 1994 WL 442487, *3 (5th Cir 1994)); *see also Alexander v Greenwood Hall, Inc,* 2019 WL 2913953, *9 (SD Tex) (being officer of company conducting business in Texas insufficient to establish that officer "at home" in Texas). Because Plaintiff has the burden of establishing personal jurisdiction over Dimon, and because she has failed to point to any individual contacts Dimon has had with Texas, she has failed to carry her burden, and the claims against Dimon must be dismissed.

### E. The Court may take judicial notice of the documents attached to the Motion.

Plaintiff, again in conclusory fashion, argues the Court may not take judicial notice of "incomplete records offered by Defendants." Doc. 19, p. 4. Plaintiff contests the authenticity, completeness, and context of any record offered by Defendants without providing any basis or reason for challenging them. JPMC and Dimon requested the Court take judicial notice of Harris County Property Records and of filings from Plaintiff's bankruptcy proceedings. The Court may take judicial notice of these types of records "because they are matters of public record and their contents cannot reasonably be disputed." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d

207, 213 (N.D. Tex. 2020) (taking judicial notice of property records and of filings, judgments, and entries from plaintiff's prior lawsuits); *Hardaway v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-1062, 2020 WL 1846926, at *1 n.1 (S.D. Tex. Apr. 10, 2020) ("The Court may take judicial notice of matters of public record including documents recorded in county real property records."). The indicated property records are attached to the Motion in their entirety, and to the extent Plaintiff contends the bankruptcy records are incomplete or lack context because the entire docket is available for the Court to review, if necessary, but Plaintiff failed to identify what was missing or what additional context is required. The Court should take judicial notice of the court records and property records attached to the Motion.

### F. Plaintiff concedes her mail fraud claim fails as a matter of law.

Plaintiff concedes her mail fraud cause of action is not directly actionable, and therefore it should be dismissed. *See* Doc. 19, p. 6.

### G. Plaintiff fails to state a claim under the FDCPA.

Plaintiff seems to concede that JPMC and Dimon are not debt collectors under the FDCPA, but attempts to save her claim by arguing that "third-party affiliates and servicers, acting under JPMC's direction, engaged in attempts to collect under false pretenses." *Id.* As an initial matter, this allegation is absent from the Complaint, and therefore may not be considered by the Court. But, even if it could be considered by the Court, it fails for multiple reasons. First, Plaintiff fails to identify who these purported affiliated or servicers acting under JPMC's direction are. The only other entity sued in this matter is another mortgage servicing company, which is also not a debt collector under the FDCPA. Second, Plaintiff tacitly admits they are affiliates of JPMC and servicers, indicating that whoever these unidentified entities are, they are still mortgage servicers, which are not debt collectors under the FDCPA, as set forth in the Motion. *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir.

2008). Because JPMC and Dimon are not debt collectors under the FDCPA, Plaintiff fails to state a claim for violation of the FDCPA, and the claim should be dismissed.

### III.    CONCLUSION

WHEREFORE, JPMC and Dimon pray that the Court grant their Motion to Dismiss, dismissing all claims asserted by Plaintiffs against JPMC and Dimon with prejudice because Plaintiff does not state a claim upon which relief can be granted and because Dimon is not subject to personal jurisdiction in Texas, and grant JPMC and Dimon whatever other relief they may show themselves to be justly entitled.

Respectfully submitted,

 /s/ Eric G. Carlson
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

**CERTIFICATE OF SERVICE**

  This is to certify that on July 15, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

                */s/ Eric G. Carlson*
                Eric G. Carlson