IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RACHAEL GRIFFIN-EL,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| **JPMORGAN CHASE CO., JAMIE** § | Civil Action No. 4:25-cv-02013 |
| **DIMON, FRANKLIN CREDIT** § | |
| **MANAGEMENT CORPORATION,** § | |
| **AND THOMAS J. AXON** § | |
| § | |
| *Defendants.* § | |

**DEFENDANT'S DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's May 5, 2025, Order (Doc. 6), Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Jamie Dimon ("Dimon") (collectively referred to as "Defendants") file this Discovery/Case Management Plan under Federal Rule of Civil Procedure 26(f), and respectfully show as follows.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   Counsel for JPMC is unable to contact Plaintiff, as she did not provide a telephone number or email address to the Court that JPMC's counsel has been able to locate, and Plaintiff does not include contact information in her signature block on filings. JPMC's counsel sent a draft of this proposed plan to Plaintiff via FedEx and Certified Mail on July 24, but has not received a response as of the date of filing.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None, although Plaintiff seems to believe the eviction action referenced in some of her pleadings is related. None of the defendants in this matter are parties to the eviction action. The eviction action is Case Number 254100243037 in the Justice Court of Harris County, Texas Precinct 4, Place 1. Plaintiff indicated she has appealed that court's judgment, although JPMC does not have the case information for the appeal.

3. **Briefly** describe what this case is about.

Plaintiff purchased the real property at issue with two loans, secured by deeds of trust. The first position loan was assigned to JPMC in 2015. Plaintiff defaulted on the loan, which led to JPMC sending foreclosure notices. Those foreclosure notices appear to have triggered Plaintiff's suit, in which she claims the debt is invalid and unverified. Plaintiff's claims are hard to follow, but she purports to assert claims for: (1) violation of the Fair Debt Collection Practices Act; (2) mail fraud; (3) fraudulent misrepresentation; (4) identity misrepresentation; (5) slander of title / quiet title; (6) various constitutional violations; and (7) injunctive and declaratory relief. All of Plaintiff's claims fail as a matter of law, including because in two of her prior bankruptcies, she confirmed the legitimacy of the debt. Plaintiff attempts to sue both JPMC and Dimon, although Dimon cannot be sued in his individual capacity here.

4. **Specify the allegation of federal jurisdiction.**

Diversity jurisdiction exists. Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. The court also has federal question jurisdiction, as Plaintiff asserts, or purports to assert, a claim under 18 U.S.C. §1341 for mail fraud and claims for purported violations of the United States Constitution.

5. **Name the parties who disagree and the reasons.**

None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No additional parties are anticipated.

**7.     List anticipated interventions.**

No interventions are anticipated.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendants are making their initial disclosures at the same time they are filing this discovery/case management plan.

**10.    Describe the proposed agreed discovery plan, including:**

   **a.     Response to all the matters raised in Rule 26(f)**

   Because Plaintiff has not provided contact information and a conference is therefore not possible, a date certain for initial disclosures should be set. That date should be August 31, 2025. Discovery may be needed regarding the underlying loan, Plaintiff's former bankruptcies, foreclosure proceedings on the property, and Plaintiff's alleged damages. Discovery does not need to be in phases. There are no issues about ESI, and it should be produced in its native format where possible, or in pdf form otherwise. No changes should be made in the limitations on discovery.

   **b.     When and to whom the plaintiff anticipates it may send interrogatories.**

Unknown by Defendants.

   **c.     When and to whom the defendant anticipates it may send interrogatories.**

   JPMC will send interrogatories to Plaintiff before the end of the discovery period, proposed

to be May 22, 2026.

   **d.     Of whom and by when the plaintiff anticipates taking oral depositions.**

   Unknown by Defendants.

  e. **Of whom and by when the defendant anticipates taking oral depositions.**

Based on the claims presently asserted, depositions should not be necessary. If they become necessary, JPMC anticipates taking Plaintiff's deposition and the deposition of Terrence Tremayne Griffin by the end of the discovery period, proposed to be May 22, 2026.

  f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

None are anticipated.

  g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None are anticipated.

  h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None are anticipated.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A. Plaintiff has not provided contact information allowing counsel to confer with her.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The discovery planned at this time can reasonably be completed by May 22, 2026.

14. **Describe the possibilities of a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

None. Plaintiff has not provided contact information.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Nothing. Plaintiff has not provided contact information.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that reasonably suitable, and state when such a technique may be effectively used in this case.**

    If necessary, Defendants believe mediation would be the most appropriate alternative dispute resolution. The parties propose to mediate no later than June 12, 2026.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Defendants do not consent to trial before a United States Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff's Civil Cover sheet indicates she demands a jury.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Based upon the presently asserted claims, Defendants estimate that it will take 8-10 hours to present evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants' Motion to Dismiss (Doc. 16). Plaintiff's Motion for Default Judgment (Doc. 18).

21. **List other pending motions.**

    Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 22).

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Defendants are not aware of any such matters.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**DEFENDANTS' DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**　　　　　　　　　　　　　　　　Page 5

WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AND JAMIE DIMON**

                                                        Respectfully submitted,

Dated: July 29, 2025　　　　　　　　　*/s/ Eric G. Carlson*
　　　　　　　　　　　　　　　　　　　WM. LANCE LEWIS, Attorney-in-Charge
　　　　　　　　　　　　　　　　　　　Texas Bar No. 12314560
　　　　　　　　　　　　　　　　　　　S.D. Bar No. 28635
　　　　　　　　　　　　　　　　　　　ERIC G. CARLSON, of counsel
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24100076
　　　　　　　　　　　　　　　　　　　S.D. Bar No. 3076490
　　　　　　　　　　　　　　　　　　　**QUILLING, SELANDER, LOWNDS,**
　　　　　　　　　　　　　　　　　　　　**WINSLETT & MOSER, P.C.**, of counsel
　　　　　　　　　　　　　　　　　　　2001 Bryan Street, Suite 1800
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　(214) 871-2100 (Telephone)
　　　　　　　　　　　　　　　　　　　(214) 871-2111 (Facsimile)
　　　　　　　　　　　　　　　　　　　llewis@qslwm.com
　　　　　　　　　　　　　　　　　　　ecarlson@qslwm.com

　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AND JAMIE DIMON**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of the above and foregoing instrument is being served upon Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 29th day of July 2025.

                                          */s/ Eric G. Carlson*
                                          ERIC G. CARLSON