UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JPMORGAN CHASE CO., JAMIE** | § | **CIVIL ACTION NO. 4:25-cv-02013** |
| **DIMON, FRANKLIN CREDIT** | § | |
| **MANAGEMENT CORPORATION,** | § | |
| **AND THOMAS J. AXON** | § | |
| | § | |
| *Defendants.* | § | |

---

### DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF COMBINED REBUTTAL AND MOTION TO VOID UNLAWFUL FORECLOSURE WITH REQUEST FOR JUDICIAL NOTICE

---

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Response to Plaintiff's Memorandum of Law in Support of Combined Rebuttal and Motion to Void Unlawful Foreclosure with Request for Judicial Notice and respectfully show the Court as follows:

### I.    INTRODUCTION

Plaintiff filed this lawsuit on May 5, 2025, asserting claims against JPMC and Dimon (together, "Defendants"), as well as Frankling Credit Management Corporation and Thomas J. Axon who have both not yet appeared, for violations of the Fair Debt Collection Practices Act, Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title / Quiet Title, and a variety of alleged Constitutional violations, while also seeking injunctive and declaratory relief. *See* Doc. 1. Plaintiff did not obtain injunctive relief, and on June 3, 2025, the

real property which is the subject of this litigation was sold via a valid, nonjudicial foreclosure sale. Plaintiff has since filed a number of frivolous, meritless documents with the Court, some purporting to challenge the foreclosure, others seeking to impose unilateral deadlines upon Defendants to respond or otherwise "verify" certain information, inconsistent with relevant law or the Federal Rules of Civil Procedure, culminating in her Memorandum of Law in Support of Combined Rebuttal and Motion to Void Unlawful Foreclosure with Request for Judicial Notice (Doc. 29), to which Defendants now respond.

## II.     ARGUMENT AND AUTHORITIES

### A.     Defendants did not "default in fact and law."

Plaintiff argues that she "challeng[ed] the validity and enforceability of the alleged mortgage loan" and that Defendants failed to respond within an arbitrary 10-day period plus a 90-day cure period and that therefore Defendants "default[ed] in fact and law." Doc. 29, p. 2. Defendants had no obligation to respond to Plaintiff's purported "challenge", and Plaintiff identifies no law, rule, or legal authority in support of her position. Defendants did not "default" in fact or law with respect to the underlying note or deed of trust at issue.

### B.     Plaintiff received consideration for the Note and Deed of Trust.

Plaintiff purchased the real property underlying this litigation with two loans from Long Beach Mortgage Company, a first note for $131,012 (the "Note") and a second note for $32,753 (the "Second Note"). The Note is secured by a deed of trust recorded in the real property records of Harris County as instrument no. Y886750 (the "Deed of Trust"). The Second Note is secured by a deed of trust recorded in the real property records of Harris County as instrument no. Y886754 (the "Second Deed of Trust").[1] On or about July 27, 2015, the First Deed of Trust was assigned to

---

[1] The deeds of trust and assignment are attached to Defendants' Motion to Dismiss. *See* Doc. 16, Exs. A-C.

JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company, via a Corporate Assignment of Deed of Trust, recorded in the real property records of Harris County as instrument no. 20120543726. Plaintiff argues she did not receive consideration for the Note and Deed of Trust and that "no lawful money was ever loaned" because she did not receive coins or lawful money "backed by tangible assets of intrinsic value" and that "Federal Reserve Notes and similar printed commercial paper is not lawful money under the Constitution[.]" *Id.*, p. 4. Though confusing and difficult to follow, Plaintiff's argument seems to be that only gold or silver would be valid consideration and that by failing to convey physical gold or silver in the amount of the Note, Defendant's are in breach of the Note and/or Deed of Trust. *Id.*, p. 4-5 Alternatively, Plaintiff appears to argue that without physical gold or silver as consideration, there is no enforceable contract at all. *See id.*, p. 5. Plaintiff then cites various constitutional and statutory provisions, none of which apply to JPMC or Dimon. *Id.*, p. 3-5. Plaintiff also cites the UCC, which is not applicable to mortgage loans, and deeds of trust. *Id.*, p. 4. All of Plaintiff's arguments fail. She received valid consideration in the form of funds to purchase the real property at issue. There is no requirement that loans be made in physical gold and silver. If such a requirement exists, the entire mortgage banking industry would simply fail and cease to exist. Plaintiff's meritless efforts to avoid her obligations under the Note and Deed of Trust fail as a matter of law and are judicially estopped as set forth in Defendants' Motion to Dismiss. *See* Doc. 16.

### C. The Treaty of Peace and Friendship is irrelevant.

Plaintiff often cites and relies on the Treaty of Peace and Friendship in support of her arguments that she is exempt from the laws of the United States and valid debts. *See* Doc. 29, p. 7-9. While this argument is also difficult to follow and meritless, Plaintiff's position appears to be

that the Treaty of Peace and Friendship gives her unspecified protected status as a "Moorish American" which purportedly prevents debts secured by, and foreclosure of, the real property at issue in this litigation. The Treaty of Peace and Friendship, to the extent it is even a valid treaty, is wholly irrelevant; it does not provide Plaintiff with any individual rights or even address or apply to the mortgage banking industry or real property ownership and loans, and she grossly misunderstands or mischaracterizes the document. Plaintiff does not cite any legal authority supporting her interpretation of the treaty, and the undersigned is unaware of any such authority. The Court should ignore Plaintiff's reliance on the Treaty of Peace and Friendship.

> **D.    Plaintiff cannot challenge the foreclosure sale via motion, memorandum of law, or affidavit in this Court.**

Plaintiff has not asserted a claim for wrongful foreclosure. *See* Doc. 1. Plaintiff cannot assert a new cause of action or otherwise challenge the foreclosure sale via motion, memorandum of law, affidavit, or any other similarly titled document filed with the Court.[2] Because such a claim is not properly before the Court, Plaintiff's arguments regarding the foreclosure sale are procedurally improper and should be ignored.

> **E.    Defendants are not parties to the eviction and this Court lacks jurisdiction with respect to any such eviction.**

After the foreclosure sale referenced above, the purchaser at the foreclosure sale instituted an eviction action against Plaintiff. Plaintiff spends a significant portion of her Memorandum of Law in Support of Combined Rebuttal and Motion to Void Unlawful Foreclosure with Request for Judicial Notice challenging the eviction action and the foreclosure sale that precipitated it. Because Defendants are not parties to the eviction proceedings and because this Court lacks jurisdiction over any such proceedings, the Court cannot grant Plaintiff the relief she seeks.

---

[2] The same applies to Plaintiff's attempts to assert a claim for fraud, conspiracy, or any other previously unpleaded claims.

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO DOC. 29    PAGE 4**

Plaintiff also addresses arguments made in Defendants' Response to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 22) relating to the Anti-Injunction Act and *Rooker-Feldman* doctrine. The Anti-Injunction Act and *Rooker-Feldman* doctrine apply to the relief Plaintiff now seeks for the same reasons previously set forth. To avoid duplicative briefing, Defendants incorporate by reference the arguments made previously. *See* Doc. 22, p. 3-4.

### F.   The non-judicial foreclosure sale was not unconstitutional.

Plaintiff argues, without any supporting authority, that non-judicial foreclosure sales are unconstitutional. Doc. 29, p. 15. This is not the appropriate forum or legal mechanism for Plaintiff to challenge the constitutionality of Texas's foreclosure laws, and in any event, Plaintiff cites no authority for her position and therefore her arguments, to the extent even before the Court, fail.

### G.   Plaintiff is not entitled to fifteen million dollars.

Plaintiff's filing concludes with an absurd request for more than fifteen million dollars to be paid in .9999 fine silver bullion or bars, purportedly for a variety of previously unasserted causes of action as "allodial compensation." Doc. 29, p. 18. Plainly, Plaintiff is not entitled to any such relief, or any other relief requested, and in any event, cannot obtain such relief through motion practice. The Court should deny Plaintiff the relief she seeks.

### H.   Plaintiff may not impose "default terms" on Defendants.

Plaintiff's attempt to impose "Final Conditional Default Terms" on Defendants in supported by statute, law, rule, or legal authority, and Defendants object to any such purported deadlines or obligations.

### III.   CONCLUSION

Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon respectfully request that the Court deny Plaintiff all the relief sought in her Memorandum of Law in Support of Combined

Rebuttal and Motion to Void Unlawful Foreclosure with Request for Judicial Notice and grant

Defendants all relief to which they are justly entitled.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
     WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

## CERTIFICATE OF SERVICE

This is to certify that on August 11, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric G. Carlson*
Eric G. Carlson