**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

**Rachael Griffin-El, ex rel. RACHAEL GRIFFIN,**
Plaintiff, sui juris, in propria persona

v.

**JPMORGAN CHASE BANK, N.A., a U.S. Citizen corporation, and JAMIE DIMON (U.S. Citizen),**
Defendants.

Civil Action No.: 4:25-cv-02013

United States Courts
Southern District of Texas
FILED

AUG 1 2 2025

Nathan Ochsner, Clerk of Court

---

## JUDICIAL NOTICE OF DEFAULT, DEMAND FOR ENTRY OF JUDGMENT, ORDER TO QUIET TITLE, AND DECLARATION OF UNLAWFUL FORECLOSURE

---

## I. NOTICE OF DEFAULT

Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon (U.S. Citizen), through counsel, filed a Request for Judicial Notice. Plaintiff responded with a Memorandum of Law in Support of Combined Rebuttal and Motion to Avoid Unlawful Foreclosure.

Defendant Jamie Dimon (U.S. Citizen) admitted that JPMorgan Chase Bank, N.A. is a foreign entity, which undermines their claimed authority and standing to enforce alleged debts or conduct foreclosure without lawful sovereign capacity or valid contract with Plaintiff Rachael Griffin-El .

Plaintiff served direct demands requiring sworn, point-by-point responses under penalty of perjury.

Defendants failed to respond lawfully within the five (5) day period following service.

Defendants' failure constitutes **default** and **admission by silence** that:
a. They hold no valid claim or title to the property;
b. There is no lawful debt or enforceable contract;
c. They lack lawful authority or standing to foreclose.

## II. TREATY OF PEACE AND FRIENDSHIP: CONTINUING RELEVANCE AND SUPREMACY

Defendants Jamie Dimon (U.S. citizen) assert the Treaty of Peace and Friendship dated September 16, 1836, is irrelevant to this proceeding and Plaintiff's Rachael Griffin-El( Moorish America) claims. This assertion is without merit.

Plaintiff, as a Moorish American national and heir, invokes this treaty as a valid, binding international agreement that remains in full force and effect under the Supremacy Clause of the United States Constitution (Art. VI, Clause 2).

The treaty establishes mutual recognition of sovereignty, protection of estate property rights, and forbids unlawful seizure or deprivation of property without due process.

Plaintiff's reliance on the treaty is neither an exemption from U.S. law nor a dismissal of valid debts, but rather a lawful invocation of international and constitutional protections that supersede unlawful actions by Defendants.

Therefore, this Court must take judicial notice of the treaty's continuing force and effect and recognize its protections as integral to Plaintiff's rights and claims herein.

---

**III. Plaintiff demands that this Court enter judgment in her favor** based on the default of Defendant Jamie Dimon (U.S. Citizen) and his failure to establish any lawful grounds for the attempted unlawful foreclosure. Defendants, as U.S. citizens, are parties with whom the Constitution of the United States never formed a treaty, and they have failed to demonstrate or prove "holder in due course" status or any valid, enforceable interest in the subject property. Defendant Jamie Dimon (U.S. Citizen )was already in default prior to filing any appearance, having ignored and failed to answer the original Complaint within the prescribed sixty (60) days, and thus entered these proceedings while in a state of default.

Plaintiff demands declaratory relief finding all indebtedness instruments, deeds of trust, and unlawful foreclosure notices null and void ab initio for fraud, lack of consideration, unconstitutional deprivation of rights, and lack of standing.

---

## IV. ORDER TO QUIET TITLE

Plaintiff requests an Order quieting title in her favor, confirming allodial title free and clear of liens or encumbrances related to the fraudulent Deed of Trust dated October 31, 2005, recorded as Document Y886748 in Harris County, Texas.

This order shall restore Plaintiff's full ownership rights ancestral estate known as:
LOT FIVE (5), BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, Harris County, Texas.

## V. DECLARATION OF UNLAWFUL FORECLOSURE

Plaintiff declares any unlawful foreclosure actions taken or attempted by Defendants Jamie Dimon (U.S. citizen) are unlawful, without lawful authority, and violate Plaintiff's constitutional and estate property rights, including violations of 18 U.S.C. §§ 241 and 242, breaches of trust and fiduciary duty, and fraudulent inducement.

Plaintiff demands immediate cessation of any unlawful foreclosure proceedings and declaration that all such actions are null and void.

## VI. CLAIM FOR ALLODIAL COMPENSATION

For Defendants' acts of fraud, deprivation of rights, conspiracy, and inducement under color of law, Plaintiff claims allodial compensation as follows:

| Damage | Cost |
| --- | --- |
| Deprivation of Rights (18 U.S.C. § 242) | $1,000,000 |
| Conspiracy Against Rights (18 U.S.C. § 241) | $7,000,000 |
| Fraud in the Inducement | $7,000,000 |
| Refund of Fiat/Credit | $142,080 |
| Miscellaneous Expenses (Mailing, Filing, Paper, Ink) | $2,500 |
| **TOTAL** | **$15,144,580** |

All sums are lawfully due forthwith in **.9999 fine silver bullion coins and/or bars**, as the only lawful money recognized under Article I, Section 10, Clause 1 of the United States Constitution, which mandates that "No State shall… make any Thing but gold and silver Coin a Tender in Payment of Debts."

Respectfully submitted,

_Rachael Griffin-El_

Rachael Griffin-El
In Proper Person, Sui Juris
Moorish American National
All Rights Reserved, U.C.C. 1-308