UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | |
| **JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON** | § § § § § § | **CIVIL ACTION NO. 4:25-cv-02013** |
| *Defendants.* | § | |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S JUDICIAL NOTICE OF DEFAULT, DEMAND FOR ENTRY OF JUDGMENT, ORDER TO QUIET TITLE, AND DECLARATION OF UNLAWFUL FORECLOSURE (DOC. 38)**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") (together, "Defendants") file this Response to Plaintiff's Judicial Notice of Default, Demand for Entry of Judgment, Order to Quiet Title, and Declaration of Unlawful Foreclosure and respectfully show the Court as follows.

I.    **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed this suit against defendants, JPMC, Dimon, Franklin Credit Management Corporation, and Thomas J. Axon, on May 5, 2025, asserting claims for Violation of the Fair Debt Collection Practices Act ("FDCPA"), Mail Fraud, Fraudulent Misrepresentation, Identity Misrepresentation, Slander of Title/Quiet Title, and Violations of the United States Constitution, while also seeking injunctive and declaratory relief. Doc. 1, p. 2-3.

On August 12, 2025, Plaintiff filed a Judicial Notice of Default, Demand for Entry of Judgment, Order to Quiet Title, and Declaration of Unlawful Foreclosure (the "Motion"). Doc. 38. The Motion seeks various forms of relief, including: (i) the Court taking judicial notice of the 1836 Treaty of Peace and Friendship between the United States and Morrocco and its purported "continuing force and effect and recognize its protections as integral to Plaintiff's rights and claims herein"; (ii) "declaratory relief finding all indebtedness instruments, deeds of trust, and unlawful foreclosure notices null and void and void ab initio…"; (iii) "an Order quieting title in her favor, confirming allodial title free and clear of liens or encumbrances" on the real property that is the subject of this suit; (iv) a declaration that foreclosure proceedings relating to the real property which is the subject of this suit are null and void; and (v) damages in the amount of $15,144,580 paid in .9999 fine silver bullion coins or bars as "Allodial Compensation." *Id.*

The Motion, to the extent it even is a motion, is not the proper procedural vehicle for seeking the relief Plaintiff requests. Further, Plaintiff is not entitled to any of the relief she seeks against Defendants; she has not asserted claims that would entitle her to such relief, and Defendants do not have an obligation to respond to her unilateral demands. The Court should deny the Motion in its entirety.

## II.     ARGUMENT AND AUTHORITIES

**A.     Defendants have no duty to respond to Plaintiff's unilateral and unreasonable demands or to comply with her purported deadlines, and they are not in default.**

The Motion is premised, in part, on Plaintiff's allegation that she "served direct demands requiring sworn, point-by-point responses under penalty of perjury" relating to the note and deed of trust which she entered into on October 31, 2005 and which is discussed in more detail in Defendants' Motion to Dismiss. *See* Doc. 16. Plaintiff set a five-day deadline to respond, and now

takes the position, without any supporting authority, that Defendants' failure to respond constitutes "default and admission by silence." Doc. 38, p. 1. Defendants have no obligation to respond to Plaintiff's unilateral demands which are not consistent with the requirements of the Federal Rules of Civil Procedure or any other applicable statute or rules, nor are they obligated to respond to anything from Plaintiff within the arbitrary five-day period she prescribes. Defendants did not default by refusing to respond to Plaintiff's demand, and as evidenced by their Motion to Dismiss, they are not in default in this matter.

Plaintiff also argues that by admitting JPMC is a foreign entity, Defendants "undermined their claimed authority and standing to enforce alleged debts or conduct foreclosure without lawful sovereign capacity or valid contract with Plaintiff Rachael Griffin-El." *Id.* Plaintiff misunderstands. Defendants are not aware of admitting JPMC is a foreign entity, but to the extent they have, that relates to JPMC having its main office, as set forth in its articles of association, in Ohio, not Texas. Further, JPMC is registered to do business in Texas. JPMC is entitled to do business in Texas and to enforce contracts, including those to which Plaintiff is a party, in Texas.

**B.     The Treaty of Peace and Friendship is irrelevant.**

Plaintiff's reliance on the Treaty of Peace of Friendship between the United States and Morrocco (the "Treaty") is a hallmark argument of the Moorish sovereign citizen movement. *See Bey v. Bray*, No. 4:22-CV-933-SDJ-KPJ, 2023 WL 5987393, at *6 (E.D. Tex. Aug. 1, 2023), *report and recommendation adopted*, No. 4:22-CV-933-SDJ-KPJ, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023) (discussing the movement and its lack of relevance). As multiple courts have held, the arguments made by sovereign citizens, including that the Treaty is somehow relevant to contractual loan agreements or mortgages, are frivolous and fail as a matter of law. "Plaintiff does not allege how the Moroccan-American Treaty of Peace, a treaty entered to protect American shipping

interests from Barbary pirates, would grant h[er] an exemption from h[er] loan obligations. The Moroccan-American Treaty of Peace does not exempt Plaintiff from prosecution for violating laws within the United States or h[er] contractual obligations." *Bey v. Bray*, No. 4:22-CV-933-SDJ-KPJ, 2023 WL 5987393, at *7 (E.D. Tex. Aug. 1, 2023), *report and recommendation adopted*, No. 4:22-CV-933-SDJ-KPJ, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023) (citing *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008), which states "As its title indicates, [the treaty] provides ... a protocol for any confrontations that might arise between the two countries while at sea, during trade or battle."). "Sovereign citizens often attempt to use their beliefs to, among other things, extinguish debts. But sovereign-citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless. (citing *Westfall v. Davis*, 2018 WL 2422059, at *2 (N.D. Tex. May 4, 2018) and *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017)) (internal quotations omitted); *see also Bey v. Furman*, No. 21CV4090WFKRER, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (collecting cases that hold the Treaty has no relevance to rights or obligations with respect to a mortgage or foreclosure proceedings).

　Plainly, the Treaty has nothing to do with Plaintiff's loan obligations and is irrelevant to this case.

### C. Plaintiff is not entitled to a default judgment.

Plaintiff argues that she is entitled to judgment in her favor based on the purported default and "failure to establish any lawful grounds for the attempted unlawful foreclosure." Doc. 38, p. 2. She further argues that Dimon "was already in default prior to filing any appearance, having ignored and failed to answer the original Complaint within the prescribed sixty (60) days… ." *Id.*

Dimon timely filed a responsive pleading and is not in default. *See* Doc. 16. Accordingly, Plaintiff is not entitled to a default judgment based on a purported default by Defendants.

Plaintiff is also not entitled to the relief she seeks. Plaintiff asks the Court to enter judgment and a declaration in her favor, but she cannot obtain judgment through the Motion, which is not a motion for summary judgment, does not satisfy the requirements of summary judgment, is premature to the extent it is to be construed as a motion for summary judgment, and does not include sufficient evidence to support summary judgment. Further, to the extent Plaintiff seeks declaratory relief, as set forth in Defendants' Motion to Dismiss, *see* Doc. 16, she has failed to plead a claim that would entitle her to such relief.

### D. Plaintiff is not entitled to an order quieting title, a declaration of unlawful foreclosure, or to the Allodial Compensation she demands.

Plaintiff seeks an order quieting title in her favor, but as discussed in Defendants' Motion to Dismiss, she has failed to state a claim for quiet title. Doc. 16. To the extent the Motion is an attempt to re-plead, she cannot cure such deficiencies via motion, and even if she could, the allegations in the Motion fall woefully short of alleging, much less proving, the elements of a quiet title claim, as set forth in Defendants' Motion to Dismiss.

Likewise, Plaintiff has not asserted a claim that would entitle her to a declaration of unlawful foreclosure, or to an order that foreclosure proceedings are null and void. *See* Doc. 1.

Finally, Plaintiff seeks more than fifteen million dollars in "Allodial Compensation" without citing any authority that would entitle her to such damages. As discussed above, she cannot obtain such a judgment via Motion, and even if she could, the Motion fails to explain how or why she is entitled to such compensation or damages, and the amount sought is plainly beyond any reasonable amount of damages she could recover in this suit, which deals with real property valued in the $200,000 – 300,000 range.

Plaintiff is not entitled to any of the relief she seeks, and the Court should deny the Motion in its entirety.

### III. CONCLUSION

WHEREFORE, Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon pray the Court deny Plaintiff all of the relief sought in her Judicial Notice of Default, Demand for Entry of Judgment, Order to Quiet Title, and Declaration of Unlawful Foreclosure (Doc. 38), and grant Defendants all relief to which they are justly entitled.

        Respectfully submitted,

        */s/ Eric G. Carlson*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION AND
JAMIE DIMON**

**CERTIFICATE OF SERVICE**

    This is to certify that on August 25, 2025, a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

                                            */s/ Eric G. Carlson*
                                            Eric G. Carlson