# UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

SEP 09 2025

Nathan Ochsner, Clerk of Court

**Rachael Griffin-El, ex rel
RACHAEL GRIFFIN,**
Moorish American National, In Propria Persona, Sui Juris,
Plaintiff,

v.

**JPMORGAN CHASE BANK, N.A., JAMIE DIMON, et al., (U.S. Citizen)
FRANKLIN CREDIT MANAGEMENT CORPORATION,
THOMAS J. AXON, et al., (U.S. Citizen)**
Defendants.

Civil Action No.: **4:25-cv-02013**

---

# PLAINTIFF'S THIRD JUDICIAL NOTICE OF DEFAULT AND DEMAND FOR ENTRY OF DEFAULT JUDGMENT

---

## I. INTRODUCTION

Plaintiff, Rachael Griffin-El, Moorish American National, In Propria Persona, Sui Juris, hereby provides this Court with her **Third Judicial Notice of Default** against Defendants JPMorgan Chase Bank, N.A., Jamie Dimon, Franklin Credit Management Corporation, and Thomas J. Axon, who remain in **default for failure to rebut Plaintiff's sworn affidavits, writs, and notices.** Under well-settled law, **unrebutted affidavits stand as truth in commerce.** Silence operates as consent, confession, and agreement.

---

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff executed and served upon Defendants the following:
   - Writ of Quo Warranto and Affidavit challenging unlawful foreclosure;
   - Allodial Compensation Invoice;
   - Judicial Notices of Default (August 6, 2025, and thereafter).
2. Defendants **failed to lawfully rebut** the sworn facts therein.
3. Despite being served, Defendants continue to claim authority to foreclose and enforce fraudulent instruments.

4. Plaintiff has therefore filed this **Third Notice of Default and Demand for Default Judgment.**

---

### III. LEGAL ARGUMENT

### Count I – Fraud and Breach of Contract (UCC Articles 3 & 9)

1. Defendants falsely represented that they "loaned" Plaintiff lawful money. In truth, no cash, Federal Reserve notes, gold, or silver were ever delivered.
2. Plaintiff's promissory note was unlawfully converted into a negotiable instrument and treated as the source of value.
3. This constitutes **fraud in the inducement** and **fraud in factum,** vitiating any alleged contract.

**Applicable Law:**

- Under **UCC § 3-305**, the obligor may assert fraud in the factum and lack of consideration as a complete defense to enforcement of an instrument.
- Under **UCC § 9-203(b)**, a security interest is not enforceable without value being given. Here, no lawful value was transferred.

**Historical Authority:**
*John Pierpont Morgan, testifying before the United States Congress in 1912, declared:*

> *"Credit is an evidence of banking, but it is not the money itself. Money is gold, and nothing else."*

*This confirms that credit, bookkeeping entries, or fiat instruments are not lawful money and cannot constitute valid consideration under contract law, constitutional law, or treaty protections.*

### Count II – Violations of the Truth in Lending Act (TILA, 15 U.S.C. § 1601 et seq.)

- Defendants failed to disclose that Plaintiff's promissory note was the actual funding source.
- This nondisclosure constitutes a material violation of **TILA §§ 1631, 1632, 1635,** depriving Plaintiff of the right to informed consent and rescission.

### Count III – Violations of the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.)

2

- By attempting to enforce a debt that does not lawfully exist, Defendants misrepresented the character and legal status of the obligation (§ 1692e).

Defendants used unfair and unlawful means, including wrongful foreclosure proceedings (**§ 1692f**).

## IV. DEFAULT OF JPMORGAN CHASE BANK, N.A.

On August 8, 2025, during the 10:00 AM morning call of this Honorable Court, counsel present stated for the record that he was appearing as the attorney for **Jamie Dimon, U.S. Citizen**, only. At no time did said counsel claim or enter a notice of appearance on behalf of **JPMorgan Chase Bank, N.A.**

It is a settled principle of law that a **corporation is an artificial entity** and cannot appear *in propria persona*. A corporate entity is required to appear only through licensed counsel of record. *See Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993)* ("a corporation may appear in the federal courts only through licensed counsel"). Because no attorney has entered an appearance for JPMorgan Chase Bank, N.A., the corporate Defendant has failed to plead or otherwise defend this action.

Pursuant to **Fed. R. Civ. P. 55(a)**, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ... the clerk must enter the party's default." JPMorgan Chase Bank, N.A. is therefore in **procedural default** as of its expired response deadline, and its failure to lawfully appear was further confirmed on August 8, 2025.

Accordingly, Plaintiff respectfully demands that this Court enter **default judgment against JPMorgan Chase Bank, N.A.** as a matter of right, without further delay.

## V. PERSONAL LIABILITY OF JAMIE DIMON, CEO

Jamie Dimon, a natural person and U.S. Citizen, serves as **Chief Executive Officer of JPMorgan Chase Bank, N.A.**, the corporate defendant. By virtue of his position, Dimon personally **directed, authorized, and controlled the corporate actions** that resulted in the hypothecation of Plaintiff's estate without lawful consideration, misrepresentation of debt, and misuse of Plaintiff's promissory note.

It is a well-established principle that while a corporation is a **legal fiction** incapable of acting on its own, the **actions of its officers and agents are attributable to the individuals when those acts constitute fraud, breach of trust, or ultra vires activity**. See *Walkovszky v. Carlton, 18 N.Y.2d 414 (1966)*; *Sea-Land Serv., Inc. v. Pepper Source, 941 F.2d 519 (7th Cir. 1991)*.

Because Dimon personally exercised control over the fraudulent hypothecation and failed to disclose the fiduciary/trust relationship inherent in handling Plaintiff's promissory note, he is **personally liable** for:

3

1. Fraud in the inducement and in factum;
2. Breach of contract due to failure to provide lawful consideration;
3. Violations of the Uniform Commercial Code (Articles 3 & 9), the Truth in Lending Act (15 U.S.C. §§ 1601 et seq.), and the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.);
4. Breach of fiduciary and trust duties, creating a constructive trust in favor of Plaintiff.

The failure of Dimon to personally rebut Plaintiff's sworn affidavits, Writ of Quo Warranto, and Notices of Challenge places him in **unrebutted default**, separate and distinct from the corporate defendant, JPMorgan Chase Bank, N.A.

**WHEREFORE**, Plaintiff respectfully the power of the people:

- Enter **default judgment against Jamie Dimon in his individual capacity**, holding him personally liable for the above-stated claims, in addition to entering default judgment against JPMorgan Chase Bank, N.A.;
- Declare all corporate instruments, liens, deeds, and claims related to the hypothecation of Plaintiff's estate **void ab initio**;
- Grant such other relief as the Court deems just and proper.

- 

### Count IV – Default for Judgment

- Defendants failed to rebut Plaintiff's sworn affidavits and notices.
- **Maxim of law**: "He who does not deny, admits."
- Defendants are therefore in **default** and judgment must be entered for Plaintiff as a matter of law.

---

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter **default judgment** against JPMorgan Chase Bank, N.A., Jamie Dimon, Franklin Credit Management Corporation, Thomas J. Axon, and all named agents;
2. Declare Defendants' claimed lien, deed of trust, or interest in Plaintiff's estate **void ab initio**;
3. Permanently enjoin Defendants from proceeding with foreclosure or collection activities;
4. Award Plaintiff compensatory and statutory damages under the **UCC, TILA, and FDCPA**, together with costs;
5. Recognize Plaintiff's allodial claim and damages as unrebutted and true in commerce;
6. Grant such other and further relief as this Court deems just and proper.

## V. CONCLUSION

Defendants' silence and failure to rebut constitute agreement and confession of fraud, breach, and statutory violations. **Default judgment is now proper and must be entered forthwith.**

Respectfully submitted,

*[signature]*

Affiant: Rachael Griffin, ex rel RACHAEL GRIFFIN
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt