# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS — HOUSTON DIVISION

Rachael Griffin-El, ex rel. RACHAEL LEE GRIFFIN,

Plaintiff,

v.

United States Courts
Southern District of Texas
**F I L E D**

**SEP 2 2 2025**

Nathan Ochsner, Clerk of Court

JPMorgan Chase Bank, N.A., Jamie Dimon, et al., (U.S. CITIZEN)

Franklin Credit Management Corp., Thomas J. Axon, et al., (U.S. CITIZEN)

Defendants.

Civil Action No.: 4:25-cv-02013

---

# SUPPLEMENTAL AFFIDAVIT OF FACT

(Introduction of Certified Transcript as Exhibit P)

I, Rachael Griffin-El, sui juris, in propria persona, Moorish American National, hereby declare and affirm under penalty of perjury:

## I. Background

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein.
2. This affidavit supplements the record by introducing a certified transcript of proceedings from the County Civil Court at Law No. 3, Harris County, Texas, in Cause No. 1257002, styled P.C.F. Properties in TX, LLC v. Rachael Lee Griffin.

## II. Facts

3. On August 25, 2025, Acting Judge LaShawn A. Williams issued only a Notice of Entry Docket, setting the case for entry of judgment on September 29, 2025.

4. Nevertheless, on September 5, 2025, and again on September 15, 2025, fraudulent writs and orders were posted at my estate, falsely claiming judgment had already been entered.

5. The attached transcript (Exhibit P) confirms that no final judgment had been entered in the County Civil Court at Law No. 3 as of those dates.

6. This evidence directly contradicts the fraudulent writs and documents purportedly issued in the state case.

## III. Exhibit

7. Attached hereto as Exhibit P is a true and correct copy of the Certified Transcript of Proceedings from Cause No. 1257002, County Civil Court at Law No. 3, Harris County, Texas.

## IV. Conclusion

8. This transcript further establishes that the writs and orders posted on September 5 and September 15, 2025, were forged, fraudulent, and void ab initio.

9. I respectfully request this Court to take judicial notice of Exhibit P as evidence of fraud upon the court and continued jurisdictional violations by opposing parties.

Executed this 21 day of September, 2025.

Respectfully submitted,

**Rachael Griffin-El** ex. rel RACHAEL LEE GRIFFIN

All Rights Reserved – Without Prejudice – UCC 1-308
In Propria Persona, Sui Juris
Moorish American National, Heir to the Land

Date: September ___, 2025







**STATE OF TEXAS**
**COUNTY OF HARRIS**

Before me, KAYLA MASON, on this 21 day of September 2025, I full life Rachael Griffin -El , known to me (or satisfactorily proven) to be the natural person whose title is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein expressed.

[Seal and Signature of Notary Public]



KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

Kayla Mason
KAYLA MASON

**Cc:**

- Nicholas J. Ganjei – United States Attorney, Southern District of Texas
- Scott Bessent – U.S. Treasury, Office of Foreign Assets Control
- Marco Rubio – United States Secretary of State
- Pamela Bondi – United States Attorney General
- Volker Türk – United Nations High Commissioner for Human Rights
- T. Michael O'Connor – U.S. Marshal, Southern District of Texas
- Sheriff Ed Gonzalez – Harris County Sheriff
- Office of Consul General – Morocco, Maghrib al-Aqsá
- Jane Nelson – Texas Secretary of State
- Tenseshia Hudspeth – County Clerk, Harris County, Texas
- Daniel R. Vizzi – Director, INTERPOL Washington

6:39

# Transcript ▶ Inbox  ☆

me  Sep 15
Greetings Mrs Cutherell will the transcrip...

4

Cutherell, Laura (...  1:30 PM  ☺  ↩  •••
to me ⌄

| | |
|---|---|
| From | Cutherell, Laura (CCL)<br>Laura_Cutherell@ccl.hctx.net |
| To | Darryl Bankston Bey<br>darrylbankston@gmail.com |
| Date | Sep 19, 2025 at 1:30 PM |
| 🔒 | Standard encryption (TLS)<br>Learn more |

Mr. Bankston,

Attached is the reporter's record, Vol. 1, the trial;
Vol. 2, the exhibits.

•••



| 08252025PCF | PCF |
|---|---|
| GRIFFIN.pdf | PROPERTIES |

↩  Reply        ↪  Forward  ☺

1              REPORTER'S RECORD
          VOLUME 2 OF 2 VOLUMES
2        TRIAL COURT CAUSE NO. 1257002

3

4  P.C.F. PROPERTIES IN      )  IN THE COUNTY CIVIL COURT
   TEXAS, LLC                )
5                            )
   vs.                       )  AT LAW NUMBER THREE (3)
6                            )
                             )
7  RACHAEL LEE GRIFFIN       )  HARRIS COUNTY, TEXAS

8

9

10  _____

11                      **EXHIBITS**

12  _____

13

14

15

16

17

18

19

20

21

22

23

24

25

RP-2025-225256
06/12/2025  ER  $45.00

Page 1 of 7   Thursday, August 21, 2025   County Clerk Harris County, Texas

RP-2025-225256

# SUBSTITUTE TRUSTEE'S DEED

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

C&S No. 44-25-00934/Conventional/Servicelink Auction
JPMorgan Chase Bank, National Association

| | |
|---|---|
| **Date of Security Instrument:** | October 31, 2005 |
| **Grantor(s):** | Rachael Griffin and husband, Terrence Tremayne Griffin |
| **Original Trustee:** | Michael L. Riddle |
| **Original Mortgagee:** | Long Beach Mortgage Company, A Corporation |
| **Recording Information:** | in Volume RP 013-89, Page 0838 and in Clerk's File No. Y886750 in the Official Public Records of Harris County, Texas |
| **Current Mortgagee:** | JPMorgan Chase Bank, National Association |

**Mortgage Servicer:** JPMorgan Chase Bank, National Association whose address is 3415 Vision Drive, Columbus, OH 43219-6009. Pursuant to a Servicing Agreement between the Mortgage Servicer and Mortgagee, the Mortgage Servicer is authorized to represent the Mortgagee. Pursuant to the Servicing Agreement and Section 51.0025 of the Texas Property Code, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the referenced property.

| | |
|---|---|
| **Date of Sale:** | June 03, 2025 |
| **Amount of Sale:** | $182,000.00 |
| **Grantee/Buyer:** | P.C.F. PROPERTIES IN TX, LLC<br>6046 FM 2920 RD PMB 160<br>SPRING TX 77379 |

**Legal Description:** LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

**Property Address:** 703 Deveron Lane, Houston, TX 77090

**Place of Sale of Property:** In the area designated by the Harris County Commissioners Court pursuant to Section 51.002 of the Texas Property Code as the place where the foreclosure sales are to take place, or if no place is designated by the Commissioners Court, the place where the Notice of Trustee's Sale was posted.

Grantor conveyed the property to Trustee in trust to secure payment of the Note. Mortgagee, through the Mortgage Servicer, declared that Grantor defaulted in performing the obligations of the Deed of Trust. Current Mortgagee, through the Mortgage Servicer, has appointed the Substitute Trustee and requested the Substitute Trustee to enforce the trust.


EXHIBIT



Notices stating the time, place and terms of sale of the property were mailed, posted and filed, as required by law. The Substitute Trustee sold the property to Buyer, who was the highest bidder for cash at the public auction, for the amount of the sale in the manner prescribed by law. The sale was conducted no earlier than 10:00 AM, as set forth in the Notice of Trustee's Sale and was concluded within three hours of such time. All matters, duties and obligations of the Mortgagee were legally performed.

Substitute Trustee, subject to any matters of record, and for the amount of sale paid by Buyer as consideration, grants, sells and conveys to Buyer, Buyer's heirs, executors, administrators, successors or assigns forever, the property together with all rights and appurtenances belonging to Grantor, Substitute Trustee hereby sell the above referenced property AS IS without any express or implied warranties, and hereby conveys the property to the purchaser at the purchaser's own risk, pursuant to the terms of Texas Property Code §51.002 and §51.009.

*Affidavit of Posting/Filing Notice of Sale is attached hereto marked as Exhibit "1" and Affidavit is attached hereto marked as Exhibit "2" is by this reference incorporated herein for all purposes.*

EXECUTED this __5th__ day of _____June_____, 2025.

_____
Jeff Leva
Servicelink Auction Substitute Trustee

STATE OF TEXAS

COUNTY OF HARRIS_____

Before me, the undersigned Notary Public, on this day personally appeared *Jeff Leva* as Substitute Trustee, <u>known to me</u> or proved to me through a valid State driver's license or other official identification to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that (s)he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __5th__ day of _____June_____, 2025.

_____
Notary Public State of TEXAS____

C&S No. 44-25-00934



NICOLE DURRETT
Notary Public, State of Texas
Comm. Expires 09-08-2026
Notary ID 128847355

RP-2025-225256



Exhibit "1"

## AFFIDAVIT OF POSTING/FILING NOTICE OF SALE

The undersigned, having knowledge of the matters hereinafter set forth, after being duly sworn, deposes and states under oath, as follows:

"On behalf of the servicer and/or holder and/or owner of the indebtedness secured by a Deed of Trust/Security Instrument, dated October 31, 2005 executed by Rachael Griffin and husband, Terrence Tremayne Griffin to Michael L. Riddle, Trustee(s) and recorded under Vol. RP 013-89, Page 0838, or Clerk's File No. Y886750, in the real property records of HARRIS County, Texas; at least twenty-one (21) days preceding the June 03, 2025 foreclosure sale, the undersigned Substitute Trustee, did;

    (i)    Post written notice ("Notice of Sale") of the proposed sale designating the County in which the property securing the above Deed of Trust/Security Instrument will be sold, at the courthouse door of each County in which the property securing the above Deed of Trust/Security Instrument is located, or as otherwise designated by the County Commissioners; and

    (ii)    File a copy of said Notice of Sale in the office of the County Clerk of the County in which the sale was made."

Executed on this the ___10th___ day of _____June_____, 20_25_____.



Printed Name:    **SANDY DASIGENIS**

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority on this the ___10th___ day of ___June___ _____, 20_25_____, personally appeared _____SANDY DASIGENIS_____ known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed same in the capacity herein stated and for the purposes and consideration therein expressed.

Notary Public, State of Texas

C&M No. 44-25-00934

> NICOLE DURRETT
> Notary Public, State of Texas
> Comm. Expires 09-09-2026
> Notary ID 128847355

RP-2025-225256

CAN No. 44-25-00534/RECORD NO6

# NOTICE OF TRUSTEE'S SALE AND APPOINTMENT OF SUBSTITUTE TRUSTEE

Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately. Sender is, Codilis & Moss, P.C., 20405 State Highway 249, Suite 170, Houston, TX 77070

## INSTRUMENT BEING FORECLOSED AND MORTGAGE SERVICER INFORMATION

Deed of Trust dated October 31, 2005 and recorded under Vol. RP 013-89, Page 0639, or Clerk's File No. Y867530, in the real property records of HARRIS County Texas, with Rachael Griffin and husband, Terrence Tremayne Griffin as Grantor(s) and Long Beach Mortgage Company, A Corporation as Original Mortgagee.

Deed of Trust executed by Rachael Griffin and husband, Terrence Tremayne Griffin securing payment of the indebtedness in the original principal amount of $131,012.00 and obligation therein described including but not limited to the promissory note and all modifications, renewal and extensions of the promissory note (the "Note") executed by Rachael Griffin. JPMorgan Chase Bank, National Association is the current mortgagee (the "Mortgagee") of the Note and Deed of Trust or Contract Lien.

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §1.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan. JPMorgan Chase Bank, National Association is acting as the Mortgage Servicer for the Mortgagee. JPMorgan Chase Bank, National Association, is representing the Mortgagee, whose address is: 3415 Vision Drive, Columbus, OH 43219-6009.

### Legal Description:

LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Date of Sale: 06/03/2025

## SALE INFORMATION

Earliest Time Sale Will Begin: 10:00 AM

Location of Sale: The place of the sale shall be: HARRIS County Courthouse, Texas at the following location: 11,681 Square Feet area of covered concourse, being a 13,979 Square Feet area of covered concourse under the Bayou City Event Center Pavilion, save and except a 2,298 Square Feet Corporation and Restroom area under said Pavilion, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

## TERMS OF SALE

A default has occurred in the payment of said herein referenced indebtedness, and the same is now wholly due, and the Mortgagee and/or Mortgage Servicer has requested the hereinafter appointed Substitute Trustee to sell said property to the highest bidder for cash and to distribute or apply the proceeds of said sale in accordance with the terms of said Deed of Trust.

The Sale will be conducted as a public auction to the highest bidder for cash, except that Mortgagee's bid may be by credit against the indebtedness secured by the lien of the Deed of Trust. Pursuant to the Deed of Trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to Section 51.009 of the [Texas Property Code] the property will be sold in "AS IS,"

44-25-00534
HARRIS



4839485

"WHERE IS" condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the Deed of Trust.

The sale will begin at the earliest time stated above, or within three (3) hours after that time. If the sale is not made for any reason, the Purchaser at the sale shall be entitled only to a return of the funds paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

WHEREAS, in my capacity as attorney for the Mortgagee and/or its Mortgage Servicer, and pursuant to Section 51.0076 of the Texas Property Code, I HEREBY APPOINT AND DESIGNATE Jeff Leva, Sandy Dasigenis, Patricia Poston, Megan L. Randle, Eddie Murphy, Wayne Daughtrey, Steve Leva, Nicole Durrett, Thomas Delaney, Denya Gatdney, Aaron Demuth, Collin & Moody, P.C., or Servicelink Auction, as Substitute Trustee.

The address for the Substitute Trustee for purposes of Section 51.0075(e) of the Texas Property Code is:
Codilis & Moody, P.C.
20405 State Highway 249, Suite 170
Houston, TX 77070
(281) 925-5200

Jamila Deavar, Attorney at Law
Codilis & Moody, P.C.
20405 State Highway 249, Suite 170
Houston, TX 77070
(281) 925-5200

STATE OF TEXAS

COUNTY OF HARRIS

Before me, the undersigned Notary Public, on this day personally appeared Jamila Deavar as Attorney for the Mortgagee and/or Mortgage Servicer known to me or proved to me through a valid State driver's license or other official identification described as Personal Knowledge, to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that he/she executed the same for the purposes and consideration therein expressed.

Executed on this the 1st day of April, 2025.

Notary Public Signature

Posted and filed by: _____

Printed Name: ____SANDY DASIGENIS____

C&M No. 44-25-00934

Exhibit "2"

## AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared the undersigned affiant who, after being duly sworn, deposes and states under oath as follows:

"I am above the age of eighteen (18) years and am competent to make this affidavit and knowledgeable of the statements made in this affidavit.

At the instructions of the servicer and/or holder and/or owner of the indebtedness secured by a Deed of Trust/Security Instrument, dated October 31, 2005 executed by Rachael Griffin and husband, Terrence Tremayne Griffin to Michael L. Riddle, Trustee(s) and recorded under Vol. RP 013-89, Page 0838, or Clerk's File No. Y886750, in the real property records of HARRIS County, Texas; and based upon the information provided by or on behalf of such servicer and/or holder and/or owner of the indebtedness, demand was sent to the obligors via certified mail giving at least 20 days to cure the debt as required by Texas Property Code Sec. 51.002(d); the debt was not cured and our office sent out the written notice of the proposed sale of the real property encumbered by said Deed of Trust/Security Instrument scheduled for June 03, 2025 was mailed certified to each debtor who, according to the records of such servicer and/or holder and/or owner is obligated to pay the debt. Service of the written notice was completed on April 03, 2025. On that date, the notice was deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. April 03, 2025, the date service of the notice was completed, was a date at least twenty-one (21) days preceding the date of the scheduled sale.

To the best of the my knowledge and belief, the obligor(s) had not filed any bankruptcy proceeding pending at the time of the foreclosure sale, was/were alive at the time of the foreclosure sale, and based upon information obtained from the U.S. Defense Manpower internet military website, it is my belief that such obligor(s) is/are not in the armed services of the United States of America twelve months prior hereto or on the date of the foreclosure sale and as of the date of this Affidavit.

Signed on this 4th day of June, 2025.

Codilis & Moody, P.C.

Thomas Delaney

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BEFORE ME, the undersigned authority on this day personally appeared Thomas Delaney known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed same in the capacity herein stated and for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 4th day of June, 2025.

GABRIELLE RUIZ
Notary Public, State of Texas
Comm. Expires 10-05-2027
Notary ID 132193366

NOTARY PUBLIC in and for
THE STATE OF TEXAS

C&M No. 44-25-06554



County Clerk Harris County, Texas

RP-2025-225256

RP-2025-225256
# Pages 7
06/12/2025 09:34 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees   $45.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

**Witness my official hand and seal of office**
**This August 21, 2025**

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and
unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the
Public Information Act.



 **PROPERTIES IN TX, LLC**

A TEXAS LIMITED LIABILITY COMPANY

6046 FM 2920 RD STE 160, Spring, TX 77379-2542                Phones: 832-419-1723 or 281-6688-PCF
e-Mail: AR@PCFProperties.net                                              Fax: 636-212-9452

**RACHAEL GRIFFIN and/or ALL OCCUPANTS**
**703 DEVERON LN**
**HOUSTON, TX 77090-3827**

*MAILED VIA REGULAR AND CERTIFIED MAIL 9589 0710 5270 1864 3332 87*

## FORMAL NOTICE TO VACATE

Saturday, June 7, 2025

Dear Ms. Griffin (and/or All Occupants):

Your residence at 703 Deveron Ln, was foreclosed upon at the trustee sale of June 3rd, 2025 by the substitute trustee appointed by your lender. Our company, P.C.F. Properties in TX, LLC is the new owner of the property. You are now a tenant at sufferance pursuant to Paragraph 22 of the Deed of Trust that led to the foreclosure.

Given this event, since June 3rd , all the property holding costs, financial (cost of funds), property taxes (since the beginning of the year) and HOA Assessments, are now our responsibility.

We are hereby giving you this written notice, per Chapter § 21 of the Texas Property code to vacate the premises and deliver them back to us in their original condition.

This letter constitutes notice that you are required to **VACATE THE PROPERTY** and to remove all of your personal belongings within three (3) days of the date of this letter. If you fail to comply with this demand, and do not vacate the Property by the 4th day from the date of this letter, we may, at our option, file suit against you for actual damages, attorney fees and costs of court. *No further notice shall be given.*

Be advised that failure to take action, will result in a forcible detainer suit against you.

Cordially,

*AWador*  , DIRECTOR

P.C.F. Properties in TX, LLC
By Antony Haleris, Director of Its Managing Member

EXHIBIT
B



**UNITED STATES POSTAL SERVICE**

FOXBROOK
7231 FM 1960 RD W STE A
HUMBLE, TX 77338-3468
www.usps.com

06/07/2025                    12:51 PM

TRACKING NUMBERS
9589 0710 5270 1864 3332 87
TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PurpleHeartMedal | 1 | $0.73 | $0.73 |
| First-Class Mail Letter | | | $0.73 |

Houston, TX 77090
Weight: 0 lb 0.30 oz
Estimated Delivery Date
Tue 06/10/2025
Certified Mail            $4.85
Tracking #:
9589 0710 5270 1864 3332 87
Total                      $5.58

Grand Total:               $6.31

Credit Card Remit          $6.31
Card Name: VISA
Account #: XXXXXXXXXXXX7082
Approval #: 03281G
Transaction #: 617
AID: A0000000031010   Contactless
AL: VISA CREDIT
CAPITAL ONE VISA

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 9589071052701864333287

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 11:53 am on June 11, 2025 in HOUSTON, TX 77090.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Postal Facility**

HOUSTON, TX 77090
June 11, 2025, 11:53 am

See All Tracking History

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates                                            ⌄

USPS Tracking Plus®                                             ⌄

Product Information                                             ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

Feedback

Voice - Messages



Loan No: 6612127

HOLD FOR
Borrower: MICHAEL GRIFFIN
CHICAGO TITLE
GF25F2247
DJM/W.L

Data ID: 716

Return to:     LONG BEACH MORTGAGE COMPANY
P.O. BOX 201085
STOCKTON, CA 95202

Y886750
11/08/05 200999026          $48.00

[Space Above This Line For Recording Data]

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on the 31st day of October, 2005.
The grantor is RACHAEL GRIFFIN AND HUSBAND, TERRENCE TREMAYNE GRIFFIN
("Borrower").

The trustee is MICHAEL L. RIDDLE, whose address is 717 NORTH HARWOOD, SUITE 2400, DALLAS, TEXAS
75201
("Trustee").

The beneficiary is LONG BEACH MORTGAGE COMPANY , A CORPORATION,

which is organized and existing under the laws of the State of DELAWARE,
and whose address is 1400 SOUTH DOUGLASS ROAD, SUITE 100, ANAHEIM, CA 92806
("Lender").

Borrower owes Lender the principal sum of ONE HUNDRED THIRTY-ONE THOUSAND TWELVE and
NO/100-----Dollars (U.S. $ 131,012.00). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
November 1, 2035.
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under
paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to
Trustee, in trust, with power of sale, the following described property located in HARRIS County, Texas:

LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY,
TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF
THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

2005 NOV -8 PM 1:47
COUNTY CLERK
HARRIS COUNTY TEXAS
FILED

which has the address of 703 DEVERON LANE [Street]                    HOUSTON,
TEXAS     77091 [Zip Code]                    ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances,
and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security
Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant
and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants
and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited
variations by jurisdiction to constitute a uniform security instrument covering real property.

**TEXAS** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna          Form 3044     03/96          (Page 1 of 8 Pages)

RP 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

EXHIBIT



UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

Loan No: 6612127

Data ID: 716

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any

Form 3044   03/96   (Page 3 of 5 Pages)

notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15.  Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16.  Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17.  Transfer of the Property or a Beneficial Interest in Borrower.**  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18.  Borrower's Right to Reinstate.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument.  Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged.  Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred.  However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19.  Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower.  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument.  There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law.  The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.  The notice will also contain any other information required by applicable law.

**20.  Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

**21.  Acceleration; Remedies.**  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law.  Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law.  Sale shall be made at public vendue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month.  Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines.  Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

**22.  Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**23.  Substitute Trustee.**  Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

Form 3044  03/88  (Page 4 of 5 Pages)

RF 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

Loan No: 6612127

Data ID: 716

24. **Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

25. **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

26. **Waiver of Notice of Intention to Accelerate.** Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

27. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☒ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ Other(s) [specify] | | |

28. **Purchase Money; Vendor's Lien; Renewal and Extension.** [Complete as appropriate] The Note secured hereby is primarily secured by the Vendor's Lien retained in the Deed conveying Property to Borrower dated or effective the same date as this Security Instrument, which Vendor's Lien has been assigned to Lender, this Security Instrument being additional security therefor.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.


........................................................(Seal)
TERRENCE TREMAYNE GRIFFIN --Borrower

........................................................(Seal)
RACHAEL GRIFFIN --Borrower

[Space Below This Line For Acknowledgment]

State of TEXAS                          §
County of Harris                        §

This instrument was acknowledged before me on the _31st_ day of _October_____ 20_05_ by
RACHAEL GRIFFIN AND TERRENCE TREMAYNE GRIFFIN

_____
Notary Public

_____
(Printed Name)

My commission expires:_____

AURORA BROOKS
NOTARY PUBLIC
STATE OF TEXAS
My Comm Expires 10-15-2008



Loan No: 6612127                                                         Data ID: 716
Borrower: RACHAEL GRIFFIN

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 31st day of October, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
LONG BEACH MORTGAGE COMPANY

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

703 DEVERON LANE
HOUSTON, TEXAS 77090
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

DECLARATIONS AND COVENANTS

(the "Declaration"). The Property is a part of a planned unit development known as

ELLA CROSSING, SECTION 1
[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

(i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

(ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. Public Liability Insurance. Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3150    03/90
(Page 1 of 2 Pages)

RP 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

Loan No: 6612127                                            Data ID: 716

    D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

    E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

        (i)  the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

        (ii)  any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

        (iii)  termination of professional management and assumption of self-management of the Owners Association; or

        (iv)  any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

    F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

....................................................(Seal)          ....................................................(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower          RACHAEL GRIFFIN —Borrower

Form 3150    09/90    *(Page 2 of 2 Pages)*

RP 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

Page 7 of 9    Thursday, August 21, 2025    County Clerk Harris County, Texas

Loan No: 6612127
Borrower: RACHAEL GRIFFIN

Data ID: 716

# FIXED/ADJUSTABLE RATE RIDER
### (LIBOR Index — Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this 31st day of October, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to LONG BEACH MORTGAGE COMPANY (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

703 DEVERON LANE
HOUSTON, TEXAS   77090
[Property Address]

THE NOTE PROVIDES FOR A CHANGE IN THE BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE.   THE NOTE LIMITS THE AMOUNT THE BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS.   In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial fixed interest rate of 8.05 %.  The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of November, 2007, and the adjustable interest rate I will pay may change on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my adjustable interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*.  The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding FOUR and 99/100 percentage points (4.99 %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

MULTISTATE FIXED/ADJUSTABLE RATE RIDER—LIBOR INDEX — Single Family

6/95
(Page 1 of 2 Pages)

RP 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

Loan No: 6612127                                              Data ID: 716

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.0500 % or less than 8.0500 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point(s) (1.00 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 14.0500 %, which is called the 'Maximum Rate' or less than 8.0500 %, which is called the "Minimum Rate."

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my adjustable interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____(Seal)          _____(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower              RACHAEL GRIFFIN —Borrower

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

NOV - 8 2005



COUNTY CLERK
HARRIS COUNTY, TEXAS

*(Page 2 of 2 Pages)*

RP 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





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This August 21, 2025

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and
unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the
Public Information Act.




## WRIT OF QUO WARRANTO

International Document Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent

RP-2025-324679
08/18/2025   RP2   $129.00

**IN THE COUNTY CIVIL COURT AT LAW NO. 3**
**HARRIS COUNTY, TEXAS**

**P.C.F. PROPERTIES IN TX, LLC (U.S. Citizens),**
Domestic Limited Liability Company near the State of Texas, founded February 2, 2006
**Antony Halaris (U.S. Citizen), Director of P.C.F. Properties in TX, LLC**
**Rachael Halaris (U.S. Citizen),**
(Foreign Corporation),
    Plaintiffs,

v.

**Rachael Griffin-El, ex rel. RACHAEL LEE GRIFFIN**
(Heir to the Land, Moorish American National),
    Defendant.

**Bill of Attainder style as Case No.: 1257002** (formerly Case No. 254100243037)

**WRIT OF QUO WARRANTO & DEMAND FOR PROOF OF AUTHORITY**
Including Demand for Public Official Surety Bonds, Oaths of Office, Delegation of Authority,
Treaty Compliance, and Allodial Compensation

---

# I. INTRODUCTION & STANDING

I, Rachael Griffin-El, ex rel. RACHAEL LEE GRIFFIN, Moorish American National and Heir to
the private ancestral estate at issue, specially appear **without waiving rights,** challenging the
lawful authority of the above-named plaintiffs and the presiding corporate tribunal to proceed
against my estate. **All rights reserved without prejudice, UCC 1-308.**

---

# II. CHALLENGE TO AUTHORITY – FOREIGN CORPORATIONS





Under 22 U.S.C. § 143, no foreign corporation or entity may exercise governmental or trustee authority over a private estate absent lawful delegation of authority and proof thereof.

**A. Plaintiff Entities**

- P.C.F. Properties, LLC (U.S. Citizens), **directed by Antony Halaris,** is a foreign corporation with no privity of contract, no meeting of the minds, no consideration lawfully tendered, and no lawful title, deed, or trustee status with respect to my estate.

**B. County Civil Court at Law No. 3**

- This corporate tribunal (U.S. Citizens) is not an Article III court of record and has no lawful or treaty-based jurisdiction over a Moorish American national or the private ancestral estate of the undersigned.
- Any actions taken absent such proof are **ultra vires, void ab initio,** and constitute acts under color of law.

## III. DEMAND FOR PUBLIC OFFICIAL SURETY BONDS AND OATHS OF OFFICE

Pursuant to Texas Insurance Code § 3503.002, FOIA (5 U.S.C. § 552), the Sunshine Act (5 U.S.C. § 552b), and the Texas Open Records Act (Article 6252-17a), I demand the following from the acting judge, clerks, peace officers, and all agents involved:

1. Copy of Public Official Surety Bond.
2. Copy of Errors & Omissions (E&O) Policy.
3. Copy of Surety Liability Insurance Policy, if applicable.
4. Copy of Oath of Office signed and filed in accordance with Texas law.
5. Copy of Power of Attorney for the Surety Bond Company.
6. Copy of Power of Attorney for any Blanket Bond from the Surety Bond Company, if applicable.

**Applies to:** Acting Judge **LaShawn A. Williams,** Texas bar No. 00795721 Texas license date:05/03/1996, County Civil Court at Law No. 3, Harris County, Texas.

## IV. DEMAND FOR DELEGATION OF AUTHORITY ORDER (DOAO) FROM CONGRESS





I demand production of the **original Delegation of Authority Order (DOAO)** and/or equivalent lawful commissioning instrument issued by the United States Congress or other constitutionally competent authority, from the time of installation of the County Civil Court at Law No. 3 and the acting judge.

The DOAO must show:

1. Lawful creation of the office and court under constitutional authority.
2. Date and manner of installation of the current acting judge.
3. Scope of jurisdiction lawfully delegated, including territorial, subject-matter, and personal jurisdiction limits.
4. Chain of authority from Congress to the specific officeholder.

Failure to produce a valid DOAO constitutes **ultra vires action** and renders all acts void ab initio.

---

## V. FEDERAL CASE AND SUPERIOR JURISDICTION

This matter is presently before the United States District Court, Southern District of Texas, Case No. 4:25-cv-02013, involving the same private estate property, title, and alleged foreclosure.

- **Supremacy Clause (U.S. Const. Art. VI, Cl. 2)** mandates that the corporate entity known as County Civil Court at Law No. 3 **stand down** while the federal case is pending.
- Any attempt to proceed constitutes interference with superior jurisdiction and willful deprivation of rights under 18 U.S.C. §§ 241–242.

---

## VI. TREATY VIOLATION – ARTICLES 22 & 23

As a Moorish American National and descendant of the Moroccan Empire, I am under the protection of the **Treaty of Peace and Friendship (1787/1836).**

- **Article 22:** Any citizen/subject accused within another nation's dominions must be handled through proper consular or treaty channels.
- **Article 23:** Property or debt disputes between citizens/subjects of the two nations must be adjudicated under treaty procedures, not unilateral corporate courts.





Any action by a public officer, corporate entity, or court against my person or private estate without lawful jurisdiction **violates these treaty provisions**, stripping the offending officers of immunity and exposing them to personal liability under domestic and international law.

## VII. MISREPRESENTED INSTRUMENTS AND VOID PROCEEDINGS

- **Case Numbers:** Case No. 1257002 (formerly Case No. 254100243037)
- **Security Instrument Date:** October 31, 2005
- **Substitute Trustee's Deed Date:** June 3, 2025

Pursuant to **Stare Decisis Law**, as established in *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U.S. 8, 27 S.Ct. 236 (1907):

> "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court."

Any actions, filings, or instruments by the County Civil Court at Law No. 3 or its agents concerning this estate are **void ab initio** and remain challengeable regardless of case renumbering or procedural changes.

## VIII. ALLODIAL FEE SCHEDULE / CLAIM FOR COMPENSATION

**Claimant:** Rachael Griffin-El, ex rel. Rachael Lee Griffin, Moorish American National

Estate / Property described as : LOT F:WE (5), BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, HARRIS COUNTY, TEXAS, Map Records Film Code No. 583137.

**Claims and Compensation:**

| Claim | Statute / Basis | Amount Claimed |
|---|---|---|
| Return of Fiat / Credit | Original misappropriated funds | $3,600 |
| Deprivation of Rights | 18 U.S.C. § 242 | $1,000,000 |
| Conspiracy Against Rights | 18 U.S.C. § 241 | $7,000,000 |
| Fraud in the Inducement | Common law / UCC | $7,000,000 |





| Claim | Statute / Basis | Amount Claimed |
|---|---|---|
| Costs | Legal, administrative, and remedial costs | TBD / calculated as needed |

**Total Claimed: $15,035,600**

**Statement:**

- Full compensation for damages, deprivation of rights, and fraudulent actions against claimant and her private ancestral estate.
- Amounts are **due immediately September 4, 2025** ; failure to satisfy constitutes continued deprivation under U.S. Federal law and international treaty obligations.
- All rights reserved under UCC 1-308, Treaty of Peace and Friendship (1787/1836), and applicable law.

## IX. NOTICE OF LIABILITY

Failure to produce the requested documentation or satisfy the Allodial Fee Schedule constitutes **personal liability** for all officers, agents, and corporate actors involved.

## X. CONCLUSION

I demand that all proceedings **cease immediately** until:

1. Proof of lawful authority is produced,
2. DOAO is verified,
3. Treaty compliance is demonstrated, and
4. Full restitution under the Allodial Fee Schedule is satisfied.

**All rights reserved without prejudice, UCC 1-308.**

## XI. HIGHLIGHT SUMMARY (ATTACHMENT)

1. **Jurisdiction Void:** County Civil Court has no lawful territorial or subject-matter jurisdiction; no contract or consideration exists.

   

2. **Treaty Protections:** Articles 22 & 23 of the Treaty of Peace and Friendship (1787/1836) strictly limit unilateral corporate court authority over Moorish American Nationals.
3. **DOAO Demand:** Proof of lawful installation from Congress required; absence renders all actions ultra vires.
4. **Federal Supremacy:** Pending U.S. District Court case (4:25-cv-02013) holds superior jurisdiction.
5. **Official Bonds & Oaths:** Must produce all public official bonds, E&O policies, and oaths; failure establishes personal liability.
6. **Misrepresented Instruments / Stare Decisis:** Void orders remain challengeable under *Old Wayne Mut. L. Assoc. v. McDonough*

## CERTIFICATE OF SERVICE

I certify that a copy of this Writ of Quo Warranto & Demand for Proof of Authority was sent via certified mail, return receipt requested, to the plaintiff's counsel, the presiding judge, the Harris County Clerk, and the Harris County Sheriff on this date.

**Executed under penalty of perjury under the laws of the United States of America and the Texas Republic this 18ᵗʰ day of August , 2025.**

### Notice of Challenge and Demand for Judicial Determination.

I, **Rachael Griffin-El**, declare under penalty of perjury under **Divine Law**, the the Zodiac Constitution, and the **Constitution for the united States of America (1791)** , the **Treaty of Peace and Friendship (1787/1836)**, and the **American Declaration on the Rights of Indigenous Peoples**, that the foregoing is true, correct, complete, and not misleading to the best of my knowledge and belief.

Executed this 18ᵗʰ day of August , 2025.

Respectfully submitted,

Affiant- Rachael Griffin-El, ex rel RACHAEL GRIFFIN
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt



20R

**JURAT / NOTARIZATION BLOCK**

 

**STATE OF TEXAS**
**COUNTY OF HARRIS**

Before me, _Kayla Mason_ , on this _18th_ day of _August_ 2025, I full life Rachael Griffin -El , known to me (or satisfactorily proven) to be the natural person whose title is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein expressed.

[Seal and Signature of Notary Public]



_Kayla Mason_

KAYLA MASON

 

International Document Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent

**VERIFICATION**, Rachael Griffin El, under Divine Law, the Zodiac Constitution, and the Constitution for the United States (1791), do affirm and certify that a true, correct, and complete copy of this , **Writ of Quo Warranto & Demand for Proof of Authority**

on the _18th_ day of _Aug._ 2025 to the following parties:

RET ✓

Rachael Griffin -El
C/O 703 Deveron ln
Houstn Texas [77090]

executed on this _18th_ day of _Aug_ 2025.

  

Affiant: Rachael Griffin-El ex rel RACHAEL GRIFFIN
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt

Cc:

- Nicholas J. Ganjei – United States Attorney, Southern District of Texas
- Scott Bessent – U.S. Treasury, Office of Foreign Assets Control
- Marco Rubio – United States Secretary of State
- Pamela Bondi – United States Attorney General
- Volker Türk – United Nations High Commissioner for Human Rights
- T. Michael O'Connor – U.S. Marshal, Southern District of Texas
- Sheriff Ed Gonzalez – Harris County Sheriff
- Office of Consul General – Morocco, Maghrib al-Aqsâ
- Jane Nelson – Texas Secretary of State
- Tenseshia Hudspeth – County Clerk, Harris County, Texas
- Daniel R. Vizzi – Director, INTERPOL Washington

---

**Exhibit A1 – Attachments**

1. **Affidavit of Fact / Memorandum of Trust** addressed to Jamie Dimon, CEO of JPMorgan Chase, dated **December 30, 2024.**
2. **Notice of Lis Pendens**, filed in county records, **May 5, 2025.**
3. **Memorandum of Law in Support of Complaint**, filed in federal court, **May 5, 2025.**
4. **Criminal Allegations Referral**, filed in federal court, **May 5, 2025.**
5. **Notice and Affirmation / Re: Cessation of Activity Concerning a State in Reversion**, filed in federal court and county records, **June 9, 2025.**
6. **Notice of Active Federal Case and Recorded Lis Pendens**, sent to Antony Halaris (U.S. Citizen), property manager for PCF Properties LLC in Texas, filed in federal court, **June 9, 2025.**
7. **Evidence of Labor Theft** – copy of cashier's check in the amount of **$3,640.**
8. **Judicial Notices of Default,**-filed in federal court, August 12, 2025
9. **A fraudulent SUBSTITUTE TRUSTEE'S DEED/Affidavit of Cancellation**
10. **Treaty a peace and friendship, September 16, 1836**
11. **CIVIL ORDERS – JULY 4, 2014**



egistered No.
RF644557828US

Postage $    $18.55

Extra Services & Fees
☐ Registered Mail   $03.40
☐ Return Receipt   $0.00
(hardcopy) $
☐ Return Receipt   $0.00
(electronic) $
☐ Restricted Delivery $0.00

Customer Must Declare
Full Value    $0.00

Extra Services & Fees (check box)
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Date Stamp

Total Postage & Fees
$  $61.95

Received by
08/18/2025

Domestic Insurance up to $50,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

RF 644 557 828 US

FROM  Rachoustranffm764o
C/O 703 Deveron ln
Houston, Texas [77090]

TO  Volker Türk, Office of the United Nations
Hi sub commission of Human rights
Palais des Nations
CH-1211 Geneva10, Switzerland

PS Form 3806, Registered Mail Receipt    Copy 1 - Customer
April 2015, PSN 7530-02-000-9051    (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

7020 1290 0000 5986 8201

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Certified Mail Fee  $5.30
Extra Services & Fees
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $10.05
Total Postage and Fees

Nicholas J. Ganjei, U.S. Attorney, Southern District
1000 Louisiana St. #2300
Houston, Texas 77002

7020 1290 0000 5986 8126

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Certified Mail Fee  $5.30
Extra Services & Fees
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $13.30
Total Postage and Fees

Pamela Bondi, U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

WESTFIELD STATION
HOUSTON, TX USPS
77020

7020 1290 0000 5986 8133

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Certified Mail Fee  $5.30
Extra Services & Fees
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $10.50
Total Postage and Fees  $20.70

Michael O'Connor, U.S. Probation
515 Rusk Ave. room 1002a
Houston, Texas 77002

7020 1290 0000 5986 7686

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Certified Mail Fee  $5.30
Extra Services & Fees
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $5.04
Total Postage and Fees  $14.74

Palais, PGF Properties in TX LLC
9950 Fm 2920 Rd. Ste 120
Spring, Texas 77379-2542

WESTFIELD STATION
HOUSTON, TX USPS
77020



RP-2025-225256
06/12/2025  ER  $45.00

# SUBSTITUTE TRUSTEE'S DEED

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

C&S No. 44-25-00934/Conventional/Servicelink Auction
JPMorgan Chase Bank, National Association

| | |
|---|---|
| **Date of Security Instrument:** | October 31, 2005 |
| **Grantor(s):** | Rachael Griffin and husband, Terrence Tremayne Griffin |
| **Original Trustee:** | Michael L. Riddle |
| **Original Mortgagee:** | Long Beach Mortgage Company, A Corporation |
| **Recording Information:** | in Volume RP 013-89, Page 0838 and in Clerk's File No. Y886750 in the Official Public Records of Harris County, Texas |
| **Current Mortgagee:** | JPMorgan Chase Bank, National Association |

**Mortgage Servicer:** JPMorgan Chase Bank, National Association whose address is 3415 Vision Drive, Columbus, OH 43219-6009. Pursuant to a Servicing Agreement between the Mortgage Servicer and Mortgagee, the Mortgage Servicer is authorized to represent the Mortgagee. Pursuant to the Servicing Agreement and Section 51.0025 of the Texas Property Code, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the referenced property.

| | |
|---|---|
| **Date of Sale:** | June 03, 2025 |
| **Amount of Sale:** | $182,000.00 |
| **Grantee/Buyer:** | **P.C.F. PROPERTIES IN TX, LLC**<br>**6046 FM 2920 RD PMB 160**<br>**SPRING TX 77379** |

**Legal Description:** LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

**Property Address:**    703 Deveron Lane, Houston, TX 77090

**Place of Sale of Property:**    In the area designated by the Harris County Commissioners Court pursuant to Section 51.002 of the Texas Property Code as the place where the foreclosure sales are to take place, or if no place is designated by the Commissioners Court, the place where the Notice of Trustee's Sale was posted.

Grantor conveyed the property to Trustee in trust to secure payment of the Note. Mortgagee, through the Mortgage Servicer, declared that Grantor defaulted in performing the obligations of the Deed of Trust. Current Mortgagee, through the Mortgage Servicer, has appointed the Substitute Trustee and requested the Substitute Trustee to enforce the trust.

Exhibit "1"

## AFFIDAVIT OF POSTING/FILING NOTICE OF SALE

The undersigned, having knowledge of the matters hereinafter set forth, after being duly sworn, deposes and states under oath, as follows:

"On behalf of the servicer and/or holder and/or owner of the indebtedness secured by a Deed of Trust/Security Instrument, dated October 31, 2005 executed by Rachael Griffin and husband, Terrence Tremayne Griffin to Michael L. Riddle, Trustee(s) and recorded under Vol. RP 013-89, Page 0838, or Clerk's File No. Y886750, in the real property records of HARRIS County, Texas; at least twenty-one (21) days preceding the June 03, 2025 foreclosure sale, the undersigned Substitute Trustee, did;

(i) Post written notice ("Notice of Sale") of the proposed sale designating the County in which the property securing the above Deed of Trust/Security Instrument will be sold, at the courthouse door of each County in which the property securing the above Deed of Trust/Security Instrument is located, or as otherwise designated by the County Commissioners; and

(ii) File a copy of said Notice of Sale in the office of the County Clerk of the County in which the sale was made."

Executed on this the ___10th___ day of _____June_____, 2025_____.



Printed Name: ___SANDY DASIGENIS___

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority on this the ___10th___ day of ___June___, 2025___, personally appeared ___SANDY DASIGENIS___ known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed same in the capacity herein stated and for the purposes and consideration therein expressed.

Notary Public, State of Texas

C&M No. 44-25-00934

NICOLE DURRETT
Notary Public, State of Texas
Comm. Expires 09-08-2026
Notary ID 128847355



C&M No. 44-25-00534/RECORD NOS

# NOTICE OF TRUSTEE'S SALE AND APPOINTMENT OF SUBSTITUTE TRUSTEE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately. Semlter Bø Cadilla & Mendy, P.C., 21405 State Highway 249, Suite 170, Houston, TX 77070**

## INSTRUMENT BEING FORECLOSED AND MORTGAGE SERVICER INFORMATION

Deed of Trust dated October 31, 2005 and recorded under Vol. RP 013-89, Page 0838, or Clerk's File No. Y886750, in the real property records of HARRIS County Texas, with Rachael Griffin and husband, Terrance Tramayne Griffin as Grantor(s) and Long Beach Mortgage Company, A Corporation as Original Mortgagee.

Deed of Trust executed by Rachael Griffin and husband, Terrance Tramayne Griffin securing payment of the indebtedness in the original principal amount of $131,012.00 and obligation therein described including but not limited to the promissory note and all modifications, renewal and extensions of the promissory note (the "Note") executed by Rachael Griffin. JPMorgan Chase Bank, National Association is the current mortgagee (the "Mortgagee") of the Note and Deed of Trust or Contract Lien.

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan. JPMorgan Chase Bank, National Association is acting as the Mortgage Servicer for the Mortgagee. JPMorgan Chase Bank, National Association, is representing the Mortgagee, whose address is 3415 Vision Drive, Columbus, OH 43219-6009.

## Legal Description

LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 593137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## SALE INFORMATION

### Date of Sale: 06/03/2025

Earliest Time Sale Will Begin: 10:00 AM

**Location of Sale:** The place of the sale shall be: HARRIS County Courthouse, Texas at the following location: 11,681 Square Feet area of covered concrete, being a 13,979 Square Feet area of covered concrete under the Bayou City Event Center Pavilion, save and except a 2,298 Square Feet Concession and Restroom area under said Pavilion, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioners' Court

## TERMS OF SALE

A default has occurred in the payment of said herein referenced indebtedness, and the same is now wholly due, and the Mortgagee and/or Mortgage Servicer has requested the hereinafter appointed Substitute Trustee to sell said property to the highest bidder for cash and to distribute or apply the proceeds of said sale in accordance with the terms of said Deed of Trust.

The Sale will be conducted as a public auction to the highest bidder for cash, except that Mortgagee's bid may to by credit against the indebtedness secured by the lien of the Deed of Trust. Pursuant to the Deed of Trust the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to Section 51.009 of the Texas Property Code, the Property will be sold in "AS IS," ...

4445-00534
HARRIS

4835985

"WHERE IS" condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the Deed of Trust.

The sale will begin at the earliest time stated above, or within three (3) hours after that time.  If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the funds paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

WHEREAS, in my capacity as attorney for the Mortgagee and/or its Mortgage Servicer, and pursuant to Section 51.0076 of the Texas Property Code, I HEREBY APPOINT AND DESIGNATE Jeff Leva, Sandy Dasigenis, Patricia Poston, Megan L. Randle, Ebbie Murphy, Wayne Daughtrey, Steve Leva, Nicole Darrett, Thomas Delaney, Danya Gladney, Aaron Demuth, Codilis & Moody, P.C., or ServiceLink Auction, as Substitute Trustee.

The address for the Substitute Trustee for purposes of Section 51.0075(e) of the Texas Property Code is:
Codilis & Moody, P.C.
20405 State Highway 249, Suite 170
Houston, TX 77070
(281) 925-5200

Juanita Deaver, Attorney at Law
Codilis & Moody, P.C.
20405 State Highway 249, Suite 170
Houston, TX 77070
(281) 925-5200

STATE OF TEXAS

COUNTY OF HARRIS

Before me, the undersigned Notary Public, on this day personally appeared Juanita Deaver as Attorney for the Mortgagee and/or Mortgage Servicer known to me or proved to me through a valid State driver's license or other official identification described as Personal Knowledge, to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that he/she executed the same for the purposes and consideration therein expressed.

Executed on this the 1st day of April, 2025.

ZOEY LAKE
Notary ID #133442A20
My Commission Expires
November 10, 2025

Notary Public Signature

Posted and filed by:

Printed Name:    SANDY DASIGENIS

C&M No.  44-25-00934



Exhibit "2"

<div align="center">AFFIDAVIT</div>

BEFORE ME, the undersigned authority, personally appeared the undersigned affiant who, after being duly sworn, deposes and states under oath as follows:

"I am above the age of eighteen (18) years and am competent to make this affidavit and knowledgeable of the statements made in this affidavit.

At the instructions of the servicer and/or holder and/or owner of the indebtedness secured by a Deed of Trust/Security Instrument, dated October 31, 2005 executed by Rachael Griffin and husband, Terrence Tremayne Griffin to Michael L. Riddle, Trustee(s) and recorded under Vol. RP 013-89, Page 0838, or Clerk's File No. Y886750, in the real property records of HARRIS County, Texas; and based upon the information provided by or on behalf of such servicer and/or holder and/or owner of the indebtedness, demand was sent to the obligors via certified mail giving at least 20 days to cure the debt as required by Texas Property Code Sec. 51.002(d); the debt was not cured and our office sent out the written notice of the proposed sale of the real property encumbered by said Deed of Trust/Security Instrument scheduled for June 03, 2025 was mailed certified to each debtor who, according to the records of such servicer and/or holder and/or owner is obligated to pay the debt. Service of the written notice was completed on April 03, 2025. On that date, the notice was deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. April 03, 2025, the date service of the notice was completed, was a date at least twenty-one (21) days preceding the date of the scheduled sale.

To the best of the my knowledge and belief, the obligor(s) had not filed any bankruptcy proceeding pending at the time of the foreclosure sale, was/were alive at the time of the foreclosure sale, and based upon information obtained from the U.S. Defense Manpower internet military website, it is my belief that such obligor(s) is/are not in the armed services of the United States of America twelve months prior hereto or on the date of the foreclosure sale and as of the date of this Affidavit.

Signed on this 4th day of June, 2025.

Codilis & Moody, P.C.

Thomas Delaney

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BEFORE ME, the undersigned authority on this day personally appeared Thomas Delaney known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed same in the capacity herein stated and for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 4th day of June, 2025.

GABRIELLE RUIZ
Notary Public, State of Texas
Comm. Expires 10-05-2027
Notary ID 132193366

NOTARY PUBLIC in and for
THE STATE OF TEXAS

C&M No. 44-25-00554

RP-2025-225256

# Pages 7

06/12/2025 09:34 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $45.00

RP-2025-225256

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.


Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



Teneshia Hudspeth

**COUNTY CLERK**
**HARRIS COUNTY, TEXAS**



 
 

*Moorish National Republic Federal Government*
*Moorish Divine and National Movement of the World*
*Northwest Amexem / Northwest Africa / North America /*
*'The North Gate'*
*~'Temple of the Moon and Sun'~*
*e o~Societas Republicae Ea Al Maurikanos~ e*
*The True and De jure Natural Peoples ~ Heirs of the Land*

## Affidavit of Fact
**Adverse Claim of Title and Reversion of Ancestral Estate- EXHIBIT: B**
International Document
Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent

Mr. Jamie Dimon, (acting as) Chairman of the Board of Directors / CEO
JPMORGAN CHASE CO.
270 Park Avenue
New York, NY [near 100017, United States]

Re: Misrepresented Instruments - Bills of Attainder / Foreign Bills of
Exchange titled **MORTGAGE STATEMENT** December 17,2024, associated
with account number 0696921980; and my ancestral estate in reversion
known as 703 Deveron Ln. Houston, Texas.

## Stare Decisis Law
*"A state cannot refuse to give foreign nationals their treaty rights because
of fear that valid international agreements may possibly not work
completely to the satisfaction of state authorities. Under the supremacy
clause of the United States Constitution Art. VI, clause 2, state policies as
to the rights of aliens to inherit must give way to overriding federal treaties
and conflicting arrangements." See Kolovrat v. Oregon, 366 U.S. 187, 194,
81 S.Ct. 922 (1961)*

 

I Rachael Griffin-El, sui juris, an aboriginal and indigenous Mooris American sovereign national of the Moroccan Empire at Maghrib alAqsá, North-West Amexem /North America, being of legal age, after being duly affirmed according to law, hereby depose, and state the following:

1. I am one of the surviving consanguinity heiress apparent of the late ancient Moabites (modernly known as Moroccans) from the land of Moab who received permission from the Pharaohs of Kemet to settle and inhabit North-West Africa (Amexem); they were the founders and are the true possessors of the present Moroccan Empire, with their Canaanite, Hittite, and Amorite brethren who sojourned from the land of Canaan seeking new homes. Their dominion and inhabitation extended from North-East and South-West Africa, across the great Atlantis even unto the present North, South, and Central America and also Mexico and the Atlantis Islands, before the great earthquake, which caused the the great Atlantic Ocean.

2. My nationality / citizenship and political status as an aboriginal indigenous Moorish American sovereign national of the Moroccan Empire and direct descendant of the ancient Moabites (Moroccans) by jus sanguinis, is recognized under registration number CAA 222141, Class A, with the Clock of Destiny Moorish American National Identification Card and Zodiac Constitution recorded by Charles Mosley Bey, a Moorish American and my kin by consanguine, on September 10, 1952, in the Library of Congress Copyright Office, Washington, District of Columbia, and the United States Department of Justice.

3. My Moabite ancestors died intestate, and was vested with reversionary interest in the lands and resources of the Moroccan Empire at North America, which is in de facto occupational use, in usufruct, by the foreign hybrid <u>European colonists exercising feudal law practices under color of law as citizens / members / beneficiaries of the UNITED STATES</u> (Inc.) under the expired fifty (50) year mandate, i.e., the Treaty of Peace and Friendship of 1836 (in force 1837) between the United Sates of North America and the Moroccan Empire; which superseded the Treaty of Peace and Friendship of 1787 between the United States of America, and his Imperial Majesty the Emperor of Morocco. <u>This treaty is the supreme Law of the Land under the 'Supremacy Clause' of the Constitution for the United States of North America Article VI, clause 2. Article 25</u> of the aforesaid Treaty of 1836 avers the expiration term as follows:

   **Article 25.** This Treaty shall continue in force, with the help of God, for fifty years; after the expiration of which term, the Treaty shall continue to be binding on both parties, until the one shall give twelve months' notice to the other of an intention to abandon it; in which case, its operations shall cease at the end of the twelve months."

4. Per my treaty right to inherit under Article 22 of the Treaty of Peace and Friendship of 1836 between the United States of North America and the Moroccan Empire, and in accordance with the international law provisions of the United Nations Declaration on the Rights of Indigenous Peoples, I am competent to make claim to my inherited <u>ancestral estate in reversion</u> as a surviving rightful heir apparent, which is being held in trust <u>de facto</u> by the foreign corporate

 

STATE OF TEXAS (inc.) and subsidiaries as escheated fee simple property under color of law within purview of the unconstitutional 14th Amendment to the United States Constitution. Per the stare decisis law in the Kolovrat case mentioned above, my treaty right to inherit property under <u>Article 22 of the said Peace Treaty of 1836 overrides all state policies</u> that are made to the contrary, which aver the following:

**Article 22.** If an American citizen shall die in our country and no will shall appear, the Consul shall take possession of his effects, and if there shall be no Consul, the effects shall be deposited in the hands of some.

Person worthy of <u>Trust, until the Party shall appear who has a right to demand them, but if the Heir to the Person deceased be present, the property shall be delivered to him without interruption;</u> and if a will shall appear, the property shall descend agreeable to that will, as soon as the Consul shall declare the validity thereof.

5. I hereby make an adverse claim of aboriginal title to my ancestral estate in reversion as described below, to wit:

ALL that certain plot, piece or parcel of land with resources, buildings and improvement thereon erected, situated, lying and being, known to be located near Houston, Texas; known by the street address of 703 Deveron Lane. Texas, at Maghrib al Aqsá, North-West Amexem, and geographically located on the North American continent within the dominions of the Moroccan Empire at Maghrib al Aqsá, North-West Amexem, Latitude

Longitude 95.437722 Latitude 30.009458
GPS Coordinates30° 0' 34.0488" N95° 26' 15.7992" W

6. This claim is made pursuant to the aboriginal land tenure systems, traditions, and customs of my ancient Moabite Foremothers and Forefathers in accordance with international law under Articles 26, 27, 28, 29, 30, and 37 of the United Nations Declaration on the Rights of Indigenous Peoples.

7.The above-described property is registered in a private allodial trust titled: Allodial Irrevocable Private Living Trust of Rachael Griffin- El dated December 30,2024, which I am the Trustee of; and the attached document titled Memorandum of Trust shall serve as evidence of such trust.

8. Any mortgage, hypothecation, lien, encumbrance, or fee simple deed (color of title) attached to my ancestral estate in reversion known as 703 Deveron Lane. Houston Texas, claimed or held by any citizen(s) of the United State via feudal law practice within purview of the 14th Amendment to the United States Constitution, being recorded in the Land Records of Harris County, Texas, or any other records in the Land Records of Harris County, Texas, or any other records

associated there to are held to be ineffective, invalid, null, void and unconstitutional per the Congressional Record Proceedings and Debates of the 90th Congress, 1s Session,

 

Volume 113 - Part 12, June 12, 1967, page 15614 (The 14TH Amendment Is Unconstitutional).

9. I am, therefore, executing this Affidavit for the purpose of attesting to the truthfulness of the facts set forth herein.

**AFFIDAVIT**

I affirm by virtue of Divine Law; under the Zodiac Constitution; and upon the United States Republic Constitution; and upon the honor of my Foremothers and Forefathers that the foregoing Affidavit of Fact: Adverse Claim of Title and Reversion of Ancestral Estate is true and correct.

Executed this 30th day of December 2024

Affiant: Rachael Griffin -EL, de jure
in propria persona, sui juris, in solo proprio authorized representative, ex rel.
RACHAEL GRIFFIN/ RACHEL GRIFFIN
All Rights Reserved.
C/o 703 DEVERON LN.
HOUSTON, TEXAS [Zip Exempt]

DENIA MARIELA PEREA
My Notary ID # 130092166
Expires January 27, 2027

12/30/24.

 

## **Affidavit of Fact**
### Certificate of Service

I Rachael Griffin -El, hereby certify that on the _30ᵗʰ_ day of December 2024, the enclosed Affidavit of Fact: Adverse Claim of Title and Reversion of Ancestral Estate - EXHIBIT: B and the attachment Affidavit of Fact: Memorandum of Trust were sent via certified mail to the following recipient:

Mr. Jamie Dimon, (acting as) Chairman of the Board of Directors /Chief Executive Officer
JPMORGAN CHASE CO.
270 Park Avenue
New York, NY [near 100017, United States]



All Rights Reserved.

CC
U.S. Treasury Department's Office Of Foreign Assets Control
Jane Nelson, Texas Secretary of State
Antony J. Blinken, United States Secretary of State
Merrick B. Garland, United States Attorney General
Volker Türk, United Nations High Commissioner for Human Rights
Office of Consul General Morocco, Maghrib al Aqsá
http://www.EnforceTheConstitution.org/

DENIA MARIELA PEREA
My Notary ID # 130092166
Expires January 27, 2027

12-30-24

 

 

**Moorish National Republic Federal Government**
**Moorish Divine and National Movement of the World**
**Northwest Amexem / Northwest Africa / North America /**
**'The North Gate'**
**~'Temple of the Moon and Sun'~**
**e o~Societas Republicae Ea Al Maurikanos~ e**
**The True and De jure Natural Peoples ~ Heirs of the Land**

---

**Memorandum of Trust**
International Document - Consular Jurisdiction and Venue

**KNOW THAT, I**, Rachael Griffin-El, being in care of the mailing location at C/o703 Deveron Lane. Houston, Texas, as Grantor, created an allodial private irrevocable trust, known as the Allodial Irrevocable Private Living Trust of
Rachael Griffin-El dated December 30, 2024, by executing a Declaration of Trust, dated December 30, 2024, naming I Rachael Griffin-El, as Trustee and beneficiary.

This Memorandum of Trust is executed as evidence of the existence of the foregoing
Declaration of Trust. Any person may rely upon this Memorandum of Trust as evidence of the existence of said Declaration of Trust, and is relieved of any obligation to verify that any transaction entered into by a Trustee thereunder is consistent with the terms and conditions of said Declaration of Trust.

The Declaration of Trust and the trusts created thereunder may be referred to by the
name: "Allodial Irrevocable Private Living Trust of Rachael Griffin-El dated December 30, 2024". Any transfers to the Declaration of Trust or any trust thereunder may refer to the aforesaid appellation as Trustee under the name "Allodial Irrevocable Private Living Trust of Rachael Griffin-El

dated December 30, 2024", with or without specifying any change in




Trustee(s).

**IN WITNESS WHEREOF**, the Grantor has executed this Memorandum of Trust as of

This 30th day of December, 2024.

Affiant/Rachael Griffin -EL, de jure
in propria persona, sui juris, in solo proprio authorized representative, ex rel.
RACHAEL GRIFFIN/ RACHEL GRIFFIN
All Rights Reserved.
C/o 703 DEVERON LN.
HOUSTON, TEXAS [Zip Exempt]

Maghrib al Aqṣá.
North-West Amexen.

Duly subscribed and affirmed on this 30 day of December , 1115 M.C.V. (C.C.Y. 2024), before me, the Consul of Morocco at the Texas state republic, personally appeared Rachael Griffin-El, personally known to me or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to the within instrument and acknowledged to me that (he/she) executed the same in [his/her] capacity, and that by (his/her) signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

AS WITNESS my hand and official seal:

Autograph:
Wazir [Notary Public], All Rights Reserved.

Appellation (printed) Darryl Bankston Bey

# FILED FOR RECORD

### 12:56:29 PM

### Monday, August 18, 2025

*Tenshia Hudpeth*

## COUNTY CLERK, HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW

THE STATE OF TEXAS
COUNTY OF HARRIS
  I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris
County Texas

Monday, August 18, 2025

*Tenshia Hudpeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2025-168384
05/05/2025   RP1   $29.00

## NOTICE OF LIS PENDENS

STATE OF TEXAS
COUNTY OF HARRIS

**NOTICE IS HEREBY GIVEN** that a lawsuit has been filed and is currently pending in the
United States District Court for the Southern District of Texas, Houston Division, that affects the
title to the real property described below.

### 1. Parties:

- Plaintiff: **Rachael Griffin-El** *Vs*
- Defendants: **JPMorgan Chase Co., Jamie Dimon, Franklin Credit Management**
  **Corporation, Thomas J. Axon**

### 2. Court:
United States District Court
Southern District of Texas – Houston Division
Case No. **4:25-cv-02013**

### 3. Legal Description of Property:
(Insert the full legal description from the deed or Harris County property records)

Commonly known as:
**703 Deveron Lane, Houston, Texas**

### 4. Nature of Proceeding:
The lawsuit asserts claims for quiet title, declaratory relief, injunctive relief, and damages
concerning alleged improper claims to ownership and enforcement of liens or debts by the
defendants. The outcome of this litigation may affect the title, ownership, and rights to the
above-described real property.

### 5. Plaintiff's Address:
Rachael Griffin-El
c/o 703 Deveron Lane
Houston, Texas Republic [77090]

**Dated this ___ day of May, 2025**

Rachael Griffin-El, in propria Persona, sui juris, All Rights Reserved, UCC1-308

DEFENDANT'S
EXHIBIT

[Notarization Block].

State of Texas

County of Harris

Before me *Denia Mariela Perez* on the day personally in full life appeared *May 5*, 2025 to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that [he/she] executed the same for the purposes and consideration therein expressed.



DENIA MARIELA PEREA
My Notary ID # 130092166
Expires January 27, 2027

[Notarization Block].

_____

Notary public

FILED FOR RECORD

2:38:48 PM

Monday, May 5, 2025

*Leneshia Hudspeth*

COUNTY CLERK, HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS
   I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris
County Texas

Monday, May 5, 2025

*Leneshia Hudspeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

Appendix G

## HELPFUL ADDRESSES IN THE EVENT
## THE UNITED STATES IS NAMED A DEFENDANT

United States Attorney General
Department of Justice
10th and Constitution Ave., N.W.
Washington, DC 20530

UNITED STATES ATTORNEY'S OFFICE:

Designated Agents:
Primary: Isabel Hinojosa, Katlyn Lloyd, and Cheryl Carey
Backups if the above are unavailable: Ray Babauta, Iris Tang, Rhoma Romero, Jimmy Rodriguez, and Daniel Hu.
(All designated agents are located in the Houston Division office. All process servers must check in at Suite 2300.)

Houston/Galveston Divisions:
1000 Louisiana St., Ste. 2300
Houston, TX 77002

Federal Bureau of Investigation
1 Justice Park Dr, Houston TX 77092

Brownsville Division:
600 E. Harrison, Ste. 201
Brownsville, TX 78520-5106

Texas Attorney General
Consumer Protection Division
Consumer Protection Division, 808
Travis St #1520
Houston TX 77002

Corpus Christi/Victoria Divisions:
800 N. Shoreline Blvd., Ste. 500
Corpus Christi, TX 78401

Laredo Division:
P.O. Box 1179
Laredo, TX 78042-1179

United State Postal Inspector - Fraud Division
433 W Harrison St. Room 3255
Chicago, IL 60699-3255

McAllen Division:
1701 W. Highway 83, #600
McAllen, TX 78501-5160

E-Mails from the public can be sent to usatxs.atty@usdoj.gov.
Before sending e-mail, read the U.S. Attorney's Privacy Policy at http://www.justice.gov/doj/privacy-policy for details about how they handle personal information.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

Nathan Ochsner, Clerk of Court

FILED
MAY 05 2025
United States Courts
Southern District of Texas
FILED

RACHAEL GRIFFIN-EL,

Plaintiff,

v.

**FRANKLIN CREDIT MANAGEMENT CORPORATION, et al.,**

**JPMORGAN CHASE CO.**

**COBILS & MOODY, P.C. ATTORNEY AT LAW**

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF**
**COMPLAINT**

**RE: LACK OF HOLDER IN DUE COURSE STATUS AND FEDERAL VIOLATIONS**

**I. INTRODUCTION**

This Memorandum of Law is submitted in support of Plaintiff's Complaint against Franklin Credit Management Corporation and its CEO, Thomas J. Axon, JPMorgan Chase Co. and its CEO Jamie Dimon ,for attempting to collect on a mortgage loan and assert an interest in Plaintiff's real property without being a lawful holder in due course of the original instrument. The underlying mortgage obligation, originally executed between Plaintiff and a lender, has been assigned and conveyed to a third-party investor or trust. Defendants, acting as debt collectors or servicers, lack the legal authority to enforce the instrument and have violated multiple federal laws.

**A. UNIFORM COMMERCIAL CODE – ARTICLE 3 AND 9 (FEDERAL APPLICATION)**

Under the UCC, which governs negotiable instruments, a party must be a holder in due course (HIDC) under UCC § 3-302 in order to enforce a promissory note or mortgage instrument. A holder in due course must:

1. Take the instrument for value;
2. In good faith;
3. Without notice of dishonor, defenses, or claims against it;
4. Be in possession of the original instrument.

(MBS) trust or sold to investors. If a note is transferred without proper endorsement or without assignment of the security instrument (e.g., deed of trust), the obligation becomes separated and unenforceable under UCC Article 9.

Because the mortgage loan was conveyed to a third-party investor, Franklin Credit Management Corporation and JPMorgan Chase Co., has no lawful interest, no claim of title, and no right to enforce the instrument. Any attempt to foreclose, lien, or otherwise act as creditor is an unauthorized exercise of enforcement power.

1. Debt collectors cannot enforce a note unless they are the holder in due course or have a lawful agency relationship with the holder.

2. Any collection attempts made without HDC status constitute fraud and misrepresentation under federal law.

3. Any reports to credit agencies made without verification of lawful interest constitute defamation and consumer rights violations.

4. Threatening to enforce an invalid claim on Plaintiff's real property constitutes a cloud on title, justifying injunctive relief and quiet title action.

Franklin Credit Management Corporation and Thomas J. Axon, JPMorgan Chase Co. and Janie Dimon, have engaged in unlawful collection activity and fraudulent misrepresentation by asserting creditor rights without legal standing or possession of the original instrument. Their conduct violates multiple provisions of federal law, including:

- The Uniform Commercial Code (Articles 3 and 9),
- The Truth in Lending Act (TILA),
- The Fair Debt Collection Practices Act (FDCPA).

Accordingly, Plaintiff is entitled to all remedies available under law, including declaratory relief, injunctive relief, statutory damages, and criminal referral for fraud and mail-based misrepresentation. This Court is respectfully urged to sustain Plaintiff's claims and proceed to grant full relief as requested in the Complaint.

Respectfully submitted,

Rachael Griffin-El, Sui juris
C/o 703 Devonn Lane
Houston, Texas [Zip Exempt]
All Rights Reserved – UCC 1-308

State of Texas
County of Harris

Sworn to and subscribed before me on the 4th day of May, 2025, by Rachael Griffin-El.

Kayla Mason

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

**CRIMINAL ALLEGATION REFERRAL**

**In Re: JPMorgan Chase Co.& Jamie Dimon**

**Franklin Credit Management Corporation & Thomas J. Axon**
**Prepared by:** Rachael Griffin-El, sui juris
**Date:** 03 MAY 2025

United States Courts
Southern District of Texas
F I L E D

MAY 0 5 2025

Nathan Ochsner, Clerk of Court

## I. INTRODUCTION

This **Criminal Allegation Referral** is submitted for investigation and potential prosecution of **JPMorgan Chase Co.**and **Franklin Credit Management Corporation** and its Chief Executive Officers, **Jamie Dimon** and **Thomas J. Axon**, for violations of federal criminal law, specifically:

- **18 U.S.C. § 1341 – Mail Fraud**

- **18 U.S.C. § 1343 – Wire Fraud**

- **18 U.S.C. § 1028 – Identity Fraud and False Use of Identification**

- **18 U.S.C. § 241 and § 242 – Deprivation of Rights Under Color of Law**

## II. SUMMARY OF ALLEGATIONS

Between the months of **December 2024 through present**, the named Defendants knowingly and willfully committed acts that constitute **criminal fraud and identity deception** in an attempt to collect on an invalid, unverifiable, and falsely presented debt. Their actions include:

1. **Mailing fraudulent documents** to Plaintiff at her residence under the guise of a "Mortgage Statement" (Exhibit A), which:

   o Was **unsigned and unverified;**

   o Contained **no original promissory note or loan agreement;**

   o Was addressed to a **corporate fiction or artificial identity** not recognized in law as Plaintiff.

2. **Falsely identifying themselves as holders in due course** of an alleged debt obligation that they do not lawfully own, possess, or service.

3. **Attempting to enforce a debt** without original contracts, wet-ink signatures, or disclosure of lawful consideration—thereby using deceptive means to extort money under false pretenses.

2. Venue is proper in this district pursuant to **28 U.S.C. § 1391** because the property in question is located in Houston, Texas, and the unlawful acts occurred in this district.

## III. PARTIES

3. **Plaintiff** is a natural person, Moorish American national, and rightful holder of equitable title to the real property located at 703 Deveron Lane, Houston, Texas [Zip Exempt].

4. **Defendant JPMorgan Chase Co., Franklin Credit Management Corporation** is a foreign corporation operating in the United States, claiming to be a creditor and debt servicer.

5. **Defendant Jamie Dimon** CEO and acting agent of JPMorgan Chase Co. **and Thomas J. Axon** is the CEO and acting agent of Franklin Credit Management Corporation, responsible for all corporate policies and communications related to debt enforcement.

## IV. FACTUAL ALLEGATIONS

6. On or about December 9, 2024, Plaintiff received an instrument titled "Mortgage Statement" claiming an alleged debt under account number 0696921980 and 1000002795

7. Said instrument was unsigned, failed to identify a lawful creditor, contained no valid contract, no original promissory note, and made false representations of indebtedness.

8. The statement was addressed to the artificial legal fiction "RACHAEL GRIFFIN / RACHEL GRIFFIN," which is not the name of the living Plaintiff and constitutes identity misrepresentation.

9. Plaintiff has never entered into a loan agreement with Defendants and has demanded, to no avail, original documents proving holder-in-due-course status and lawful title to her real property.

10. Defendants failed to validate the alleged debt as required by law and instead continued collection activity.

11. Defendants have placed her real property in jeopardy and reported the fraudulent debt to consumer reporting agencies, injuring Plaintiff's credit and peace of mind.

## V. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. § 1692 et seq.

12. Defendants falsely represented the legal status of a debt, failed to verify the debt, and used deceptive and misleading means to collect an alleged obligation not owed by Plaintiff.

## COUNT II: MAIL FRAUD

### 18 U.S.C. § 1341

13. Defendants knowingly caused to be delivered through the mail a false debt collection statement to obtain money under false pretenses, constituting criminal mail fraud.

## COUNT III: FRAUDULENT MISREPRESENTATION

14. Defendants knowingly issued false claims of indebtedness without verifying or substantiating any contract, consideration, or authority to collect.

## COUNT IV: IDENTITY MISREPRESENTATION

15. By using the artificial name "RACHAEL GRIFFIN / RACHEL GRIFFIN," Defendants attempted to bind Plaintiff to obligations not her own, in violation of her due process and property rights.

## COUNT V: SLANDER OF TITLE / QUIET TITLE

16. Defendants have made false claims to title or lien over Plaintiff's ancestral estate located at 703 Deveron Lane, Houston, Texas, despite no proof of allodial or aboriginal title.

## COUNT VI: CONSTITUTIONAL VIOLATIONS

### U.S. Const. Art. I, §10; Art. VI; 5th and 14th Amendments

17. Defendants attempted to compel performance in unconstitutional tender (Federal Reserve Notes) and violated Plaintiff's due process rights by asserting obligations absent lawful cause.

## COUNT VII: INJUNCTIVE AND DECLARATORY RELIEF

18. Plaintiff seeks a declaration that no enforceable debt exists and that Defendants have no right to collect or report said debt.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

1. **Declaratory Judgment** that no valid debt exists and all actions by Defendants are void ab initio.

2. **Permanent Injunction** barring Defendants from any further collection, reporting, or claims to Plaintiff's real property.

3. **Actual Damages** pursuant to 15 U.S.C. § 1692k(a)(1).

4. **Statutory Damages** of up to $1,000 under 15 U.S.C. § 1692k(a)(2)(A).

5. **Punitive Damages** in the amount of $250,000 for willful fraud, misrepresentation, and emotional distress.

6. **Disgorgement** of any profits or interests derived from the attempted enforcement of the fraudulent debt.

7. **Quiet Title Order** removing any cloud from the property located at 703 Deveron Lane, Houston, Texas.

8. **Costs of Suit** including filing fees, notary expenses, and mailing.

9. **Referral to U.S. Attorney's Office** for criminal prosecution under 18 U.S.C. § 1341.

10. **Any other relief** the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Rachael Griffin-El**
In Propria Persona, Sui Juris
All Rights Reserved, UCC 1-308
C/o 703 Deveron Lane
Houston, Texas [Zip Exempt]

State of Texas
County of Harris
Sworn to and subscribed before me on
the 4th day of May, 2025, by
Rachael Griffin-El

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

CAUSE NO. _____

RACHAEL GRIFFIN-EL,
Plaintiff,
v.

JPMORGAN CHASE Co

CODILIS & MOODY, P.C. Attorney at Law

Franklin Credit Management Corporation
and
JAMIE DIMON,

JUANITA DEAVER,

THOMAS J.AXON,
Defendants.

IN THE DISTRICT COURT OF
HARRIS COUNTY, TEXAS
151st JUDICIAL DISTRICT

_____ ~~'~~ Courts
~ '~ of Texas

MAY 0 5 2025

Nathan Ochsner, Clerk of Court

4:25-CV-2013

---

# VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rachael Griffin-El, appearing *in propria persona, sui juris*, and files this Verified Application for a Temporary Restraining Order ("TRO") against Defendant CODILIS & MOODY, P.C. Attorney at Law and, Juanita Deaver, and respectfully shows the Court the following:

---

## I. DISCOVERY CONTROL PLAN

This case is to be governed under **Level 2** discovery pursuant to Texas Rule of Civil Procedure 190.3.

---

## II. PARTIES

1. **Plaintiff** is a natural living woman and the rightful equitable titleholder of the real property located at **703 Deveron Lane, Houston, Texas**, residing at the same address.

2. **Defendant Attorney at Law Codilis & Moody, P.C.** is a foreign debt collection company doing business in the State of Texas. Service may be effectuated at
3. **Defendant Juanita Deaver** is the acting Attorney at Law Codilis & Moody, P.C. 20405 State Highway 249, suite 170 Houston, Texas republic for and may be served at the same address.

## III. JURISDICTION AND VENUE

4. Venue is proper in Harris County, Texas under **Tex. Civ. Prac. & Rem. Code §  15.002(a)(1)** because the real property that is the subject of this action is situated in Harris County.
5. This Court has subject matter jurisdiction over this case because it involves claims for injunctive and equitable relief concerning real property.

## IV. STATEMENT OF FACTS

6. Plaintiff is the sole lawful occupant and heir to the ancestral estate known as **703 Deveron Lane, Houston, Texas.**
7. Plaintiff received an **unsigned and unverified mortgage statement** from Defendants dated December 10, 2024, alleging an unpaid debt tied to mortgage account number 0696921980,
8. Defendants have failed to provide:
   - An original promissory note bearing Plaintiff's wet-ink signature;
   - A deed of trust;
   - A chain of assignment;
   - Notice of transfer in compliance with **15 U.S.C. § 1641(g)**;
   - Verification of their legal status as **holder in due course** as required by UCC § 3-301 and § 3-302.
9. The mortgage associated with the subject property has been **assigned or securitized** to a third-party investor, and **Defendants are not the real party in interest.**
10. Despite lacking lawful authority or documentation, Defendants have initiated or are threatening **non-judicial foreclosure** proceedings against Plaintiff's property.

## V. LEGAL GROUNDS FOR INJUNCTIVE RELIEF

11. Defendants' conduct violates:

   - **15 U.S.C. § 1692 et seq.** – FDCPA;
   - **15 U.S.C. § 1641(g)** – TILA;
   - **Uniform Commercial Code Articles 3 & 9;**
   - Plaintiff's **due process rights** under the Texas and U.S. Constitutions.

12. Plaintiff will suffer **immediate and irreparable injury**, including the unlawful loss of her real property and dispossession from her ancestral estate, if **Defendants are not immediately restrained** from conducting any foreclosure activity.

13. Plaintiff has no adequate remedy at law because the wrongful foreclosure of real property constitutes a unique loss that cannot be fully remedied through monetary damages.

---

# VI. RELIEF REQUESTED

14. Plaintiff seeks a **Temporary Restraining Order** enjoining Defendants, their agents, attorneys, and assigns from:

- Foreclosing or continuing foreclosure on the property located at 703 Deveron Lane, Houston, Texas;
- Filing or recording any notice of trustee sale or deed of trust relating to the property;
- Initiating any eviction or dispossession action;
- Reporting false debt claims to credit bureaus;
- Interfering in any manner with Plaintiff's possession and peaceful enjoyment of the subject property.

15. Plaintiff further requests that a hearing be set within **14 days** for issuance of a **Temporary Injunction**, and that no bond be required pursuant to Tex. R. Civ. P. 684, due to Plaintiff's status as indigent and the fact that Defendants face no lawful risk or injury.

---

# VII. VERIFICATION

I, **Rachael Griffin-El**, declare under penalty of perjury under the laws of the State of Texas that the facts set forth in this Application are true and correct to the best of my knowledge and belief.

Executed on this 4 day of May , 2025.

[Signed]

Rachael Griffin-El
Plaintiff, *in propria persona*
C/o 703 Deveron Lane
Houston, Texas [Zip Exempt]
All Rights Reserved – UCC 1-308

---

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court:

1. Issue a **Temporary Restraining Order** as outlined above;
2. Set this matter for a hearing on **Temporary Injunction**;
3. Waive bond pursuant to Rule 684;

4. Grant all further and general relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,
[Signed]

Rachael Griffin-El
Plaintiff, *in propria persona*
C/o 703 Deveron Lane
Houston, Texas [Zip Exempt]
All Rights Reserved – UCC 1-308

State of Texas
County of Harris

Before me Rachael Griffin-El on this day personally appeared May 4, 2025 to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that [he/she] executed the same for the purposes and consideration therein expressed.

Kayla Mason
Notary Public
My commission expires: 12-23-2026

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071





RP—2025—219781
06/09/2025   RP2   $89.00

International Documents

Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent

HARRIS COUNTY CLERK'S OFFICE – FORECLOSURE DEPARTMENT
Harris County Civil Courthouse
201 Caroline, Suite 800
Houston, Texas 77002
Case 4:25-cv-02013

United States Courts
Southern District of Texas
F I L E D

JUN 0 9 2025

### NOTICE AND AFFIRMATION

To Tenseshia Hudspeth, of Harris County clerk, s office

Nathan Ochsner, Clerk of Court

Re: Cessation of Activity Concerning Ancestral Estate in Reversion

I, Rachael Griffin-El, the living sentient, natural Moorish American national and heir unconditional sui juris, in propria persona, and rightful Heir to the estate presently held in reversion, do hereby enter into the public record the following declaration and demand for immediate cessation of any and all activity concerning my ancestral estate known as: 703 Deveron Ln., Houston, Texas Republic.

1. Ultra Vires Conduct by Jamie Dimon acting as CEO, JPMorgan Chase Bank,

It is hereby noticed that JPMorgan Chase Bank, N.A., under the direction of acting CEO Jamie Dimon, has acted ultra vires—beyond the scope of lawful authority—by allegedly selling, transferring, or attempting to encumber my ancestral estate without lawful title or standing. Said parties lack lawful status as Holder in Due Course under UCC § 3-302, thereby invalidating any purported claim, lien, or interest.

2. Unlawful Non-Judicial Foreclosure

Foreclosure activities have allegedly occurred without judicial oversight, constituting an unlawful non-juridical foreclosure, and in violation of:
• Texas State Law
• The Fifth and the unconstitutional Fourteenth Amendments to the U.S. Constitution (unincorporated) – Due Process and Equal Protection Clauses.
This deprivation of property rights without due process renders such actions unconstitutional and void.

3. Unauthorized Disclosure of Private Information

William Miller, doing business as Surplus Recovery Consulting, located at 337 N. Vineyard Ave., Ontario, CA 91764, is hereby named as having received or accessed private, non-public personal information related to my estate without consent, in violation of:
• The Gramm-Leach-Bliley Act
• Texas Business & Commerce Code § 521
• Other applicable federal and state privacy and consumer protection laws.

4. Fraud, Conversion, and Conspiracy

The above-named parties are engaged in acts beyond the scope of lawful territorial jurisdiction and are alleged to be participating in a conspiracy to defraud, commit conversion, and violate civil and criminal laws, including but not limited to:
• 42 U.S.C. § 1983 – Deprivation of Rights Under Color of Law
• 18 U.S.C. § 1341 – Mail Fraud
• 18 U.S.C. § 1343 – Wire Fraud.
Such actions constitute fraud ab initio and are without legal force or effect.




5. Reservation of Rights

I expressly reserve all rights, remedies, and defenses nunc pro tunc, and assert that all actions taken or documents executed without my full, informed, and voluntary consent are null and void ab initio.

Executed this 9th day of June 2025
Signed: *Rachael [signature]*

Rachael Griffin-El, sui juris, in propria persona
c/o 703 Deveron Lane
Houston, Texas Republic [77090]
Non-domestic, non-resident, zip exempt

TATE OF TEXAS
COUNTY OF HARRIS

Before me *Rachael Griffin-El* on the day personally in full life appeared June 9th, 2025. To be then natural person whose title is Subscribed to the foregoing instrument and acknowledges to me that [he/she] executed the same for the purpose of consideration there in expressed

[Notarization Block]. *[signature]*

KAYLA MASON

## Affidavit Fact

Certificate of service



KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

I declare and affirm virtue of Divine Law, under the Zodiac Constitution, and upon the Constitution for the United States of North America 1791, and the honor of my Foremothers and Forefathers that the above true and correct to the best of my knowledge and Notice and Affirmation, together with this Affidavit of Fact, Executed ____ this day of June 2025.

*Rachael [signature]*

Affiant: Rachael Griffin-El, sui juris in propria persona
c/o 703 Deveron Lane
Houston, Texas Republic [77090]
Non-domestic, non-resident, zip exempt

Case No. 4:25-cv-02013

# EXHIBIT





## AFFIRMATION
## CERTIFICATE OF SERVICE

I, Rachael Griffin-El, hereby certify that a true, correct, and complete copy of the foregoing Notice and Affirmation, together with this Quitclaim Deed & Affidavit of Allodial Aboriginal Paramount Clear Perfect Title of Conveyance Affidavit of Fact, was served by U.S. Mail, postage certified, or equivalent, on the 5 day of June, 2025, upon the following recipients:

• Mr. Jamie Dimon, (acting as) Chairman of the Board of Directors / CEO
JPMorgan Chase & Co.
270 Park Avenue
New York, NY [near 10017, United States]

• U.S. Treasury Department's Office of Foreign Assets Control

• Marco Rubio, United States Secretary of State

• Pamela Bondi, United States Attorney General

• Volker Türk, United Nations High Commissioner for Human Rights

AFFIRMATION
CERTIFICATE OF SERVICE

I, Rachael Griffin-El, hereby certify that a true, correct, and complete copy of the foregoing Notice and Affirmation, together with this Quitclaim Deed & Affidavit of Allodial Aboriginal Paramount Clear Perfect Title of Conveyance Affidavit of Fact, was served by U.S. Mail, postage certified, or equivalent, on the 5 day of June, 2025, upon the following recipients:

• Tenseshia Hudspeth,( acting as) Harris County Clerk
Harris County Clerk's Office – Probate Department
Harris County Civil Courthouse
201 Caroline, Suite 800
Houston, TX 77002

• Mr. Jamie Dimon, (acting as) Chairman of the Board of Directors / CEO
JPMorgan Chase & Co.
270 Park Avenue
New York, NY [near 10017, United States]

• U.S. Treasury Department's Office of Foreign Assets Control

• Marco Rubio, United States Secretary of State

• Pamela Bondi, United States Attorney General

• Volker Türk, United Nations High Commissioner for Human Rights

• Office of Consul General – Morocco, Maghrib al-Aqsá

• U.S. Attorney – Southern District of Texas

• Federal Bureau of Investigation – Houston Field Office

• Texas Attorney General – Consumer Protection Division

• United States Postal Inspectors – Fraud Division




• Jane Nelson, Texas Secretary of State

Executed on this 5th day of June, 2025.

Affiant:

Rachael Griffin-El, sui juris
in propria persona, de jure
All Rights Reserved – without prejudice UCC 1-308

NOTARY ACKNOWLEDGMENT

State of Texas
County of Harris

Subscribed and sworn to (or affirmed) before me on this 5th day of June, 2025, by Rachael Griffin-El, proved to me
on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public Signature

(Seal)

on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public Signature

(Seal)

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071





## QUITCLAIM DEED & AFFIDAVIT
## OF ALLODIAL ABORIGINAL PARAMOUNT CLEAR PERFECT TITLE OF CONVEYANCE

I, Rachael Griffin-El, a living, sentient, natural Moorish American and heir unconditional, hereby make the following solemn declaration and conveyance under penalty of perjury and oath:

### 1. Trustee, and Heir - Executive Beneficiary:

I affirm and declare that I hold exclusive, allodial, aboriginal, paramount, clear, and perfect title to my estate and property, free and clear of all encumbrances, liens, debts, or claims from any foreign, corporate, de facto government entities including, but not limited to, the United States of America (Incorporated) and its subsidiaries, agents, or assigns.

### 2. Disavowal of Corporate Identities

I reject, disclaim, and renounce any and all obligations, liabilities, claims, or contracts connected to any legal or corporate fiction names or entities attributed to me, including but not limited to any "RACHAEL GRIFFIN," "RACHEL GRIFFIN," "Ens Legis," or nom de guerre used in commercial, civil, municipal, or government records.

### 3. Assignment of Reversionary Interests

I hereby surrender, assign, and quitclaim any and all residual reversionary interests, claims, or rights connected to such corporate constructs to the respective foreign corporate entities, for full acquittance, discharge, settlement, and closure of all alleged or presumed obligations.

### 4. Non-Consent to Liability

I do not consent and never have consented to act as surety, guarantor, or responsible party for any debts, liabilities, legal actions, or contractual obligations incurred by the UNITED STATES INC., U.S. CORPORATION, or any of their subsidiaries, agents, franchises, contractors, or affiliates.

### 5. Basis of Title

This conveyance is based upon my inherent natural rights, ancestral and bloodline heritage, unalienable birthrights, and the original organic constitutional principles of lawful, divine, and sovereign ownership.

### 6. Affirmation and Oath

I affirm under the penalty of perjury that the foregoing is true, correct, and complete to the best of my knowledge, understanding, and belief, and is made freely, voluntarily, and without coercion, for the preservation, reclamation, and protection of my lawful and rightful estate interests.

### Inter Alia Imperium

TITLE 18 USC § 473: *DEALING IN COUNTERFEIT OBLIGATIONS OR SECURITIES: "WHOEVER BUYS, SELLS, EXCHANGES, TRANSFERS, RECEIVES, OR DELIVERS ANY FALSE, FORGED, COUNTERFEITED, OR ALTERED OBLIGATION OR OTHER SECURITY OF THE UNITED STATES, WITH THE INTENT THAT THE SAME BE PASSED, PUBLISHED, OR USED AS TRUE AND GENUINE, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN 20 YEARS, OR BOTH." FEDERAL COURT*

*CASE KOLOVRAT V. OREGON, 366 U.S. 187 (1961) AS SET FORTH IN FEDERAL COURT CASE KOLOVRAT V. OREGON, 366 U.S. 187, 81 S. CT. 922, 6 L. ED. 2D 218 (1961).*

*"A STATE CANNOT REFUSE TO ACKNOWLEDGE OR GIVE "FOREIGN NATIONALS" THEIR TREATY RIGHTS BECAUSE OF FEAR THAT VALID INTERNATIONAL AGREEMENTS MAY POSSIBLY NOT WORK COMPLETELY TO THE SATISFACTION OF STATE AUTHORITIES."*

CANON OF POSITIVE LAW - ARTICLE 84 – TRUST - CANON 1920 states and avers:
*"ANY CLAIM THAT AN INFERIOR ROMAN TRUST POSSESSES SUPERIOR STANDING AND RIGHTS OF OWNERSHIP COMPARED TO A SUPERIOR TRUST, OR TRUE TRUST IS AN ABSURDITY AGAINST DIVINE LAW, NATURAL LAW AND POSITIVE LAW AND THEREFORE IS NULL AND VOID FROM THE BEGINNING, INCLUDING ANY ASSOCIATED COVENANTS, DEEDS AND AGREEMENTS CONCERNING PROPERTY RIGHTS AND LESSER TRUSTS."*

CANON OF POSITIVE LAW - ARTICLE 85 - DIVINE TRUST - CANON 1930 states and avers:
*"ANY CLAIMED OWNERSHIP, CONVEYANCE, LIEN, OR OTHER FICTIONAL DEVICE OVER ANY FORM WITHIN A DIVINE TRUST THAT ARE NOT IN ACCORDANCE WITH THESE CANONS IS A FRAUD AND GROSS INJURY TO THE DIVINE CREATOR AND THEREFORE AUTOMATICALLY NULL AND VOID FROM THE BEGINNING."*

CANON OF POSITIVE LAW – ARTICLE 62-FRAUD – CANON 1752 states and avers:
*"FRAUD IS THE FALSE REPRESENTATION OF FORM TO OBTAIN AN UNJUST ADVANTAGE OR TO INJURE THE RIGHTS OF ANOTHER."*

CANON OF POSITIVE LAW – ARTICLE 62 - FRAUD – CANON 1754 states and avers:
*"FRAUD AND JUSTICE CAN NEVER DWELL TOGETHER. BY NO AGREEMENT OR STATUTE CAN IT BE LAWFULLY EFFECTED THAT A FRAUD SHALL BE PRACTICED."*

**Executed this 5th day of June, 2025.**

By: Rachael [signature]

Rachael Griffin-El, *sui juris, in propria persona, de jure*
All Rights Reserved – Without Prejudice – UCC 1-308

**Optional Notarial Section (for validation)**

**State of Texas**
**County of** Harris

On this ___ day of June, 2025, before me, the undersigned Notary Public, personally in full life **Rachael Griffin-El**, known to me (or satisfactorily proven) to be the person whose title is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

**Witness my hand ~~and official seal~~:**

[signature]
Notary Public
My Commission Expires: 12/23/2026

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

**AFFIDAVIT OF FACT**
By Rachael Griffin-El
In Propria Persona, Sui Juris.

Case No.4:25-cv-02013

**United State District Court**

**Southern District of Texas**

I, Rachael Griffin-El, a living, sentient, natural Moorish American national and heir unconditional to my ancestral estate in reversion, being competent and of sound mind, do hereby declare the following to be true, correct, and complete to the best of my knowledge, understanding, and belief:

1. On **December 30, 2024,** I sent an **Affidavit of Dispute,** designated as **Exhibit A,** via Certified Mail to the following individuals:
   - **Jamie Dimon,** CEO of JPMorgan Chase & Co. — Certified Mail No. 9589 0710 5270 2556 6743
   - **Thomas J. Axon,** CEO of Franklin Credit Management Corporation — Certified Mail No. 9589 0710 5270 2556 6743 67

2. The Affidavit of Dispute addressed misrepresented instruments styled as:
   - "Mortgage Statement" dated **December 17, 2024,** associated with alleged Account Number **0696921980**
   - "Mortgage Statement" dated **December 9, 2024,** associated with alleged Account Number **1000002795**
   - And the adverse claim affecting my ancestral estate in reversion know as 703 **Deveron Lane, Houston, Texas [77090]**

3. I demanded the production, within ten (10) days, of the following:
   - A certified copy of the original loan agreement (Promissory note), front and back, bearing my wet-ink signature with all endorsements.
   - All bookkeeping entries related to the alleged loan.
   - Legal evidence of allodial or aboriginal title establishing JPMorgan Chase & Co. and Franklin Credit Management Corporation as lawful owners of the estate.
   - Verification of the specific specie lent under said agreement, in accordance with Article I, Section 10, Clause 1 of the U.S. Constitution (i.e., gold or silver coins), excluding corporate securities or Federal Reserve Notes.

4. On **January 27, 2025,** I issued a Notice of Error (Exhibit C) to both CEOs via Certified Mail:
   - Jamie Dimon — Certified Mail No. 9589 0710 5270 2556 6653 72
   - Thomas J. Axon — Certified Mail No. 9589 0710 5270 2556 6653 58

5. This Notice of Error responded to misrepresented "Notices of Breach" dated:
   - **January 14, 2025** (Account No. 0696921980)
   - **January 17, 2025 and February 14, 2025** (Account No. 1000002795) — all involving adverse actions concerning the aforementioned ancestral estate.

6. In accordance with **United States v. Throckmorton, 98 U.S. 61 (1878),** I affirm that:

   "Fraud vitiates the most solemn contracts, documents, and even judgments."

7. On **February 24, 2025**, I sent **Affidavit of Fact and Notice of Error** (Exhibit D) via Certified Mail, addressing further misrepresented instruments styled as mortgage statements dated **February 13, 2025**.

8. Additional Notices (Exhibits D1 and E) were mailed:
   - March 24, 2025 — Jamie Dimon (7020 1290 0000 5986 8195) and Juanita Deaven (9589 0710 5270 2556 6653 96)
   - March 31, 2025 and April 3, 2025 — regarding Account 0696921980 and the same estate

9. On **May 5, 2025**, I, **Rachael Griffin-El**, filed a **civil action** in the **U.S. District Court for the Southern District of Texas, Houston Division**, Case No. 4:25-cv-02013, asserting my rights and protecting my lawful interest in the ancestral estate.

**Verification:**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 11th day of May , 2025.

**Rachael Griffin-El**
In Propria Persona, Sui Juris
Moorish American National
All Rights Reserved – UCC 1-308

STATE OF TEXAS

COUNTY OF HARRIS

Before me Rachael Griffin - El      on the day personally in full life appeared May 11th,2025 to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that [he/she]executed the same for the purpose and consideration therein expressed.

[Notarization Block]

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

KAYLA MASON





**International documents**
**Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent**

**NOTICE OF ACTIVE FEDERAL CASE AND RECORDED LIS PENDENS**
TO: Antony Halaris, (Acting) Director, Managing Member
P.C.F. Properties In TX LLC
6046 FM 2920 Rd, Ste 160
Spring, Texas Republic [near 77379-2542]

FROM: Rachael Griffin-El, ex rel RACHAEL GRIFFIN
Sui Juris, In Propria Persona
Living Sentient Natural Morrish American Heir
All Rights Reserved – Without Prejudice – UCC 1-308

DATE: June 7, 2025

**1. NOTICE OF LIS PENDENS**

Please be advised that a Notice of Lis Pendens was formally recorded on May 5, 2025, at 2:38 PM with the Office of the Harris County Clerk, under the authority of Tenseshia Hudspeth, regarding the following estate:
Property Address known as: 703 Deveron Lane, Houston, Texas

This Lis Pendens is directly associated with an active federal civil action now pending in:

        **U.S. District Court – Southern District of Texas**
        **Houston Division**
        **Civil Action No.: 4:25-cv-02013**
        *Rachael Griffin-El ex rel RACHAEL GRIFFIN v. Franklin Credit Management*
        *Corporation, Thomas J. Axon (CEO), JPMorgan Chase & Co., Jamie Dimon (CEO)*

**2. LEGAL CONSEQUENCES**

This filing constitutes constructive legal notice that title, interest, and rights related to the above-described estate are under judicial review and subject to reversionary claim and lawful restitution.

As such, any attempt to transfer, encumber, or dispose of said property is prohibited and may constitute fraudulent conveyance, subject to federal prosecution and civil liability.

**3. CEASE AND DESIST DEMAND**

I, Rachael Griffin-El, living sentient woman and rightful heir, hereby issue a formal Cease and Desist order for the following reasons:

- You lack lawful standing and jurisdiction to transact or assert control over this ancestral estate.
- Any attempted foreclosure, sale, or encumbrance based on private commercial instruments (e.g., promissory notes, Federal Reserve Notes) is void ab initio, and in direct violation of:
  - Article I, Section 10 of the U.S. Constitution
  - Clearfield Doctrine (*Clearfield Trust Co. v. U.S.*, 318 U.S. 363 [1943])




International documents
Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent

## 4. INTERNATIONAL & FEDERAL COMPLIANCE

Notification has been transmitted to the U.S. Treasury – Office of Foreign Assets Control (OFAC) to verify protected national status and enforce protections under applicable international and constitutional law.

## 5. FORMAL LEGAL WARNING

You are hereby **COMMANDED TO:**

- Cease and desist from any and all activity involving 703 Deveron Lane, Houston, TX.
- Rescind all unlawful claims, records, and filings associated with this property.
- Acknowledge this notice as formal legal warning under the jurisdiction of the U.S. District Court.

## 6. FAILURE TO COMPLY

Noncompliance will result in the filing or continuation of federal claims for:

- **Injunctive Relief**
- **Quiet Title Action**
- **Trespass to Title**
- **Civil Rights Violations (42 U.S.C. § 1983)**
- **Fraudulent Conveyance**
- **Punitive Damages**

Certified Mail Tracking No.: 9589 0710 5270 0430 8294 76
(Attachment: Copy of Filed Lis Pendens)

Respectfully Submitted,

Rachael Griffin-El, ex rel RACHAEL GRIFFIN
Sui Juris, In Propria Persona
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt




Interntional documents
Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent

## AFFIDAVIT OF FACT

I, Rachael Griffin-El, affirm by Divine Law, the Zodiac Constitution, and the Constitution for the United States of America (1791), and by the honor of my ancestors, that the facts herein are true and correct to the best of my knowledge. This affidavit is executed on this **7th day of June 2025**.

Affiant: Rachael Griffin-El, sui juris in Propria Persona
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt

## CERTIFICATE OF SERVICE

I, Rachael Griffin-El, hereby certify that a true, correct, and complete copy of this Notice of Active Federal Case and Lis Pendens, Exhibit G., was served via **Certified Mail June 9, 2025** and/or **Email on June 7, 2025**, to the following parties:

**Primary Parties:**

- Antony Halaris – P.C.F. Properties in TX LLC
  Email: AR@PCFProperties.net
  6046 FM 2920 Rd, Ste 160, Spring, TX [near 77379-2542]

**Government & Legal Authorities:**

- Tenseshia Hudspeth – Harris County Clerk
- Mr. Jamie Dimon – JPMorgan Chase, 270 Park Ave, New York, NY [10017]
- Thomas J. Axon – Franklin Credit, 101 Hudson St, Jersey City, NY [07302]
- Scott Bessent – OFAC, U.S. Treasury
- Marco Rubio – U.S. Secretary of State
- Pamela Bondi – U.S. Attorney General
- Volker Türk – UN High Commissioner for Human Rights
- Consul General of Morocco – Maghrib al-Aqsá
- U.S. Attorney – Southern District of Texas




<u>International documents</u>
<u>Notice to Agent is Notice to principal-Notice to Principal is Notice to Agent</u>

- FBI – Houston Field Office
- Texas Attorney General – Consumer Protection Division
- U.S. Postal Inspectors – Fraud Division

Executed this 7th day of June, 2025

Rachael Griffin-El, Affiant In Sui Juris Person
All Rights Reserved – Without Prejudice – UCC 1-308
c/o 703 Deveron Lane, Houston, Texas Republic [77090]
Non-domestic, Non-resident, Zip Exempt

## STATE OF TEXAS
## COUNTY OF HARRIS

Before me _Rachael Giffn -El_ on the day personally in full life appeared June 7th, 2025. To be then natural person whose title is Subscribed to the foregoing instrument and acknowledges to me that [he/she] executed the same for the purpose of consideration there in expressed

[Notarization Block].

KAYLA MASON

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

**PROPERTIES IN TX, LLC**

A TEXAS LIMITED LIABILITY COMPANY

6046 FM 2920 RD STE 160, Spring, TX 77379-2542
e-Mail: AR@PCFProperties.net

Phones: 832-413-1723 or 281-6688-PCF
Fax: 636-212-9452

RACHAEL GRIFFIN and/or ALL OCCUPANTS
703 DEVERON LN
HOUSTON, TX 77090-3827

**EXHIBIT G**

*MAILED VIA REGULAR AND CERTIFIED MAIL 9589 0710 5270 1864 3332 87*

## FORMAL NOTICE TO VACATE

Saturday, June 7, 2025

Dear Ms. Griffin (and/or All Occupants):

Your residence at 703 Deveron Ln, was foreclosed upon at the trustee sale of June 3rd, 2025 by the substitute trustee appointed by your lender. Our company, P.C.F. Properties in TX, LLC is the new owner of the property. You are now a tenant at sufferance pursuant to Paragraph 21 of the Deed of Trust that led to the foreclosure.

Given this event, since June 3rd, all the property holding costs, financial (cost of funds), property taxes (since the beginning of the year) and HOA Assessments, are now our responsibility.

**We are hereby giving you this written notice, per Chapter §24.005 of the Texas Property code to vacate the premises and deliver them back to us in their original condition.**

This letter constitutes notice that you are required to VACATE THE PROPERTY and to remove all of your personal belongings within three (3) days of the date of this letter. If you fail to comply with this demand, and do not vacate the Property by the 4th day from the date of this letter, we may, at our option, file suit against you for actual damages, attorney fees and costs of court. *No further notice shall be given.*

Be advised that failure to take action, will result in a forcible detainer suit against you.

Cordially,

_____, DIRECTOR

P.C.F. Properties in TX, LLC
By Antony Halaris, Director of its Managing Member





**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
Chicago, IL 60699
Certified Mail Fee $4.85
$4.10
Postage $1.29
Total Postage and Fees $10.24
0056 33
Postmark Here
06/09/2025
Sent To: United State postal inspector fraud division
433 W. Harrison st Room 3255
Chicago IL 60699-3255

**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
Spring, TX 77379
Certified Mail Fee $4.85
$4.10
Postage $1.01
Total Postage and Fees $7.96
0056 33
Postmark Here
06/09/2025
Sent To: Antony Malaris, RCF PROPERTIES INT'L LLC
6040 FM 2920 RD STE 160
Spring TX, near United State 77379

**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
Houston, TX 77002
Certified Mail Fee $4.85
$4.10
Postage $1.29
Total Postage and Fees $10.24
0056 33
Postmark Here
06/09/2025
Sent To: Texas Attorney General Consumer Protection
808 Travis St. #1520
Houston TX 77002

**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
New York, NY 10017
Certified Mail Fee $4.85
$4.10
Postage $1.29
Total Postage and Fees $10.24
0056 33
Postmark Here
06/09/2025
Sent To: Jaime Dimon /JPMorgan Chase Co.
270 Park Ave
New York, NY near 10017 United State

**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
Jersey City, NJ 07302
Certified Mail Fee $4.85
$4.10
Postage $1.29
Total Postage and Fees $10.24
0056 33
Postmark Here
06/09/2025
Sent To: Thomas J. Axon Franklin Credit Management
101 Hudson Streets 24 floor
Jersey city, New York 07302

**U.S. Postal Service — CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com
Washington, DC 20220
Certified Mail Fee $4.85
$4.10
Postage $1.29
Total Postage and Fees $10.24
0056 33
Postmark Here
06/09/2025
Sent To: Scott Bessent (OFAC) U.S. Treasury Dep
1500 Pennsylvania Ave NW
Washington DC 20220



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Houston, TX 77002

| Certified Mail Fee | $4.85 | | 0056 |
| | | $4.10 | 33 |
| Extra Services & Fees (check box, add fee as appropriate) | $0.00 | | |
| ☐ Return Receipt (hardcopy) | $ | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | | Here |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.29 | | |
| Total Postage and Fees | | | 06/09/2025 |
| $10.24 | | | |

Sent To U.S. Attorney-Southern District of Texas
Street and Apt. No., or PO Box No. Wells Fargo Plaza, 1000 Louisiana St #2300
City, State, ZIP+4® Houston TX 77002

PS Form 3800, January 2023 See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Washington, DC 20350

| Certified Mail Fee | $4.85 | | 0056 |
| | | $4.10 | 33 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | | Here |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.29 | | |
| Total Postage and Fees | | | 06/09/2025 |
| $10.24 | | | |

Sent To Pamela Bondi; Attorney General U.S. Dep. Just.
Street and Apt. No., or PO Box No. 950 Pennsylvania Ave, NW
City, State, ZIP+4® Washington, DC 20530-C001

PS Form 3800, January 2023 See Reverse for Instructions



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Houston, TX 77092

| Certified Mail Fee | $4.85 | | 0056 |
| | | $4.10 | 33 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | | Here |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $0.00 | | |
| Postage | $1.29 | | |
| Total Postage and Fees | | | 06/09/2025 |
| $10.24 | | | |

Sent To Federal Bureau of Investigation / Federal Police
Street and Apt. No., or PO Box No. 1 Justice Park Dr
City, State, ZIP+4® Houston TX 77092

PS Form 3800, January 2023 See Reverse for Instructions

FILED FOR RECORD

12:25:59 PM

Monday, June 9, 2025

*Tenshia Hudpeth*

COUNTY CLERK, HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS

I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris County Texas

Monday, June 9, 2025

*Tenshia Hudpeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

Eviction – Judgment/Dismissal Order NonJury

In the Justice Court
Precinct 4, Place 1

Harris County
State of Texas

**Case Number: 254100243037**

P.C.F Properties in TX, LLC
Plaintiff
vs.
Rachael Lee Griffin and/or All Occupants
Defendant

Plaintiff(s)    ☑ Present    ☐ Not Present at Trial
Defendant(s)  ☑ Present    ☐ Not Present at Trial

Represented by: *Possession only (Foreclosure)*

Represented by:

Leased Premises: 703 Deveron Ln  Houston TX  77090

On 07/07/2025 the court heard the above-numbered and styled cause.

☐ **DEFAULT JUDGMENT FOR PLAINTIFF**
The Plaintiff, being present, announced ready for trial. The Defendant, although having been duly cited and served with process, said citation with the officer's return thereon having been on file with the clerk of this court, failed to appear or answer in its behalf, and wholly made default. It is therefore decreed that judgment is entered for the Plaintiff for possession of the above described premises, and further, that the Plaintiff have judgment against the Defendant(s) for $ _____ as rent owed, plus $ _____ as attorney fees, all costs of court, together with post-judgment interest at a rate of 7.50% per annum from the date of judgment until paid, for which let execution issue. No writ of possession will issue before _____ JUL 1 5 2025 _____. The Defendant(s) appeal bond is set at: $_____.

☑ **JUDGMENT FOR PLAINTIFF**
The Plaintiff and Defendant, being present, announced ready for trial. The court, having heard the evidence, determined judgment is for the Plaintiff for possession of the above described premises. It is therefore decreed that judgment is entered for the Plaintiff for possession of the above described premises, and further, that the Plaintiff have judgment against the Defendant(s) for $ ___ as rent owed, plus $ ___ as attorney fees, all costs of court, together with post-judgment interest at a rate of 7.50% per annum from the date of judgment until paid, for which let execution issue. No writ of possession will issue before _____ JUL 1 5 2025 _____. The Defendant(s) appeal bond is set at: $ *3640* .

☐ **JUDGMENT FOR DEFENDANT**
The Plaintiff and Defendant, being present, announced ready for trial. The court, having heard the evidence, determined judgment is for the Defendant for possession of the above described premises. It is therefore decreed that the Plaintiff take nothing and that judgment is entered for the Defendant(s) for $_____ as attorney fees, all costs of court, together with post-judgment interest at a rate of 7.50% per annum from the date of judgment until paid, for which let execution issue. The Plaintiff's appeal bond is set at $500.00.

☐ The court ORDERS that this case is **DISMISSED**:

    ☐ due to lack of jurisdiction.
    ☐ as Plaintiff did not appear.
    ☐ on motion of the  ☐ Plaintiff  ☐ Defendant.
    ☐ by agreement of the parties and that each side bears their cost incurred.

The court denies all other relief not granted above.

You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 5 days after this judgment was signed. See Texas Rule of Civil Procedure 510.9(a).

If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. / Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.

Signed: 07/07/2025

*Lincoln Goodwin*
Lincoln Goodwin
Justice of the Peace Precinct 4, Place 1

**Payment of Rent during the Pendency of Any Appeal:**

☐ The amount of rent to be paid each rental pay period during the pendency of any appeal is $ *0* .

☐ A portion of the rent is payable by a government agency, and the amount of rent to be paid each rental pay period during the pendency of any appeal is: $_____ by Defendant and $_____ by government agency.



CASHIER'S CHECK

CHASE

Date   07/11/2025

DARRYL BANKSTON

HARRIS COUNTY

THREE THOUSAND SIX HUNDRED FORTY DOLLARS AND 00 CENTS          $** 3,640.00 **

Drawer   JPMORGAN CHASE BANK, N.A.

Thomas W Horne, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

EXHIBIT  J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

AUG 1 2 2025

Nathan Ochsner, Clerk of Court

**Rachael Griffin-El, ex rel. RACHAEL GRIFFIN,**
Plaintiff, sui juris, in propria persona

v.

**JPMORGAN CHASE BANK, N.A., a U.S. Citizen corporation, and JAMIE DIMON (U.S. Citizen),**
Defendants.

Civil Action No.: 4:25-cv-02013

---

# JUDICIAL NOTICE OF DEFAULT, DEMAND FOR ENTRY OF JUDGMENT, ORDER TO QUIET TITLE, AND DECLARATION OF UNLAWFUL FORECLOSURE

---

## I. NOTICE OF DEFAULT

Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon (U.S. Citizen), through counsel, filed a Request for Judicial Notice. Plaintiff responded with a Memorandum of Law in Support of Combined Rebuttal and Motion to Avoid Unlawful Foreclosure.

Defendant Jamie Dimon (U.S. Citizen) admitted that JPMorgan Chase Bank, N.A. is a foreign entity, which undermines their claimed authority and standing to enforce alleged debts or conduct foreclosure without lawful sovereign capacity or valid contract with Plaintiff Rachael Griffin-El .

Plaintiff served direct demands requiring sworn, point-by-point responses under penalty of perjury.

Defendants failed to respond lawfully within the five (5) day period following service.

Defendants' failure constitutes **default** and **admission by silence** that:
a. They hold no valid claim or title to the property;
b. There is no lawful debt or enforceable contract;
c. They lack lawful authority or standing to foreclose.

## II. TREATY OF PEACE AND FRIENDSHIP: CONTINUING RELEVANCE AND SUPREMACY

Defendants Jamie Dimon (U.S. citizen) assert the Treaty of Peace and Friendship dated September 16, 1836, is irrelevant to this proceeding and Plaintiff's Rachael Griffin-El( Moorish America) claims. This assertion is without merit.

Plaintiff, as a Moorish American national and heir, invokes this treaty as a valid, binding international agreement that remains in full force and effect under the Supremacy Clause of the United States Constitution (Art. VI, Clause 2).

The treaty establishes mutual recognition of sovereignty, protection of estate property rights, and forbids unlawful seizure or deprivation of property without due process.

Plaintiff's reliance on the treaty is neither an exemption from U.S. law nor a dismissal of valid debts, but rather a lawful invocation of international and constitutional protections that supersede unlawful actions by Defendants.

Therefore, this Court must take judicial notice of the treaty's continuing force and effect and recognize its protections as integral to Plaintiff's rights and claims herein.

---

**III. Plaintiff demands that this Court enter judgment in her favor** based on the default of Defendant Jamie Dimon (U.S. Citizen) and his failure to establish any lawful grounds for the attempted unlawful foreclosure. Defendants, as U.S. citizens, are parties with whom the Constitution of the United States never formed a treaty, and they have failed to demonstrate or prove "holder in due course" status or any valid, enforceable interest in the subject property. Defendant Jamie Dimon (U.S. Citizen )was already in default prior to filing any appearance, having ignored and failed to answer the original Complaint within the prescribed sixty (60) days, and thus entered these proceedings while in a state of default.

Plaintiff demands declaratory relief finding all indebtedness instruments, deeds of trust, and unlawful foreclosure notices null and void ab initio for fraud, lack of consideration, unconstitutional deprivation of rights, and lack of standing.

---

## IV. ORDER TO QUIET TITLE

Plaintiff requests an Order quieting title in her favor, confirming allodial title free and clear of liens or encumbrances related to the fraudulent Deed of Trust dated October 31, 2005, recorded as Document Y886748 in Harris County, Texas.

This order shall restore Plaintiff's full ownership rights ancestral estate known as:
LOT FIVE (5), BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, Harris County, Texas.

# V. DECLARATION OF UNLAWFUL FORECLOSURE

Plaintiff declares any unlawful foreclosure actions taken or attempted by Defendants Jamie Dimon (U.S. citizen) are unlawful, without lawful authority, and violate Plaintiff's constitutional and estate property rights, including violations of 18 U.S.C. §§ 241 and 242, breaches of trust and fiduciary duty, and fraudulent inducement.

Plaintiff demands immediate cessation of any unlawful foreclosure proceedings and declaration that all such actions are null and void.

# VI. CLAIM FOR ALLODIAL COMPENSATION

For Defendants' acts of fraud, deprivation of rights, conspiracy, and inducement under color of law, Plaintiff claims allodial compensation as follows:

| Damage | Cost |
|---|---|
| Deprivation of Rights (18 U.S.C. § 242) | $1,000,000 |
| Conspiracy Against Rights (18 U.S.C. § 241) | $7,000,000 |
| Fraud in the Inducement | $7,000,000 |
| Refund of Fiat/Credit | $142,080 |
| Miscellaneous Expenses (Mailing, Filing, Paper, Ink) | $2,500 |
| **TOTAL** | **$15,144,580** |

All sums are lawfully due forthwith in **.9999 fine silver bullion coins and/or bars**, as the only lawful money recognized under Article I, Section 10, Clause 1 of the United States Constitution, which mandates that "No State shall... make any Thing but gold and silver Coin a Tender in Payment of Debts."

Respectfully submitted,

Rachael Griffin-El
In Proper Person, Sui Juris
Moorish American National
All Rights Reserved, U.C.C. 1-308

Cause No. 1257002

| | |
|---|---|
| P.C.F. PROPERTIES IN TX, LLC | IN THE COUNTY COURT |
| *Plaintiff,* | |
| vs. | |
| RACHAEL LEE GRIFFIN, | AT LAW NO. 3 |
| ALL OCCUPANTS | |
| *Defendant.* | HARRIS COUNTY, TEXAS |

ALL OCCUPANTS
703 DEVERON LN
HOUSTON, TX 77090-3827

## NOTICE OF TRIAL SETTING

Please be advised that on August 25th at 1:30 PM this case is set for in person trial before the County Court at Law No. 3, Harris County, Texas at 201 Caroline, 5th Floor, Houston, TX 77002.

Respectfully submitted,

*AWalap*, DIRECTOR

P.C.F. Properties in TX, LLC,
By P.C.F. Investments, Inc., its Managing Member
By Antony Halaris, its Director
Tel: (832) 413-1723
Email: TX@PCFProperties.net



## LIBRARY OF CONGRESS

Office of Business Enterprises
Duplication Services Section

THIS IS TO CERTIFY that the collections of the Library of Congress contain a publication entitled **THE PUBLIC STATUTES AT LARGE OF THE UNITED STATES OF AMERICA from March 1933 to June 1934,** and that the attached photocopies from Volume XLVIII – the title page, the publisher's page, and pages 484 through 487 on which appears the TREATY WITH MOROCCO, September 16, 1836 – are a _____ ntation from that work.

THIS IS TO CERTIFY FURTHER, that the publisher's page is _____ ed ___ a Library of Congress Order Division stamp that bears the date Jan 28 1991.

IN WITNESS WHEREOF, the seal of the Library of Congress is _____ hereto on September 4, 2014.

Gregory J. Cooper
Duplication Services, Section Head
Office of Business Enterprises
Library of Congress

101 Independence Avenue, SE Washington, DC 20540–4917 Tel 202.707.5650 www.loc.gov; duplicationservices@loc.gov

# THE
# STATUTES AT LARGE

OF THE

## UNITED STATES OF AMERICA

FROM

### MARCH 1933 to JUNE 1934

CONCURRENT RESOLUTIONS
RECENT TREATIES AND CONVENTIONS, EXECUTIVE PROCLAMATIONS
AND AGREEMENTS, TWENTY-FIRST AMENDMENT
TO THE CONSTITUTION

EDITED, PRINTED, AND PUBLISHED BY AUTHORITY OF CONGRESS
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOL. XLVIII

IN TWO PARTS

PART 1—Public Acts and Resolutions.
PART 2—Private Acts and Resolutions, Concurrent Resolutions
Treaties and Conventions, Executive Proclamations
and Agreements, Twenty-first Amendment to the
Constitution.

## PART 1

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1934

KF50
.U5
vol 48, pt 1
Set 2
LLRR



LIBRARY OF CONGRESS
6
JAN 2 8 1991
COPY
ORDER DIVISION

The original of every act and joint resolution printed in this volume from page 1 to page 311, inclusive, has the following heading:

SEVENTY-THIRD CONGRESS OF THE UNITED STATES OF AMERICA;

AT THE FIRST SESSION,

BEGUN AND HELD AT THE CITY OF WASHINGTON ON THURSDAY, THE NINTH DAY OF MARCH, ONE THOUSAND NINE HUNDRED AND THIRTY-THREE

The original of every act and joint resolution printed in this volume from page 313 to page 1291, inclusive, has the following heading:

SEVENTY-THIRD CONGRESS OF THE UNITED STATES OF AMERICA;

AT THE SECOND SESSION,

BEGUN AND HELD AT THE CITY OF WASHINGTON ON WEDNESDAY, THE THIRD DAY OF JANUARY, ONE THOUSAND NINE HUNDRED AND THIRTY-FOUR

All bills and joint resolutions presented to the President of the United States bear the signatures of the Speaker (or of the Speaker pro tempore) of the House of Representatives and of the Vice President and President of the Senate (or of the President of the Senate pro tempore); those signatures accordingly appear on the originals of all acts and joint resolutions.

The signature of the President of the United States appears on the originals of all approved acts and joint resolutions.

The original of every act and joint resolution has endorsed thereon a certificate of origin, signed, as the case may be, by the Clerk of the House of Representatives or by the Secretary of the Senate and reading "I certify that this Act (or Joint Resolution) originated in the House of Representatives (or Senate)." The origin of each act and resolution contained in this volume is indicated in the margin at the beginning of each enactment; thus, for example, H.R. 1401 or H.J.Res. 75 indicates origin in the House of Representatives; and S. 598 or S.J.Res. 14 indicates origin in the Senate.



This volume is printed on acid free paper by
WILLIAM S. HEIN & CO., INC.

# TREATY WITH MOROCCO. (a)

Sept. 16, 1836.

Proclamation of the President of the U.S. an. 30, 1837.

In the name of God, the merciful and clement!



Emperor's seal.

Abd Errahman Ibenn Kesham, whom God exalt!

PRAISE BE TO GOD!

This is the copy of the Treaty of Peace which we have made with the Americans and written in this book; affixing thereto our blessed seal, that, with the help of God, it may remain firm forever.

Written at Mecaenez, the city of Olives, on the 3d day of the month Jumed el Iahhar, in the year of the Hegira 1252. (Corresponding to Sept. 16. A. D. 1836.)

*Mutual agreement of the parties to the treaty.*

ART. 1. We declare that both parties have agreed that this treaty, consisting of twenty-five articles, shall be inserted in this book, and delivered to James R. Leib, agent of the United States, and now their resident consul at Tangier, with whose approbation it has been made, and who is duly authorized on their part, to treat with us, concerning all the matters contained therein.

*Neither party to take commissions from an enemy.*

ART. 2. If either of the parties shall be at war with any nation whatever, the other shall not take a commission from the enemy, nor fight under their colors.

*Persons, &c. of one party, captured in an enemy's vessel, to be released.*

ART. 3. If either of the parties shall be at war with any nation whatever, and take a prize belonging to that nation, and there shall be found on board subjects or effects belonging to either of the parties, the subjects shall be set at liberty, and the effects returned to the owners. And if any goods, belonging to any nation, with whom either of the parties shall be at war, shall be loaded on vessels belonging to the other party, they shall pass free and unmolested, without any attempt being made to take or detain them.

*Vessels to have passports.*

ART. 4. A signal, or pass, shall be given to all vessels belonging to both parties, by which they are to be known when they meet at sea; and if the commander of a ship of war of either party shall have other ships under his convoy, the declaration of the commander shall alone be sufficient to exempt any of them from examination.

*Visit of vessels at sea.*

ART. 5. If either of the parties shall be at war, and shall meet a vessel at sea belonging to the other, it is agreed, that if an examination is to be made, it shall be done by sending a boat with two or three men only; and if any gun shall be fired, and injury done, without reason, the offending party shall make good all damages.

*American citizens and effects to be restored.*

ART. 6. If any Moor shall bring citizens of the United States, or their effects, to his Majesty, the citizens shall immediately be set at liberty, and the effects restored; and, in like manner, if any Moor, not a subject of these dominions, shall make prize of any of the citizens

---

(a) For the treaty with Morocco of January 1787, see ante, page 100.

(184)

## TREATY WITH MOROCCO. 1836.

of America or their effects, and bring them into any of the ports of his Majesty, they shall be immediately released, as they will then be considered as under his Majesty's protection.

ART. 7. If any vessel of either party, shall put into a port of the other, and have occasion for provisions or other supplies, they shall be furnished without any interruption or molestation.

*Vessels in port to be supplied.*

ART. 8. If any vessel of the United States, shall meet with a disaster at sea, and put into one of our ports to repair, she shall be at liberty to land and reload her cargo, without paying any duty whatever.

*No duty in case of vessels putting in to repair.*

ART. 9. If any vessel of the United States, shall be cast on shore on any part of our coasts, she shall remain at the disposition of the owners, and no one shall attempt going near her without their approbation, as she is then considered particularly under our protection; and if any vessel of the United States shall be forced to put into our ports by stress of weather, or otherwise, she shall not be compelled to land her cargo, but shall remain in tranquillity until the commander shall think proper to proceed on his voyage.

*Stranded vessels to be protected.*

ART. 10. If any vessel of either of the parties shall have an engagement with a vessel belonging to any of the Christian Powers, within gun-shot of the forts of the other, the vessel so engaged, shall be defended and protected as much as possible, until she is in safety: and if any American vessel shall be cast on shore, on the coast of Wednoon, or any coast thereabout, the people belonging to her, shall be protected and assisted, until by the help of God, they shall be sent to their country.

*Vessels engaged within gunshot of forts to be protected.*

ART. 11. If we shall be at war with any Christian Power, and any of our vessels sails from the ports of the United States, no vessel belonging to the enemy shall follow, until twenty-four hours after the departure of our vessels: and the same regulations shall be observed towards the American vessels sailing from our ports, be their enemies Moors or Christians.

*Enemy's vessels not allowed to follow for 24 hours.*

ART. 12. If any ship of war belonging to the United States, shall put into any of our ports, she shall not be examined on any pretence whatever, even though she should have fugitive slaves on board, nor shall the governor or commander of the place compel them to be brought on shore on any pretext, nor require any payment for them.

*Ships of war not to be examined in port.*

ART. 13. If a ship of war of either party shall put into a port of the other, and salute, it shall be returned from the fort with an equal number of guns, not more or less.

*Salutes to be returned.*

ART. 14. The commerce with the United States, shall be on the same footing as is the commerce with Spain, or as that with the most favored nation for the time being; and their citizens shall be respected and esteemed, and have full liberty to pass and repass our country and seaports whenever they please, without interruption.

*American commerce on the most favored footing.*

ART. 15. Merchants of both countries shall employ only such interpreters, and such other persons to assist them in their business, as they shall think proper. No commander of a vessel shall transport his cargo on board another vessel; he shall not be detained in port longer than he may think proper; and all persons employed in loading or unloading goods, or in any other labor whatever, shall be paid at the customary rates, not more and not less.

*Employment of interpreters, &c.*

ART. 16. In case of a war between the parties, the prisoners are not to be made slaves, but to be exchanged one for another, captain for captain, officer for officer, and one private man for another; and if there

*Exchange of prisoners.*

2 q 2

486                        TREATY WITH MOROCCO. 1836.

shall prove a deficiency on either side, it shall be made up by the payment of one hundred Mexican dollars for each person wanting. And it is agreed, that all prisoners shall be exchanged in twelve months from the time of their being taken, and that this exchange may be effected by a merchant, or any other person, authorized by either of the parties.

No compulsion in buying or selling.

ART. 17. Merchants shall not be compelled to buy or sell any kind of goods but such as they shall think proper: and may buy and sell all sorts of merchandise but such as are prohibited to the other Christian nations.

No examination of goods on board, except, &c.

ART. 18. All goods shall be weighed and examined before they are sent on board; and to avoid all detention of vessels, no examination shall afterwards be made, unless it shall first be proved that contraband goods have been sent on board; in which case, the persons who took the contraband goods on board, shall be punished according to the usage and custom of the country, and no other person whatever shall be injured, nor shall the ship or cargo incur any penalty or damage whatever.

No detention of vessels.

ART. 19. No vessel shall be detained in port on any pretence whatever, nor be obliged to take on board any article without the consent of the commander, who shall be at full liberty to agree for the freight of any goods he takes on board.

Disputes between Americans, &c. to be decided by the consul, &c.

ART. 20. If any of the citizens of the United States, or any persons under their protection, shall have any dispute with each other, the consul shall decide between the parties; and whenever the consul shall require any aid, or assistance from our Government, to enforce his decisions, it shall be immediately granted to him.

Killing, &c. punishable by the law of the country.

ART. 21. If a citizen of the United States should kill or wound a Moor, or, on the contrary, if a Moor shall kill or wound a citizen of the United States, the law of the country shall take place, and equal justice shall be rendered, the consul assisting at the trial; and if any delinquent shall make his escape, the consul shall not be answerable for him in any manner whatever.

Persons dying intestate; care of their effects.

ART. 22. If an American citizen shall die in our country, and no will shall appear, the consul shall take possession of his effects; and if there shall be no consul, the effects shall be deposited in the hands of some person worthy of trust, until the party shall appear who has a right to demand them; but if the heir to the person deceased be present, the property shall be delivered to him without interruption; and if a will shall appear, the property shall descend agreeably to that will, as soon as the consul shall declare the validity thereof.

Residence of consul. [It is generally at Tangier.]

ART. 23. The consul of the United States of America, shall reside in any seaport of our dominions that they shall think proper: and they shall be respected, and enjoy all the privileges which the consuls of any other nation enjoy: and if any of the citizens of the United States shall contract any debts or engagements, the consul shall not be in any manner accountable for them, unless he shall have given a promise in writing for the payment or fulfilling thereof; without which promise in writing, no application to him for any redress shall be made.

No appeal to arms until refusal of friendly arrangement.

ART. 24. If any differences shall arise by either party infringing on any of the articles of this treaty, peace and harmony shall remain notwithstanding, in the fullest force, until a friendly application shall be made for an arrangement; and until that application shall be rejected, no appeal shall be made to arms. And if a war shall break out between the parties, nine months shall be granted to all the subjects of both parties, to dispose of their effects and retire with their property. And

## CONVENTION WITH PERU-BOLIVIA. 1836.

it is further declared, that whatever indulgence, in trade or otherwise, shall be granted to any of the Christian Powers, the citizens of the United States shall be equally entitled to them.

*In case of war, nine months allowed to settle affairs, &c.*

ART. 25. This treaty shall continue in force, with the help of God, for fifty years; after the expiration of which term, the treaty shall continue to be binding on both parties, until the one shall give twelve months' notice to the other, of an intention to abandon it; in which case, its operations shall cease at the end of the twelve months.

*Treaty to last fifty years, &c.*

Consulate of the United States of America.  }
For the Empire of Morocco.

TO ALL WHOM IT MAY CONCERN.

Be it known. Whereas the undersigned, James R. Leib, a citizen of the United States of North America, and now their resident consul at Tangier, having been duly appointed commissioner, by *letters patent*, under the signature of the President and seal of the United States of North America, bearing date, at the city of Washington, the 4th day of July A. D. 1835, for negotiating and concluding a treaty of *peace and friendship* between the United States of North America and the Empire of Morocco; I, therefore, James R. Leib, Commissioner as aforesaid, do conclude the foregoing treaty and every article and clause therein contained; reserving the same, nevertheless, for the final ratification of the President of the United States of North America, by and with the advice and consent of the Senate.

*Final ratification reserved for President U. S.*

In testimony whereof, I have hereunto affixed my signature, and the seal of this consulate, on the 1st day of October, in the year of our Lord one thousand eight hundred and thirty-six, and of the Independence of the United States the sixty-first.

JAMES R. LEIB, (L. S.)

---

## GENERAL CONVENTION OF PEACE, FRIENDSHIP, COMMERCE, AND NAVIGATION,

### Between the United States of America and the Peru-Bolivian Confederation.

*Nov. 13, 1836.*

*Ratifications exchanged. May 29, 1838. Proclamation of the President of the U. S., Oct. 9, 1838. Peace and friendship.*

THE United States of America and the Peru-Bolivian Confederation, desiring to make firm and permanent the peace and friendship which happily subsist between them, have resolved to fix, in a clear, distinct, and positive manner, the rules which shall, in future, be religiously observed between the one and the other, by means of a treaty, or general convention of peace, friendship, commerce, and navigation.

For this desirable purpose, the President of the United States of America has conferred full powers on Samuel Larned, Chargé d'Affaires of the said States, near the Government of Peru; and the Supreme Protector of the north and south Peruvian States, President of the Republic of Bolivia, encharged with the direction of the foreign relations of the Peru-Bolivian Confederation, has conferred like powers on John Garcia del Rio, Minister of State in the Department of Finance

*Negotiators.*

## "Commentary on the Letter Issued by Pope Francis; – Civil Orders"

The original and de jure Constitution and Government for the *'united States of America'* at North America, having a *'Republican Form of Government,'* (set forth and established at *Article IV Section 4*) stands as the 'Supreme Law of the Land'. That organic Constitution was altered by acts of *Misprision* and was secretly overthrown and converted into a foreign, privately – owned, and deemed for-profit corporation in the year 1871 *(See 'The Act of Congress 1871')*. That said *misprision – derived* and foreign, Feudal – Law – entity *(born of Treason)* was styled as, *'The United States Corporation Company'* which is now commonly referred to as, *'The U. S. Democracy'*. That foreign and privately – owned entity, deceptively created by acts of Sedition, and all its many 'States of..' entities or its other licensed and associated *corporate franchisees* were and are ultimately and factually owned by the Vatican, - being members of the *(Roman Curia)*. This politically and socially subdued truth and fact is actually the veiled foundation and source of the functioning jurisdictional powers that gave and still gives the *"Pope"* of Rome or the *'Vatican / Bishopric"* the colorably - valid and affirmable *"Authority"* over that entity *(U.S. Democracy / United States Corporation)* and also jurisdiction over those subordinate associated entities as expressed and executed via this impacting 'Letter'.

This *'Letter'* or *'Edict'* titled *'Civil Orders'* was posted on August 19, 2015; but if this said posting is correct, the measured time reports that it was apparently sent to President Obama over a year ago, - being July 4th, of 2014. The Pope's *'Letter'* not only confirms that the *United States (U.S.)* is operating under a *corporation*, but that the Pope's *'Letter'* also confirms that "General Carter Ham" will be heading up the *'New Republic'* when it is announced. The announcement will be part of what is known as the NESARA announcements This current Pope is working for the Light. Anyway, don't waste your time on the political circus concerning the U.S. election. I don't expect to see one. When NESARA is announced, the *new interim President* becomes the President of the *'New Republic'* for six months after which free elections are held. We can then elect the *interim President* for another four years or elect someone else. The content of the letter below is pretty self-explanatory. You may want to check out the attachment. – MrT.

Source: https://www.faceuni.com-article/11:pope-francis-sends-powerful-letter-to-obama-via-attorney-july-4th-2015:
**Pope Francis Sends Obama Powerful Letter via Attorney [on] July 4th 2014 Posted on August 19, 2015**



# Pope Francis Sends Obama Powerful Letter via Attorney
## [on] July 4th 2014
## CIVIL ORDERS – JULY 4, 2014

Issued to All Members of the Domestic Police Forces; U.S. Marshals Service; the Provost Marshal; Members of the American Bar Association; and the American Armed Services.

These organic American states of the Union known as "The United States of America" *(major)* exercising plenary civil power upon the land hereby appoint General Carter F. Ham to lead and command "The Grand Army of the Republic" *(GAR)* and its successors under the guidance of the Joint Chiefs of Staff and with their full support.

Should it become necessary to suppress commercial mercenary forces operating under the guise of being federal government agencies including but not limited to the Department of Homeland Security, the Federal Emergency Management Administration, the Internal Revenue Service, the Bureau of Alcohol, Tobacco and Firearms, etc., General Ham shall assume immediate command and control of all armed forces and services owed to The United States of America *(major)* stationed in North America and shall join them under his Command as 'The Grand Army of the Republic'. All forces of air, land, and sea are to be employed.

Any cost or loss suffered as a result of deployment of 'The Grand Army of the Republic' shall be charged as stipulated prior.

All effort shall be made by 'The Grand Army of the Republic' to spare life and property while undertaking any action whatsoever within the states of the Union without exception. 'The Grand Army of the Republic' *(GAR)* is uniquely enabled by these 'Orders' to operate on the land of the fifty (50) organic states for the purposes of securing the lives and property of the Ameri-

States and American State Citizens. The Grand Army of the Republic is not a foreign army and is composed primarily of American State Citizens.

If required to take field position, the local commanders shall make every effort to communicate the basis of their authority and the reasons for their presence on American State soil to ensure a prompt cessation of hostilities and a widespread understanding of the usurpations and acts of fraud which have led to any conflict. All parties must be brought to understand the nature of the federal government, the limitations of its authority, and their own obligation to act in favor of the organic states of the Union. 'The Grand Army of the Republic' shall continue to operate under General Order 100 known as the "Lieber Code", extant from the pen of the last Republic President, Abraham Lincoln.

No orders, Executive or otherwise, issued by Barack H. Obama pretending authority on the land of the American States while operating as "President" of the UNITED STATES Corporation nor as the "President" of the United States of America *(minor)* are owed any performance by the Joint Chiefs of Staff, General Ham, or any Ordinary. All plainly stated grants of contractual authority evident in The Constitution for the united States of America remain in place, subject to good faith performance of the accompanying obligations and treaties.

Mr. Obama is the "President" of a governmental services corporation under contract to provide stipulated services to the organic states and is on their payroll. He otherwise acts as a foreign dignitary representing the United States of America *(minor)*. In neither of these capacities is he allowed any granted authority to impose upon American State Citizens, endanger American State property, or command mercenary forces on American State soil, however veiled as federal civilian service agencies. We require the Joint Chiefs of Staff and General Ham to commence measures to disarm federal civilian agency personnel and to seize control of the vast stockpiles of arms which have been improperly amassed by "the Department of Homeland Security", FEMA, and other agencies employed by the UNITED STATES.

The only federal agency allowed free egress on the land of the American States is the U.S. Marshals Service, and then only when their personnel are engaged in their duty to protect the U.S. Mail and sworn to act as constitutional officers. All other federal agency personnel are limited to unarmed service until further notice.
We direct the Joint Chiefs of Staff to communicate these first two General Civil Orders directly to Mr. Obama, the members of the "US Congress", the administrators of all "federal" agencies, the members of the "Supreme Court" and those acting as "Governors" to compel their rapid understanding and cooperation.

Any expense or damage incurred by these organic states or any American State Citizen as a result of actions undertaken by any federal agency personnel acting as armed mercenaries on American State soil will be understood as the result of violent crimes committed against the peaceful inhabitants of the land and will incur immediate judgment liquidating the assets of the International Monetary Fund *(IMF)* and the Federal Reserve *(FEDERAL RESERVE)* in payment of the stipulated reparations. Such crimes shall also be considered contract default increasing the public debt subject to bounty.

Any and all corporate officers of the UNITED STATES or any successor organization(s) inheriting "federal" service contracts who support, condone, or promote such crimes against the American States or against American State Citizens shall be subject to arrest and prosecution for commercial and violent crimes. All foreign officials operating as elected or appointed officials of the United States of America *(minor)* who support, condone, or promote such crimes against the American States or against American State Citizens shall be subject to arrest, confiscation of their assets, and deportation to Puerto Rico, Guam, or such other "states" as may be willing to receive them.

Such "foreign officials" include members of the American and British Bar Associations who were licensed to act as privateers against the interests of the American States and the American State Citizens from 1845 to 2013 in Stegaratt Record of Transmitted and transmitted.

extinguished. Members of the Bar Associations are required to cease and desist assaults against the American States and American State Citizens and shall be subject to arrest, confiscation, and deportation otherwise.

Insomuch as corporate officers operating the United States of America, Incorporated, and the UNITED STATES have contrived under conditions of fraud and semantic deceit to re-venue the estates of the American States and living American State Citizens to the foreign jurisdiction of the United States of America *(minor)* they are found guilty of capital crimes, including acts of fraud and treason committed between 1933 and 1945, and are condemned posthumously. Insomuch as elected officials operating the United States of America *(minor)* have similarly committed war crimes against the American States and their peaceful inhabitants during the same time period, they stand condemned posthumously.

No enforcement upon any American State or American State Citizen is owed as a result of any "Act" of any "Congress" operating as the sovereign government of the United States of America *(minor)*, nor as the Board of Directors or Board of Trustees of any incorporated entity whatsoever.

All those Estates and ESTATES erroneously believed to represent the American States and American State Citizens and which were conveyed by fraud and legal deceit to the United States of America *(minor)* and more recently to the City-State of the United Nations, are re-venued without exception to the geographically defined American States and the American State Citizens where they shall remain in perpetuity as assets belonging to the rightful and lawful beneficiaries.

All legal fiction entities however structured and named after the American States and American State Citizens are returned to them and their control, free and clear of any debt, promise, encumbrance or obligation alleged against them as a result of false claims made "in their behalf" by officers of the United States of America, Inc. and the UNITED STATES, INC. or by any foreign officials operating the United States of America *(minor)*, or the United Nations City State falsely claiming to "represent" them or have jurisdiction over them.

We note that the current circumstance is in part the result of criminal acts engaged in 150 years ago, which resulted in the commercial enslavement of African Americans who were summarily claimed as chattels backing "US government" debt in the wake of the Civil War.
Despite every act of abolition and declaration of prohibition against both peonage and slavery, it has been the policy of the "US government" to enslave its citizens and to operate as a rogue state among the nations of the world. Instead of freeing African Americans the sum total result of the Civil War was to vastly expand public sector ownership of slaves, giving rise to the outrageous and improper claims that have been made against the American States and the American State Citizens that we are dealing with today. It is uniquely fitting that The Grand Army of the Republic is recalled to settle this circumstance in favor of the people.

Attachments:
CIVIL ORDERS Anna Maria Wilhelmina Hanna Sophia Riezinger-von Reitzenstein von Lettow-Vorbeck, Private Attorney in service to His Holiness, Pope Francis Documents
Related: The United States Isn't a Country: It's a Corporation!
The Hidden Vatican Crown Empire.

1





# Exhibit A1

United States District Court
Southern District of Texas

**ENTERED**

August 08, 2025

Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **RACHAEL GRIFFIN-EL,** § | |
| § | |
| *Plaintiff,* § | |
| § | **Civil Action No. 4:25-cv-02013** |
| **v.** § | |
| § | |
| **JPMORGAN CHASE CO., JAMIE** § | |
| **DIMON, FRANKLIN CREDIT** § | |
| **MANAGEMENT CORPORATION, AND** § | |
| **THOMAS J. AXON** § | |
| § | |
| *Defendants.* § | |

## PROPOSED SCHEDULING ORDER

The disposition of this case will be controlled by the following schedule:

1.  November 14, 2025      **AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES**
    Party requesting joinder will furnish a copy of this scheduling order to new parties.

2a.  February 12, 2026      **EXPERTS**
    Plaintiff, or party with the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2).

2b.  March 12, 2026
    Defendant, or party without the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2).

3.  May 22, 2026      **DISCOVERY**
    Counsel may, by agreement continue discovery beyond the deadline. No continuance will be granted because of information acquired in post−deadline discovery.

4.    July 17, 2026    **MOTIONS DEADLINE**
Including any motion challenging an expert witness
(only motions in limine on issues other than experts
may be filed after this date). The motion deadline may
not be changed by agreement.

5a.    October 16, 2026    **JOINT PRETRIAL ORDER**
THE DEFENDANT shall supply the Plaintiff with a
final version of its pretrial order by this date. (Where
available, Defendant should supply Plaintiff with an
electronic copy.)

5b.    October 30, 2026    THE PLAINTIFF is responsible for filing the pretrial
order on this date. All Motions in Limine must also be
filed by this date.

6.    November 13, 2026    **DOCKET CALL** is set at 1:30 p.m. in Courtroom 9A.

7.    November 16, 2026    **TRIAL** is set at 9:00 a.m. in Courtroom 9A.
Case is subject to being called to trial on short notice
during the two week period beginning on this date.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on ___August 8, 2025_____, at Houston, Texas.

Richard W. Bennett
United States Magistrate Judge

```
 1   STATE OF TEXAS

 2   COUNTY OF HARRIS

 3

 4       I, Laura M. Cutherell, Official Court Reporter in

 5   and for County Civil Court at Law No. 3 of Harris

 6   County, State of Texas, do hereby certify that the above

 7   and foregoing contains a true and correct transcription

 8   of all portions of evidence and other proceedings

 9   requested in writing by counsel for the parties to be

10   included in this volume of the Reporter's Record in the

11   above-styled and numbered cause, all of which occurred

12   in open court or in chambers and were reported by me.

13       I further certify that this Reporter's Record of the

14   proceedings truly and correctly reflects the exhibits,

15   if any, offered by the respective parties.

16       I further certify that the total cost for the

17   preparation of this Reporter's Record is $_____ and

18   was paid/will be paid by _____.

19
                              /s/Laura M. Cutherell
20                            _____

21                            Laura M. Cutherell, CSR
                              Texas CSR 3049
22                            Official Court Reporter
                              County Civil Court at Law No. 3
23                            Harris County, Texas
                              201 Caroline St., 5th Floor
24                            Houston, Texas 77079
                              Telephone:  (832)927-1733
25                            Expiration:  07/31/2027
```