# FIRST AMENDED COMPLAINT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**

OCT 06 2025

Nathan Ochsner, Clerk of Court

Rachael Griffin-El, sui juris, ex rel.

 RACHAEL LEE GRIFFIN,

Plaintiff,

v.
Civil Action No. 4:25-cv-02013

JPMorgan Chase Bank, N.A., a foreign corporation;

Jamie Dimon, U.S. Citizen, CEO;

Franklin Credit Management Corporation;

Thomas J. Axon, U.S. Citizen, CEO;

PCF Properties in TX, LLC, a foreign corporation;

Antony Halaris, U.S. Citizen, Managing Member;

Defendants.

## I. INTRODUCTION

This First Amended Complaint consolidates Plaintiff's claims against Jamie Dimon, U.S. Citizen and CEO of JPMorgan Chase Bank, N.A.; Thomas J. Axon, U.S. Citizen and CEO of Franklin Credit Management Corporation; and Antony Halaris, U.S. Citizen and Managing Member of PCF Properties in TX, LLC, arising from Defendants' unlawful attempts to collect on an alleged mortgage debt and to foreclose upon and dispossess Plaintiff of her ancestral estate located at 703 Deveron Lane, Houston, Texas.

Defendants are not lawful holders in due course under the Uniform Commercial Code (Articles 3 and 9). The alleged note was securitized and became a security under 15 U.S.C. § 78c(a)(10) after nine months, severing it from the deed of trust and rendering it unenforceable. Defendants' actions further violated the FDCPA, TILA, and FCRA, and constitute fraud, mail fraud (18 U.S.C. § 1341), bank fraud (18 U.S.C. § 1344), and slander of title.

## II. JURISDICTION AND VENUE

1. Jurisdiction arises under Article III, Section 2 of the United States Constitution and Article VI (Supremacy Clause), as treaties form the supreme law of the land. Plaintiff invokes the Treaty of Peace and Friendship (1787/1836) securing property and due-process rights.
2. Federal jurisdiction is also proper under the FDCPA (15 U.S.C. § 1692 et seq.), TILA (15 U.S.C. § 1601 et seq.), and FCRA (15 U.S.C. § 1681 et seq.), all cited without waiver of Plaintiff's treaty rights.
3. Venue is proper because the property is near Harris County, Texas, and the unlawful acts occurred within this District.

## III. PARTIES

- Plaintiff: Rachael Griffin-El, sui juris, ex rel. RACHAEL LEE GRIFFIN, an aboriginal and indigenous Moorish American national. Plaintiff is the grantor who conveyed all right, title, interest, and possession of the subject property but does not act as trustee or beneficiary of any trust.

- Defendants:

    • JPMorgan Chase Bank, N.A., a foreign corporation operating near the United States;

    • Jamie Dimon, a U.S. citizen and European male, Chief Executive Officer of JPMorgan Chase & Co.;

- Franklin Credit Management Corporation, a foreign corporation operating near the United States;

- Thomas J. Axon, a U.S. citizen and European male, Chief Executive Officer of Franklin Credit Management Corporation;

- PCF Properties in TX, LLC, a foreign limited liability corporation operating near Texas and the United States.

- Antony Halaris, a U. S. citizen and European male, Managing Member of PCF Properties in TX, LLC.

## IV. FACTUAL BACKGROUND

1. . On April 4, 2025, Plaintiff conveyed all right, title, interest, and possession in the property located at 703 Deveron Lane, Houston, Texas, Providence into the R L FREEMAN TRUST. Notice of this conveyance was duly served by Certified Mail— Tracking No. 7020 1290 0000 5986 8010 to Franklin Credit Management Corporation and Tracking No. 7020 1290 0000 5986 8185 to JPMorgan Chase Bank, N.A. Neither recipient provided any rebuttal or acknowledgment within the lawful period, and the record remains unrebutted.
2. On April 15, 2025, the conveyance was recorded in the Harris County Clerk's Office (Doc. No. RP-2025-13788).
3. Chain of title:
    - 2005–2009: Griffin, Rachael
    - 2009–2025: Griffin, Rachael Lee
    - March–June 2025: R L FREEMAN TRUST (lawful owner/possessor)
    - June 2025–present: PCF Properties in TX, LLC (unlawfully inserted).
4. The Trust is irrevocable, paid consideration, and held equitable and legal title. Plaintiff is grantor only.
5. Texas Property Code § 51.002(b) 3 requires foreclosure notices to the record title holder. R L FREEMAN TRUST received none.
6. Final judgment was entered Sept. 2, 2025; a writ of possession was issued Sept. 5, 2025 — only 3 days later, violating Tex. Prop. Code § 24.0061(b) (mandatory 6-day delay). Defendants enforced this premature writ.
7. Defendants mailed fraudulent documents and mortgage statements to Plaintiff, invoking 18 U.S.C. § 1341 (Mail Fraud).
8. Under United States v. Throckmorton, 98 U.S. 61 (1878), fraud vitiates contracts, documents, and judgments. All foreclosure instruments, notices, and writs obtained through fraud are void ab initio.

# V. CLAIMS FOR RELIEF

### Count I – Fraud & UCC Articles 3 and 9 (Lack of Holder in Due Course)

Defendants lack lawful holder-in-due-course (HIDC) status under UCC § 3-302. The alleged promissory note was converted into a security under 15 U.S.C. § 78c(a)(10) once it was pooled and sold to third-party investors, severing the note from the deed of trust and destroying the unity of obligation.

The alleged mortgage is a liability, not an asset. Once the original note was securitized, it ceased to exist as an alleged loan receivable and was converted into a security. At that moment, Defendants no longer held creditor status and could act only as servicers. Any attempt to collect or foreclose after securitization constitutes fraud, misrepresentation, and unlawful conversion under UCC Articles 3 and 9 and related federal statutes.

Pursuant to 50 U.S.C. § 4305(b), the original promissory note and deed of trust were discharged and destroyed in law, constituting full acquittance and extinguishment of the obligation. Nevertheless, unauthorized copies were sold or transferred to third-party interloper investors, who used those copies as color of title and collateral for their own debt instruments issued in the artificial corporate name styled in all capital letters. These acts violate 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, prohibiting manipulative or deceptive devices in the sale or trade of securities, and further constitute fraud and bank fraud under 18 U.S.C. §§ 1341 and 1344.

Legal Effect: Once the original instruments were discharged and destroyed under 50 U.S.C. § 4305(b) and the subsequent copies were trafficked in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, the entire chain of title and enforcement authority was rendered void ab initio. No lawful holder in due course or creditor remains. Any foreclosure or collection based on such void paper is null, fraudulent, and unenforceable in law and equity.

### Count II – Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

Defendants JPMorgan Chase Bank, N.A.; Franklin Credit Management Corporation; and PCF Properties in TX, LLC, through their officers, agents, and representatives, engaged in debt-collection activity without lawful standing, in violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). Their agents made false and misleading representations regarding the character, amount, and legal status of the alleged debt, in violation of § 1692e; used unfair or unconscionable means to collect or attempt to collect a discharged obligation, in violation of § 1692f; and failed to validate the alleged debt, in violation of § 1692g.

Each communication sent through mail or electronic means constitutes a separate violation implicating 18 U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud). Plaintiff seeks relief under 15 U.S.C. § 1692k for actual, statutory, and punitive damages, together with declaratory and injunctive relief as this Court deems just and proper.

## Count III – Truth in Lending Act (15 U.S.C. § 1601 et seq.)

Defendants violated the Truth in Lending Act (15 U.S.C. § 1601 et seq.) by concealing the true nature of the transaction and the identity of the creditor. They failed to disclose that the alleged note would be sold and securitized as an investment security under 15 U.S.C. § 78c(a)(10), violating 15 U.S.C. §§ 1631–1639 and Regulation Z (12 C.F.R. § 1026). Their failure to provide clear disclosure of finance charges, assignment rights, and servicing transfers constitutes material misrepresentation under 15 U.S.C. § 1638(a) and 12 C.F.R. § 1026.17. By attempting to enforce a note already discharged under 50 U.S.C. § 4305(b), Defendants also violated 15 U.S.C. § 1635 (right of rescission). Plaintiff seeks damages under 15 U.S.C. § 1640(a) and injunctive relief prohibiting further collection on any void instrument.

## Count IV – Fair Credit Reporting Act & Defamation (15 U.S.C. § 1681 et seq.)

Defendants reported false information regarding the alleged debt to credit agencies without lawful verification in violation of 15 U.S.C. § 1681s-2. They failed to investigate disputes and correct inaccurate entries, resulting in damage to Plaintiff's credit reputation and violating federal consumer protection statutes.

## Count V – Slander of Title / Quiet Title

Defendants' unlawful foreclosure and recording of false documents clouded title to Plaintiff's ancestral estate. Plaintiff seeks quiet title and injunctive relief to remove the cloud and restore lawful possession.

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare that Defendants lack standing to enforce any note or deed of trust;
2. Quiet title in the proper record holder;
3. Enjoin Defendants from further foreclosure, possession, or collection actions;
4. Award compensatory, statutory, and punitive damages under the FDCPA, TILA, and FCRA;
5. Order correction of all false credit reports; and
6. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 6, 2025

Rachael Griffin-El, ex rel RACHAEL LEE GRIFFIN

All Rights Reserved – Without Prejudice – UCC 1-308

c/o 709 Deveron Lane (Houston, Texas Republic [77090])

Non-domestic, Non-resident, Zip Exempt



## CC: Copies of this filing have been duly served and noticed to the following officials and offices:

- Pamela Bondi – United States Attorney General
- Scott Bessent – U.S. Department of the Treasury, Office of Foreign Assets Control (OFAC)
- Ed Gonzalez – Sheriff, Harris County Sheriff's Office
- Teneshia Hudspeth – County Clerk, Harris County, Texas

- Nicholas J. Ganjei – United States Attorney, Southern District of Texas
- T. Michael O'Connor – United States Marshal, Southern District of Texas
- Office of the Consul General – Morocco, Maghrib al-Aqsá
- Marco Rubio – United States Secretary of State
- Jane Nelson – Texas Secretary of State
- Volker Türk – United Nations High Commissioner for Human Rights
- Daniel R. Vizzi – Director, INTERPOL Washington

---

CERTIFICATE OF SERVICE

I hereby certify that on this **6** day of **October** 2025, a true and correct copy of the First Amended Complaint was served by Certified Mail, Return Receipt Requested, upon:

Antony Halaris

Managing Member, PCF Properties in TX, LLC

6046 FM 2920 Rd, Ste 160

Spring, Texas 77379

Tracking No.: **9589 0710 5270 3017 7856 77**

---

Rachael Griffin-El, sui juris

All Rights Reserved – Without Prejudice – UCC 1-308

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Spring, TX 77379

| | | |
|---|---|---|
| Certified Mail Fee $5.30 | | 0056 33 |
| $ | $4.40 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) $ $0.00 | | |
| ☐ Return Receipt (electronic) $ $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery $ $0.00 | | |
| ☐ Adult Signature Required $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage $1.07 | | |
| $ | | 10/06/2025 |
| Total Postage and Fees $10.77 | | |

Sent To Antony Halaris, PCF Properties in TX, LLC
Street and Apt. No., or PO Box No. 6046 FM 2920 Rd Ste 160
City, State, ZIP+4® Spring Texas near 77379

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions



**UNITED STATES POSTAL SERVICE**

WESTFIELD
17119 RED OAK DR
HOUSTON, TX 77090-9998
www.usps.com

10/06/2025                08:47 AM

TRACKING NUMBERS
9589 0710 5270 3017 7856 77

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $1.07 |

  Spring, TX 77379
  Weight: 0 lb 1.60 oz
  Estimated Delivery Date
    Wed 10/08/2025
  Certified Mail®                           $5.30
    Tracking #:
      9589 0710 5270 3017 7856 77
  Return Receipt                            $4.40
    Tracking #:
      9590 9402 9427 5069 2987 51
Total                                       $10.77

Grand Total:                                $10.77

Credit Card Remit                           $10.77
  Card Name: MasterCard
  Account #: XXXXXXXXXXXX3759
  Approval #: 67086Z
  Transaction #: 797
  AID: A0000000041010    Contactless
  AL: MASTERCARD

TO REPORT AN ISSUE
Visit https://emailus.usps.com

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service
1-800-ASK-USPS