UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-02013 |
| **JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON** | § § § § | |
| | § | |
| *Defendants.* | | |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Motion to Dismiss Plaintiff's Amended Complaint and seek dismissal of Plaintiff's claims in their entirety.

### I.    NATURE AND STAGE OF THE PROCEEDING

On or about October 31, 2005, Plaintiff, who at the time went only by Rachael Griffin but has since added the "-El" designation to her name consistent with her allegation that she is a Moorish American national, purchased the real property located at 703 Deveron Lane, Houston, Texas, 77090 (the "Property").[1] Plaintiff purchased the property with two loans from Long Beach Mortgage Company, a first note for $131,012 (the "First Note") and a second note for $32,753 (the "Second Note"). The First Note is secured by a deed of trust recorded in the real property records

---

[1] Plaintiff now writes her address without a zip code, instead indicating it is "Zip Exempt," but the Property is, of course, the same, and the alleged exemption from United States zip codes has no impact on her or JPMC's rights.

**DEFENDANTS' JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT                                PAGE 1**

of Harris County as instrument no. Y886750 (the "First Deed of Trust"). *See* Ex. A. The Second Note is secured by a deed of trust recorded in the real property records of Harris County as instrument no. Y886754 (the "Second Deed of Trust"). *See* Ex. B. On or about July 27, 2015, the First Deed of Trust was assigned to JPMC by the Federal Deposit Insurance Company, as receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company, via a Corporate Assignment of Deed of Trust, recorded in the real property records of Harris County as instrument no. 20120543726. *See* Ex. C. On or about March 1, 2025, Plaintiff purportedly conveyed the Property by a "Quit Claim Deed" to the R L Freeman Trust. *See* Ex. D.

Plaintiff filed this suit, *pro se*, on May 5, 2025, generally challenging the above-described debts, deeds of trusts, and liens and contending that none of the defendants were entitled to collect, report, or foreclose on the Property. *See* Doc. 1. JPMC and Dimon timely filed their Motion to Dismiss Plaintiff's Complaint on June 25, 2025 (the "First Motion to Dismiss"). Doc. 16. Plaintiff did not file a response to the First Motion to Dismiss. However, on October 6, 2025, she filed her First Amended Complaint (the "Amended Complaint"), purporting to add PCF Properties, LLC and one of its members, Anthony Halaris, as defendants. *See* Doc. 52.[2] The Amended Complaint asserts claims for Fraud, violations of the Uniform Commercial Code, violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Truth in Lending Act ("TILA"), violations of the Fair Credit Reporting Act ("FCRA"), defamation, and Slander of Title / Quiet Title. *See* Doc. 52. None of Plaintiff's claims have merit. To the extent Plaintiff alleges that the First Note, First Deed of Trust, or the underlying debts or liens represented by them are invalid, those allegations are demonstrably false, as reflected by documents of which the Court may take judicial

---

[2] Plaintiff filed the Amended Complaint, which purports to join additional parties to this action, without leave of Court and without the consent of Defendants in violation of Rule 15(a). The Court should therefore strike the Amended Complaint and drop the purportedly newly added parties. To the extent the Court decides to permit the amendment and joinder of parties, Plaintiff fails to state a claim as set forth herein, and her claims should be dismissed.

**DEFENDANTS' JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** PAGE 2

notice. Further, Plaintiff makes no substantive allegations against Dimon, Dimon is not subject to personal jurisdiction in Texas, and Dimon cannot be liable for the alleged causes of action solely by virtue of being the CEO of JPMC's parent company, JPMorgan Chase & Co. Accordingly, Plaintiff fails to state a claim against JPMC and Dimon, and all claims against JPMC and Dimon should be dismissed.

## II.     ISSUES TO BE DECIDED BY THE COURT

1. Whether Plaintiff states any plausible claim against JPMC upon which relief may be granted. The Court's decision on a Rule 12(b)(6) motion is reviewed *de novo*. *In re Katrina Canals Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)

2. Whether Dimon is subject to personal jurisdiction in Texas.

3. Whether Plaintiff states any plausible claim against Dimon upon which relief may be granted.

## III.    REQUEST FOR JUDICIAL NOTICE

In determining the validity of a Rule 12(b)(6) motion, a court cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on

Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Accordingly, JPMC respectfully asks the Court to take judicial notice of the following documents that are available in the public record or referenced in the Complaint:

| | |
|---|---|
| Exhibit A: | Certified Copy of October 31, 2005 Deed of Trust recorded in the real property records of Harris County, Texas on November 8, 2005 as instrument no. Y886750; |
| Exhibit B: | Certified Copy of October 31, 2005 Deed of Trust recorded in the real property records of Harris County, Texas on November 8, 2005 as instrument no. Y886754; |
| Exhibit C: | Certified Copy of November 17, 2012 Corporate Assignment of Deed of Trust recorded in the real property records of Harris County, Texas on July 31, 2015 as instrument no. 20120543726; |
| Exhibit D: | Certified Copy of March 1, 2025 Quit Claim Deed, recorded in the real property records of Harris County, Texas on April 5, 2025 as instrument no. RP-2025-137588. |
| Exhibit E: | Plaintiff's Chapter 13 Bankruptcy Schedules (Doc. 12), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Terrence Griffin, Rachael Griffin (debtors)*, Case No. 10-41294; |
| Exhibit F: | Plaintiff's Chapter 13 Voluntary Petition with Schedules (Doc. 1), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Rachael Lee Griffin dba Bona Fide Beauty Salon*, Case No. 16-36061. |
| Exhibit G: | Order Dismissing Chapter 13 Case (Doc. 75), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Terrence Griffin, Rachael Griffin (debtors)*, Case No. 10-41294; |
| Exhibit H: | Order of Discharge (Doc. 77), filed in the United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Rachael Lee Griffin dba Bona Fide Beauty Salon*, Case No. 16-36061. |

## IV.   ARGUMENT AND AUTHORITIES

### A.   Rule 12(b)(2) Motion to Dismiss

In federal court, personal jurisdiction over a nonresident defendant is only proper when: (1) the defendant is amenable to service of process under the forum state's long-arm statute, and

(2) the exercise of personal jurisdiction over the defendant is consistent with due process. *See Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir.2000); *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992); *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 518-19 (S.D. Tex. 2001). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042.

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution requires a two-pronged inquiry. *McCaskey*, 133 F. Supp. 2d at 518-19 (S.D. Tex. 2001). First, the Court must conclude that the defendant has "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must ensure that requiring the defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994).

To show personal jurisdiction, "The plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id*.

The Fifth Circuit established a three-step analysis by which to determine whether a defendant is subject to specific jurisdiction. 1) whether the defendant has minimum contacts with

the forum state, i.e., whether he purposely directed his activities toward the forum state or purposefully availed himself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *McFadin*, 587 F.3d at 759.

Generally, with regard to a motion to dismiss for lack of personal jurisdiction, once a nonresident defendant raises the issue of personal jurisdiction by motion, the plaintiff must bear the burden of establishing the Court's jurisdiction over the nonresident. *See Wilson v. Belin,* 20 F.3d at 648; *McCaskey*, 133 F. Supp. 2d at 519.

Mr. Dimon is a resident of New York with no personal business contacts with the State of Texas. While Mr. Dimon is CEO of JPMorgan Chase & Co., Plaintiff does not allege that he personally conducts business in Texas or that he avails himself of the privileges of conducting business in Texas. There are no allegations to support personal jurisdiction over Mr. Dimon. Plaintiff alleges only that Mr. Dimon is CEO for Chase. There are no allegations regarding his contacts with Texas that would support personal jurisdiction. Accordingly, Plaintiff has not met her burden of demonstrating that the exercise of personal jurisdiction over Mr. Dimon is appropriate. *See Testi v. Chase Home Finance, LLC*, 4:10-cv-272-Y, 2010 WL 2293177, at *2-3 (N.D. Tex. June 7, 2010). The claims against Mr. Dimon should be dismissed for lack of personal jurisdiction.

B.     **Rule 12(b)(6) standard for dismissal.**

To survive a motion to dismiss based on Rule 12(b)(6), a plaintiff must plead sufficient facts to state "a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id*. at 556. The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Twombly*, 550 U.S. at 557.

    **C.**    **Plaintiff fails to state any claims against Mr. Dimon.**

In addition to the arguments below, which apply to both JPMC and Mr. Dimon, Plaintiff fails to state a claim against Mr. Dimon because she does not allege any specific conduct or actions by Mr. Dimon that would support any of her claims. The sole allegation against Mr. Dimon is that he is the "Chief Executive Officer of JPMorgan Chase & Co." Doc. 52, p. 2. The remaining

allegations are made against "defendants" generally, but the context makes it clear that Plaintiff is complaining about the actions of corporate entities, not of Mr. Dimon himself.

"A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (citing *Atuahene v. City of Hartford,* 10 Fed. App'x 33, 34 (2d Cir. 2001)). Indeed, where a plaintiff's pleadings about a particular defendant "provide only conclusory statements and/or irrelevant factual allegations in support of her claims … [t]he plaintiff has failed to plead sufficient facts to raise her right to relief against [that] defendant above the speculative level." *Belford v. Scott*, No. CIV.A. H-11-2329, 2012 WL 3069846, at *6 (S.D. Tex. July 27, 2012) (citing *Iqbal*, 129 S.Ct. at 1949). Plaintiff has done exactly what *Del Castillo* and *Belford* hold she cannot. She has made a single preliminary allegation against Mr. Dimon which is not relevant to her causes of action and then made generalized allegations of wrongdoing against "Defendants" without specifically identifying any wrongful conduct by Mr. Dimon. Plaintiff fails to state a claim against Mr. Dimon, and her claims against Mr. Dimon should be dismissed.

D. **Plaintiff is judicially estopped from challenging the First Note and First Deed of Trust.**

Plaintiff is judicially estopped from arguing the First Note is not a valid debt, or that she did not enter into the First Note or that she does not owe the debt reflected by the First Note and First Deed of Trust, because in both her 2010 and 2016 voluntary Bankruptcy Petitions and Schedules she acknowledged the mortgage without challenging "the security interests encumbering the Property and did not dispute the right of any beneficiary, successor, assign, or trustee under the Deed of Trust."[3] *Rivera v. Recontrust Co., N.A.*, No. 2:11-CV-01695-KJD, 2012

---

[3] *See* Exhibit E, p. 9; Exhibit F, p. 24.

WL 2190710, at *2 (D. Nev. June 14, 2012), *aff'd sub nom. Rivera v. Recontrust Co., NA*, 594 Fed. Appx. 412 (9th Cir. 2015) (dismissing claims challenging a mortgage lender's right to foreclose). Indeed, on her Schedule D in both bankruptcy proceedings, she identified "Chase" (2010) and "Chase Mtg" (2016) as having secured claims in the amount of $178,823 (2010) and $132,579 (2016) under the account ending in 1980 without indicating that the claim was disputed or otherwise challenging the claim. Ex. E, p. 9; Ex. F, p. 24. Courts have consistently held that where a debtor fails to challenge a security interest or secured claim in a bankruptcy petition and schedules and then obtains a discharge in that bankruptcy proceeding, the debtor/plaintiff is subsequently judicially estopped from asserting claims challenging the debt or for quiet title. *Costell v. Bank of New York Mellon*, No. 12-CV-15063, 2013 WL 317746, at *4 (E.D. Mich. Jan. 28, 2013) (granting motion to dismiss because plaintiff was barred by judicial estoppel from seeking to invalidate a foreclosure sale "and, in effect, quiet title" because during their prior bankruptcy proceedings, they "did not challenge the security interests encumbering the property and did not dispute the right of any beneficiary successor, or assign under the [mortgage]."); *River*, 2012 WL 2190710 at *2 (concluding the plaintiff was barred from asserting claims which challenged the bank's security interests encumbering the underlying property because "during the bankruptcy proceedings, Plaintiff did not challenge the security interests…" and "Plaintiff's positions in this case are totally inconsistent with those taken in the bankruptcy proceeding"); *Lund v. Am. Home Mortgage Servicing Inc.*, No. CV1107431MMMRZX, 2011 WL 13221008, at *5 (C.D. Cal. Dec. 13, 2011) (plaintiff judicially estopped from asserting quiet title, cancellation of note, and cancellation of deed of trust claims because she listed the mortgage on the schedule of creditors in her bankruptcy petition and did not indicate the claim was disputed); *In re Dials*, 575 B.R. 137, 150 (Bankr. S.D.W. Va. 2017) (same, except debtor in privity with individual who listed

mortgage as a secured debt in prior Chapter 7 filing). Plaintiff obtained a discharge in the 2016 bankruptcy[4], and the 2010 bankruptcy was dismissed for failure to make plan payments[5], and therefore she is judicially estopped from asserting claims challenging the debt, First Note, and First Deed of Trust.

Plaintiff is also judicially estopped from asserting any claims against JPMC premised on the validity of the debt because she failed to list any such claims on Schedule B in either of her bankruptcy petitions. *See*, Ex. E, Ex. F. Plaintiff cannot now, after receiving a discharge without disclosing such claims and after failing to make plan payments, assert them against JPMC and/or Dimon. *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1030–31 (N.D. Cal. 2010); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416 (3d Cir.1998) (finding a debtor who failed to list a claim against its lender on bankruptcy schedule was estopped from pursuing claims against the lender arising from that dispute); *Conrad v. Bank of America, National Trust and Savings Ass'n.,* 45 Cal.App.4th 133, 148, 53 Cal.Rptr.2d 336 (1996) (analyzing several federal cases and concluding that a lender liability action was precluded where the plaintiff failed to identify the claims in an earlier bankruptcy action).

### E.     Plaintiff fails to state a claim for fraud.

Plaintiff purports to include "Fraud" in "Count I" of the Amended Complaint. *See* Doc. 52, p. 4. However, there are no allegations of fraud, and Plaintiff instead focuses Count I on a purported lack of holder in due course status and her flawed position that the "original promissory note and deed of trust" were discharged and destroyed pursuant to 50 U.S.C. § 4305(b).

To state a claim for fraud, Plaintiff must allege: (1) a material misrepresentation, (2) which was false, (3) which was either known to be false when made or was asserted without knowledge

---

[4] *See* Exhibit H.
[5] *See* Exhibit G.

of its trust, (4) which was intended to be acted upon, (5) which was relied upon, and (6) which caused Plaintiff injury. *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998) (quoting *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994)). Plaintiff does not allege any of these elements, and therefore to the extent she intends to assert a fraud claim, it fails as a matter of law.

> F. **Plaintiff fails to state a claim premised on her theory of lack of holder in due course.**

While not well articulated, Plaintiff purports to allege that the First Note, First Deed of Trust, and the lien and debt created by them are invalid. *See* Doc. 52, p. 3-4. Plaintiff's theory appears to be that Defendants lack holder in due course status and therefore cannot foreclose, and she premises this theory on the allegations that: (1) the First Note was "converted into a security under 15 U.S.C. § 78c(a)(10)" which somehow relieves her from any obligation under it, and (2) the First Note and First Deed of Trust were discharged and destroyed by 50 U.S.C. § 4305(b). *Id.* Plaintiff's legal theories are flawed and nonsensical.

With respect to Plaintiff's argument under 15 U.S.C. § 78c(a)(10), the cited statute is merely a definition, and Plaintiff fails to allege how the definition is relevant and how it would in any way relieve her of the obligation to pay the debt under the First Note and First Deed of Trust or prevent foreclosure of her property in the event of her default.

With respect to Plaintiff's allegation that 50 U.S.C. § 4305(b) somehow destroyed or discharged her obligations under the First Note and First Deed of Trust, Plaintiff grossly misunderstands or mischaracterizes 50 U.S.C. § 4305(b). 50 U.S.C. § 4305, part of the Trading with the Enemy Act, addresses the President's powers relating to the suspension of provisions relating to an ally of an enemy, the regulation of transactions in foreign exchange of gold or silver, property transfer, vested interests, enforcements, and penalties, and is in no way related to

the enforceability of the First Note and First Deed of Trust or the ability of a lender to foreclosure pursuant to them. Subsection (b) is only triggered when the United States is at war, and in no way addresses residential mortgages. Plaintiff fails to state a claim premised on lack of holder in due course status of any defendants, or the purported destruction or discharge of the First Note and First Deed of Trust, and any such claims should be dismissed.

G.    **Plaintiff fails to state a claim for Violation of the FDCPA.**

The Fair Debt Collection Practices Act ("FDCPA") "makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff makes the conclusory allegation that Defendants violated the FDCPA by falsely representing the legal status of a debt, using unfair means to collect or attempt to collect a discharged obligation, and failing to validate the debt. Doc.52, p. 4-5. Plaintiff, however, does not and cannot allege that JPMC or Dimon are debt collectors subject to the FDCPA. "The term 'debt collectors' refers to 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008) (citing 15 U.S.C. § 1692(a)(6). "Mortgage companies collecting debts are not 'debt collectors.'" *Id.* (citing *Perry*, 756 F.2d at 1208). Plaintiff therefore fails to state a claim for Violation of the Fair Debt Collection Practices Act ("FDCPA") because only a debt collector is liable under the FDCPA, and mortgage lenders and servicers are not debt collectors under the Act. 15 U.S.C. § 1692a(6); *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428 (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir.

2008)); *Perry*, 756 F.2d at 1208 ("The legislative history of [the Act] indicates conclusively that a debt collector does not include the consumer's credits, a mortgage servicing company, or an assignee of a debt… .").

Plaintiff fails to state a claim for Violation of the FDCPA against JPMC or Dimon, and her claims against JPMC and Dimon should be dismissed.

### H.      Plaintiff fails to state a claim for Mail Fraud or Wire Fraud.

Plaintiff alleges Defendants committed mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. *See* Doc. 52, p. 5. However, Plaintiff's "invocation of the statute making mail fraud criminal, 18 U.S.C. § 1341, does not avail relief because that statute does not create a private right of action." *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006), *aff'd*, No. 06-11277, 2007 WL 4467580 (5th Cir. Dec. 20, 2007). Similarly, Plaintiff has no right of private action for wire fraud. *Jonna v. GIBF GP, Inc.*, 617 F. Supp. 3d 789, 809 (E.D. Mich. 2022) (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)).

Accordingly, "any claim under 18 U.S.C. § 1341 must be dismissed." *Id.* Likewise, any claim under 18 U.S.C. § 1343 must be dismissed.

### I.      Plaintiff fails to state a claim under the Truth in Lending Act.

The purpose of TILA is to protect consumers from inaccurate and unfair credit practices and "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *James v. City Home Serv., Inc.*, 712 F.2d 193, 194 (5th Cir. 1983) (quoting 15 U.S.C. § 1601(a)); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

Plaintiff alleges the defendants violated TILA by failing to disclose "that the alleged note would be sold and securitized as an investment security" and that "their failure to provide clear

disclosure of finance charges, assignment rights, and servicing transfers constitutes material misrepresentation… ." Doc. 52, p. 5. None of these allegations show a plausible TILA claim.

Plaintiff's TILA claim is also barred by the statute of limitations. Under TILA, the applicable statute of limitations is one or three years.[6] 15 U.S.C. § 1640(e). Because limitations runs from the date that a violation occurs, a borrower's claim based on an alleged failure to make a required TILA disclosure runs from the date the loan was originated or assigned. *See, e.g., Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 628 (S.D. Tex. 2010) (citing 15 U.S.C. § 1640(e)). Plaintiff's loan was originated on or about October 31, 2005. *See* Doc. 16-1, p. 1. Plaintiff fails to allege any assignment. Because the loan was originated on October 31, 2005 and Plaintiff filed this lawsuit more than three years later, her TILA claim is barred by the statute of limitations.

Moreover, Plaintiff fails to allege any fact that would show any defendant failed to provide any notice required under TILA or otherwise failed to comply with the Act. Even if Plaintiff could show that a defendant violated TILA, Plaintiff does not allege facts showing her detrimental reliance or actual damages. *Jameel v. Flagstar Bank, FSB*, No. H-12-1510, 2012 WL 5384177, at *8 (S.D. Tex. Nov. 2, 2012). Accordingly, Plaintiff fails to state a TILA claim, and it should be dismissed.

### J. Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act.

Plaintiff also contends that Defendants violated the FCRA, specifically "15 U.S.C. § 1681s-2." Doc. 52, p. 5. These claims must be dismissed because there is no private right of action in favor of Plaintiff under 15 U.S.C. § 1681s-2.

---

[6] "[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

The FCRA governs claims by consumers, against a furnisher of information based on an allegation that the furnisher submitted incorrect information regarding the consumer to credit reporting agencies. *See generally* 15 U.S.C. § 1681, et seq.; *see also Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008). Section 1681s-2 requires credit furnishers to submit accurate information to credit reporting agencies regarding consumers. It is well established, however, that the FCRA does not provide individuals a private right of action for an alleged violation of 15 U.S.C. §1681s-2. *See, e.g., Thompson v. Homecomings Fin.*, No. 3-05-CV-100-L, 2005 WL 3534234, *3 at n.5 (N.D. Tex. Dec. 19, 2005); *King v. Equifax Info. Servs.*, No. Civ.A. H-05-0628, 2005 WL 1667783, *2 (S.D. Tex. July 15, 2005); *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003); *Brumberger v. Sallie Mae Servicing Corp.*, No. Civ.A. 02-2909, 2003 WL 1733548, *5 (E.D. La. Mar. 28, 2003); *Bacon v. Southwest Airlines Co.*, No. Civ.A.3:97-CV-2211-L, 1999 WL 134569, *3 (N.D. Tex. Mar. 5, 1999); *see also Green*, 288 Fed. Appx. at 642. Enforcement of this section of the FCRA is limited to federal agencies, federal officials, and state officials. *See* 15 U.S.C. §§ 1681s-2(c), (d); *Green*, 288 Fed. Appx. at 642.

Plaintiff does not have a private right of action for alleged violations of 15 U.S.C. §1681s-2(a), and the FCRA claims should be dismissed.

### K.   Plaintiff fails to state a claim for defamation.

"To maintain a defamation cause of action [under Texas law], the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting either with actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Plaintiff fails to allege a published

statement that was defamatory, and she fails to allege negligence. Accordingly, Plaintiff has failed to allege a claim for defamation.

Plaintiff also fails to allege that she made a request for a correction, clarification, or retraction as required by the Texas Defamation Mitigation Act, and she did not make such a request. *See* Tex. Civ. Prac. & Rem. Code § 73.055(a). Such a request is a prerequisite for maintaining an action for defamation. *Id.*

**L. Plaintiff fails to state a claim for Slander of Title or Quiet Title.**

As an initial matter, Plaintiff is judicially estopped from bringing a Slander of Title or Quiet Title claim for the same reasons outlined in Section IV.D, *supra*. However, even if Plaintiff were not judicially estopped, she fails to state a claim for either.

*1.     Plaintiff fails to state a claim for Slander of Title.*

To recover for slander of title, a party must allege and prove: "(1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale." *Wise v. Conklin*, No. 01–13–00840–CV, 2015 WL 1778612, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet.). "Slander of title consists of a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Allen-Pieroni v. Pieroni*, 535 S.W.3d 887, 887 (Tex. 2017). "Special damages exist when the plaintiff can show the loss of a specific, pending sale that was frustrated by the slander." Id. at 889.

Plaintiff completely and utterly fails to allege elements (1), (2), (3), (4), and (6). Her threadbare allegation is that "Defendants' unlawful foreclosure and recording of false documents clouded title to Plaintiff's ancestral estate." Doc. 52, p. 5-6. Plaintiff does not identify any uttered or published statement of disparaging words regarding the Property, she does not allege falsity –

and to the extent she does, there is no falsity because JPMC has a valid lien on the property as indicated by Plaintiff's bankruptcy schedules and the property records, she does not allege or identify any malice by JPMC in making any such statements, and she fails to identify a specific sale that was lost or that was frustrated by JPMC or Mr. Dimon. As a result, Plaintiff fails to state a claim for slander of title.

*2.   Plaintiff has not stated a claim for quiet title.*

Under Texas law, a claim to quiet title requires that the plaintiff prove: "(1) [s]he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable." *Cervantes v. New Century Mortg. Corp.*, 633 Fed. Appx. 290, 291 (5th Cir. 2016). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Id.*

Plaintiff's quiet title claim is premised on a purportedly unlawful foreclosure and recording of false documents. *See* Doc. 52, p. 6. But JPMC had a validly recorded lien, *see* Ex. A, and Plaintiff has previously acknowledged the validity of JPMC's lien as reflected in her bankruptcy schedules (specifically Schedule D for each). Ex. E, p. 9, Ex. F, p. 24. Therefore, Plaintiff does not and cannot allege that the lien or foreclosure sale are invalid or unenforceable, and Plaintiff's quiet title claim fails.

V.
**<u>CONCLUSION</u>**

WHEREFORE, JPMC and Dimon pray that the Court grant this Motion to Dismiss, dismissing all claims asserted by Plaintiff against JPMC and Mr. Dimon with prejudice because

Plaintiff does not state a claim upon which relief can be granted and because Mr. Dimon is not subject to personal jurisdiction, and grant JPMC and Mr. Dimon whatever other relief they may show themselves to be justly entitled.

          Respectfully submitted,

          */s/ Eric G. Carlson*
          WM. LANCE LEWIS, Attorney-in-Charge
          Texas Bar No. 12314560
          S.D. Bar No. 28635
          ERIC G. CARLSON, of counsel
          Texas Bar No. 24100076
          S.D. Bar No. 3076490
          **QUILLING, SELANDER, LOWNDS,**
            **WINSLETT & MOSER, P.C.**
          2001 Bryan Street, Suite 1800
          Dallas, Texas 75201
          (214) 871-2100 (Telephone)
          (214) 871-2111 (Facsimile)
          llewis@qslwm.com
          ecarlson@qslwm.com

          **ATTORNEYS FOR DEFENDANTS**
          **JPMORGAN CHASE BANK,**
          **NATIONAL ASSOCIATION AND**
          **JAMIE DIMON**

### CERTIFICATE OF SERVICE

    This is to certify that on November 7, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

          */s/ Eric G. Carlson*
          Eric G. Carlson