Loan No: ▓2127
Bo**HOLD FOR**HAEL GRIFFIN
**CHICAGO TITLE**
G.F.25122X4
**D.M/W.L.**

Data ID: 716

Y886750
11/08/05  200999026          $48.00

Return to:   LONG BEACH MORTGAGE COMPANY
             P.O. BOX 201085
             STOCKTON, CA  95202

———————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on the 31st day of October, 2005.
The grantor is RACHAEL GRIFFIN AND HUSBAND,  TERRENCE TREMAYNE GRIFFIN

("Borrower"). 

The trustee is MICHAEL L. RIDDLE, whose address is 717 NORTH HARWOOD, SUITE 2400, DALLAS, TEXAS
75201
("Trustee").

The beneficiary is LONG BEACH MORTGAGE COMPANY , A CORPORATION,

which is organized and existing under the laws of the State of DELAWARE,
and whose address is 1400 SOUTH DOUGLASS ROAD, SUITE 100, ANAHEIM, CA  92806
("Lender").

Borrower owes Lender the principal sum of **ONE HUNDRED THIRTY-ONE THOUSAND TWELVE and
NO/100-----Dollars (U.S. $ 131,012.00).**  This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
**November 1, 2035.**
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under
paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to
Trustee, in trust, with power of sale, the following described property located in HARRIS County, Texas:

    LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY,
    TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF
    THE MAP RECORDS OF HARRIS COUNTY, TEXAS.



which has the address of 703 DEVERON LANE [Street]                               HOUSTON,
TEXAS          77090 [Zip Code]                        ("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances,
and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security
Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant
and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants
and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited
variations by jurisdiction to constitute a uniform security instrument covering real property.

**EXHIBIT
A**

**TEXAS** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna          Form 3044    03/98       (Page 1 of 8 Pages)



UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**Form 3044    03/98**    *(Page 2 of 5 Pages)*



Loan No: ██2127                                                                                         Data ID: 716

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any

Form 3044    03/96                                      (Page 3 of 5 Pages)



notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public vendue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees of 15.00% of the sums due under the Note described above or the amount allowable under applicable state law; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

**22. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**23. Substitute Trustee.** Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

Form 3044    03/98                    (Page 4 of 5 Pages)

RF 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



Loan No: ████2127                                                    Data ID: 716

**24. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**25. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**26. Waiver of Notice of Intention to Accelerate.** Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

**27. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider ☐ Condominium Rider ☐ 1–4 Family Rider
☐ Graduated Payment Rider [X] Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ Balloon Rider ☐ Rate Improvement Rider ☐ Second Home Rider
☐ Other(s) [specify]

**28. Purchase Money; Vendor's Lien; Renewal and Extension.** [Complete as appropriate] The Note secured hereby is primarily secured by the Vendor's Lien retained in the Deed conveying Property to Borrower dated or effective the same date as this Security Instrument, which Vendor's Lien has been assigned to Lender, this Security Instrument being additional security therefor.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____(Seal)        _____(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower          RACHAEL GRIFFIN —Borrower

[Space Below This Line For Acknowledgment]

State of TEXAS                          §
County of Harris                        §

This instrument was acknowledged before me on the 31st day of October, 20 05 by
RACHAEL GRIFFIN AND TERRENCE TREMAYNE GRIFFIN

_____
Notary Public

_____
(Printed Name)

My commission expires:_____



AURORA BROOKS
NOTARY PUBLIC
STATE OF TEXAS
My Comm Expires 10-15-2008

Form 3044   03/98        (Page 5 of 5 Pages)



Loan No: ⬛2127                                          Data ID:  716
Borrower:  RACHAEL GRIFFIN

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 31st day of October, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to LONG BEACH MORTGAGE COMPANY

(the "Lender")
of the same date and covering the Property described in the Security Instrument and located at:

703 DEVERON LANE
HOUSTON, TEXAS  77090
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

DECLARATIONS AND COVENANTS
(the "Declaration").  The Property is a part of a planned unit development known as

ELLA CROSSING, SECTION 1
[Name of Planned Unit Development]

(the "PUD").  The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.  **PUD Obligations.**  Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents.  The "Constituent Documents" are the:  (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association.  Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B.  **Hazard Insurance.**  So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

(i)  Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

(ii)  Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender.  Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C.  **Public Liability Insurance.**  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3150    09/90
*(Page 1 of 2 Pages)*



Loan No: ▓2127                                                    Data ID:  716

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.  Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i)  the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii)  any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii)  termination of professional management and assumption of self-management of the Owners Association; or

(iv)  any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them.  Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

...........................................(Seal)                    ...........................................(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower                    RACHAEL GRIFFIN —Borrower

**Form 3150     09/90     *(Page 2 of 2 Pages)***

Loan No: ░░2127
Borrower: RACHAEL GRIFFIN

Data ID: 716

# FIXED/ADJUSTABLE RATE RIDER
### (LIBOR Index — Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this 31st day of October, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to LONG BEACH MORTGAGE COMPANY (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

703 DEVERON LANE
HOUSTON, TEXAS  77090
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN THE BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE.  THE NOTE LIMITS THE AMOUNT THE BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.**  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial fixed interest rate of **8.05 %**.  The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4.  ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of **November, 2007**, and the adjustable interest rate I will pay may change on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*.  The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **FOUR and 99/100** percentage points (**4.99 %**) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

**MULTISTATE FIXED/ADJUSTABLE RATE RIDER—LIBOR INDEX** — Single Family
6/95
*(Page 1 of 2 Pages)*

RP 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



Loan No: ▮2127                                                    Data ID: 716

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **10.0500 %** or less than **8.0500 %**. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than **ONE** percentage point(s) **(1.00 %)** from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **14.0500 %**, which is called the "Maximum Rate" or less than **8.0500 %**, which is called the "Minimum Rate."

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my adjustable interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

.................................................(Seal)          .................................................(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower          RACHAEL GRIFFIN —Borrower



RP 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

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

NOV - 8 2005

COUNTY CLERK
HARRIS COUNTY, TEXAS

*(Page 2 of 2 Pages)*





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 24, 2025

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk
Harris County, Texas**

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and
unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the
Public Information Act.

CHICAGO TITLE
GF 258 2281
DJM/W.L.

After Recording Please Return To:
LONG BEACH MORTGAGE COMPANY
P.O. BOX 201085
STOCKTON, CA 95202

Y886754
11/08/05  200999027         $64.00

[Space Above This Line For Recording Data]

Loan No:  ██2184
Borrower:   RACHAEL GRIFFIN

Data ID:  719

# SECURITY DOCUMENT
## (Second Lien)

## DEFINITIONS

a.  "Loan Agreement" means the Note, Security Document, deed of trust, any other related document, or any combination of those documents, under which you made a loan to me.

b.  "Security Document" means this document, which is dated **October 31, 2005**, together with all Riders to this document.

c.  "I" or "me" means RACHAEL GRIFFIN AND HUSBAND, TERRENCE TREMAYNE GRIFFIN     , the grantor under this Security Document and the person who signed the Note ("Borrower").

d.  "You" means LONG BEACH MORTGAGE COMPANY , A CORPORATION, the Lender and any holder entitled to receive payments under the Note.  Your address is 1400 SOUTH DOUGLASS ROAD, SUITE 100, ANAHEIM, CA  92806.  You are the beneficiary under this Security Document.

e.  "Trustee" is MICHAEL L. RIDDLE.  Trustee's address is 717 NORTH HARWOOD, SUITE 2400, DALLAS, TEXAS  75201.

f.  "Note" means the Note signed by me and dated **October 31, 2005**.  The Note states that the amount I owe you is **THIRTY-TWO THOUSAND SEVEN HUNDRED FIFTY-THREE and NO/100-----Dollars** (U.S. $ 32,753.00) plus interest.  I have promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **November 1, 2035.**

g.  "The Property" means the property that is described below under the heading "Transfer of Rights in the Property."

h.  "Loan" means the debt evidenced by the Note and all the documents executed in connection with the debt.



TEXAS SECURITY DOCUMENT (Second Lien)
© 2005 Middleberg, Riddle & Gianna

1/04         (Page 1 of 11 Pages)

EXHIBIT
B



Loan No: ▮2184                                                   Data ID: 719

i. "Riders" means all Riders to this Security Document that I execute. The Riders include: PUD Rider

j. "Applicable Law" means all controlling applicable federal, Texas and state constitutions, statutes, regulations, administrative rules, local ordinances and judicial and administrative orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

k. "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on me or the Property by a condominium association, homeowners association or similar organization.

l. "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. The term includes point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

m. "Escrow Items" means those items that are described in Section 2 of this Security Document.

n. "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than proceeds paid under my insurance) for: damage or destruction of the Property; condemnation or other taking of all or any part of the Property; conveyance instead of condemnation; or misrepresentations or omissions related to the value or condition of the Property.

o. "Periodic Payment" means the regularly scheduled amount due for principal and interest under the Note plus any amounts under this Security Document.

p. "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Document, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan Agreement does not qualify as a "federally related mortgage loan" under RESPA.

q. "Successor in Interest of me" means any party that has taken title to the Property, whether or not that party has assumed my obligations under the Loan Agreement.

r. "Ground Rents" means amounts I owe if I rented the real property under the buildings covered by this Security Document. Such an arrangement usually takes the form of a long-term "ground lease."

**SECURED AGREEMENT**

To secure the Loan, I give you a security interest in the Property including existing and future improvements, easements, fixtures, attachments, replacements and additions to the Property, insurance refunds, and proceeds.

**TRANSFER OF RIGHTS IN THE PROPERTY**

I give to the Trustee, in trust, with power of sale, the Property located in HARRIS County at 703 DEVERON LANE, HOUSTON, TEXAS 77090 and further described as:

LOT FIVE (5) BLOCK TWO (2) OF ELLA CROSSING, SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN FILM CODE NO. 583137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.





**TEXAS SECURITY DOCUMENT (Second Lien)**
© 2005 Middleberg, Riddle & Gianna                          1/04        *(Page 2 of 11 Pages)*



Loan No: ███2184                        Data ID: 719

The security interest in the Property includes existing and future improvements, easements, fixtures, attachments, replacements and additions to the Property, insurance refunds, and proceeds.

This Security Document secures:

    a. repayment of the Note, and all extensions and modifications of the Note; and
    b. the completion of my promises and agreements under the Loan Agreement.

I warrant that I own the Property and have the right to grant you an interest in it. I also warrant that the Property is free of any lien, except liens that are publicly recorded. I promise that I will generally defend the title to the Property. I will be responsible for your losses that result from a conflicting ownership right in the Property. Any default under my agreements with you will be a default of this Security Document.

**YOU AND I PROMISE:**

**1. PAYMENT OF LATE CHARGES AND PREPAYMENT**

I will timely pay the principal, interest, and any other amounts due under the Loan Agreement. I will comply with the requirements of my escrow account under the Loan Agreement. I will make payments in U.S. currency. If any check is returned to you unpaid, you may select the form of future payments including:

    a. cash;
    b. money order;
    c. certified check, bank check, treasurer's check or cashier's check drawn upon an institution whose deposits are federally insured; or
    d. Electronic Funds Transfer.

I will make payments to the location as you direct. You will apply my payments against the loan only when they are received at the designated location. You may change the location for payments if you give me notice.

You may return any partial payment that does not bring the account current. You may accept any payment or partial payment that does not bring the account current without losing your rights to refuse full or partial payments in the future. I will not use any offset or claim against you to relieve me from my duty to make payments under the Loan Agreement.

**2. FUNDS FOR ESCROW ITEMS**

I will pay you an amount ("Funds") for:

    a. taxes and assessments and other items that can take priority over your security interest in the Property under the Loan Agreement;
    b. leasehold payments or Ground Rents on the Property, if any; and
    c. premiums for any insurance you require under the Loan Agreement.

These items are called "Escrow Items." At any time during the term of the Loan Agreement, you may require me to pay Community Association Dues, Fees, and Assessments, if any, as an Escrow Item.

I will promptly give you all notices of amounts to be paid. I will pay you the Funds for Escrow Items unless you, at any time, waive my duty to pay you. Any escrow waiver must be in writing. If you waive my duty to pay you the Funds, I will pay, at your direction, the amounts due for waived Escrow Items. If you require, I will give you receipts showing timely payment. My duty to make Escrow Item payments and to provide receipts is an independent promise in the Loan Agreement.

If you grant me an escrow waiver, you may require me to pay the waived Escrow Items. If I fail to directly pay the waived Escrow Items, you may use any right given to you in the Loan Agreement. You may pay waived Escrow Items and require me to repay you. You may cancel the waiver for Escrow Items at any time by a notice that complies with the Loan Agreement. If you cancel the waiver, I will pay you all Funds that are then required under this Section.

At any time you may collect and hold Funds in an amount:

    a. to permit you to apply the Funds at the time specified under RESPA, and
    b. not to exceed the maximum amount you may require under RESPA.

You will estimate the amount of Funds due on the basis of current data and reasonable estimates of future expenses for Escrow Items or otherwise, according to Applicable Law. The Funds will be held in an institution whose deposits are federally insured (including you, if your deposits are insured) or in any Federal Home Loan Bank.

**TEXAS SECURITY DOCUMENT (Second Lien)**
© 2005 Middleberg, Riddle & Gianna                          1/04     *(Page 3 of 11 Pages)*

RP 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



Loan No: ▓2184                                                                                     Data ID: 719

You will timely pay Escrow Items as required by RESPA. You will not charge me a fee for maintaining or handling my escrow account. You are not required to pay me any interest on the amounts in my escrow account. You will give me an annual accounting of the Funds as required by RESPA. If there is a surplus in my escrow account, you will follow RESPA. If there is a shortage or deficiency, as defined by RESPA, you will notify me, and I will pay you the amount necessary to make up the shortage or deficiency. I will repay the shortage or deficiency in no more than twelve monthly payments. You will promptly return to me any Funds after I paid the Loan Agreement in full.

**3. CHARGES AND LIENS**

I will timely pay all taxes, assessments, charges, and fines relating to the Property that can take priority over this Security Document. I also will timely pay leasehold payments or Ground Rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. If these items are Escrow Items, I will pay them as required by the Loan Agreement. I will promptly satisfy any lien that has priority over this Security Document unless I:

    a. agree in writing to pay the amount secured by the lien in a manner acceptable to you and only so long as I comply with my agreement;

    b. contest the lien in good faith by stopping the enforcement of the lien through legal proceedings (this contest must be satisfactory to you); or

    c. obtain an agreement from the holder of the lien that is satisfactory to you.

If you determine that any part of the Property is subject to a lien that can take priority over this Security Document, you may give me a notice identifying the lien. I will satisfy the lien or take one or more of the actions described above in this Section within 10 days of the date of the notice.

**4. PROPERTY INSURANCE**

I will insure the current and future improvements to the Property against loss by fire, hazards included within the term "extended coverage," and any other hazards including earthquakes and floods, as you may require. I will keep this insurance in the amounts (including deductible levels) and for the periods that you require. You may change these insurance requirements during the term of the Loan Agreement. I have the right to choose an insurance carrier that is acceptable to you. You will exercise your right to disapprove reasonably.

**I MUST KEEP THE PROPERTY INSURED AGAINST DAMAGE OR LOSS IN AT LEAST THE AMOUNT I OWE. I MAY OBTAIN PROPERTY INSURANCE FROM ANYONE I WANT OR PROVIDE PROOF OF INSURANCE I ALREADY HAVE. THE INSURER MUST BE AUTHORIZED TO DO BUSINESS IN TEXAS. ☐ IF THIS BOX IS CHECKED, THE PREMIUM IS NOT FIXED OR APPROVED BY THE TEXAS DEPARTMENT OF INSURANCE.**

I will pay any fee charged by the Federal Emergency Management Agency for the review of any flood zone determination. You may require me to pay either:

    a. a one-time charge for flood zone determination, certification and tracking services; or

    b. a one-time charge for flood zone determination and certification services; and subsequent charges each time re-mappings or similar changes occur that reasonably might affect the determination or certification.

If I do not keep any required insurance, you may obtain insurance at your option and at my expense. You are not required to purchase any type or amount of insurance. Any insurance you buy will always protect you, but may not protect me, my equity in the Property, my contents in the Property or protect me from certain hazards or liability. I understand that this insurance may cost significantly more than insurance I can purchase. I will owe you for the cost of any insurance that you buy under this section. Interest will be charged on this amount at the interest rate used by the Note. The interest will be charged from the date you made the payment. You will give me notice of the amounts I owe under this Section.

You may disapprove any insurance policy or renewal. Any insurance policy must include a standard mortgage clause, and must name you as mortgagee or a loss payee. I will give you all insurance premium receipts and renewal notices, if you request. If I obtain any optional insurance to cover damage or destruction of the Property, I will name you as a loss payee. In the event of loss, I will give notice to you and the insurance company. You may file a claim if I do not file one promptly. You will apply insurance proceeds to repair or restore the Property unless your interest will be reduced or it will be economically unreasonable to perform the work. You may hold the insurance proceeds until you have had an opportunity to inspect the work and you consider the work to be acceptable. The insurance proceeds may be given in a single payment or multiple payments as the work is completed. You will not pay any interest on the insurance proceeds. If I hire a public adjuster or other third party, I am responsible for the fee. It will not be paid from the insurance proceeds. The insurance proceeds will be applied to the amount I owe if your interest will be reduced or if the work will be economically unreasonable to perform. You will pay me any excess insurance proceeds. You will apply insurance proceeds in the order provided by the Loan Agreement.

**TEXAS SECURITY DOCUMENT (Second Lien)**
© 2005 Middleberg, Riddle & Gianna                                         1/04     *(Page 4 of 11 Pages)*

RP 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

Loan No: ⬛2184                                                     Data ID: 719

If I abandon the Property you may file, negotiate, and settle any insurance claim. If the insurance company offers to settle a claim and I do not respond within thirty days to a notice from you, then you may settle the claim. The 30-day period will begin when the notice is given. If I abandon the Property, fail to respond to the offer of settlement, or you foreclose on the Property, I assign to you:

    a. my rights to any insurance proceeds in an amount not greater than what I owe; and
    b. any of my other rights under insurance policies covering the Property.

You may apply the proceeds to repair or restore the Property or to the amount that I owe.

**5. PRESERVATION, MAINTENANCE, PROTECTION, AND INSPECTION OF THE PROPERTY**

I will not destroy, damage or impair the Property, allow it to deteriorate, or commit waste. Whether or not I live in the Property, I will maintain it in order to prevent it from deteriorating or decreasing in value due to its condition. I will promptly repair the damage to the Property to avoid further deterioration or damage unless you and I agree in writing that it is economically unreasonable. I will be responsible for repairing or restoring the Property only if you release the insurance or condemnation proceeds for the damage to or the taking of the Property. You may release proceeds for the repairs and restoration in a single payment or in a series of payments as the work is completed. I still am obligated to complete repairs or restoration of the Property even if there are not enough proceeds to complete the work. If this Security Document secures a unit in a condominium or planned unit development, I will perform all of my obligations under the declaration or covenants creating or governing the condominium or planned unit development, and any other relevant document. You or your agent may inspect the Property. You may inspect the interior of the Property with reasonable cause. You will give me notice stating reasonable cause when or before the interior inspection occurs.

**6. PROTECTION OF LENDER'S INTEREST IN THE PROPERTY AND RIGHTS UNDER THE SECURITY DOCUMENT**

You may do whatever is reasonable to protect your interest in the Property, including protecting or assessing the value of the Property, and securing or repairing the Property. You may do this when:

    a. I fail to perform the promises and agreements contained in the Loan Agreement;
    b. a legal proceeding might significantly affect your interest in the Property or rights under the Loan Agreement (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may have priority over the Loan Agreement or to enforce laws or regulations); or
    c. I abandon the Property.

In order to protect your interest in the Property, you may:

    a. pay amounts that are secured by a lien on the Property which has or will have priority over the Loan Agreement;
    b. appear in court; or
    c. pay reasonable attorneys' fees.

You may enter the Property to secure it. To secure the Property, you may make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. You have no duty to secure the Property. You are not liable for failing to take any action listed in this Section. Any amounts you pay under this Section will become my additional debt secured by the Loan Agreement. These amounts will earn interest at the rate specified in the Loan Agreement. The interest will begin on the date the amounts are paid. You will give me notice requesting payment of these amounts. If the Loan Agreement is on a leasehold, I will comply with the lease.

**7. ASSIGNMENT OF MISCELLANEOUS PROCEEDS AND FORFEITURE**

Any Miscellaneous Proceeds will be assigned and paid to you. If the Property is damaged, Miscellaneous Proceeds will be applied to restore or repair the Property. You will only do this if your interest in the Property will not be reduced and if the work will be economically reasonable to perform. You will have the right to hold Miscellaneous Proceeds until you inspect the Property to ensure the work has been completed to your satisfaction. You must make the inspection promptly. You may release proceeds for the work in a single payment or in multiple payments as the work is completed. You are not required to pay me any interest on the Miscellaneous Proceeds. The Miscellaneous Proceeds will be applied to the amount I owe if your interest in the Property will be reduced or the work will be economically unreasonable to perform. You will pay me any excess Miscellaneous Proceeds. You will apply Miscellaneous Proceeds in the order provided by the Loan Agreement.

TEXAS SECURITY DOCUMENT (Second Lien)
© 2005 Middleberg, Riddle & Gianna                                    1/04    *(Page 5 of 11 Pages)*

Loan No:    2184                                                    Data ID:  719

You will apply all Miscellaneous Proceeds to the amount I owe in the event of a total taking, destruction, or loss in value of the Property. You will apply the Miscellaneous Proceeds even if all payments are current. You will give any excess Miscellaneous Proceeds to me.

A partial loss can include a taking, destruction, or loss in value. In the event of a partial loss, the Miscellaneous Proceeds will be applied in one of two ways:

    a. If the fair market value of the Property immediately before the partial loss is less than the amount I owe immediately before the partial loss, then you will apply all Miscellaneous Proceeds to the amount I owe even if all payments are current.

    b. If the fair market value of the Property immediately before the partial loss is equal to or greater than the amount I owe immediately before the partial loss, then you will apply Miscellaneous Proceeds to the amount I owe in the following manner:

        1. The amount of Miscellaneous Proceeds multiplied by the result of,

        2. The amount I owe immediately before the partial loss divided by the fair market value of the Property immediately before the partial loss.

You and I can agree otherwise in writing. You will give any excess Miscellaneous Proceeds to me.

If I abandon the Property you may apply Miscellaneous Proceeds either to restore or repair the Property, or to the amount I owe.

Damage to the Property caused by a third party may result in a civil proceeding. If you give me notice that the third party offers to settle a claim for damages to the Property and I fail to respond to you within thirty days, you may accept the offer and apply the Miscellaneous Proceeds either to restore or repair the Property or to the amount I owe. If the proceeding results in an award of damages, you will apply the Miscellaneous Proceeds according to this Section.

## 8. FORBEARANCE NOT A WAIVER

My successors and I will not be released from liability if you extend the time for payment or modify the payment schedule. If I pay late, you will not have to sue me or my successor to require timely future payments. You may refuse to extend time for payment or modify the Loan Agreement even if I request it. If you do not enforce your rights every time, you may enforce them later.

## 9. JOINT AND SEVERAL LIABILITY, SECURITY DOCUMENT EXECUTION, SUCCESSORS OBLIGATED

I understand that you may seek payment from me without first looking to any other person who signed the Note. Any person who signs this Security Document, but not the Note:

    a. has no duty to pay the sums secured by this Security Document;

    b. is not a surety or guarantor; and

    c. only grants the person's interest in the Property under the terms of this Security Document.

The lien against the Property is a voluntary lien and is a written agreement that shows the consent of each owner and each owner's spouse. You and I may extend, modify, or make any arrangements with respect to the terms of the Loan Agreement. Upon your approval, my successor who assumes my duties in writing will receive all of my rights and benefits under the Loan Agreement. I still will be responsible under the Loan Agreement unless you release me in writing. The Loan Agreement will extend to your assigns or successors.

## 10. DELIVERY OF NOTICES

Under the Loan Agreement, you and I will give notices to each other in writing. Any notice under the Loan Agreement will be considered given to me when it is mailed by first class mail or when actually delivered to me at my address if given by another means. You will give notice to the Property address unless I provide you a different address. I will notify you promptly of any change of address. I will comply with any reasonable procedure for giving a change of address that you provide. There will only be one address for notice under the Loan Agreement. Notice to me will be considered notice to all persons who are obligated under the Loan Agreement unless Applicable Law requires a separate notice. I may give you notice by delivering or mailing it by first class mail to the address provided by you, unless you require a different procedure. You, however, will not receive notice under the Loan Agreement until you actually receive it. Legal requirements governing notices subject to the Loan Agreement will prevail over conditions in the Loan Agreement.

## 11. GOVERNING LAW AND SEVERABILITY

The Loan Agreement will be governed by Texas and federal law. If any provisions in the Loan Agreement conflicts with any legal requirement, all non-conflicting provisions will remain effective.

Loan No: ▮2184

Data ID: 719

Page 7 of 13    Tuesday, June 24, 2025    County Clerk Harris County, Texas

RP 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

## 12. RULES OF CONSTRUCTION

As used in the Loan Agreement:

    a. words in the singular will mean and include the plural and vice versa; and
    b. the word "may" gives sole discretion without imposing any duty to take action.

## 13. LOAN AGREEMENT COPIES

At the time the Loan Agreement is made, you will give me copies of all documents I sign.

## 14. TRANSFER OF INTEREST IN PROPERTY

"Interest in the Property" means any legal or beneficial interest. This term includes those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement (the intent of which is the transfer of title by me at a future date to a purchaser). If any part of the Property is sold or transferred without your prior written permission, you may require immediate payment of all I owe. You will not exercise this option if disallowed by Applicable Law. If you accelerate, you will give me notice. The notice of acceleration will allow me at least 21 days from the date the notice is given to pay all I owe. If I fail to timely pay all I owe, you may pursue any remedy allowed by the Loan Agreement without further notice or demand.

## 15. BORROWER'S RIGHT TO REINSTATE AFTER ACCELERATION

I have the right to stop you from enforcing the Loan Agreement any time before the earliest of:

    a. 5 days before sale of the Property under any power of sale included in the Loan Agreement;
    b. the day required by Applicable Law for the termination of my right to reinstate; or
    c. the entry of a judgment enforcing the Loan Agreement.

I can stop the enforcement of the Loan Agreement and reinstate the Loan Agreement if all the following conditions are met:

    a. You are paid what I owe under the Loan Agreement as if no acceleration had occurred;
    b. I cure any default of any promise or agreement;
    c. You are paid all expenses allowed by Applicable Law, including reasonable attorneys' fees and other fees incurred for the purpose of protecting your interest in the Property and rights under the Loan Agreement;
    d. I comply with any reasonable requirement to assure you that your interest in the Property will remain intact; and
    e. I comply with any reasonable requirement to assure you that my ability to pay what I owe will remain intact.

You may require me to pay for the reinstatement in one or more of the following forms:

    a. cash;
    b. money order;
    c. certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are federally insured; or
    d. Electronic Funds Transfer.

Upon reinstatement, the Loan Agreement will remain effective as if no acceleration had occurred. However, this right to reinstate will not apply if I sell or transfer any interest in the Property without your permission.

## 16. SALE OF NOTE, CHANGE OF LOAN SERVICER, NOTICE OF GRIEVANCE, LENDER'S RIGHT TO COMPLY

A full or partial interest in the Loan Agreement can be sold one or more times without prior notice to me. The sale may result in a change of the company servicing or handling the Loan Agreement. The company servicing or handling the Loan Agreement will collect my monthly payment and will comply with other servicing conditions required by the Loan Agreement or Applicable Law. In some cases, the company servicing or handling the Loan Agreement may change even if the Loan Agreement is not sold. If the company servicing or handling the Loan Agreement is changed, I will be given written notice of the change. The notice will state the name and address of the new company, the address to which my payments should be made, and any other information required by RESPA. If a different company services the Loan Agreement, the servicing duties to me will be transferred.

Any notice of acceleration and opportunity to cure under the Loan Agreement will satisfy the notice and opportunity to address the alleged violation provisions of this Section.



Loan No: ▮2184                                                        Data ID: 719

No agreement between you and me or any third party will limit your ability to comply with your duties under the Loan Agreement and Applicable Law.

You and I are limiting all agreements so that all current or future interest or fees in connection with the Loan Agreement will not be greater than the highest amount allowed by Applicable Law.

You and I intend to conform the Loan Agreement to the provisions of Applicable Law. If any promise, payment, duty or provision of the Loan Agreement is in conflict with Applicable Law, then the promise, payment, duty or provision will be corrected or removed. This correction will be automatic and will not require any amendment or new document. Your right to correct any violation will survive my paying off the Loan Agreement. My right to correct will override any conflicting provision of the Loan Agreement.

Your right-to-comply as provided in this Section will survive the payoff of the Loan Agreement. The provisions of this Section will supersede any inconsistent provision of the Loan Agreement.

**17. HAZARDOUS SUBSTANCES**

Hazardous Substance:

a. "Hazardous Substances" means those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials;

b. "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection;

c. "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and

d. "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. I will not do or allow anyone else to do, anything affecting the Property:

a. that is in violation of any Environmental Law;

b. that creates an Environmental Condition; or

c. that, due to the presence, use or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.

The presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and for the maintenance of the Property are allowed. This includes Hazardous Substances found in consumer products.

I will promptly give you written notice of:

a. any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge;

b. any Environmental Condition, including any spilling, leaking, discharge, release or threat of release of any Hazardous Substance; and

c. any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.

If I learn that, or am notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I promptly will take all necessary remedial actions in accordance with Environmental Law. You will have no obligation for an Environmental Cleanup.

**18. ACCELERATION AND REMEDIES**

You will give me notice prior to acceleration if I am in default under the Loan Agreement. The notice will specify:

a. the default;

b. the action required to cure the default;

c. a date, not less than 21 days from the date you give me notice, to cure the default; and

d. that my failure to cure the default on or before the specified date will result in acceleration of all that I owe under the Loan Agreement and sale of the Property.

TEXAS SECURITY DOCUMENT (Second Lien)
© 2005 Middleberg, Riddle & Gianna                          1/04          (Page 8 of 11 Pages)

RP 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

Loan No: ███2184                                                    Data ID: 719

RP 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

You will inform me of my right to reinstate after acceleration. If the default is not cured before the specified date, you have the option to require immediate payment in full of all I owe. If you are not paid all I owe, you may sell the Property or seek other remedies allowed by Applicable Law without further notice. You may collect your reasonable expenses incurred in seeking the remedies provided in this Section. These expenses may include court costs, attorneys' fees, and costs of title search.

I understand the power of sale is not a confession of judgment or a power of attorney to confess judgment or an appearance by me in a judicial proceeding. If the Property is sold under this Section, I or my successors will immediately give possession of the Property to the purchaser. If I do not, I or anyone residing on the Property may be removed by writ of possession.

**19. ASSIGNMENT OF RENTS, APPOINTMENT OF RECEIVER, LENDER IN POSSESSION**

As additional security, I assign to you the rents of the Property, provided that I have the right, prior to acceleration or abandonment of the Property, to collect and retain the rents as they become due.

Upon acceleration or abandonment, you, by agent or by court-appointed receiver, will be entitled to enter, take possession, manage the Property, and collect due and past due rents. All rents you or the court-appointed receiver collect will be applied first to payment of the costs of management of the Property and collection of rents, including receiver's fees, premiums on receiver's bonds, and reasonable attorneys' fees, and then to the sums secured by this Security Document. You and the receiver will be liable to account only for rents received.

**20. POWER OF SALE**

You have a fully enforceable lien on the Property. Your remedies for my default include an efficient means of foreclosure under the law. You and the Trustee have all powers to conduct a foreclosure. If you choose to use the power of sale, you will give me notice of the time, place and terms of the sale by posting and filing notice at least 21 days before the sale as provided by law. You will give me notice by mail as required by law. Failure to cure default on or before the date in the notice may result in acceleration of the sums secured by the Loan Agreement. The notice will inform me of my right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense to acceleration or sale. If I do not cure the default on or before the date in the notice, you, at your option, may declare all of the sums secured by the Loan Agreement to be immediately due and payable and may invoke the power of sale and any other remedies permitted by Applicable Law. The sale will be conducted at a public place. The sale will be held:

    a. on the first Tuesday of a month;

    b. at a time stated in the notice or no later than 3 hours after the time; and

    c. between 10:00 a.m. and 4:00 p.m.

I allow the Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order the Trustee determines. You may purchase the Property at any sale. If a conflict arises, the conflicting provision will be corrected in order to comply.

Trustee will give a Trustee's deed to the foreclosure sale purchaser. A Trustee's deed will convey:

    a. good title to the Property that cannot be defeated; and

    b. title with promises of general warranty from me.

I will defend the purchaser's title to the Property against all claims and demands. The description of facts contained in the Trustee's deed will be sufficient to legally prove the truth of the statements made in the deed. Trustee will apply the proceeds of the sale in the following order:

    a. to all expenses of the sale, including court costs and reasonable Trustee's and attorneys' fees;

    b. what I owe; and

    c. any excess to the person or persons legally entitled to it.

If the Property is sold through a foreclosure sale governed by this Section, I or any person in possession of the Property through me, will give up possession of the Property without delay. A person who does not give up possession is a holdover and may be removed by a court order.

TEXAS SECURITY DOCUMENT (Second Lien)
© 2005 Middleberg, Riddle & Gianna



Loan No: ███2184                                                                    Data ID:  719

## 21. RELEASE

Upon payment of all sums secured by the Loan Agreement, you will cancel and return the Note to and give me, in recordable form, a release of lien securing the Loan Agreement or a copy of any endorsement of the Note and assignment of the lien to a lender that is refinancing the Loan Agreement.  I will pay only the cost of recording the release of lien.

## 22. PERSONAL LIABILITY

You are entitled to all rights, superior title, liens and equities owned or claimed by any grantor or holder of any liens and debts due before the signing of the Loan Agreement.  You are entitled to these rights whether you acquire the liens or debts by assignment or the holder releases them upon payment.

Each person who signs the Security Document is responsible for each promise and duty in the Security Document.

Unless prohibited by Applicable Law, this Section will not:

    a.  impair in any way the Loan Agreement or your right to collect all that I owe under the Loan Agreement; or

    b.  affect your right to any promise or condition of the Loan Agreement.

## 23. TRUSTEES AND TRUSTEE LIABILITY

One or more Trustees acting alone or together may exercise or perform all rights, remedies and duties of the Trustee under the Loan Agreement.  You may remove or change any Trustee (e.g., add one or more Trustees or appoint a successor Trustee to any Trustee).  This removal or change of Trustee must be in writing and may be:

    a.  at your option;

    b.  with or without cause; and

    c.  by power of attorney or otherwise.

The substitute, additional or successor Trustee will receive, without any further act, the title, rights, remedies, powers and duties under the Loan Agreement and Applicable Law.

Trustee may rely, without liability, upon any notice, request, consent, demand, statement or other document reasonably believed by Trustee to be valid.  Trustee will not be liable for any act or omission unless the act or omission is willful.

## 24. DEFAULT

Any default of the Loan Agreement will be a default of this Security Document.

## 25. SUBROGATION

Upon my request and representation that the amounts are due and are secured by valid liens, you will use proceeds from the Loan Agreement to pay off all outstanding liens against the Property.  You will be substituted as the owner of any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding lien or debt, regardless of whether you acquire the lien or debt by assignment or whether the lien or debt is released by the holder upon payment.

## 26. PARTIAL INVALIDITY

If any portion of the sums secured by this Security Document cannot be lawfully secured, payments minus those sums will be applied first to the portions not secured.  If any charge provided for in the Loan Agreement, separately or together with other charges that are considered part of the Loan Agreement, violates Applicable Law, the charge is reduced to the extent necessary to eliminate the violation.  At your option, you will refund the amount of interest or other charges paid to you in excess of the amount permitted by Applicable Law to reduce the principal of the debt or apply it to reduce the principal of the debt.

## 27.  PURCHASE MONEY; OWELTY OF PARTITION; RENEWAL AND EXTENSION OF LIENS AGAINST HOMESTEAD PROPERTY; ACKNOWLEDGMENT OF CASH ADVANCED AGAINST NON-HOMESTEAD PROPERTY.

CHECK BOX AS APPLICABLE:

☒  Purchase Money.

    The Loan was used to pay all or part of the purchase price of the Property.  The Note also is primarily secured by the Vendor's Lien retained in the Deed that conveys the Property to me and that is dated the same date as this Security Document.  The Vendor's Lien has been assigned to you and this Security Deed is additional security for the Vendor's Lien.

TEXAS SECURITY DOCUMENT (Second Lien)
© 2005 Middleberg, Riddle & Gianna                                    1/04          *(Page 10 of 11 Pages)*



Loan No: ███2184                                                              Data ID: 719

☐ **Owelty of Partition.**

The Loan was made at my request for the purpose of obtaining the entire fee simple title to the Property. I acknowledge and confess the existence of and grant an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure payment of the Note.

☐ **Renewal and Extension of Liens Against Homestead Property.**

The Note is in renewal and extension but not in extinguishment of the debt I owe described on the attached Renewal and Extension Addendum, which is included in this Security Document by this reference. The original liens securing the debt described in the Renewal and Extension Addendum are renewed and extended to the date of the maturity of the Note.

☐ **Acknowledgment of Cash Advanced Against Non-Homestead Property.**

The Loan was made at my request and I acknowledge that I received the money. I do not now and do not intend ever to reside on, use in any manner, or claim the Property as a residential or business homestead. I disclaim all homestead rights, interests, and exemptions related to the Property.

BY SIGNING BELOW, I accept and agree to the terms and promises contained in the Loan Agreement and in any Rider I sign which is recorded with it.

**DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. I MUST RECEIVE A COPY OF ANY DOCUMENT I SIGN.**

.............................................(Seal)                    .............................................(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower             RACHAEL GRIFFIN —Borrower

———————————————         [Space Below This Line For Acknowledgment(s)]         ———————————————

State of TEXAS                              §
County of Harris                           §

This instrument was acknowledged before me on the ___31st___ day of ___October___, 20_05_ by

RACHAEL GRIFFIN AND TERRENCE TREMAYNE GRIFFIN

_____
                                        Notary Public

[Personalized Seal]                        _____
                                        (Printed Name)
My commission expires:

AURORA BROOKS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 10-15-2006

**TEXAS SECURITY DOCUMENT (Second Lien)**
© 2005 Middleberg, Riddle & Gianna

RP 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

Page 11 of 13    Tuesday, June 24, 2025    County Clerk Harris County, Texas

Loan No: ████2184                                                    Data ID: 719
Borrower:  RACHAEL GRIFFIN

# PLANNED UNIT DEVELOPMENT RIDER

"Planned Unit Development Rider" means this document, which is dated 31st day of October, 2005.
"Security Document" means the Security Document dated the same day as this Planned Unit Development
Rider given by each person who signs this Planned Unit Development Rider (who will be known as "I"
or "me") to secure my Note, also dated the same day as this Planned Unit Development Rider, to the
Lender, LONG BEACH MORTGAGE COMPANY, who, along with any holder entitled to receive
payments under the Note, will be known as "you." This Planned Unit Development Rider is incorporated
into and amends and supplements the Security Document.
    The Security Document covers the Property described in the Security Document, which is located at:

703 DEVERON LANE
HOUSTON, TEXAS  77090
[Property Address]
    "PUD" means the planned unit development known as:
ELLA CROSSING, SECTION 1
[Name of Planned Unit Development]
The Property is a part of the PUD.  "Declaration" means the document or documents creating and
describing the PUD.  "Owners Association" means the owners association or other entity or organization
that owns or manages the PUD's common elements and facilities.  The Property includes without
limitation a parcel of land improved with a home or dwelling, together with other such parcels and certain
common elements and facilities described in the Declaration.  The Property also includes my interest in
the Owners Association and the uses, proceeds, and benefits of my interest.

    **PUD COVENANTS.**  In addition to the promises made in the Security Document, you and I further
promise:
    **A.  PUD Obligations.**  I will perform all of my obligations under the PUD's Constituent Documents.
"Constituent Documents" mean:  (i) the Declaration; (ii) any articles of incorporation, trust instruments,
or similar documents that create the Owners Association; and (iii) any by-laws or other rules or
regulations of the Owners Association.  I will pay, when due, all Community Association Dues, Fees, and
Assessments, as defined in the Security Document.
    **B.  Property Insurance.**  So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy on the Property that is satisfactory to you and that
provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss
by fire, hazards included within the term "extended coverage," and any other hazards, including, but not
limited to, earthquakes and floods, from which you require insurance, then: (i) you waive the provision
in Section 2 of the Security Document for the monthly payment to you of the yearly premium installments
for property insurance on the Property; and (ii) my obligation under Section 4 of the Security Document
to maintain property insurance coverage on the Property is considered satisfied to the extent that the
required coverage is provided by the Owners Association policy.
    What you require as a condition of this waiver may change from time to time.
    I will give you prompt notice of any lapse in required property insurance coverage provided by the
master or blanket policy.
    If the Property, including without limitation the PUD common elements and facilities, is damaged,
property insurance proceeds will be applied as you and I agree in Section 4 of the Security Document.



RP 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

TEXAS SECOND LIEN PUD RIDER - Single Family - UNIFORM INSTRUMENT
© 2005 Middleberg, Riddle & Gianna                         2/04        (Page 1 of 2 Pages)

Loan No: ████2184                                    Data ID: 719

**C. Public Liability Insurance.** I will take reasonable actions to make certain that the Owners Association maintains a public liability insurance policy that is acceptable to you, including the form, amount, and extent of coverage.

**D. Condemnation.** Miscellaneous Proceeds, as defined in the Security Document, will be applied as you and I agree in Section 7 of the Security Document. The Miscellaneous Proceeds will be applied as you and I agree in Section 7 in connection with the Property as it includes the PUD's common elements and facilities.

**E. Lender's Prior Consent.** Unless I have notified you and received your written consent to do so, I will not partition or subdivide the Property and I will not agree or consent to any of the following: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law due to substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if that provision is expressly for your benefit; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action that would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to you.

**F. Remedies.** If I do not pay Community Association Dues, Fees, and Assessments when due, you may pay them. Any amounts paid by you under this paragraph F will become my additional debt secured by the Security Document. Unless you and I agree to other terms of payment, these amounts will bear interest from the date you pay them at the Note rate and will be payable, with interest, upon notice from you to me requesting payment.

BY SIGNING BELOW, I accept and agree to the terms and covenants contained in this PUD Rider.

_____(Seal)                    _____(Seal)
TERRENCE TREMAYNE GRIFFIN —Borrower            RACHAEL GRIFFIN —Borrower



ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

NOV - 8 2005

COUNTY CLERK
HARRIS COUNTY, TEXAS

*(Page 2 of 2 Pages)*

RP 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





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 24, 2025

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk
Harris County, Texas**

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and
unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the
Public Information Act.

ASSGN
X

**CORPORATE ASSIGNMENT OF DEED OF TRUST**

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

Loan #: ███1980



FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Deed of Trust dated 10/31/2005 executed by RACHEL GRIFFIN AND TERRENCE TREMAYNE GRIFFIN in the amount of $131,012.00 and recorded on 11/08/2005 as Instrument # Y886750, in Book n/a, Page n/a in the records of Real Property of HARRIS County, Texas.

This Assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver.

This Assignment is intended to further memorialize the transfer that occured by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. S1821 (d)(2)(G)(i)(II)

IN WITNESS WHEREOF, this Assignment is executed on 11/17/2012 (MM/DD/YYYY).
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY, by JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its Attorney-in-Fact

By: _____
Kelly Mcwilliams.
VICE PRESIDENT

1EE

4OR

STATE OF LOUISIANA    PARISH OF OUACHITA
On 11/17/2012   (MM/DD/YYYY),    before    me    appeared
Kelly Mcwilliams to me personally known, who did say that he/she/they is/are the VICE PRESIDENT of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION as Attorney-in-Fact for FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

_____
Eva Reese
Notary Public - State of LOUISIANA
Commission expires: Upon My Death



Document Prepared By: Robert E. Fletcher - c/o NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To: JPMorgan Chase Bank, NA, C/O NTC 2100 Alt. 19 North, Palm Harbor, FL 34683
JPCAS 18188184 -4 WAMU  CJ43638271ER   T0912113708   [C] FRMTX1_JPCAS3

ER 038 - 65 - 1378



EXHIBIT
**C**





County Clerk Harris County, Texas

ER 038 - 65 - 1379

20120543726
# Pages 2
11/26/2012    10:36:42 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
STAN STANART
COUNTY CLERK
Fees 16.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 24, 2025

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

RP-2025-137588
04/15/2025  RP2  $37.00

RECORDING REQUESTED
& PREPARED BY:

**R L FREEMAN TRUST**
c/o 703 Deveron lane
Houston , Texas, [77090]

RETURN DEED TO:

**R L FREEMAN TRUST**
c/o 703 Deveron lane
Houston , Texas, [77090]

_____
(Above reserved for official use only)

SEND TAX STATEMENTS TO:
**R L FREEMAN TRUST**
c/o 703 Deveron lane
Houston , Texas, [77090]

Tax Parcel Number: 1268660020005
Tax Parcel ID/APN # AA222141

RP-2025-137588

## QUIT CLAIM DEED

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL ROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

STATE OF TEXAS

COUNTY OF HARRIS

THIS DEED is made this day of March 1, 2025, by and between the **"Grantor,"**

    **RACHAEL LEE GRIFFIN**, located at c/o 703 Deveron lane , Houston , Texas [77090-3827],

AND the **"Grantee,"**

    **R L FREEMAN TRUST**, located at c/o 703 Deveron lane , Houston , Texas [77090-3827], to hold for the benefit of the trustees and beneficiaries.

FOR VALUABLE CONSIDERATION of the sum of one dollar ($1.00), the receipt and sufficiency of which is hereby acknowledged, Grantor hereby quitclaims to Grantee and Grantee's heirs and assigns forever, all of Grantor's rights, titles, interests, and claims in or to the following





described real estate (the **"Property"**), together with all hereditaments and appurtenances belonging thereto, located in Harris county, Texas, subject to any restrictions herein:

Property Address: 703 Deveron lane , Houston , Texas [77090]

Legal Description: LOT 5 BLOCK 2, ELLA CROSSING SEC.1, HARRIS COUNTY

[SIGNATURE PAGE FOLLOWS]

RP-2025-137588

Page 2 of 5    Tuesday, June 24, 2025    County Clerk Harris County, Texas



**Grantor Signature:**

Grantor signed, sealed, and delivered this quit claim deed to Grantee on March 1, 2025.

Grantor (or authorized agent)

Print Name:_ **RACHAEL LEE GRIFFIN**
*All right reserved: Inpropria persona sui juris*
*Authorized representatives,ex rel.*

RP-2025-137588





## NOTARY ACKNOWLEDGMENT

TEXAS

COUNTY OF HARRIS

On __April 4, 2025__  before  me, __Rachael Lee Griffin_____ ,  personally
appeared **RACHAEL LEE GRIFFIN**, personally known to me or proved on the basis of  lor
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Commission Expires: 12/23/2026

KAYLA MASON
Notary Public, State of Texas
Comm. Expires 12-23-2026
Notary ID 134116071

_Notary Public, Texas_

RP-2025-137588





# FILED FOR RECORD

## 10:51:42 AM

## Tuesday, April 15, 2025

*Leneshia Hudspeth*

### COUNTY CLERK, HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS
   I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris County Texas

Tuesday, April 15, 2025

*Leneshia Hudspeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2025-137588







I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 24, 2025

*Teneshia Hudspeth*

Teneshia Hudspeth, County Clerk
Harris County, Texas

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.



In re **Terrence Griffin**                                     Case No.   **10-41294**
       **Rachael Griffin**                                            (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| 703 Deveron Lane, Houston, TX 77090 | Fee Simple | C | $167,000.00 | $211,121.00 |
| | | | **Total:** $167,000.00 | |

Total: (Report also on Summary of Schedules)



In re  **Terrence Griffin**
      **Rachael Griffin**

Case No.  **10-41294**

(if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cadsh on Hand | C | $10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Checking Acct | C | $300.00 |
| | | Woodforest National Bank Checking Acct | C | $400.00 |
| | | Chase Bank Checking Acct | C | $300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Stove $100<br>Refrigerator $200<br>Dishwasher $100<br>Microwave Oven $50<br>Dishes, cutlery, kitchen utensils $50<br>Breakfast table and chairs $100<br>Couch(es) $100<br>Coffee table(s) $50<br>Bed(s) $400<br>Dresser(s) $200<br>Television(s) $200<br>DVD/VCR Player(s) $50<br>Computer(s) $200<br>Printer(s) $100<br>Washer/Dryer $100<br>Household Tools $50 | C | $2,050.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, pictures, photos | C | $200.00 |
| 6. Wearing apparel. | | Clothing | C | $200.00 |

B6B (Official Form 6B) (12/07) -- Cont.

Case 4:25-cv-01234   Document 51-1   Filed on 03/07/23 in TXSD   Page 3 of 36
Case 4:10-02034   Document 51-1   Filed on 11/23/17   Page 36 of 125

In re   **Terrence Griffin**                              Case No.   **10-41294**
     **Rachael Griffin**                                            (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | | Watches, rings, costume jewelry | C | $500.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | TRS | C | $800.00 |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

In re  **Terrence Griffin**  Case No.  **10-41294**
       **Rachael Griffin**                    (if known)

## SCHEDULE B - PERSONAL PROPERTY
*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | Child support monthly | C | $327.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re **Terrence Griffin**  Case No. **10-41294**
    **Rachael Griffin**                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Chevrolet LS 100,000 miles | C | $14,000.00 |
| | | 2005 Toyota Camry LE 125,000 miles | C | $8,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

In re  **Terrence Griffin**                                        Case No.   **10-41294**
      **Rachael Griffin**                                                  _____
                                                         (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

                                                         _____4_____   continuation sheets attached    **Total >**    **$27,087.00**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

In re  **Terrence Griffin**                                  Case No.  **10-41294**
       **Rachael Griffin**                                            _____
                                                                      (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                        $146,450.*

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cadsh on Hand | 11 U.S.C. § 522(d)(5) | $10.00 | $10.00 |
| Bank of America Checking Acct | 11 U.S.C. § 522(d)(5) | $300.00 | $300.00 |
| Woodforest National Bank Checking Acct | 11 U.S.C. § 522(d)(5) | $400.00 | $400.00 |
| Chase Bank Checking Acct | 11 U.S.C. § 522(d)(5) | $300.00 | $300.00 |
| Stove $100<br>Refrigerator $200<br>Dishwasher $100<br>Microwave Oven $50<br>Dishes, cutlery, kitchen utensils $50<br>Breakfast table and chairs $100<br>Couch(es) $100<br>Coffee table(s) $50<br>Bed(s) $400<br>Dresser(s) $200<br>Television(s) $200<br>DVD/VCR Player(s) $50<br>Computer(s) $200<br>Printer(s) $100<br>Washer/Dryer $100<br>Household Tools $50 | 11 U.S.C. § 522(d)(3) | $2,050.00 | $2,050.00 |
| Books, pictures, photos | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| Clothing | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| Watches, rings, costume jewelry | 11 U.S.C. § 522(d)(4) | $500.00 | $500.00 |
| * Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment. | | **$3,960.00** | **$3,960.00** |

In re **Terrence Griffin**
　　　**Rachael Griffin**

Case No. **10-41294**
　　　　　　　　　(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| TRS | 11 U.S.C. § 522(d)(12) | $800.00 | $800.00 |
| Child support monthly | 11 U.S.C. § 522(d)(10)(D) | $327.00 | $327.00 |
| 2005 Chevrolet LS 100,000 miles | 11 U.S.C. § 522(d)(2) | $0.00 | $14,000.00 |
| 2005 Toyota Camry LE 125,000 miles | 11 U.S.C. § 522(d)(2) | $1,329.00 | $8,000.00 |
| | | **$6,416.00** | **$27,087.00** |

B6D (Official Form 6D) (12/07)

In re **Terrence Griffin**      Case No.   **10-41294**
     **Rachael Griffin**                                           (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx0143<br><br>**Asi Federal Credit Uni**<br>**5508 Citrus Blvd**<br>**Harahan, LA 70123** | | C | DATE INCURRED: **10/2004**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2005 Toyota Camry LE**<br>REMARKS:<br><br>VALUE: **$8,000.00** | | | | **$6,671.00** | |
| ACCT #: xxxxxxxx1980<br><br>**Chase**<br>**Po Box 1093**<br>**Northridge, CA 91328** | | C | DATE INCURRED: **10/2005**<br>NATURE OF LIEN:<br>**Conventional Real Estate Mortgage**<br>COLLATERAL:<br>**703 Deveron Lane, Houston, TX 77090**<br>REMARKS:<br><br>VALUE: **$167,000.00** | | | | **$178,823.00** | **$11,823.00** |
| ACCT #: xxxxxxxx2558<br><br>**Chase**<br>**Po Box 1093**<br>**Northridge, CA 91328** | | C | DATE INCURRED: **10/31/2005**<br>NATURE OF LIEN:<br>**Real Estate Mortgage without Other Collateral**<br>COLLATERAL:<br>**703 Deveron Lane, Houston, TX 77090**<br>REMARKS:<br><br>VALUE: **$167,000.00** | | | | **$32,298.00** | **$32,298.00** |
| ACCT #: xxxxxxxxxxxx9001<br><br>**Wells Fargo Auto Finance**<br>**13675 Technology Dr. Building C**<br>**Eden Prairie, MN 55344** | | C | DATE INCURRED: **11/18/2005**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**car**<br>REMARKS:<br><br>VALUE: **$14,000.00** | | | | **$15,465.00** | **$1,465.00** |
| | | | Subtotal (Total of this Page) > | | | | **$233,257.00** | **$45,586.00** |
| | | | Total (Use only on last page) > | | | | **$233,257.00** | **$45,586.00** |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____**No**_____ continuation sheets attached

B6E (Official Form 6E) (04/10)

In re  **Terrence Griffin**                                          Case No.  ___**10-41294**___
       **Rachael Griffin**                                                      (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**1**_____continuation sheets attached

Case 10-41294    Document 57-1    Filed in TXSB on 07/12/11    Page 44 of 125

Case 10-41294    Document 51    Filed in TXSB on 07/12/11    Page 44 of 125 - Cont.

B6E (Official Form 6E) (04/10) - Cont.

In re  **Terrence Griffin**                                      Case No.  **10-41294**
        **Rachael Griffin**                                              (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxx0162<br>**Attorney General Child Support**<br>**Attn: Bankruptcy**<br>**PO Box 12017 Credit Group**<br>**Austin, TX 78711** | | C | DATE INCURRED: **05/2010**<br>CONSIDERATION:<br>**Family Support**<br>REMARKS: | | | | $0.00 | $0.00 | $0.00 |
| ACCT #:<br>**Internal Revenue Service**<br>**P O Box 21125**<br>**Philadelphia, PA 19114** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Taxes**<br>REMARKS:<br>**notice only** | | | | $0.00 | $0.00 | $0.00 |
| **Representing:**<br>**Internal Revenue Service** | | | **Internal Revenue Service**<br>**Bankruptcy Special Procedures**<br>**1919 Smith St.**<br>**Houston, TX 77002** | | | | Notice Only | Notice Only | Notice Only |
| ACCT #:<br>**James T Ferguson**<br>**2425 West Loop South, Ste 200**<br>**Houston, TX 77027** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $2,805.00 | $2,805.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ___1___ of ___1___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals (Totals of this page) > | $2,805.00 | $2,805.00 | $0.00 |
|---|---|---|---|---|
| | Total > (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $2,805.00 | | |
| | Totals > (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $2,805.00 | $0.00 |

B6F (Official Form 6F) (12/07)

In re __Terrence Griffin__        Case No. __10-41294__
      __Rachael Griffin__                             (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx5241 <br> **Acs/bank Of America** <br> **C/o Acs** <br> **Utica, NY 13501** | | C | DATE INCURRED: **02/2009** <br> CONSIDERATION: **Educational** <br> REMARKS: | | | | ($1.00) |
| ACCT #: xxxxx5077 <br> **Central Finl Control** <br> **Po Box 66051** <br> **Anaheim, CA 92816** | | C | DATE INCURRED: **12/2009** <br> CONSIDERATION: **Collection Attorney** <br> REMARKS: | | | | $3,516.00 |
| ACCT #: xxxxx4003 <br> **Central Finl Control** <br> **Po Box 66051** <br> **Anaheim, CA 92816** | | C | DATE INCURRED: **09/2008** <br> CONSIDERATION: **Collection Attorney** <br> REMARKS: | | | | $541.00 |
| ACCT #: xxxxx7028 <br> **Central Finl Control** <br> **Po Box 66051** <br> **Anaheim, CA 92816** | | C | DATE INCURRED: **07/2009** <br> CONSIDERATION: **Collection Attorney** <br> REMARKS: | | | | $407.00 |
| ACCT #: xxxxx4766 <br> **Central Finl Control** <br> **Po Box 66051** <br> **Anaheim, CA 92816** | | C | DATE INCURRED: **08/2009** <br> CONSIDERATION: **Collection Attorney** <br> REMARKS: | | | | $72.00 |
| ACCT #: xxxxx7879 <br> **Central Finl Control** <br> **Po Box 66051** <br> **Anaheim, CA 92816** | | C | DATE INCURRED: **06/2009** <br> CONSIDERATION: **Collection Attorney** <br> REMARKS: | | | | $43.00 |
| | | | | | Subtotal > | | $4,578.00 |
| | | | | | Total > <br> (Use only on last page of the completed Schedule F.) <br> (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |

_____5_____ continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re  **Terrence Griffin**  Case No.  **10-41294**
　　　**Rachael Griffin**

　　　　　　　　　　　　　　　　　　　　　(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx8733**<br>**City Ntl Bk**<br>**Attn: Bankruptcy**<br>**PO Box 785057**<br>**Orlando, FL 32878** | | C | DATE INCURRED:  **10/31/2005**<br>CONSIDERATION:<br>**Real Estate Mortgage without Other Collateral**<br>REMARKS: | | | | **$0.00** |
| ACCT #:  **xxxxxxxxxxxx5491**<br>**Cmre Financial Services Inc**<br>**3075 E Imperial Hwy**<br>**Suite 200**<br>**Brea, CA 92821** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | **$75.00** |
| ACCT #:  **xxxxx5830**<br>**Conns Credit Corp**<br>**3295 College St**<br>**Beaumont, TX 77701** | | C | DATE INCURRED:  **01/21/2006**<br>CONSIDERATION:<br>**Secured**<br>REMARKS: | | | | **$2,241.00** |
| ACCT #:  **xxx7252**<br>**Conserve**<br>**200 Cross Keys Office Pa**<br>**Fairport, NY 14450** | | C | DATE INCURRED:  **02/2009**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **$0.00** |
| ACCT #:  **xxxx7640**<br>**Credit Management**<br>**4200 International Pwy**<br>**Carrolton, TX 75007** | | C | DATE INCURRED:  **09/2006**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **$311.00** |
| ACCT #:  **xxxxxxxxxxx3323**<br>**Fashion Bug**<br>**Po Box 84073**<br>**Columbus, GA 31908** | | C | DATE INCURRED:  **02/04/2000**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$0.00** |

Sheet no. ___**1**___ of ___**5**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  **$2,627.00**

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re __Terrence Griffin__      Case No. __10-41294__
    __Rachael Griffin__                       (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxx2423 **Hsbc Bank** **ATTN: BANKRUPTCY** **PO BOX 5213** **Carol Stream, IL 60197** | C | | DATE INCURRED: **03/08/2006** CONSIDERATION: **Credit Card** REMARKS: | | | | $0.00 |
| ACCT #: x3711 **Jefferson Financial Cu** **2025 Paxton St** **Harvey, LA 70058** | C | | DATE INCURRED: **02/2003** CONSIDERATION: **Automobile** REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxxxxxx1018 **Lvnv Funding Llc** **P.o. B 10584** **Greenville, SC 29603** | C | | DATE INCURRED: **08/02/2007** CONSIDERATION: **Factoring Company Account** REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxx9420 **Macys/fdsb** **Attn: Bankruptcy** **PO Box 8053** **Mason, OH 45040** | C | | DATE INCURRED: **12/2005** CONSIDERATION: **Charge Account** REMARKS: | | | | $325.00 |
| ACCT #: xxxx3961 **Nationcoll** **2015 Vaughn Rd** **Kennesaw, GA 30144** | C | | DATE INCURRED: CONSIDERATION: **Unknown Loan Type** REMARKS: | | | | $948.00 |
| ACCT #: xxxx9780 **Nco Fin/09** **507 Prudential Rd** **Horsham, PA 19044** | C | | DATE INCURRED: **06/2009** CONSIDERATION: **Collection Attorney** REMARKS: | | | | $647.00 |

Sheet no. __2__ of __5__ continuation sheets attached to            Subtotal >     $1,920.00
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                      Total >
             **(Use only on last page of the completed Schedule F.)**
      **(Report also on Summary of Schedules and, if applicable, on the**
        **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re **Terrence Griffin**                    Case No. **10-41294**
       **Rachael Griffin**                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxx9507**<br>**Nco Financial Systems**<br>**507 Prudential Rd**<br>**Horsham, PA 19044** | C | | DATE INCURRED:<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | $302.00 |
| ACCT #: **xxxx5250**<br>**Nco/inovision-medclr**<br>**Attn: Bankruptcy**<br>**507 Prudential Rd**<br>**Horsham, PA 19044** | C | | DATE INCURRED: **06/2007**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $302.00 |
| ACCT #: **xxxxxxxxxxxx2423**<br>**Portfolio Rc**<br>**Attn: Bankruptcy**<br>**PO Box 41067**<br>**Norfolk, VA 23541** | C | | DATE INCURRED: **09/2007**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $710.00 |
| ACCT #: **xx9813**<br>**Preferred Credit Inc**<br>**PO Box 1679**<br>**St Cloud, MN 56302** | C | | DATE INCURRED: **03/2006**<br>CONSIDERATION:<br>**Installment Sales Contract**<br>REMARKS: | | | | $1,697.00 |
| ACCT #: **xxx3649**<br>**Receivable Recovery Se**<br>**110 Veterans Blvd**<br>**Metairie, LA 70005** | C | | DATE INCURRED: **06/2006**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | $490.00 |
| ACCT #: **xxx0211**<br>**Rmb Inc**<br>**409 Bearden Park Cir**<br>**Knoxville, TN 37919** | C | | DATE INCURRED:<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | $322.00 |

Sheet no. ___**3**___ of ___**5**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > **$3,823.00**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re  **Terrence Griffin**         Case No. **10-41294**
       **Rachael Griffin**                                     (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxxx1018<br>**Sears/cbsd**<br>**Po Box 6189**<br>**Sioux Falls, SD 57117** | | C | DATE INCURRED:  **12/24/2002**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxx3869<br>**Tek-collect Inc**<br>**Pob 1269**<br>**Columbus, OH 43216** | | C | DATE INCURRED:  **09/2009**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | $135.00 |
| ACCT #:  xxxxxxxxxxxx6010<br>**U S Dept Of Ed/fisl/ch**<br>**Po Box 4222**<br>**Iowa City, IA 52244** | | C | DATE INCURRED:  **08/2001**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | $3,395.00 |
| ACCT #:  xxxxx6509<br>**University Of Phoenix**<br>**4615 E Elwood St Fl 3**<br>**Phoenix, AZ 85040** | | C | DATE INCURRED:  **01/2009**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS: | | | | $1,616.00 |
| ACCT #:  xxxxx9577<br>**Us Dept Of Ed/glelsi**<br>**2401 International Ln**<br>**Madison, WI 53704** | | C | DATE INCURRED:  **02/2009**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | ($1.00) |
| ACCT #:  xxxxx5241<br>**Us Dept Of Education**<br>**Attn: Borrowers Service Dept**<br>**PO Box 5609**<br>**Greenville, TX 75403** | | C | DATE INCURRED:  **08/17/2001**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | $0.00 |

Sheet no. ____**4**____ of ____**5**____ continuation sheets attached to             Subtotal >     **$5,145.00**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                **Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Terrence Griffin**  
      **Rachael Griffin**

Case No.  **10-41294**
           (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxxxx9577**<br>**Usded/glelsi**<br>**2401 International**<br>**Madison, WI 53704** | | C | DATE INCURRED:  **02/06/2009**<br>CONSIDERATION:<br>**Government Secured Guarantee Loan**<br>REMARKS: | | | | **$0.00** |
| ACCT #:  **xxxx6020**<br>**Wf/efs**<br>**Po Box 84712**<br>**Sioux Falls, SD 57117** | | C | DATE INCURRED:  **02/2009**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **($1.00)** |
| ACCT #:  **xxxx6045**<br>**Wf/efs**<br>**Po Box 84712**<br>**Sioux Falls, SD 57117** | | C | DATE INCURRED:  **02/2009**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$0.00** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. _____**5**_____ of _____**5**_____ continuation sheets attached to  
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  **($1.00)**

Total >  **$18,092.00**

**(Use only on last page of the completed Schedule F.)**  
**(Report also on Summary of Schedules and, if applicable, on the**  
**Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re **Terrence Griffin**
  **Rachael Griffin**

Case No.   **10-41294**
      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re **Terrence Griffin**          Case No.    **10-41294**
      **Rachael Griffin**                                          (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re **Terrence Griffin**       Case No. **10-41294**
    **Rachael Griffin**                                 (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | | |
|---|---|---|---|---|---|
| **Married** | Relationship(s): Son | Age(s): 15 | | Relationship(s): | Age(s): |
| | Daughter | 12 | | | |
| | Son | 9 | | | |
| | Daughter | 2 | | | |
| | Daughter | 1 | | | |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | Truck Driver | Bus Driver |
| Name of Employer | Western International Gas | Houston ISD |
| How Long Employed | 1 yr. | 2 yrs |
| Address of Employer | 7173 Hwy. 159 E | 4400 West 18th |
| | Bellville, TX 77418 | Houston, TX 77092-8501 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $5,885.36 | $1,862.50 |
| 2. Estimate monthly overtime | $0.00 | $0.00 |
| 3. SUBTOTAL | **$5,885.36** | **$1,862.50** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $374.92 | $48.52 |
| b. Social Security Tax | $327.24 | $0.00 |
| c. Medicare | $76.54 | $25.28 |
| d. Insurance | $346.36 | $0.00 |
| e. Union dues | $0.00 | $0.00 |
| f. Retirement     Voluntary         / TRS Mandatory | $117.70 | $119.20 |
| g. Other (Specify)    Child Support | $655.00 | $0.00 |
| h. Other (Specify)    Vision Insurance | $11.54 | $0.00 |
| i. Other (Specify)    Health Savings Acct | $208.32 | $0.00 |
| j. Other (Specify)    Uniforms | $7.00 | $0.00 |
| k. Other (Specify) | $0.00 | $0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **$2,124.62** | **$193.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **$3,760.74** | **$1,669.50** |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. Income from real property | $0.00 | $0.00 |
| 9. Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $654.00 |
| 11. Social security or government assistance (Specify): | | |
| | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify): | | |
| a. | $0.00 | $0.00 |
| b. | $0.00 | $0.00 |
| c. | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | **$654.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$3,760.74** | **$2,323.50** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$6,084.24** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

IN RE: **Terrence Griffin**      Case No. __10-41294__
     **Rachael Griffin**                (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $1,596.69 |
|    a. Are real estate taxes included?  ☑ Yes   ☐ No | |
|    b. Is property insurance included?  ☑ Yes   ☐ No | |
| 2. Utilities:  a. Electricity and heating fuel | $325.00 |
|            b. Water and sewer | $60.00 |
|            c. Telephone | $160.00 |
|            d. Other:   Cable | $80.00 |
| 3. Home maintenance (repairs and upkeep) | $25.00 |
| 4. Food | $1,000.00 |
| 5. Clothing | $50.00 |
| 6. Laundry and dry cleaning | $50.00 |
| 7. Medical and dental expenses | $80.00 |
| 8. Transportation (not including car payments) | $400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $25.00 |
| 10. Charitable contributions | $70.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|         a. Homeowner's or renter's | |
|         b. Life | |
|         c. Health | |
|         d. Auto | $200.00 |
|         e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|         a. Auto:   Second Mortgage | $287.00 |
|         b. Other: | |
|         c. Other: | |
|         d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $600.00 |
| 17.a. Other: Childcare | $500.00 |
| 17.b. Other: Personal Grooming | $50.00 |
| **18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17.  Report also on Summary of Schedules and,<br>   if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$5,558.69** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None.**

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $6,084.24 |
| b. Average monthly expenses from Line 18 above | $5,558.69 |
| c. Monthly net income (a. minus b.) | $525.55 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Terrence Griffin**                                    CASE NO   **10-41294**
**Rachael Griffin**

CHAPTER   **13**

## EXHIBIT TO SCHEDULE J

## Itemized Business Expenses
### Out of Pocket Trucking Expenses

| Expense | Category | Amount |
|---|---|---|
| Food | Meals | **$300.00** |
| Showers | Travel Expenses | **$200.00** |
| Misc Supplies | Supplies | **$100.00** |
| | **Total >** | **$600.00** |

B6 Summary (Official Form 6 - Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re  **Terrence Griffin**
      **Rachael Griffin**

Case No.    **10-41294**

Chapter    **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $167,000.00 | | |
| B - Personal Property | Yes | 5 | $27,087.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $233,257.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $2,805.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $18,092.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $6,084.24 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $5,558.69 |
| | TOTAL | 22 | $194,087.00 | $254,154.00 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re  **Terrence Griffin**
     **Rachael Griffin**

Case No.   **10-41294**

Chapter   **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $2,805.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | **$2,805.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $6,084.24 |
| Average Expenses (from Schedule J, Line 18) | $5,558.69 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $8,128.65 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $45,586.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $2,805.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $18,092.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $63,678.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Terrence Griffin**
     **Rachael Griffin**

Case No.   **10-41294**
            (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of     **24**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date  **12/31/2010**

Signature   **/s/ Terrence Griffin**
             **Terrence Griffin**


Date  **12/31/2010**

Signature   **/s/ Rachael Griffin**
             **Rachael Griffin**
    [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or
both. 18 U.S.C. §§ 152 and 3571.*

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**SOUTHERN DISTRICT OF TEXAS**

Case number (if known): _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

☐ Check if this is an amended filing

Official Form 101

## Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together--called a joint case--and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses Debtor 1 and Debtor 2 to distinguish between them. In joint cases, one of the spouses must report information as Debtor 1 and the other as Debtor 2. The same person must be Debtor 1 in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**1. Your full name**

Write the name that is on your government-issued picture identification (for example, your driver's license or passport).

Bring your picture identification to your meeting with the trustee.

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|
| **Rachael**<br>First Name | First Name |
| **Lee**<br>Middle Name | Middle Name |
| **Griffin**<br>Last Name | Last Name |
| Suffix (Sr., Jr., II, III) | Suffix (Sr., Jr., II, III) |

**2. All other names you have used in the last 8 years**

Include your married or maiden names.

| First Name | First Name |
|---|---|
| Middle Name | Middle Name |
| Last Name | Last Name |

**3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx – xx – __7__ __3__ __4__ __7__      xxx – xx – ____ ____ ____ ____

OR      OR

9xx – xx – ____ ____ ____ ____      9xx – xx – ____ ____ ____ ____



EXHIBIT
**F**

| Debtor 1 | Rachael Lee Griffin | Case number (if known) |
|---|---|---|

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and doing business as names

☐ I have not used any business names or EINs.

**Bona Fide Beauty Salon**
Business name

Business name

Business name

EIN _ _ _ – _ _ _ _ _ _ _ _

EIN _ _ _ – _ _ _ _ _ _ _ _

☐ I have not used any business names or EINs.

Business name

Business name

Business name

EIN _ _ _ – _ _ _ _ _ _ _ _

EIN _ _ _ – _ _ _ _ _ _ _ _

**5.** **Where you live**

**703 Deveron Lane**
Number    Street

**Houston**          **TX**    **77090**
City          State    ZIP Code

**Harris**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City          State    ZIP Code

If Debtor 2 lives at a different address:

Number    Street

City          State    ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City          State    ZIP Code

**6.** **Why you are choosing this district to file for bankruptcy**

*Check one:*

☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one:* (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).  Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☒ Chapter 13

Debtor 1 __Rachael Lee Griffin__                                  Case number (if known) _____

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the Application for Individuals to Pay Your Filing Fee in Installments (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.

District __Southern District Texas/Houston Div__  When __12/08/2010__  Case number __10-41294__
                                                        MM / DD / YYYY

District _____  When _____  Case number _____
                                                        MM / DD / YYYY

District _____  When _____  Case number _____
                                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

Debtor _____  Relationship to you _____

District _____  When _____  Case number, _____
                                                        MM / DD / YYYY   if known

Debtor _____  Relationship to you _____

District _____  When _____  Case number, _____
                                                        MM / DD / YYYY   if known

**11. Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No.  Go to line 12.

☐ Yes.  Fill out Initial Statement About an Eviction Judgment Against You (Form 101A) and file it with this bankruptcy petition.

Debtor 1    __Rachael Lee Griffin_____    Case number (if known) _____

---

| **Part 3:** | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No. Go to Part 4.
☑ Yes. Name and location of business

**Bona Fide Beauty Salon**
Name of business, if any

**1432 FM 1960, Suite 102**
Number     Street

_____

__Houston_____     __TX__     __77090__
City                                          State          ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?***

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No
☐ Yes.  What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____
                        Number     Street

_____

_____
City                                    State     ZIP Code

---

Debtor 1    **Rachael Lee Griffin** _____    Case number (if known) _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**
*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**
*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1   **Rachael Lee Griffin**                           Case number (if known) _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☐ No. Go to line 16b.
- ☒ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer or business debts.

_____

**17. Are you filing under Chapter 7?**

- ☒ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

- ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  - ☐ No
  - ☐ Yes

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☒ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☒ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor 1 | **Rachael Lee Griffin** | Case number (if known) |
|---|---|---|

---

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X **/s/ Rachael Lee Griffin**                                  X _____

Rachael Lee Griffin, Debtor 1                              Signature of Debtor 2

Executed on **12/04/2016**                                  Executed on _____
         MM / DD / YYYY                                                     MM / DD / YYYY

Debtor 1    **Rachael Lee Griffin**_____    Case number (if known) _____

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

X  **/s/ Kyle Kenneth Payne**_____    Date   **12/04/2016**_____
   Signature of Attorney for Debtor                           MM / DD / YYYY

   **Kyle Kenneth Payne**_____
   Printed name

   **Payne & Associates, PLLC**_____
   Firm Name

   **5225 Katy Freeway, Suite 505**_____
   Number          Street

   _____

   _____

   **Houston**_____    **TX**    **77002**_____
   City                                 State    ZIP Code

   Contact phone   **(713) 228-0200**_____    Email address **sughrueassocnotices2@yahoo.com**

   **24083637**_____    **TX**_____
   Bar number                              State

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael** | **Lee** | **Griffin** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known) _____

☐ Check if this is an
   amended filing

## Official Form 106A/B

## Schedule A/B: Property                                                     12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No.  Go to Part 2.
   ☑ Yes. Where is the property?

1.1.

**703 Deveron Lane**
Street address, if available, or other description

_____

**Houston**                **TX**    **77090-3827**
City                       State   ZIP Code

**Harris**
County

**703 Deveron Lane, Houston, TX 77090-3827**
**Lot 5 Block 2**
**Ella Crossing Sec 1**

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** | **Current value of the portion you own?**
**$122,063.00** | **$122,063.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Homestead**

☐ **Check if this is community property**
   (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................** ➜ | **$122,063.00**

### Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☑ No
   ☐ Yes

Debtor 1     __Rachael Lee Griffin_____     Case number (if known) _____

**4.** **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

**5.** Add the dollar value of the portion you own for all of your entries from Part 2, including any
entries for pages you have attached for Part 2. Write that number here.......................................➔     | $0.00 |

| Part 3: | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**6.** **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☑ Yes. Describe.....  **See continuation page(s).**          $3,520.00

**7.** **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners;
music collections; electronic devices including cell phones, cameras, media players, games
☐ No
☑ Yes. Describe.....  **See continuation page(s).**          $1,450.00

**8.** **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☑ No
☐ Yes. Describe.....          _____

**9.** **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis;
canoes and kayaks; carpentry tools; musical instruments
☐ No
☑ Yes. Describe.....  **BBQ Pit**          $100.00

**10.** **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
☑ Yes. Describe.....  **Firearms**          $826.00
**Glock 27 9mm**
**Glock 40 .38**
**Ammunition**

**11.** **Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
☑ Yes. Describe.....  **Clothing & Shoes**          $600.00

**12.** **Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems,
gold, silver
☐ No
☑ Yes. Describe.....  **See continuation page(s).**          $1,200.00

**13.** **Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☑ No
☐ Yes. Describe.....          _____

Debtor 1 __Rachael Lee Griffin_____ Case number (if known) _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes.  Give specific information.............

_____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here..........................................................................** → | $7,696.00 |

---

| **Part 4:** | **Describe Your Financial Assets** |

Do you own or have any legal or equitable interest in any of the following?

*Current value of the portion you own?*
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes.................................................................................... Cash: ...................... | $30.00 |

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions.  If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes............................  Institution name:

| 17.1. | Checking account: | **Chase Bank** | |
| | | **Checking account** | $608.63 |
| 17.2. | Checking account: | **Chase Bank** | |
| | | **Checking account** | $2,822.70 |
| 17.3. | Savings account: | **Chase Bank** | |
| | | **Savings account** | $527.50 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes............................  Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes.  Give specific information about them..........................  Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes.  Give specific information about them..........................  Issuer name:

---

Debtor 1    **Rachael Lee Griffin** _____    Case number (if known) _____

**21. Retirement or pension accounts**
Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each account separately.

| | Type of account: | Institution name: | |
|---|---|---|---|
| | Retirement account: | **Fidelity** | |
| | | **Retirement account** | **$100.00** |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes............................    Institution name or individual:

**23. Annuities** (A contract for a specific periodic payment of money to you, either for life or for a number of years)
☑ No
☐ Yes............................    Issuer name and description:

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
☑ No
☐ Yes............................    Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c)

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☑ No
☐ Yes. Give specific information about them                                                    _____

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
Examples: Internet domain names, websites, proceeds from royalties and licensing agreements
☑ No
☐ Yes. Give specific information about them                                                    _____

**27. Licenses, franchises, and other general intangibles**
Examples: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☐ No
☑ Yes. Give specific information about them    **Cosmetology**                                **$1.00**

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years......................

Federal: _____ **$0.00**

State: _____ **$0.00**

Local: _____ **$0.00**

Debtor 1    __Rachael Lee Griffin_____    Case number (if known) _____

**29. Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No

☑ Yes. Give specific information

| | |
|---|---|
| **Support: Child Support arrears. Amt: $48,000.00** | Alimony: $0.00 |
| | Maintenance: $0.00 |
| **Support: Child Support arrears. Amt: $880.00** | Support: $48,880.00 |
| | Divorce settlement: $0.00 |
| | Property settlement: $0.00 |

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information                                                         _____

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance
company of each policy
and list its value................   Company name:                 Beneficiary:              Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died

☑ No

☐ Yes. Give specific information                                                         _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim........                                                       _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim........                                                       _____

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information                                                         _____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here..................................................................................** ➔ | $52,969.83 |

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

Debtor 1    **Rachael Lee Griffin** _____   Case number (if known) _____

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe.. _____

**39. Office equipment, furnishings, and supplies**
   _Examples:_ Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe.. _____

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No
☑ Yes. Describe..  **Hair Dryer, Marcell Dryer, Shears, Rollers and misc supplies.**    **$800.00**

**41. Inventory**

☑ No
☐ Yes. Describe.. _____

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe..... Name of entity:                              % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
      ☐ No
      ☐ Yes. Describe..... _____

**44. Any business-related property you did not already list**

☑ No
☐ Yes. Give specific information.

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here......................................................................................... ➜    **$800.00**

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | **If you own or have an interest in farmland, list it in Part 1.** |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**
   _Examples:_ Livestock, poultry, farm-raised fish

☑ No
☐ Yes.... _____

Debtor 1 __Rachael Lee Griffin__                                    Case number (if known) _____

**48. Crops--either growing or harvested**

☑ No
☐ Yes.  Give specific
information................                                                          _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes....                                                                             _____

**50. Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes....                                                                             _____

**51. Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific
information................                                                          _____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have
attached for Part 6.  Write that number here........................................................** ➔  | **$0.00** |

---

**Part 7:  Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes.  Give specific information.

**54. Add the dollar value of all of your entries from Part 7.  Write that number here.............** ➔  | **$0.00** |

---

**Part 8:  List the Totals of Each Part of this Form**

**55. Part 1: Total real estate, line 2.......................................................................** ➔  **$122,063.00**

**56. Part 2: Total vehicles, line 5**                              $0.00

**57. Part 3: Total personal and household items, line 15**        $7,696.00

**58. Part 4: Total financial assets, line 36**                    $52,969.83

**59. Part 5: Total business-related property, line 45**           $800.00

**60. Part 6: Total farm- and fishing-related property, line 52**  $0.00

**61. Part 7: Total other property not listed, line 54**       +   $0.00

**62. Total personal property.**  Add lines 56 through 61.........  | $61,465.83 |  Copy personal ➔ + **$61,465.83**
                                                                                    property total

**63. Total of all property on Schedule A/B.**  Add line 55 + line 62.............................  | **$183,528.83** |

Debtor 1     __Rachael Lee Griffin_____     Case number (if known) _____

**6.** **Household goods and furnishings (details):**

| | |
|---|---|
| **Sofa** | **$200.00** |
| **Love Seat** | **$150.00** |
| **Lamp** | **$100.00** |
| **Rug** | **$10.00** |
| **Kitchen Table w/chairs** | **$200.00** |
| **Dining Room Table w/chairs** | **$500.00** |
| **China Cabinet** | **$400.00** |
| **Flatware** | **$10.00** |
| **Pots & Pans** | **$30.00** |
| **Dishes & Glassware** | **$10.00** |
| **6 Beds** | **$1,000.00** |
| **3 Chests** | **$100.00** |
| **Dresser** | **$25.00** |
| **Nightstand** | **$25.00** |
| **Lamp** | **$25.00** |
| **T.V. Stand** | **$10.00** |
| **Refrigerator** | **$100.00** |
| **Stove** | **$50.00** |
| **Washer & Dryer** | **$250.00** |
| **Freezer** | **$10.00** |
| **Vacuum Cleaner** | **$10.00** |
| **Desks** | **$5.00** |
| **Lawn Mower** | **$100.00** |
| **Mirror** | **$200.00** |

**7.** **Electronics (details):**

| | |
|---|---|
| **3 DVD Players** | **$300.00** |
| **5 Televisions** | **$500.00** |
| **Computers/Laptops** | **$50.00** |
| **4 Cell Phones/Tablets** | **$400.00** |
| **Game Systems** | **$200.00** |

**12.** **Jewelry (details):**

| | |
|---|---|
| **3 Watches (Fossil)** | **$200.00** |
| **Fine Jewelry - Costume jewelry and diamond earrrings** | **$1,000.00** |

Debtor 1   **Rachael Lee Griffin**                                    Case number (if known) _____

**Fill in this information to identify your case:**

Debtor 1    __Rachael__      __Lee__      __Griffin__
           First Name       Middle Name       Last Name

Debtor 2
(Spouse, if filing)   First Name       Middle Name       Last Name

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF TEXAS__

Case number
(if known)

☐ Check if this is an amended filing

Official Form 106C

## Schedule C: The Property You Claim as Exempt        04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions--such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds--may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?**    *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☑ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: **703 Deveron Lane, Houston, TX 77090-3827 Lot 5 Block 2 Ella Crossing Sec 1** Line from *Schedule A/B*: __1.1__ | $122,063.00 | ☑ $0.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| Brief description: **Sofa** Line from *Schedule A/B*: __6__ | $200.00 | ☑ $200.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |

3. **Are you claiming a homestead exemption of more than $160,375?**

   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
        ☐ No
        ☐ Yes

Debtor 1    **Rachael Lee Griffin**                                   Case number (if known) _____

| **Part 2:** | **Additional Page** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: **Love Seat** Line from *Schedule A/B*: ___**6**___ | **$150.00** | ☑ **$150.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Lamp** Line from *Schedule A/B*: ___**6**___ | **$100.00** | ☑ **$100.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Rug** Line from *Schedule A/B*: ___**6**___ | **$10.00** | ☑ **$10.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Kitchen Table w/chairs** Line from *Schedule A/B*: ___**6**___ | **$200.00** | ☑ **$200.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Dining Room Table w/chairs** Line from *Schedule A/B*: ___**6**___ | **$500.00** | ☑ **$500.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **China Cabinet** Line from *Schedule A/B*: ___**6**___ | **$400.00** | ☑ **$400.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Flatware** Line from *Schedule A/B*: ___**6**___ | **$10.00** | ☑ **$10.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Pots & Pans** Line from *Schedule A/B*: ___**6**___ | **$30.00** | ☑ **$30.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description: **Dishes & Glassware** Line from *Schedule A/B*: ___**6**___ | **$10.00** | ☑ **$10.00** ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |

Debtor 1    __Rachael Lee Griffin_____    Case number (if known) _____

| Part 2: | Additional Page |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**6 Beds**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*: __6__ | **$1,000.00** | ☑ **$600.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**6 Beds**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*: __6__ | **$1,000.00** | ☑ **$400.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**3 Chests**<br>Line from *Schedule A/B*: __6__ | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Dresser**<br>Line from *Schedule A/B*: __6__ | **$25.00** | ☑ **$25.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Nightstand**<br>Line from *Schedule A/B*: __6__ | **$25.00** | ☑ **$25.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Lamp**<br>Line from *Schedule A/B*: __6__ | **$25.00** | ☑ **$25.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**T.V. Stand**<br>Line from *Schedule A/B*: __6__ | **$10.00** | ☑ **$10.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Refrigerator**<br>Line from *Schedule A/B*: __6__ | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Stove**<br>Line from *Schedule A/B*: __6__ | **$50.00** | ☑ **$50.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |

Debtor 1   **Rachael Lee Griffin** _____   Case number (if known) _____

| Part 2: | Additional Page |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**Washer & Dryer**<br><br>Line from *Schedule A/B*:  **6** | **$250.00** | ☑ **$250.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Freezer**<br><br>Line from *Schedule A/B*:  **6** | **$10.00** | ☑ **$10.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Vacuum Cleaner**<br><br>Line from *Schedule A/B*:  **6** | **$10.00** | ☑ **$10.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Desks**<br><br>Line from *Schedule A/B*:  **6** | **$5.00** | ☑ **$5.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Lawn Mower**<br><br>Line from *Schedule A/B*:  **6** | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Mirror**<br><br>Line from *Schedule A/B*:  **6** | **$200.00** | ☑ **$200.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**3 DVD Players**<br><br>Line from *Schedule A/B*:  **7** | **$300.00** | ☑ **$300.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**5 Televisions**<br><br>Line from *Schedule A/B*:  **7** | **$500.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Computers/Laptops**<br><br>Line from *Schedule A/B*:  **7** | **$50.00** | ☑ **$50.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |

Debtor 1    **Rachael Lee Griffin**                                            Case number (if known) _____

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**4 Cell Phones/Tablets**<br><br>Line from *Schedule A/B*: __7__ | **$400.00** | ☑ **$400.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Game Systems**<br><br>Line from *Schedule A/B*: __7__ | **$200.00** | ☑ **$200.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**BBQ Pit**<br><br>Line from *Schedule A/B*: __9__ | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Firearms<br>Glock 27 9mm<br>Glock 40 .38<br>Ammunition**<br>Line from *Schedule A/B*: __10__ | **$826.00** | ☑ **$826.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Clothing & Shoes**<br><br>Line from *Schedule A/B*: __11__ | **$600.00** | ☑ **$600.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**3 Watches (Fossill)**<br><br>Line from *Schedule A/B*: __12__ | **$200.00** | ☑ **$200.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Fine Jewelry - Costume jewelry and diamond earrrings<br>(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*: __12__ | **$1,000.00** | ☑ **$600.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| Brief description:<br>**Fine Jewelry - Costume jewelry and diamond earrrings<br>(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*: __12__ | **$1,000.00** | ☑ **$400.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Cash**<br><br>Line from *Schedule A/B*: __16__ | **$30.00** | ☑ **$30.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |

Debtor 1 __**Rachael Lee Griffin**_____     Case number (if known) _____

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**Chase Bank**<br>**Checking account**<br>Line from *Schedule A/B*: __**17.1**__ | **$608.63** | ☑ **$608.63**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Chase Bank**<br>**Checking account**<br>Line from *Schedule A/B*: __**17.2**__ | **$2,822.70** | ☑ **$2,822.70**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Chase Bank**<br>**Savings account**<br>Line from *Schedule A/B*: __**17.3**__ | **$527.50** | ☑ **$527.50**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Fidelity**<br>**Retirement account**<br>Line from *Schedule A/B*: __**21**__ | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(12)** |
| Brief description:<br>**Cosmetology**<br><br>Line from *Schedule A/B*: __**27**__ | **$1.00** | ☑ **$1.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| Brief description:<br>**Child Support arrears**<br><br>Line from *Schedule A/B*: __**29**__ | **$48,000.00** | ☑ **$48,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(10)(D)** |
| Brief description:<br>**Child Support arrears**<br><br>Line from *Schedule A/B*: __**29**__ | **$880.00** | ☑ **$880.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(10)(D)** |
| Brief description:<br>**Hair Dryer, Marcell Dryer, Shears, Rollers and misc supplies.**<br>Line from *Schedule A/B*: __**40**__ | **$800.00** | ☑ **$800.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(6)** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael** | **Lee** | **Griffin** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known)

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form.  On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**

   ☐ No.  Check this box and submit this form to the court with your other schedules.  You have nothing else to report on this form.

   ☑ Yes.  Fill in all of the information below.

**Part 1:** **List All Secured Claims**

2. **List all secured claims.**  If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2.  As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

| 2.1 | | | | |
|---|---|---|---|---|
| **Chase Mtg** | Describe the property that secures the claim: | $132,579.00 | $122,063.00 | $10,516.00 |
| Creditor's name | **Homestead - On-going Mortgage** | | | |
| **Po Box 24696** | | | | |
| Number     Street | | | | |

| | As of the date you file, the claim is: Check all that apply. |
|---|---|
| | ☐ Contingent |
| **Columbus    OH    43224** | ☐ Unliquidated |
| City    State    ZIP Code | ☐ Disputed |

**Who owes the debt?**  Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.**  Check all that apply.

☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **Conventional Real Estate Mortgage**

Date debt was incurred  **10/31/2005**     Last 4 digits of account number     **1  9  8  0**

Add the dollar value of your entries in Column A on this page.  Write that number here:

| $132,579.00 |
|---|

Debtor 1   __Rachael Lee Griffin__      Case number (if known) _____

| **Part 1:** | **Additional Page** After listing any entries on this page, number them sequentially from the previous page. | Column A **Amount of claim** Do not deduct the value of collateral | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|---|

**2.2**

**Ella Crossing HOA**
Creditor's name
**16690 Park Row**
Number    Street

_____

**Houston**     **TX**    **77084**
City      State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

**Date debt was incurred** _____

Describe the property that secures the claim:

**Homestead - HOA Dues**

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [x] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [ ] Judgment lien from a lawsuit
- [ ] Other (including a right to offset)

**Last 4 digits of account number** ___ ___ ___ ___

Column A: $0.00    Column B: $122,063.00

---

**2.3**

**Franklin Credit Management**
Creditor's name
**P.O. Box 2300**
Number    Street

_____

**Jersey City**     **NJ**    **07303**
City      State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

**Date debt was incurred** _____

Describe the property that secures the claim:

**Homestead - 2nd Lien**

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [x] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [ ] Judgment lien from a lawsuit
- [x] Other (including a right to offset)
  **2nd lien**

**Last 4 digits of account number** ___ ___ ___ ___

Column A: $32,753.00    Column B: $122,063.00    Column C: $32,753.00

---

Add the dollar value of your entries in Column A on this page. Write that number here:

**$32,753.00**

Debtor 1 __Rachael Lee Griffin__

Case number (if known) _____

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| **Part 1:** | **Additional Page** After listing any entries on this page, number them sequentially from the previous page. | **Amount of claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** | **Unsecured portion** If any |

---

**2.4**

**Harris County MUD #83**
Creditor's name
**JoAnn Ramos Tax A/C**
Number    Street
**11500 NW Freeway, Suite 465**

**Houston          TX    77092**
City          State   ZIP Code

Describe the property that secures the claim:          $801.82          $801.82

**Homestead - MUD Taxes**

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this claim relates to a community debt**

Date debt was incurred    **2016**

**Nature of lien.**  Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☒ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☒ Other (including a right to offset)
  **MUD Taxes**

Last 4 digits of account number ___ ___ ___ ___

---

**2.5**

**Harris County Tax Office**
Creditor's name
**PO Box 3547**
Number    Street

**Houston          TX    77253**
City          State   ZIP Code

Describe the property that secures the claim:          $1,030.55          $1,030.55

**Homestead - Property Taxes**

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this claim relates to a community debt**

Date debt was incurred    **2017**

**Nature of lien.**  Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☒ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☒ Other (including a right to offset)
  **Property Taxes**

Last 4 digits of account number ___ ___ ___ ___

---

Add the dollar value of your entries in Column A on this page.  Write that number here:          **$1,832.37**

Debtor 1 __Rachael Lee Griffin__                    Case number (if known) _____

| Part 1: | Additional Page<br>After listing any entries on this page, number them sequentially from the previous page. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|---|

| 2.6 | | Describe the property that secures the claim: | $1,647.28 | $1,647.28 | |
|---|---|---|---|---|---|

**Spring ISD Tax Office**
Creditor's name
**16717 Ella Blvd**
Number    Street
**P.O. Box 90458**

Describe the property that secures the claim:

**Homestead - School Taxes**

_____

**Houston          TX    77290**
City          State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **School Taxes**

Date debt was incurred    __2016__    Last 4 digits of account number    ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page. Write that number here:                    | $1,647.28 |

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:            | $168,811.65 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael** | **Lee** | **Griffin** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

| **Part 1:** | **List All of Your PRIORITY Unsecured Claims** |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.
   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If more space is needed for priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | **Total claim** | **Priority amount** | **Nonpriority amount** |
|---|---|---|---|---|
| **2.1** | | $3,775.00 | $3,775.00 | $0.00 |

**Payne & Associates, PLLC**
Priority Creditor's Name
**5225 Katy Freeway, Suite 505**
Number          Street

_____

| **Houston** | **TX** | **77002** |
|---|---|---|
| City | State | ZIP Code |

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number** __ __ __ __

**When was the debt incurred?** 11/29/2016

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☑ Other. Specify
   **Attorney fees for this case**

Debtor 1    **Rachael Lee Griffin**                                   Case number (if known) _____

| | | | |
|---|---|---|---|
| **Part 1:** | **Your PRIORITY Unsecured Claims -- Continuation Page** | | |

After listing any entries on this page, number them sequentially from the previous page.

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|
| **2.2** | | | |
| | **$100.00** | **$100.00** | **$0.00** |

**Payne & Associates, PLLC E/O**
Priority Creditor's Name
**5225 Katy Freeway, Suite 505**
Number        Street

_____

**Houston**                    **TX    77002**
City                           State    ZIP Code

**Who incurred the debt?**    Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**  __ __ __ __

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of PRIORITY unsecured claim?**
- [ ] Domestic support obligations
- [ ] Taxes and certain other debts you owe the government
- [ ] Claims for death or personal injury while you were intoxicated
- [x] Other. Specify
  **Attorney fees for this case**

Debtor 1  **Rachael Lee Griffin**                                    Case number (if known) _____

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

**3.    Do any creditors have nonpriority unsecured claims against you?**

☐  No.  You have nothing to report in this part.  Submit this form to the court with your other schedules.

☑  Yes

**4.    List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.**
If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim.  For each claim listed, identify what type of claim it is.  Do not list claims already included in Part 1.  If more than one creditor holds a particular claim, list the other creditors in Part 3.  If more space is needed for nonpriority unsecured claims, fill out the Continuation Page of Part 2.

|  |  | **Total claim** |
|---|---|---|

| **4.1** | | **$464.00** |

**Central Financial Control**
Nonpriority Creditor's Name
**PO Box 66044**
Number         Street

_____

**Anaheim                    CA      92816**
City                                State       ZIP Code

**Who incurred the debt?**  Check one.
☑  Debtor 1 only
☐  Debtor 2 only
☐  Debtor 1 and Debtor 2 only
☐  At least one of the debtors and another

☐  **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑  No
☐  Yes

**Last 4 digits of account number**   0   4   3   9
**When was the debt incurred?**   12/2015

**As of the date you file, the claim is:** Check all that apply.
☐  Contingent
☐  Unliquidated
☑  Disputed

**Type of NONPRIORITY unsecured claim:**
☐  Student loans
☐  Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐  Debts to pension or profit-sharing plans, and other similar debts
☑  Other.  Specify
**Collecting for - HOUSTON NORTHWEST MEDICAL CTR**

| **4.2** | | **$188.00** |

**Central Financial Control**
Nonpriority Creditor's Name
**PO Box 66044**
Number         Street

_____

**Anaheim                    CA      92816**
City                                State       ZIP Code

**Who incurred the debt?**  Check one.
☑  Debtor 1 only
☐  Debtor 2 only
☐  Debtor 1 and Debtor 2 only
☐  At least one of the debtors and another

☐  **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑  No
☐  Yes

**Last 4 digits of account number**   7   2   2   8
**When was the debt incurred?**   10/2012

**As of the date you file, the claim is:** Check all that apply.
☐  Contingent
☐  Unliquidated
☑  Disputed

**Type of NONPRIORITY unsecured claim:**
☐  Student loans
☐  Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐  Debts to pension or profit-sharing plans, and other similar debts
☑  Other.  Specify
**Collecting for - HOUSTON NORTHWEST MEDICAL CTR**

Debtor 1   **Rachael Lee Griffin**                                          Case number (if known) _____

| | | |
|---|---|---|
| **Part 2:** | **Your NONPRIORITY Unsecured Claims -- Continuation Page** | |

After listing any entries on this page, number them sequentially from the previous page.

| | **Total claim** |
|---|---|

**4.3**                                                                                               **$126.00**

**Stellar Recovery Inc**
<span>Nonpriority Creditor's Name</span>
**Attn: Bankruptcy**
<span>Number        Street</span>
**4500 Salisbury Road Ste 105**

**Jackonville            FL        32216**
<span>City                    State    ZIP Code</span>

**Who incurred the debt?**   Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**   **8   7   6   0**
**When was the debt incurred?**   **12/2015**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify
   **Collecting for - COMCAST**

---

**4.4**                                                                                               **$11,153.00**

**Us Dept of Ed/Great Lakes Educational Lo**
<span>Nonpriority Creditor's Name</span>
**2401 International**
<span>Number        Street</span>

**Madison            WI        53704**
<span>City                    State    ZIP Code</span>

**Who incurred the debt?**   Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**   **8   5   8   1**
**When was the debt incurred?**   **05/2011**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify
   **Educational**

---

**4.5**                                                                                               **$412.00**

**Verizon**
<span>Nonpriority Creditor's Name</span>
**500 Technology Dr**
<span>Number        Street</span>
**Suite 500**

**Weldon Spring        MO      63304**
<span>City                    State    ZIP Code</span>

**Who incurred the debt?**   Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**   **0   0   0   1**
**When was the debt incurred?**   **02/2011**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify
   **Unsecured**

Debtor 1   **Rachael Lee Griffin** _____     Case number (if known) _____

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6.   **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159. Add the amounts for each type of unsecured claim.**

| | | | Total claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. $0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. $0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. $0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. **+** $3,875.00 |
| | 6e. | **Total.** Add lines 6a through 6d. | 6d. $3,875.00 |

| | | | Total claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. $0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. **+** $12,343.00 |
| | 6j. | **Total.** Add lines 6f through 6i. | 6j. $12,343.00 |

| **Fill in this information to identify your case:** |
|---|

Debtor 1     <u>**Rachael**</u>     <u>**Lee**</u>     <u>**Griffin**</u>
           First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)   First Name        Middle Name        Last Name

United States Bankruptcy Court for the: <u>**SOUTHERN DISTRICT OF TEXAS**</u>

Case number
(if known)

☐ Check if this is an
    amended filing

<u>Official Form 106G</u>

## Schedule G: Executory Contracts and Unexpired Leases     **12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**

    ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

    **Person or company with whom you have the contract or lease**        **State what the contract or lease is for**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | <u>**Rachael**</u><br>First Name | <u>**Lee**</u><br>Middle Name | <u>**Griffin**</u><br>Last Name |
| Debtor 2<br>(Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: <u>**SOUTHERN DISTRICT OF TEXAS**</u>

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                                   12/15

**Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.**

1. **Do you have any codebtors?**   (If you are filing a joint case, do not list either spouse as a codebtor.)

    ☒ No
    ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** *(Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)*

    ☐ No. Go to line 3.
    ☒ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

        ☐ No
        ☒ Yes

        In which community state or territory did you live?   <u>**Texas**</u>   Fill in the name and current address of that person.

        <u>**Terrence Griffin**</u>
        Name of your spouse, former spouse, or legal equivalent

        _____
        Number       Street

        _____

        _____
        City                         State        ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* **(Official Form 106D),** *Schedule E/F* **(Official Form 106E/F), or** *Schedule G* **(Official Form 106G). Use** *Schedule D, Schedule E/F, or Schedule G* **to fill out Column 2.**

    *Column 1:* **Your codebtor**                                    *Column 2:* **The creditor to whom you owe the debt**

                                                                      Check all schedules that apply:

**Fill in this information to identify your case:**

| Debtor 1 | Rachael | Lee | Griffin |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

## Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

**1.** **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | | Cosmetologist | |
| **Employer's name** | | self employed | |
| **Employer's address** | | | |
| | | Number  Street | Number  Street |
| | | | |
| | | | |
| | | City          State   Zip Code | City          State   Zip Code |
| **How long employed there?** | | | |

### Part 2:   Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **2.** | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $0.00 | |
| **3.** | Estimate and list monthly overtime pay. | 3. + | $0.00 | |
| **4.** | Calculate gross income. Add line 2 + line 3. | 4. | $0.00 | |

Debtor 1    **Rachael Lee Griffin**
_____     Case number (if known) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here .......................................................➔ 4. | $0.00 | |

5.  **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $0.00 | |
| 5b. | Mandatory contributions for retirement plans | 5b. | $0.00 | |
| 5c. | Voluntary contributions for retirement plans | 5c. | $0.00 | |
| 5d. | Required repayments of retirement fund loans | 5d. | $0.00 | |
| 5e. | Insurance | 5e. | $0.00 | |
| 5f. | Domestic support obligations | 5f. | $0.00 | |
| 5g. | Union dues | 5g. | $0.00 | |
| 5h. | Other deductions. Specify: _____ | 5h. + | $0.00 | |

6.  **Add the payroll deductions.**  Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h.    6.    $0.00

7.  **Calculate total monthly take-home pay.**    Subtract line 6 from line 4.    7.    $0.00

8.  **List all other income regularly received:**

8a.  **Net income from rental property and from operating a business, profession, or farm**    8a.    $3,320.13

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

8b.  **Interest and dividends**    8b.    $0.00

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**    8c.    $0.00

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

8d.  **Unemployment compensation**    8d.    $0.00

8e.  **Social Security**    8e.    $0.00

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____    8f.    $0.00

8g.  **Pension or retirement income**    8g.    $0.00

8h.  **Other monthly income.**
Specify: _____    8h. +    $0.00

9.  **Add all other income.**  Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h.    9.    $3,320.13

10.  **Calculate monthly income.**  Add line 7 + line 9.    10.    $3,320.13  +  _____  =  $3,320.13
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____    11. +    $0.00

12.  **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.  Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies.    12.    $3,320.13

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**

☑ No.     **None.**
☐ Yes. Explain:

Debtor 1   **Rachael Lee Griffin** _____   Case number (if known) _____

8a.  Attached Statement (Debtor 1)

### JustNAYS

**Gross Monthly Income:**                                                                       $5,280.15

| Expense | Category | Amount |
|---|---|---|
| Self Employment Taxes | Taxes | **$660.02** |
| Rent (chair space) | Rent | **$1,000.00** |
| Supplies | Supplies | **$300.00** |

**Total Monthly Expenses**                                                                  $1,960.02

**Net Monthly Income:**                                                                      $3,320.13

**Fill in this information to identify your case:**

Debtor 1   **Rachael**          **Lee**          **Griffin**
           First Name           Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name       Middle Name      Last Name

United States Bankruptcy Court for the:   **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition
  chapter 13 expenses as of the
  following date:

_____
MM / DD / YYYY

Official Form 106J

## Schedule J: Your Expenses                                      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. **Do you have dependents?**            ☐ No

   Do not list Debtor 1 and          ☑ Yes. Fill out this information
   Debtor 2.                              for each dependent...................

   Do not state the dependents'
   names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Daughter** | **18** | ☐ No  ☑ Yes |
| **Son** | **15** | ☐ No  ☑ Yes |
| **Daughter** | **8** | ☐ No  ☑ Yes |
| **Daughter** | **6** | ☐ No  ☑ Yes |
| **Son** | **2** | ☐ No  ☑ Yes |

3. **Do your expenses include**        ☑ No
   **expenses of people other than**    ☐ Yes
   **yourself and your dependents?**

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.**   4. _____
   Include first mortgage payments and any rent for the ground or lot.

   If not included in line 4:

   4a. Real estate taxes                                4a. _____

   4b. Property, homeowner's, or renter's insurance     4b. _____

   4c. Home maintenance, repair, and upkeep expenses    4c. _____

   4d. Homeowner's association or condominium dues       4d. _____$38.00

Debtor 1    **Rachael Lee Griffin**                                        Case number (if known) _____

|  |  | | Your expenses |
|---|---|---|---|

**5.** **Additional mortgage payments for your residence,** such as home equity loans  —  5. _____

**6.** **Utilities:**

6a.  Electricity, heat, natural gas  —  6a. _____ **$260.00**

6b.  Water, sewer, garbage collection  —  6b. _____ **$38.00**

6c.  Telephone, cell phone, Internet, satellite, and cable services  —  6c. _____ **$112.00**

6d.  Other. Specify: _____  6d. _____

**7.** **Food and housekeeping supplies**  —  7. _____ **$600.00**

**8.** **Childcare and children's education costs**  —  8. _____ **$260.00**

**9.** **Clothing, laundry, and dry cleaning**  —  9. _____ **$55.00**

**10.** **Personal care products and services**  —  10. _____ **$30.00**

**11.** **Medical and dental expenses**  —  11. _____ **$100.00**

**12.** **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments.  —  12. _____ **$100.00**

**13.** **Entertainment, clubs, recreation, newspapers, magazines, and books**  —  13. _____ **$10.00**

**14.** **Charitable contributions and religious donations**  —  14. _____

**15.** **Insurance.**

Do not include insurance deducted from your pay or included in lines 4 or 20.

15a.  Life insurance  —  15a. _____ **$67.00**

15b.  Health insurance  —  15b. _____

15c.  Vehicle insurance  —  15c. _____ **$95.00**

15d.  Other insurance. Specify: _____  15d. _____

**16.** **Taxes.**  Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____  16. _____

**17.** **Installment or lease payments:**

17a.  Car payments for Vehicle 1  —  17a. _____

17b.  Car payments for Vehicle 2  —  17b. _____

17c.  Other. Specify: _____  17c. _____

17d.  Other. Specify: _____  17d. _____

**18.** **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).**  —  18. _____

**19.** **Other payments you make to support others who do not live with you.**
Specify: _____  19. _____

Debtor 1    **Rachael Lee Griffin**                                              Case number (if known) _____

**20.  Other real property expenses not included in lines 4 or 5 of this form or on
       Schedule I: Your Income.**

| | | |
|---|---|---|
| 20a. | Mortgages on other property | 20a.  _____ |
| 20b. | Real estate taxes | 20b.  _____ |
| 20c. | Property, homeowner's, or renter's insurance | 20c.  _____ |
| 20d. | Maintenance, repair, and upkeep expenses | 20d.  _____ |
| 20e. | Homeowner's association or condominium dues | 20e.  _____ |

**21.  Other.**  Specify: _____    21.  **+** _____

**22.  Calculate your monthly expenses.**

| | | | |
|---|---|---|---|
| 22a. | Add lines 4 through 21. | 22a. | **$1,765.00** |
| 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2. | 22b. | _____ |
| 22c. | Add line 22a and 22b.  The result is your monthly expenses. | 22c. | **$1,765.00** |

**23.  Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | **$3,320.13** |
| 23b. | Copy your monthly expenses from line 22c above. | 23b. **−** | **$1,765.00** |
| 23c. | Subtract your monthly expenses from your monthly income.  The result is your monthly net income. | 23c. | **$1,555.13** |

**24.  Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage
payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.  Explain here:
       **None.**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael**<br>First Name | **Lee**<br>Middle Name | **Griffin**<br>Last Name |
| Debtor 2<br>(Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  Fill out all of your schedules first; then complete the information on this form.  If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1:  Summarize Your Assets

**Your assets**
Value of what you own

1.  *Schedule A/B: Property* (Official Form 106A/B)

    1a.  Copy line 55, Total real estate, from Schedule A/B........................................................... **$122,063.00**

    1b.  Copy line 62, Total personal property, from Schedule A/B............................................... **$61,465.83**

    1c.  Copy line 63, Total of all property on Schedule A/B........................................................ **$183,528.83**

### Part 2:  Summarize Your Liabilities

**Your liabilities**
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property*  (Official Form 106D)
    2a.  Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of Schedule D..... **$168,811.65**

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
    3a.  Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F.................................... **$3,875.00**

    3b.  Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F............................. **+ $12,343.00**

**Your total liabilities** **$185,029.65**

### Part 3:  Summarize Your Income and Expenses

4.  *Schedule I: Your Income* (Official Form 106I)
Copy your combined monthly income from line 12 of Schedule I....................................................................... **$3,320.13**

5.  *Schedule J: Your Expenses* (Official Form 106J)
Copy your monthly expenses from line 22c of Schedule J.............................................................................. **$1,765.00**

Debtor 1    **Rachael Lee Griffin**                                  Case number (if known) _____

---

| **Part 4:** | **Answer These Questions for Administrative and Statistical Records** |
|---|---|

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐  No.  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.
☑  Yes

7.  **What kind of debt do you have?**

☑  **Your debts are primarily consumer debts.**  *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose."  11 U.S.C. § 101(8).  Fill out lines 8-9g for statistical purposes.  28 U.S.C. § 159.

☐  **Your debts are not primarily consumer debts.**  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

8.  From the **Statement of Your Current Monthly Income:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

**$3,980.15**

9.  **Copy the following special categories of claims from Part 4, line 6 of** *Schedule E/F:*

**Total claim**

From Part 4 on *Schedule E/F,* copy the following:

9a.  Domestic support obligations.  (Copy line 6a.)                                          **$0.00**

9b.  Taxes and certain other debts you owe the government.  (Copy line 6b.)                  **$0.00**

9c.  Claims for death or personal injury while you were intoxicated.  (Copy line 6c.)        **$0.00**

9d.  Student loans.  (Copy line 6f.)                                                         **$0.00**

9e.  Obligations arising out of a separation agreement or divorce that you did not report as priority claims.  (Copy line 6g.)                                                  **$0.00**

9f.  Debts to pension or profit-sharing plans, and other similar debts.  (Copy line 6h.)  +  **$0.00**

9g.  **Total.**  Add lines 9a through 9f.                                                    **$0.00**

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael** | **Lee** | **Griffin** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Rachael Lee Griffin**
Rachael Lee Griffin, Debtor 1

X _____
Signature of Debtor 2

Date **12/04/2016**
MM / DD / YYYY

Date _____
MM / DD / YYYY

<table>
<tr><td colspan="4"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | **Rachael** | **Lee** | **Griffin** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy                04/16

Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**
    ☐ Married
    ☑ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**
    ☑ No
    ☐ Yes.  List all of the places you lived in the last 3 years.  Do not include where you live now.

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?**
    *(Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

    ☐ No
    ☑ Yes.  Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

Debtor 1   **Rachael Lee Griffin**          Case number (if known) _____

| Part 2: | Explain the Sources of Your Income |
|---|---|

**4.**   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☒ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions |
| **From January 1 of the current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips<br>☒ Operating a business | **$36,813.80** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business |  |
| **For the last calendar year:**<br>(January 1 to December 31, __2015__ )<br>                        YYYY | ☐ Wages, commissions, bonuses, tips<br>☒ Operating a business | **$25,116.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business |  |
| **For the calendar year before that:**<br>(January 1 to December 31, __2014__ )<br>                        YYYY | ☐ Wages, commissions, bonuses, tips<br>☒ Operating a business | **$27,638.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business |  |

**5.**   **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security; unemployment; and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are in a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☒ No
☐ Yes. Fill in the details.

Debtor 1 __Rachael Lee Griffin_____  Case number (if known) _____

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

- [ ] No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

    - [ ] No. Go to line 7.

    - [ ] Yes. List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

- [x] Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    - [ ] No. Go to line 7.

    - [x] Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| **Chase Mtg** | | $3,447.93 | $132,579.00 | [x] Mortgage |
| Creditor's name | | | | [ ] Car |
| **Po Box 24696** | 9/2016 | | | [ ] Credit card |
| Number  Street | 10/2016 | | | [ ] Loan repayment |
| | 11/2016 | | | [ ] Suppliers or vendors |
| **Columbus**       **OH**   **43224** | | | | [ ] Other _____ |
| City                    State   ZIP Code | | | | |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations such as child support and alimony.

- [x] No
- [ ] Yes. List all payments to an insider.

Debtor 1    **Rachael Lee Griffin** _____    Case number (if known) _____

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes.  List all payments that benefited an insider.

---

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☑ No
☐ Yes.  Fill in the details.

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No.  Go to line 11.
☐ Yes.  Fill in the information below.

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes.  Fill in the details.

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

---

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes.  Fill in the details for each gift.

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes.  Fill in the details for each gift or contribution.

Debtor 1 __Rachael Lee Griffin_____     Case number (if known) _____

| Part 6: | List Certain Losses |
|---|---|

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes. Fill in the details.

| Part 7: | List Certain Payments or Transfers |
|---|---|

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required for your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Payne & Associates, PLLC** | **$310 Filing Fees** | | |
| Person Who Was Paid | **$55 Credit Report** | | |
| **5225 Katy Freeway, Suite 505** | **$35 Credit Counseling** | | |
| Number      Street | **$150 RFI** | __11/29/2016__ | __$600.00__ |
| | **$50 Attorneys fees** | | |
| | | | |
| **Houston**          **TX**      **77002** | | | |
| City               State    ZIP Code | | | |
| | | | |
| Email or website address | | | |
| | | | |
| Person Who Made the Payment, if Not You | | | |

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?

Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?

Include both outright transfers and transfers made as security (such as granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

**19.** Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?     (These are often called asset-protection devices.)

☑ No
☐ Yes. Fill in the details.

Debtor 1    **Rachael Lee Griffin** _____    Case number (if known) _____

| **Part 8:** | **List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units** |

**20.  Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**

Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes.  Fill in the details.

**21.  Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☐ No
☑ Yes.  Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Chase Bank** <br> Name of Financial Institution | _____ <br> Name | **empty** | ☐ No <br> ☑ Yes |
| **616 FM 1960 W. Suite 100** <br> Number     Street | _____ <br> Number     Street | | |
| | | | |
| **Houston          TX    77090** <br> City          State   ZIP Code | _____ <br> City          State   ZIP Code | | |

**22.  Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes.  Fill in the details.

| **Part 9:** | **Identify Property You Hold or Control for Someone Else** |

**23.  Do you hold or control any property that someone else owns?  Include any property you borrowed from, are storing for, or hold in trust for someone.**

☐ No
☑ Yes.  Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| **Darryl Bankston** <br> Owner's Name | | **2009 Mazda CX9** | **$8,600.00** |
| **300 North Vista #117** <br> Number     Street | **703 Deveron** <br> Number     Street | | |
| | | | |
| **Houston          TX    77073** <br> City          State   ZIP Code | **Houston          TX    77090** <br> City          State   ZIP Code | | |

Debtor 1    **Rachael Lee Griffin**                                    Case number (if known) _____

---

| **Part 10:** | **Give Details About Environmental Information** |
|---|---|

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substance, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar item.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No
☐ Yes.  Fill in the details.

25.  Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes.  Fill in the details.

26.  Have you been a party in any judicial or administrative proceeding under any environmental law?  Include settlements and orders.

☑ No
☐ Yes.  Fill in the details.

---

| **Part 11:** | **Give Details About Your Business or Connections to Any Business** |
|---|---|

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☑ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No.  None of the above applies.  Go to Part 12.
☑ Yes.  Check all that apply above and fill in the details below for each business.

**Bona Fide Beauty Salon**
Business Name

**1432 FM 1960, Suite 102**
Number     Street

**Houston          TX    77090**
City                State   ZIP Code

Describe the nature of the business
hair salon

Name of accountant or bookkeeper

Employer Identification number
Do not include Social Security number or ITIN.

EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___

Dates business existed

From    **8/2010**    To    **present**

---

Debtor 1   **Rachael Lee Griffin**        Case number (if known) _____

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?  Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes.  Fill in the details below.

**Part 12:**    **Sign Below**

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that answers are true and correct.  I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

X **/s/ Rachael Lee Griffin**        X _____

  Rachael Lee Griffin, Debtor 1           Signature of Debtor 2

  Date    **12/04/2016**           Date _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No
☐ Yes.  Name of person _____    Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

---

**This notice is for you if:**

- **You are an individual filing for bankruptcy,** and

- **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 -- Liqudation

- Chapter 11 -- Reorganization

- Chapter 12 -- Voluntary repayment plan for family farmers or fishermen

- Chapter 13 -- Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7: Liquidation

|   | | |
|---|---|---|
| | $245 | filing fee |
| | $75 | administrative fee |
| + | $15 | trustee surcharge |
| | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that the even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A-2).

If your income is above the median for your state, you must file a second form--the *Chapter 7 Means Test Calculation* (Official Form 122A-2). The calculations on the form-- sometimes called the *Means Test*--deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income

for your state of residence and family size, depending on the results of the *Means Test,* the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property.* Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

### Chapter 11: Reorganization

|   | | |
|---|---------|--------------------|
|   | $1,167  | filing fee         |
| **+** | $550 | administrative fee |
|   | $1,717  | total fee          |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,

- most student loans,

- certain taxes,

- debts for fraud or theft,

- debts for fraud or defalcation while acting in a fiduciary capacity,

- most criminal fines and restitution obligations,

- certain debts that are not listed in your bankruptcy papers,

- certain debts for acts that caused death or personal injury, and

- certain long-term secured debts.

---

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and local rules of the court.

For more information about the documents and their deadlines, go to:

http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

---

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury--either orally or in writing--in connection with a bankruptcy case, you may be fined, imprisoned, or both.

- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together-- called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:

http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to:

http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

---

B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re  **Rachael Lee Griffin**

Case No. _____

Chapter  **13** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For legal services, I have agreed to accept................................................Fixed Fee: | **$3,825.00** |
| Prior to the filing of this statement I have received........................................................ | **$50.00** |
| Balance Due................................................................................................................. | **$3,775.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **12/04/2016** | **/s/ Kyle Kenneth Payne** | |
|---|---|---|
| *Date* | *Kyle Kenneth Payne* | Bar No. 24083637 |
| | Payne & Associates, PLLC | |
| | 5225 Katy Freeway, Suite 505 | |
| | Houston, TX 77002 | |
| | Phone: (713) 228-0200 / Fax: (713) 588-8750 | |

---

**/s/ Rachael Lee Griffin**

*Rachael Lee Griffin*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:   **Rachael Lee Griffin**                                    CASE NO

                                                                  CHAPTER   **13**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date  12/4/2016 _____           Signature  __/s/ Rachael Lee Griffin_____
                                                     *Rachael Lee Griffin*


Date _____             Signature _____

Debtor(s): **Rachael Lee Griffin**    Case No:           **SOUTHERN DISTRICT OF TEXAS**
                  Chapter: **13**                **HOUSTON DIVISION**

```
Attorney General of the U.S.      Payne & Associates, PLLC
Department of Justice             5225 Katy Freeway, Suite 505
10th & Constitution, N.W.         Houston, TX 77002
Washington, DC 20530


Central Financial Control         Payne & Associates, PLLC E/O
PO Box 66044                      5225 Katy Freeway, Suite 505
Anaheim, CA 92816                 Houston, TX 77002



Chase Mtg                         Spring ISD Tax Office
Po Box 24696                      16717 Ella Blvd
Columbus, OH 43224                P.O. Box 90458
                                  Houston, TX 77290


District Counsel                  Stellar Recovery Inc
Internal Revenue Service          Attn: Bankruptcy
8701 Gessner,  Suite 710          4500 Salisbury Road Ste 105
Houston, TX 77074                 Jackonville, FL 32216


Ella Crossing HOA                 U.S. Attorney
16690 Park Row                    Southern District of Texas
Houston, TX 77084                 1000 Louisiana St.
                                  Suite 2300
                                  Houston, TX 77002


Franklin Credit Management        U.S. Trustee
P.O. Box 2300                     515 Rusk,  Suite 3516
Jersey City, NJ  07303            Houston, TX 77002



Harris County MUD #83             Us Dept of Ed/Great Lakes Educa
JoAnn Ramos Tax A/C               2401 International
11500 NW Freeway, Suite 465       Madison, WI 53704
Houston, TX 77092


Harris County Tax Office          Verizon
PO Box 3547                       500 Technology Dr
Houston, TX 77253                 Suite 500
                                  Weldon Spring, MO 63304


Internal Revenue Service
Centralized Insolvency Operatio
P.O. Box 7346
Philadelphia, PA 19101


Internal Revenue Service
Special Procedures Branch
STOP 5022 HOU
1919 Smith Street
Houston, TX 77002
```

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| Fill in this information to identify your case: | Check as directed in lines 17 and 21: |
|---|---|
| Debtor 1    **Rachael**      **Lee**      **Griffin**<br>        First Name      Middle Name      Last Name | According to the calculations required by this Statement: |
| Debtor 2<br>(Spouse, if filing) First Name      Middle Name      Last Name | ☑ 1. Disposable income is not determined<br>     under 11 U.S.C. § 1325(b)(3). |
| United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS** | ☐ 2. Disposable income is determined<br>     under 11 U.S.C. § 1325(b)(3). |
| Case number<br>(if known) | ☑ 3. The commitment period is 3 years.<br>☐ 4. The commitment period is 5 years. |

☐ Check if this is an amended filing

## Official Form 122C-1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

**1. What is your marital and filing status?** Check one only.

     ☑ **Not married.** Fill out Column A, lines 2-11.

     ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| **2.** | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $0.00 | |
| **3.** | **Alimony and maintenance payments.** Do not include payments from a spouse. | $0.00 | |
| **4.** | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $0.00 | |
| **5.** | **Net income from operating a business, profession, or farm** | | |

|  | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $5,280.15 | | | |
| Ordinary and necessary operating expenses | − $1,300.00 | − | | |
| Net monthly income from a business, profession, or farm | $3,980.15 | | Copy here → | $3,980.15 |

Debtor 1    **Rachael Lee Griffin**            Case number (if known) _____

|  | Column A | Column B |
|---|---|---|
|  | *Debtor 1* | *Debtor 2 or non-filing spouse* |

**6.**    **Net income from rental and other real property**

|  | Debtor 1 | Debtor 2 |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | _____ |  |  |
| Ordinary and necessary operating expenses | − $0.00 | − _____ |  |  |
| Net monthly income from rental or other real property | $0.00 | _____ | **Copy here** → $0.00 | _____ |

**7.**    **Interest, dividends, and royalties**         $0.00     _____

**8.**    **Unemployment compensation**        $0.00     _____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ............↓

For you.................................................................... $0.00

For your spouse.............................................................

**9.**    **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.     $0.00     _____

**10.**   **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____    _____    _____

_____    _____    _____

Total amounts from separate pages, if any.    + _____   + _____

**11.**   **Calculate your total average monthly income.**
Add lines 2 through 10 for each column.    $3,980.15 + _____ = $3,980.15
Then add the total for Column A to the total for Column B.             **Total average monthly income**

---

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |

**12.**   Copy your total average monthly income from line 11. ........................................................................................ $3,980.15

**13.**   **Calculate the marital adjustment.** Check one:

☑ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

     Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

     Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

     If this adjustment does not apply, enter 0 below.

_____    _____

_____    _____

_____   + _____

Total................................................................................ $0.00    **Copy here** →    − $0.00

**14.**   **Your current monthly income.** Subtract the total in line 13 from line 12.       $3,980.15

Debtor 1     **Rachael Lee Griffin** _____     Case number (if known) _____

**15. Calculate your current monthly income for the year.** Follow these steps:

15a.   Copy line 14 here ➡ ...........................................................................................    **$3,980.15**

     Multiply line 15a by 12 (the number of months in a year).     **X    12**

15b.   The result is your current monthly income for the year for this part of the form. ............................    **$47,761.80**

**16. Calculate the median family income that applies to you.** Follow these steps:

16a.   Fill in the state in which you live.     **Texas**

16b.   Fill in the number of people in your household.     **6**

16c.   Fill in the median family income for your state and size of household..............................    **$92,685.00**
     To find a list of applicable median income amounts, go online using the link specified in the separate
     instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a.   ☑   Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, _Disposable income is not determined under 11 U.S.C. § 1325(b)(3)._ **Go to Part 3.** Do NOT fill out Calculation of Your Disposable Income (Official Form 122C-2).

17b.   ☐   Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, _Disposable income is determined under 11 U.S.C. § 1325(b)(3)._ **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

---

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

**18. Copy your total average monthly income from line 11.** ........................................................    **$3,980.15**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a.   If the marital adjustment does not apply, fill in 0 on line 19a. ............................ **–**    **$0.00**

19b.   Subtract line 19a from line 18. ........................................................    **$3,980.15**

**20. Calculate your current monthly income for the year.** Follow these steps:

20a.   Copy line 19b ...........................................................................................    **$3,980.15**

     Multiply by 12 (the number of months in a year).     **X    12**

20b.   The result is your current monthly income for the year for this part of the form. ............................    **$47,761.80**

20c.   Copy the median family income for your state and size of household from line 16c. ............................    **$92,685.00**

**21. How do the lines compare?**

   ☑   Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, _The commitment period is 3 years._ Go to Part 4.

   ☐   Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, _The commitment period is 5 years._ Go to Part 4.

Debtor 1    **Rachael Lee Griffin** _____    Case number (if known) _____

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X** **/s/ Rachael Lee Griffin** _____    **X** _____
Rachael Lee Griffin, Debtor 1                                  Signature of Debtor 2

Date  **12/4/2016** _____                          Date _____
      MM / DD / YYYY                                            MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form.  On line 39 of that form, copy your current monthly income from line 14 above.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:               §
**Rachael Lee Griffin**    §
                §     Case No. _____
                §
        Debtor(s)     §     Chapter    **13** _____

## DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY PETITION, LISTS, STATEMENTS, AND SCHEDULES

### PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case. I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and I HEREBY DECLARE UNDER PENALTY OF PERJURY that the information provided therein, as well as the social security information disclosed in this document, is true and correct. I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition, lists, statements, and schedules have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐    *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* --
     I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7. I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☐    *[Only include if petitioner is a corporation, partnership or limited liability company]* --
     I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date:    **12/4/2016**_____      **/s/ Rachael Lee Griffin**_____
                               Rachael Lee Griffin
                               Debtor
                               **Soc. Sec. No.**    **xxx-xx-7347**_____

### PART II: DECLARATION OF ATTORNEY:

I declare UNDER PENALTY OF PERJURY that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:    **12/4/2016**_____                      **/s/ Kyle Kenneth Payne**_____
                                                Kyle Kenneth Payne, Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                          CASE NO: 10-41294-H5-13

Terrence and Rachael Griffin
703 Deveron Ln
Houston, TX 77090

                                                CHAPTER 13
**DEBTORS**

**ENTERED**
**10/15/2012**

---

### ORDER DISMISSING CHAPTER 13 CASE

---

On the 11th day of September, 2012, a hearing was held on the motion to dismiss filed by the trustee. The debtor agreed to perform certain conditions specified on the record within a specified time. The conditions are noted on the docket of this case. The Chapter 13 trustee has filed a certificate stating that the debtor has failed to comply with the terms and conditions agreed upon at the hearing. Therefore, based upon the certification of the trustee, the Court does hereby **ORDER** that the above captioned Chapter 13 case is hereby **DISMISSED**.

It is further **ORDERED** that the deadline for filing an application for administrative expense in this case is set at 20 days following entry of this Order. The deadline for filing a motion for allowance of a claim arising under 11 U.S.C. Section 507(b) in this case is also set at 20 days following entry of this Order.

If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under 11 U.S.C Section 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

Signed: October 15, 2012

Karen K. Brown
United States Bankruptcy Judge

**EXHIBIT**
**G**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
February 23, 2022
Nathan Ochsner, Clerk

**Information to identify the case:**

Debtor 1 **Rachael Lee Griffin**

First Name    Middle Name    Last Name

Social Security number or ITIN   xxx-xx-xxxx
EIN   _ _ – _ _ _ _ _ _ _

Debtor 2
(Spouse, if filing)    First Name    Middle Name    Last Name

Social Security number or ITIN   _ _ _ _
EIN   _ _ – _ _ _ _ _ _ _

United States Bankruptcy Court    Southern District of Texas

Case number: **16–36061**

# Order of Discharge

12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Rachael Lee Griffin
dba Bona Fide Beauty Salon

2/23/22

**By the court:** <u>Jeffrey P Norman</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

Form 3180W      **Chapter 13 Discharge**            page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---