# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-02013** |
| **JPMORGAN CHASE CO., JAMIE** | § | |
| **DIMON, FRANKLIN CREDIT** | § | |
| **MANAGEMENT CORPORATION,** | § | |
| **AND THOMAS J. AXON** | § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANTS JPMORGAN CHASE BANK, N.A. AND
## JAMIE DIMON'S REPLY IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint and seek dismissal of Plaintiff's claims in their entirety.

## I.     NATURE AND STAGE OF THE PROCEEDING

Plaintiff initially filed this suit on May 5, 2025, seeking to challenge and invalidate debts, deeds of trust, and liens on certain real property which she formerly had an interest in. *See* Doc. 1. JPMC and Dimon filed their motion to dismiss Plaintiff's original complaint on June 25, 2025. Plaintiff then filed her First Amended Complaint (the "Amended Complaint") on October 6, 2025, purporting to add PCF Properties, LLC and one of its members, Anthony Halaris, as defendants. *See* Doc. 52. The Amended Complaint asserts a variety of claims, many different from the original Complaint, and all of which lack merit.

On November 7, 2025, JPMC and Dimon filed their Motion to Dismiss Plaintiff's Amended Complaint because Plaintiff fails to state a claim upon which relief may be granted and because Dimon is not subject to personal jurisdiction in Texas and cannot be liable for the alleged causes of action solely by virtue of being the CEO of JPMC's parent company, JPMorgan Chase & Co. Doc. 57. On November 19, 2025, Plaintiff filed a 46-page response that does not address the pleading deficiencies in her Amended Complaint, and instead focuses on mostly nonsensical and/or unsupported legal positions that are not based on the allegations on the Amended Complaint. Plaintiff also wholly and utterly fails to address the Court's lack of personal jurisdiction over Jamie Dimon or the lack of any specific allegations by her against him. Accordingly, the Court should grant JPMC's Motion to Dismiss Plaintiff's Amended Complaint and dismiss all claims asserted by Plaintiff against JPMC or Dimon with prejudice.

## II.     ARGUMENT AND AUTHORITIES

### A.  Plaintiff is limited to the allegations in her Amended Complaint.

In the Response, Plaintiff relies on an array of purported allegations, affidavits, etc. which are not present in the Amended Complaint. Only the causes of action and allegations contained in the Amended Complaint are properly before the Court, and Plaintiff cannot assert new causes of action or allegations via the Response. *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *1 (S.D. Tex. Mar. 13, 2025) (refusing to consider "new causes of action" raised in response to motion to dismiss); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 (N.D. Tex. Apr. 13, 2011) (facts and claims asserted for first time in response to motion to dismiss "are not properly before the court"); *Ryan v. Whitehurst*, No. CIV A SA07-CA723-XR, 2008 WL 1967507, at *6 (W.D. Tex. May 1, 2008) ("Plaintiff cannot, however, assert new causes of action in a response to a motion to dismiss."). The Court should not consider any

new causes of action or factual allegations included in the Response which are not present in the
Complaint.

**B. Plaintiff cannot now disavow her bankruptcy pleadings to avoid their impact after obtaining a discharge in bankruptcy.**

In both her 2010 and 2016 voluntary bankruptcy petitions, Plaintiff acknowledged the
underlying mortgage she now seeks to avoid without challenging "the security interests
encumbering the Property and did not dispute the right of any beneficiary, successor, assign, or
trustee under the Deed of Trust."[1] *Rivera v. Recontrust Co., N.A.*, No. 2:11-CV-01695-KJD, 2012
WL 2190710, at *2 (D. Nev. June 14, 2012), *aff'd sub nom. Rivera v. Recontrust Co., NA*, 594 Fed.
Appx. 412 (9th Cir. 2015) (dismissing claims challenging a mortgage lender's right to foreclose).
Plaintiff argues that any bankruptcy filing was a "defensive action" but fails to identify any
authority in support of her position that she is not judicially estopped from arguing the First Note
is not a valid debt, or that she did not enter into the First Note, or that she does not owe the debt
reflected by the First Note and First Deed of Trust due to her 2010 and 2016 bankruptcy filings.
*See* Doc. 59, p. 9. Instead, Plaintiff obfuscates and argued, without merit, that the "alleged
obligation was discharged at inception" without identifying any authority or decision by any court
of competent jurisdiction supporting her position. *Id.*

Plaintiff also purports to admonish the undersigned counsel against any attempt to "twist"
the term "discharge" to imply misconduct. *Id.* But JPMC and Dimon do not imply misconduct as
a result of Plaintiff's bankruptcy discharge, they simply note, correctly, the impact of her
bankruptcy filings and discharge.

---

[1] *See* Doc. 57-1, p. 42 & 82.

**C. JPMC and Dimon do not owe Plaintiff fiduciary duties.**

While not pleaded in the Amended Complaint and therefore not properly before the Court, Plaintiff contends in the Response that JPMC owes her fiduciary duties. *See* Doc. 59, p. 13-15. However, there is no fiduciary relationship between a mortgagee and a mortgagor. *Townsend v. BAC Home Loans Servicing, L.P.*, 461 Fed. Appx. 367, 372 (5th Cir. 2011). Accordingly, JPMC does not owe Plaintiff any fiduciary duties, and any claims premised on the breach of any such duties would fail as a matter of law.

**D. Plaintiff's "Third-Party Status" arguments are unsupported.**

Plaintiff repeatedly argues that JPMC admitted in filings that it was a "third party" but does not identify which filing makes this purported admission and fails to explain how such an admission would impact her claims or the pending motion to dismiss. *See e.g.* Doc. 59, p. 16. None of her causes of action articulated in the Amended Complaint are supported by a purported admission of being a "third party," and therefore Plaintiff's argument that Chase's motion to dismiss is flawed due to such an admission fails. All of Plaintiff's claims against JPMC and Dimon should be dismissed.

**E. Plaintiff's split the note theory and wet ink signature theory both fail.**

While not articulated in the Amended Complaint, Plaintiff makes the meritless argument that the debt is not valid or that Chase is not or was not entitled to foreclose because the note and deed of trust were split. *See* Doc. 59, p. 17. She also contends JPMC has not provided the "wet ink signature" and that the failure to do so somehow renders its lien and/or ability to foreclose invalid. *Id.* The Fifth Circuit has held exactly the opposite, and it is well settled that the original promissory note bearing a "wet ink signature" need not be produced in order to foreclose. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). "The 'split-the-note' theory is … inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage

has been properly assigned. *Id.* at 255. JPMC is a mortgage servicer and as reflected in Exhibit C to the Motion, the mortgage has been properly assigned. *See* Doc. 57-1, p. 25. Accordingly, Plaintiff's split the note theory fails.

**F.  Plaintiff's argument that only gold and silver may be used in payment of debts fails.**

Plaintiff argues that "no lawful mortgage contract could have been formed after 1933 because Congress eliminated lawful money of account and removed all gold and silver – the only constitutionally recognized tender – from domestic circulation." Doc. 59, p. 21. Under Plaintiff's theory, all mortgages and deeds of trust in the United States arising after 1933 are void. Plainly this is not the case, Plaintiff identifies no authority supporting her position, and her contention fails.

**G.  Plaintiff's purported "treaty rights" and trust transfer are irrelevant.**

Plaintiff argues that she has "treaty rights" which trump any conflicting state law. Doc. 59, p. 23-25. But, as explained in previous filings, Plaintiff grossly misconstrues both the actual treaties and the law surrounding them.[2] Her purported status as a Moorish American does not exempt her from the laws of the State of Texas or the laws of the United States, and she identifies no authority supporting her position.

Plaintiff also argues that she transferred the property into a trust and that such transfer remains "unrebutted" because, apparently, JPMC has not responded to her various "affidavits" – which it has no duty or obligation to respond to. A lien survives an ownership transfer such as the purported transfer to the trust upon which Plaintiff relies, and therefore it is immaterial whether she conveyed the property. Any purported conveyance does not save the Amended Complaint from dismissal pursuant to Rule 12(b)(6).

---

[2] *See* Doc. 37, p. 3-4.

**H.  Plaintiff's objections to JPMC and Dimon's request for judicial notice fails.**

Plaintiff contends the documents of which JPMC and Dimon request the Court take judicial notice are disputed and therefore may not be judicially noticed. *See* Doc, 59, p. 30-31.  JPMC and Dimon requested the Court take judicial notice of certified copies of Harris County property records and filings and orders from Plaintiffs' bankruptcy proceedings. *See* Doc. 57. Both of these types of documents are the type of documents of which courts routinely take judicial notice, and Plaintiff purporting to dispute them does not transform them into documents which are "subject to reasonable dispute." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020) (property records "may be judicially noticed because they are matters of public record and their contents cannot be reasonably disputed."); *ASARCO, LLC v. Montana Res., Inc.*, 514 B.R. 168, 198 n.15 (S.D. Tex. 2013) (taking judicial notice of Bankruptcy Court filings when ruling on 12(b)(6) motion). The Court may take judicial notice of the documents requested Plaintiff, and those documents are fatal to Plaintiff's claims.

**I.  Plaintiff's remaining arguments fail.**

Plaintiff makes various additional arguments, all of which fail because they do not address the deficiencies in her Amended Complaint, and instead seek to make new allegations or legal arguments without factual support in the Amended Complaint. Further, many of Plaintiff's contentions ignore threshold legal arguments raised in the Motion to Dismiss.

For example, Plaintiff purports to identify various breaches of TILA without first addressing the fact that her TILA claims are barred by the statute of limitations. Plaintiff also fails to address the fact that her Amended Complaint does not allege any wrongful acts under TILA or her purported reliance or actual damages. She cannot allege those in the Response.

Likewise, Plaintiff raises various arguments relating to the FDCPA, but she fails to first address the threshold issue, which is that JPMC is not a "debt collector" as that term is defined in

the FDCPA. "The term 'debt collectors' refers to 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008) (citing 15 U.S.C. § 1692(a)(6). "Mortgage companies collecting debts are not 'debt collectors.'" *Id.* (citing *Perry*, 756 F.2d at 1208). Plaintiff therefore fails to state a claim for Violation of the Fair Debt Collection Practices Act ("FDCPA") because only a debt collector is liable under the FDCPA, and mortgage lenders and servicers are not debt collectors under the Act. 15 U.S.C. § 1692a(6); *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428 (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008)); *Perry*, 756 F.2d at 1208 ("The legislative history of [the Act] indicates conclusively that a debt collector does not include the consumer's credits, a mortgage servicing company, or an assignee of a debt… ."). Plaintiff's purported allegations of FDCPA violations are not properly before the Court, but even if they were, they are moot.

Plaintiff's FCRA claim suffers a similar result. Plaintiff purports to identify a litany of FCRA violations, but fails to confront the fact that there is no private right of action under the FCRA. The FCRA governs claims by consumers, against a furnisher of information based on an allegation that the furnisher submitted incorrect information regarding the consumer to credit reporting agencies. *See generally* 15 U.S.C. § 1681, et seq.; *see also Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008). Section 1681s-2 requires credit furnishers to submit accurate information to credit reporting agencies regarding consumers. It is well established, however, that the FCRA does not provide individuals a private right of action for an alleged violation of 15

U.S.C. §1681s-2. *See, e.g., Thompson v. Homecomings Fin.*, No. 3-05-CV-100-L, 2005 WL 3534234, *3 at n.5 (N.D. Tex. Dec. 19, 2005); *King v. Equifax Info. Servs.*, No. Civ.A. H-05-0628, 2005 WL 1667783, *2 (S.D. Tex. July 15, 2005). Accordingly, Plaintiff's FCRA claim fails as a matter of law.

Plaintiff remaining arguments are not tied to any causes of action in her Amended Complaint, and therefore they all fail. Plaintiff fails to state a claim upon which relief may be granted, and all her claims should be dismissed.

### J.  Plaintiff fails to establish the Court has personal jurisdiction over Dimon.

The Response fails to address in any way the lack of personal jurisdiction over Dimon. Accordingly, it can be assumed Plaintiff concedes that issue, and the Court has no personal jurisdiction over Dimon. Plaintiff's claims against Dimon must be dismissed.

### III.  <u>CONCLUSION</u>

WHEREFORE, JPMC and Dimon pray that the Court grant its Motion to Dismiss, dismissing all claims asserted by Plaintiff against JPMC and Mr. Dimon with prejudice because Plaintiff does not state a claim upon which relief can be granted and because Mr. Dimon is not subject to personal jurisdiction, and grant JPMC and Mr. Dimon whatever other relief they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Eric G. Carlson*

WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS**
**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION AND**
**JAMIE DIMON**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 26, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric G. Carlson*

Eric G. Carlson