# IN UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

**Rachael Griffin-El sui juris**

Plaintiff

United States Courts
Southern District of Texas
F I L E D

APR 1 3 2026

Nathan Ochsner, Clerk of Court

v.

**Jamie Dimon (dba CEO) JPMorgan Chase Bank, N.A., et al.**

Defendants

**Civil Action No. 4:25-cv-02013**







## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

TO: Defendants Jamie Dimon (dba) JPMorgan Chase Bank, N.A.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Rachael Griffin-El hereby requests that Defendants produce the following documents within thirty (30) days of service.

# DEFINITIONS

1. "Plaintiff" means Rachael Griffin-El. Sui juris

2. "Defendants" means Jamie Dimon, doing business as CEO of JPMorgan Chase Bank, N.A.,, and any agents, employees, representatives, or persons acting on their behalf.
3. "Estate" means the Estate known as 703 Deveron Lane, Houston, Texas.
4. "Alleged Loan" means any mortgage loan, note, or obligation claimed by Defendants relating to the Estate.
5. "Document" shall have the broadest meaning under Rule 34 and includes electronic records.

# INSTRUCTIONS

1. Produce all responsive documents in your possession, custody, or control.
2. If any document is withheld, identify the basis for withholding.
3. These requests are continuing and must be supplemented.
4. Produce documents as kept in the ordinary course of business.

# REQUESTS FOR PRODUCTION

## REQUEST NO. 1 – MASTER / SERVICING FILE

Produce the complete servicing file, account file, or "master file" relating to the Alleged Loan, including all internal records, notes, correspondence, and system entries.

## REQUEST NO. 2 – PAYMENT & ACCOUNTING RECORDS

Produce all documents reflecting alleged payment history, transaction history, accounting records, and system of record data (including but not limited to any system referred to as "Moneynet" or similar).

## REQUEST NO. 3 – ORIGINAL NOTE

Produce the original promissory note, including all endorsements, allonges, or attachments.

## REQUEST NO. 4 – CHAIN OF TITLE

Produce all documents evidencing transfer, assignment, or negotiation of the Alleged Loan, including all assignments of the Deed of Trust.

## REQUEST NO. 5 – PURCHASE / SALE DOCUMENTS

Produce all documents evidencing any purchase, sale, transfer, or assignment of the Alleged Loan, including agreements, receipts, or records identifying the party that paid value.

## REQUEST NO. 6 – POOLING & SERVICING AGREEMENT

Produce any Pooling and Servicing Agreement, trust agreement, or securitization documents relating to the Alleged Loan, including schedules identifying the loan.

## REQUEST NO. 7 – AUTHORITY TO COLLECT

Produce all documents evidencing Defendants' authority to service, collect, enforce, or otherwise act regarding the Alleged Loan.

## REQUEST NO. 8 – FORECLOSURE DOCUMENTS

Produce all documents relating to any foreclosure, trustee sale, or transfer of title concerning the Estate.

## REQUEST NO. 9 – EVICTION / POSSESSION RECORDS

Produce all documents relating to any eviction, writ of possession, constable action, or removal of Plaintiff from the Estate.

## REQUEST NO. 10 – NOTICE DOCUMENTS

Produce all notices allegedly sent to Plaintiff, including notices of default, acceleration, foreclosure, sale, transfer, or eviction, along with proof of mailing and delivery.

## REQUEST NO. 11 – CREDIT REPORTING

Produce all documents reflecting information reported to any consumer reporting agency regarding the Alleged Loan.

Plaintiff identifies the following information as false or misleading:

(1) Representation of a valid and enforceable debt:
Defendants have reported that Plaintiff is obligated on a valid mortgage loan despite failing to provide documentation demonstrating the existence of a valid and enforceable agreement or their authority to enforce the alleged obligation.

(2) Representation of amount owed:
Defendants have reported that a specific amount is owed under the alleged obligation without providing a verified accounting, payment history, or documentation supporting the amount claimed.

(3) Representation of creditor status:
Defendants have reported or implied that they are the creditor or otherwise entitled to collect on the alleged obligation without producing documentation establishing ownership or lawful authority.

(4) Reporting after dispute:
Defendants have continued to report the alleged obligation to consumer reporting agencies despite Plaintiff's dispute dated January 10, 2025, without providing validation or verification of the alleged debt.

Plaintiff is not presently in possession of complete records of all information reported to consumer reporting agencies and reserves the right to supplement this response upon receipt of such information through discovery.

Plaintiff states that the above information forms the factual basis of her claims as set forth in the Complaint.

5) Inconsistent or absent credit reporting:
Plaintiff is informed and believes that Defendants have engaged in enforcement-related actions concerning the alleged obligation; however, such actions are not consistently reflected in Plaintiff's consumer credit reports, creating an inconsistency regarding the character and status of the alleged obligation.

# INTERROGATORY NO. 20

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it assumes the existence of "false documents" and seeks a legal conclusion regarding the validity of documents recorded in property records.

Plaintiff further objects to this Interrogatory as overly broad to the extent it seeks identification of all such documents beyond those presently known to Plaintiff or within Plaintiff's possession.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not presently in possession of complete property records or certified copies of all documents recorded relating to the Estate known as 703 Deveron Lane, Houston, Texas.

Plaintiff is informed and believes that Defendants have caused documents to be recorded in connection with the alleged Deed of Trust, foreclosure, or transfer of interest; however, Plaintiff disputes the validity and enforceability of any such documents to the extent they purport to establish Defendants' authority without proper documentation, including proof of a valid assignment, chain of title, or lawful authority to enforce.

Plaintiff is not presently able to identify each specific document recorded without access to complete property records and reserves the right to supplement this response upon receipt and review of such records through discovery.

## REQUEST NO. 12 – COMMUNICATIONS

Produce all communications between Defendants and Plaintiff relating to the Alleged Loan.

## REQUEST NO. 13 – INTERNAL COMMUNICATIONS

Produce all internal communications regarding Plaintiff, the Estate, or the Alleged Loan.

## REQUEST NO. 14 – IDENTIFICATION OF AGENTS

Produce documents identifying all agents, employees, or third parties involved in collection, servicing, foreclosure, or eviction actions.

## REQUEST NO. 15 – INVESTIGATION DOCUMENTS

Produce all documents reflecting any investigation, review, or validation of the Alleged Loan.

## CLOSING

Respectfully submitted,



Rachael Griffin-El, sui juris in propria persona
C/O 709 Deveron Lane
Houston, Texas [Zip Exempt]
All Rights Reserved – UCC 1-308