# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

Rachael Griffin-El sui juris,

Plaintiff,

United States Courts
Southern District of Texas
F I L E D

APR 1 3 2026

Nathan Ochsner, Clerk of Court

v.

Jamie Dimon (dba), JPMORGAN CHASE CO.,

Thomas Axon (dba), FRANKLIN CREDIT MANAGEMENT CORPORATION,

AND Antony Halaris (dba) P.C.F. Properties in TX, LLC,

Defendants.

Civil Action No. 4:25-cv-02013

  

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

TO: Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon, by and through counsel of record:

Plaintiff, Rachael Griffin-El sui juris, appearing specially non residence, c/o 709 Deveron lane Houston Texas near united state [77090] and without waiving any objections, hereby responds to Defendants' First Set of Interrogatories as follows:

Plaintiff states that she will respond using lawful definitions consistent with the United States Constitution and applicable law, and objects to any definitions or interpretations that attempt to alter or expand the meaning of terms beyond their lawful scope.

## OBJECTION TO DEFINITION NO. 1

Plaintiff, appearing specially and without waiving any objections, objects to Defendants' definition of "Plaintiff" or "you" to the extent it is overly broad and improperly includes agents, representatives, employees, or other persons or entities.

1.  Plaintiff responds only on her own behalf as a heir, natural person, appearing in sui juris, an aboriginal and indigenous Moorish American sovereign national of the Moroccan Empire at Maghrib alAqsá, North-West Amexem / North America, being of legal age, propria persona, sui juris, and not as an agent, representative, employee, or corporate entity under the United State via feudal law practice within purview of the 14th Amendment to the United States Constitution, being recorded in the Land Records of Prince Georgia's County, Maryland, or any other records associated there to are held to be ineffective, invalid, null, void and unconstitutional per the Congressional Record Proceedings and Debates of the 90th Congress, 1 Session, Volume 113 - Part 12, June 12, 1967, page 15614 (The 14TH Amendment Is Unconstitutional).

Plaintiff further states that she has no employees, agents, or representatives acting on her behalf in this matter.

## OBJECTION TO DEFINITION NO. 2

Plaintiff, appearing specially and without waiving any objections, does not object to identifying JPMorgan Chase Bank, N.A. as "JPMC."

Plaintiff objects to this definition to the extent it is overly broad and includes unidentified agents, employees, representatives, or other persons or entities without specific identification.

Plaintiff further objects to any attempt to obscure or shift responsibility through the use of undefined or unnamed parties, as all actions of a corporate entity must be carried out through identifiable natural persons.

## OBJECTION TO DEFINITION NO. 3

Plaintiff, appearing specially and without waiving any objections, does not object to identifying Jamie Dimon as "Dimon."

Plaintiff states that she has consistently identified Jamie Dimon as doing business as the Chief Executive Officer of JPMorgan Chase Bank, N.A., and as the individual responsible for the overall operations and conduct of the corporation.

Plaintiff objects to this definition to the extent it is overly broad and includes unidentified agents, employees, representatives, or other persons or entities without specific identification.

Plaintiff further objects to any attempt to limit or separate responsibility for acts carried out through agents acting under his authority and maintains that such actions must be attributable to identifiable individuals.

# OBJECTION TO DEFINITION NO. 4

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it mischaracterizes Plaintiff's filing.

Plaintiff states that the filing made on May 5, 2025, includes a Complaint and a Memorandum of Law in Support of Complaint, and is not limited to or properly described as a "Petition."

Subject to this clarification, Plaintiff does not object to referencing the Complaint as filed in this action and any properly filed amendments or supplements thereto.

# OBJECTION TO DEFINITION NO. 5

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it uses the term "Property" and attempts to characterize the subject matter of this action as "property."

Plaintiff states that the subject matter of this action concerns the Estate location, known as 703 Deveron Lane, Houston, Texas, together with the possession, rights, title, and interests associated therewith.

Plaintiff further objects to any attempt to limit or redefine the nature and extent of Plaintiff's Estate by substituting the term "Property" in place of "Estate."

Subject to this clarification, Plaintiff will respond using the term "Estate."

# OBJECTION TO DEFINITION NO. 6 ("Note")

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it assumes the existence, validity, or enforceability of any alleged note or obligation, which is expressly denied.

Plaintiff further objects to any characterization that presumes execution, authenticity, or enforceability of the referenced instrument without strict proof.

Plaintiff states that a note requires a signed, unconditional promise to pay a definite sum to a specified party. Plaintiff denies that any such valid instrument has been produced or proven, including any instrument bearing Plaintiff's authenticated signature or other verifiable mark of execution, or identifying a lawful payee.

Plaintiff further denies the existence of any valid and enforceable obligation supported by lawful consideration and requires strict proof thereof.

Plaintiff further objects to any reference to "RACHAEL GRIFFIN" as it constitutes a misidentification of Plaintiff and does not identify Plaintiff as a natural person in full life.

Subject to and without waiving these objections, Plaintiff will respond only to the extent necessary and based on documents, if any, that are properly authenticated and proven.

## OBJECTION TO DEFINITION NO. 7 ("Deed of Trust")

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it assumes the existence, validity, or enforceability of any alleged Deed of Trust or security interest, which is expressly denied.

Plaintiff further objects to any characterization that presumes execution, authenticity, or enforceability of the referenced instrument without strict proof, including proof of proper execution and delivery by the grantor and acceptance by a lawful party.

Plaintiff states that a deed requires a valid conveyance of an interest in real property by a properly executed and delivered written instrument. Plaintiff denies that any such valid conveyance or enforceable security interest affecting the Estate has been produced or proven.

Plaintiff further denies that any valid and enforceable lien or security interest attaches to the Estate and requires strict proof of any such claim, including the chain of title and authority of any party asserting an interest.

Plaintiff further objects to any reference to "RACHAEL GRIFFIN" as it constitutes a misidentification of Plaintiff and does not identify Plaintiff as a natural person in full life.

Subject to and without waiving these objections, Plaintiff will respond only to the extent necessary and based on documents, if any, that are properly authenticated and proven.

## OBJECTION TO DEFINITION NO. 8 ("Loan")

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it assumes the existence, validity, or enforceability of any alleged loan or obligation, which is expressly denied.

Plaintiff further objects to this definition to the extent it relies upon or incorporates the alleged "Note" and "Deed of Trust," the existence and validity of which are disputed and require strict proof.

Plaintiff states that a loan requires the delivery of money or value by one party and the receipt of such value by another, with an agreement to repay. Plaintiff denies that any such delivery and receipt of value has been produced or proven.

Plaintiff further denies the existence of any valid and enforceable obligation supported by lawful consideration and requires strict proof thereof.

Subject to and without waiving these objections, Plaintiff will respond only to the extent necessary and based on documents, if any, that are properly authenticated and proven.

## OBJECTION TO DEFINITION NO. 9 ("Foreclosure")

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it assumes the existence, validity, or lawfulness of any foreclosure proceeding or sale, which is expressly denied.

Plaintiff further objects to this definition to the extent it relies upon or incorporates the alleged "Deed of Trust" and any purported lien or security interest, the existence and validity of which are disputed and require strict proof.

Plaintiff states that foreclosure is a process by which a party enforces a valid lien or security interest upon default of a lawful obligation. Plaintiff denies that any such valid lien, obligation, or authority to enforce has been produced or proven.

Plaintiff further denies that any party has lawful authority to deprive Plaintiff of possession, rights, title, or interests in the Estate and requires strict proof of any such authority.

Subject to and without waiving these objections, Plaintiff will respond only to the extent necessary and based on properly authenticated and proven documents.

## OBJECTION TO DEFINITION NO. 10 ("Document")

Plaintiff, appearing specially and without waiving any objections, objects to this definition as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks every conceivable form of material without limitation.

Plaintiff further objects to this definition to the extent it includes drafts, summaries, or reproductions not relevant to the claims or defenses in this action.

Plaintiff also objects to the extent this definition seeks information not within Plaintiff's possession, custody, or control, or that would require disclosure of private, confidential, or privileged information.

Subject to and without waiving these objections, Plaintiff will produce only non-privileged, relevant documents within her possession, custody, or control.

## OBJECTION TO DEFINITION NO. 11 ("Communication")

Plaintiff, appearing specially and without waiving any objections, objects to this definition as overly broad, vague, and unduly burdensome to the extent it seeks every form of contact, correspondence, or exchange without limitation.

Plaintiff further objects to this definition to the extent it includes communications not relevant to the claims or defenses in this action.

Plaintiff also objects to the extent this definition seeks information not within Plaintiff's possession, custody, or control, or that would require disclosure of private, confidential, or privileged communications.

Subject to and without waiving these objections, Plaintiff will respond only to relevant communications within her knowledge and possession.

## OBJECTION TO DEFINITION NO. 12

Plaintiff, appearing specially and without waiving any objections, objects to this definition to the extent it attempts to construe terms, phrases, or expressions in a manner that removes reasonable limitation and makes the Interrogatories overly broad and unduly burdensome.

Plaintiff further objects to the use of the term "including" as meaning "without limitation," as such construction improperly expands the scope of the Interrogatories beyond what is relevant and proportional to the needs of the case.

Plaintiff further objects to any attempt to impose meanings, conditions, or obligations through expansive interpretation of words or phrases not expressly stated or proven.

Plaintiff states that all discovery requests are subject to reasonable limitation as required by the Due Process Clause of the Fifth and Fourteenth Amendments and the Fourth Amendment of the United States Constitution.

Subject to and without waiving these objections, Plaintiff will interpret and respond to each Interrogatory reasonably and consistent with applicable rules.

## OBJECTION TO DEFINITION NO. 13

Plaintiff, appearing specially and without waiving any objections, does not object to this definition to the extent it reflects general rules of grammatical construction.

Subject to and without waiving these objections, Plaintiff will interpret and respond to each Interrogatory reasonably and consistent with the context and applicable law.

## OBJECTION TO DEFINITION NO. 14

Plaintiff, appearing specially and without waiving any objections, objects to this definition as overly broad, vague, and unduly burdensome to the extent it attempts to include matters that are only indirectly or tangentially connected to the claims or defenses in this action.

Plaintiff further objects to this definition to the extent it seeks information beyond what is relevant and proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff will respond only to matters directly relevant to the issues in dispute and within her knowledge and possession.

## OBJECTION TO DEFINITION NO. 15

Plaintiff, appearing specially and without waiving any objections, objects to this definition as overly broad, unduly burdensome, and intrusive to the extent it seeks extensive personal information, including addresses, telephone numbers, and detailed descriptions beyond what is relevant to the claims or defenses in this action.

Plaintiff further objects to this definition to the extent it requires disclosure of private, confidential, or privileged information, including information relating to third parties not relevant to this action.

Plaintiff also objects to this definition to the extent it seeks information not within Plaintiff's possession, custody, or control, or requires speculation regarding the knowledge or actions of others.

Plaintiff further objects to any requirement to provide exhaustive or detailed descriptions of communications or documents beyond what is reasonably necessary.

Subject to and without waiving these objections, Plaintiff will identify or describe persons, entities, acts, or documents only to the extent reasonably known and directly relevant to the issues in dispute.

## PLAINTIFF'S OBJECTIONS TO INSTRUCTIONS

Plaintiff, appearing specially and without waiving any objections, objects to Defendants' Instructions to the extent they attempt to impose obligations beyond those permitted under the Federal Rules of Civil Procedure as applied consistent with the United States Constitution.

Plaintiff further objects to any instruction requiring the disclosure of all information "known or available" without limitation, as overly broad, unduly burdensome, and not proportional to the needs of the case, and as inconsistent with due process protections.

Plaintiff objects to the Instructions to the extent they require continuous supplementation beyond what is required by the Federal Rules of Civil Procedure, and will supplement responses only as required by applicable rules and constitutional limitations.

Plaintiff further objects to any instruction that seeks to compel disclosure of information not within Plaintiff's possession, custody, or control, or that would invade privacy or other protected interests.

Plaintiff also objects to any instruction that attempts to shift the burden of proof onto Plaintiff regarding disputed matters, including the existence of any alleged loan, debt, lien, or obligation.

Subject to and without waiving these objections, Plaintiff will respond to each Interrogatory separately and to the extent reasonably known and directly relevant to the claims and defenses in this action.

## INTERROGATORY NO. 1

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory as overly broad, unduly burdensome, and not limited to matters directly relevant to the claims or defenses in this action, to the extent it seeks "each and every" communication and includes matters only indirectly related.

Plaintiff further objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control, or that would require disclosure of private, confidential, or privileged information.

Subject to and without waiving these objections, Plaintiff responds as follows:

On or about January 10, 2025, Plaintiff sent written communications to Defendants, including (1) an Affidavit of Dispute and (2) an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate, via certified mail, regarding the Estate know as 703 Deveron Lane, Houston, Texas.

Certified Mail Tracking No.: 95890710527025566674381.

These communications provided notice disputing any alleged obligation and asserting Plaintiff's adverse claim. Defendants received said communications, as evidenced by certified mail return receipt.

Plaintiff further identifies telephone communications initiated by Defendants as follows:

(1) On April 8, 2025, at approximately 11:15 a.m., a telephone call from an individual identifying as an agent for JPMorgan Chase Bank, N.A.;

(2) On June 17, 2025, at approximately 10:16 a.m., a telephone call from an individual identifying himself as Ryan Banks, acting as an agent for JPMorgan Chase Bank, N.A.

During said communications, Defendants stated that the calls may be recorded. Plaintiff is in possession of recordings of such communication(s). Defendants are on notice of the existence of such communication(s) and any recordings thereof.

Said recording(s) will be produced in accordance with the Federal Rules of Civil Procedure.

Plaintiff is not presently aware of any additional responsive communications beyond those stated above and reserves the right to supplement if additional information becomes known.

## INTERROGATORY NO. 2

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it assumes the existence of any valid agreement, contract, note, or mortgage loan, which is expressly denied.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not limited to matters directly relevant to the claims or defenses in this action.

Subject to and without waiving these objections, Plaintiff responds as follows:

1.   Plaintiff is not in possession of, nor aware of, any valid and enforceable agreement or contract between Plaintiff and Defendants relating to hypothecation, lien, encumbrance, any alleged, mortgage loan secured by the Estate known as 703 Deveron Lane, Houston, Texas.

Plaintiff denies entering into any such agreement or contract with Defendants and denies the existence of any lawful obligation arising therefrom.

1.   Plaintiff further denies the existence of any valid alleged Note or alleged fee simple deed (color of title) Deed of Trust enforceable by Defendants and requires strict proof thereof, including proof of execution, lawful consideration, and authority to enforce.

Plaintiff is not aware of any oral agreements relating to the alleged loan.

Plaintiff reserves the right to supplement this response should additional information become known.

## INTERROGATORY NO. 3

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion or expert analysis regarding alleged statutory violations at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it seeks "every instance" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following instances in which Defendants engaged in conduct that forms the basis of Plaintiff's claims under the Fair Debt Collection Practices Act:

(1) On or about December 17, 2024:
Defendants caused to be sent a document instruments - Bills of Attainder / Foreign Bills of Exchange titled "Mortgage Statement" relating to account number 0696921980. Said document was unsigned, failed to identify a lawful creditor, and contained representations of an alleged debt that Plaintiff disputes.
2) On or about January 10, 2025:
Plaintiff sent an Affidavit of Dispute and an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B) via certified mail to Defendants, disputing the alleged debt and asserting Plaintiff's adverse claim.

Despite receipt of said notice, Defendants failed to validate the alleged debt and continued collection activity thereafter.

(3) On April 8, 2025, at approximately 11:15 a.m.:
An agent for JPMorgan Chase Bank, N.A. initiated a telephone communication with Plaintiff regarding the alleged debt.

(4) On June 17, 2025, at approximately 10:16 a.m.:
An individual identifying himself as Ryan Banks, acting as an agent for JPMorgan Chase Bank, N.A., initiated a telephone communication with Plaintiff regarding the alleged debt.

Plaintiff states that the above communications and actions constitute conduct forming the basis of Defendants' alleged violations, including misrepresentation of an alleged debt and continued collection activity without proper validation.

The individuals involved include agents of JPMorgan Chase Bank, N.A., including but not limited to the individual identifying himself as Ryan Banks.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 4

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged fraud at this stage of discovery.

Plaintiff further objects to this Interrogatory as vague and incomplete as stated.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following instance in which Defendants engaged in conduct forming the basis of Plaintiff's claims of mail fraud:

On or about December 17, 2024:

Defendants caused to be delivered through the mail a document instruments - Bills of Attainder / Foreign Bills of Exchange titled "Mortgage Statement," associated with account number 0696921980, relating to the Estate located near 703 Deveron Lane, Houston, Texas.

Said document was unsigned, failed to identify a lawful creditor, and contained representations of an alleged debt that Plaintiff disputes.

Plaintiff further states that said communication was sent through the United States mail and forms the basis of Plaintiff's claim that Defendants used the mail to transmit a document containing alleged misrepresentations regarding an alleged debt.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 5

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged statutory violations at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it seeks "every instance" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following instance(s) in which Defendants failed to verify the alleged debt:

(1) On or about January 10, 2025:
Plaintiff sent an Affidavit of Dispute and an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B) via certified mail to Defendants, disputing the alleged debt and requesting validation.

Said notice was received by Defendants, as evidenced by certified mail return receipt.

Despite receipt of said notice, Defendants failed to provide verification or validation of the alleged debt and continued collection activity thereafter, including telephone communications on April 8, 2025, and June 17, 2025.

Plaintiff is not aware of any instance in which Defendants provided proper validation of the alleged debt.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 6

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged constitutional violations at this stage of discovery.

Plaintiff further objects to this Interrogatory as vague and ambiguous as stated.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts supporting her allegations:

(1) Defendants, including Jamie Dimon acting in his capacity associated with JPMorgan Chase Bank, N.A., caused to be sent a document titled "Mortgage Statement" on or about December 17, 2024, asserting an alleged debt without providing a signed instrument, lawful creditor identification, or proof of authority.

(2) On or about January 10, 2025, Plaintiff sent an Affidavit of Dispute and an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B) via certified mail, specifically referencing and disputing the Bills of Attainder / Foreign Bills of Exchange document titled "Mortgage Statement" dated December 17, 2024.

(3) Despite receipt of said notice, Defendants failed to provide verification of the alleged debt and continued collection activity thereafter.

(4) Defendants initiated telephone communications with Plaintiff on April 8, 2025, and June 17, 2025, regarding the alleged debt without providing verification or lawful authority.

(5) Defendants have asserted claims against Plaintiff's Estate and threatened enforcement actions without producing proof of a valid agreement, lawful consideration, or authority to enforce any alleged instrument.

Plaintiff states that the above conduct forms the factual basis supporting Plaintiff's allegations as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

## INTERROGATORY NO. 7

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged deceptive practices at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it seeks "each" instance without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following deceptive or misleading practices used in connection with the collection of an alleged obligation:

(1) Use of a Bills of Attainder / Foreign Bills of Exchange document titled "Mortgage Statement" dated December17, 2024: Said document was transmitted to Plaintiff asserting an alleged debt while failing to identify a lawful creditor, lacking a verifiable signature, and presenting information that Plaintiff disputes.

(2) Representation of authority without proof:
Defendants, including individuals acting on behalf of JPMorgan Chase Bank, N.A., represented or implied authority to collect on the alleged obligation without producing proof of ownership, holder status, or lawful authority to enforce.

(3) Continued collection activity after dispute:

After Plaintiff sent an Affidavit of Dispute and Affidavit of Fact on January 10, 2025, Defendants continued collection activity, including telephone communications on April 8, 2025, and June 17, 2025, without providing validation of the alleged debt.

(4) Use of telephone communications implying a valid obligation:
Defendants' agents contacted Plaintiff regarding the alleged debt and engaged in discussions implying the existence of a valid and enforceable obligation despite Plaintiff's dispute and request for validation.

Plaintiff states that the above conduct forms the factual basis supporting Plaintiff's claims of deceptive or misleading practices as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 8

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory as overly broad, unduly burdensome, and not limited to matters within Plaintiff's personal knowledge, to the extent it seeks identification of "every person or entity" over an extended period of time.

Plaintiff further objects to this Interrogatory to the extent it calls for speculation or information not within Plaintiff's possession, custody, or control, including matters relating to alleged transfers, assignments, or interests claimed by third parties.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff states that she executed a transfer of interest in the Estate known as 703 Deveron Lane, Houston, Texas, to an irrevocable trust.

Plaintiff does not speak on behalf of the trust and does not assert knowledge regarding the current status, administration, or any interests held by or through the trust beyond her role, if any.

Plaintiff is not in possession of any verified or authenticated documents establishing that Defendants, or any other third party, have acquired a lawful interest in the Estate.

Plaintiff is aware that Defendants claim an interest in the Estate; however, such claims are disputed, and Defendants have not produced proof of any valid assignment, transfer, or lawful authority establishing such interest.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 10 –

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal narrative or detailed legal conclusions regarding each cause of action at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires identification of every act or omission with exact dates where such information may not be fully known at this time.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following acts or omissions forming the basis of her claims:

(1) On or about December 17, 2024:
Defendants caused to be sent a document titled "Mortgage Statement" asserting an alleged debt associated with account number 0696921980, without identifying a lawful creditor, providing a signed instrument, or demonstrating authority to enforce the alleged obligation.

(2) On or about January 10, 2025:
Plaintiff sent an Affidavit of Dispute and an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B) via certified mail, specifically disputing the alleged obligation and referencing the Mortgage Statement dated December 17, 2024.

(3) After January 10, 2025:
Defendants failed to provide validation or verification of the alleged debt despite receipt of Plaintiff's dispute.

(4) On April 8, 2025, at approximately 11:15 a.m.:
An agent for JPMorgan Chase Bank, N.A. initiated a telephone communication with Plaintiff regarding the alleged debt.

(5) On June 17, 2025, at approximately 10:16 a.m.:
An individual identifying himself as Ryan Banks, acting as an agent for JPMorgan Chase Bank, N.A., initiated a telephone communication with Plaintiff regarding the alleged debt.

(6) Ongoing conduct:
Defendants have continued to assert claims against Plaintiff's Estate and to engage in collection-related activity without providing proof of a valid agreement, lawful consideration, or authority to enforce any alleged instrument.

Plaintiff states that the above acts and omissions form the factual basis for her claims, including but not limited to violations of federal consumer protection laws and related causes of action as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 11

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory as overly broad, unduly burdensome, and intrusive to the extent it seeks disclosure of medical and mental health information for a ten-year period, which is not proportional to the needs of the case.

Plaintiff further objects to this Interrogatory to the extent it seeks private, confidential, and protected health information not directly at issue in this action.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff alleges general mental anguish, including stress, anxiety, frustration, and loss of peace of mind resulting from Defendants' actions, including the assertion of an alleged debt, continued collection activity after dispute, and threats relating to the Estate.

Plaintiff has not sought or received medical or mental health treatment specifically related to the matters alleged in this action and is not claiming any medical diagnosis, treatment, or specialized damages requiring expert testimony.

Plaintiff is not in possession of responsive information identifying medical providers or mental health professionals related to the allegations in this case.

Plaintiff reserves the right to supplement this response as necessary.

# INTERROGATORY NO. 12

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion or detailed proof regarding exemplary damages, malice, or intent at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires a detailed narrative of all facts beyond what is reasonably known at this time.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts that form the basis for her claim for exemplary damages:

(1) On or about December 17, 2024:
Defendants caused to be sent a document titled "Mortgage Statement" asserting an alleged debt without identifying a lawful creditor, providing a signed instrument, or demonstrating authority to enforce the alleged obligation.

(2) On or about January 10, 2025:
Plaintiff sent an Affidavit of Dispute and an Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B) via certified mail, disputing the alleged obligation and requesting validation, specifically referencing the Mortgage Statement dated December 17, 2024.

(3) After January 10, 2025:
Despite receipt of Plaintiff's dispute, Defendants failed to provide validation or verification of the alleged debt and continued collection activity thereafter.

(4) On April 8, 2025, and June 17, 2025:
Defendants, through their agents, initiated telephone communications with Plaintiff regarding the alleged debt without providing proof of authority or validation of the alleged obligation.

(5) Ongoing conduct:
Defendants continued to assert claims against Plaintiff's Estate and engage in collection-related activity despite notice of dispute and without producing proof of a valid agreement or lawful authority to enforce any alleged instrument.

Plaintiff states that the above conduct forms the factual basis supporting her claim for exemplary damages as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 13

ANSWER:

Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding holder-in-due-course status at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it spans a time period beyond Plaintiff's knowledge or possession of information, including periods prior to Defendants' contact with Plaintiff.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts supporting her contention that Defendants lack holder-in-due-course status or otherwise lack authority to enforce the alleged instrument:

(1) Defendants have not produced the original promissory note or any authenticated copy demonstrating possession of the instrument.

(2) Defendants have not produced any endorsements, allonges, or documentation evidencing lawful transfer or negotiation of the alleged note.

(3) Defendants have not identified or produced documentation establishing themselves as the lawful holder or a nonholder in possession with rights of a holder.

(4) Defendants have not provided documentation identifying the original creditor or any verified chain of title demonstrating transfer of the alleged obligation.

(5) On or about January 10, 2025, Plaintiff sent an Affidavit of Dispute and Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B), disputing the alleged obligation and requesting validation, specifically referencing the instruments - Bills of Attainder / Foreign Bills of Exchange titled Mortgage Statement dated December 17, 2024.

(6) Despite receipt of said notice, Defendants failed to provide verification or validation of the alleged debt and continued collection activity thereafter.

(7) Defendants continued to assert an interest in the Estate without producing proof of possession of the instrument or lawful authority to enforce the alleged obligation.

Plaintiff states that the above facts form the basis of her contention that Defendants lack holder-in-due-course status or otherwise lack authority to enforce any alleged instrument.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

## INTERROGATORY NO. 14

ANSWER:
Plaintiff responds to these Interrogatories under protest and without waiver of any constitutional rights, and subject to the limitations imposed by due process and applicable law.

Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion or expert analysis regarding alleged violations of the Uniform Commercial Code at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires a detailed legal narrative beyond facts presently known to Plaintiff.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts supporting her allegations:

(1) Defendants have not produced the original promissory note or any authenticated copy demonstrating possession of the instrument.

(2) Defendants have not produced any endorsements, allonges, or documentation evidencing lawful negotiation or transfer of the alleged note.

(3) Defendants have not identified or produced documentation establishing themselves as a person entitled to enforce the instrument, including as a holder or nonholder in possession with rights of a holder.

(4) Defendants have not provided documentation establishing a complete and verified chain of title relating to the alleged obligation.

(5) Defendants have not provided documentation demonstrating that value was given for the alleged instrument or that they acquired the instrument in good faith.

(6) On or about December 17, 2024, Defendants caused to be sent a document titled "Mortgage Statement" asserting an alleged obligation without producing supporting documentation establishing enforceable rights in the instrument.

(7) On or about January 10, 2025, Plaintiff sent an Affidavit of Dispute and Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B), disputing the alleged obligation and requesting validation.

(8) Despite receipt of said notice, Defendants failed to provide verification or documentation supporting their authority to enforce the alleged instrument and continued collection activity thereafter.

Plaintiff states that the above facts form the basis of her allegations as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

9) Defendants have not provided any written notice identifying a new creditor or transfer of the alleged loan, nor any documentation reflecting compliance with applicable federal disclosure requirements.

# INTERROGATORY NO. 15

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it mischaracterizes Plaintiff's allegations and seeks a legal conclusion regarding discharge, extinguishment, or the legal status of any alleged instrument at this stage of discovery.

Plaintiff further objects to this Interrogatory as vague and ambiguous as to the phrases "discharged and destroyed in law," "full acquittance," and "extinguishment," which call for legal conclusions rather than facts.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts supporting her contentions regarding the alleged obligation:

(1) Defendants have not produced the original promissory note or any authenticated copy demonstrating possession of the instrument.

(2) Defendants have not produced any endorsements, allonges, or documentation evidencing lawful negotiation or transfer of the alleged note.

(3) Defendants have not provided documentation establishing themselves as a person entitled to enforce the instrument or otherwise demonstrating lawful authority to collect.

(4) On or about December 17, 2024, Defendants caused to be sent a document titled "Mortgage Statement" asserting an alleged obligation without providing supporting documentation establishing enforceable rights.

(5) On or about January 10, 2025, Plaintiff sent an Affidavit of Dispute and Affidavit of Fact -- Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B), disputing the alleged obligation and requesting validation.

(6) Despite receipt of said notice, Defendants failed to provide verification or documentation supporting the existence or enforceability of the alleged obligation and continued collection activity thereafter.

(7) Defendants have continued to assert claims against the Estate without producing proof of a valid agreement, lawful consideration, or authority to enforce any alleged instrument.

Plaintiff states that the above facts form the basis of her contentions as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

## INTERROGATORY NO. 16

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged false or misleading representations at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires identification of "all" such representations beyond those presently known.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following false or misleading representations regarding the character, amount, and legal status of the alleged obligation:

(1) a document titled 'Mortgage Statement dated December 17, 2024: Defendants caused to be sent a document titled "Mortgage Statement" associated with account number 0696921980, representing the existence of a valid debt obligation without identifying a lawful creditor or providing documentation demonstrating authority to enforce the alleged obligation.

(2) Representation of a valid and enforceable loan:
Defendants, through written communications and conduct, represented that a valid mortgage loan exists and is enforceable, despite not producing documentation evidencing a valid agreement, lawful consideration, or authority to enforce the alleged instrument.

(3) Representation of legal status and right to collect:
Defendants represented or implied that they possess the legal right to collect on the alleged obligation and enforce the Note and Deed of Trust, without producing documentation demonstrating possession of the instrument or status as a person entitled to enforce.

(4) Continued collection communications after dispute:
Following Plaintiff's Affidavit of Dispute dated January 10, 2025, Defendants continued to communicate with Plaintiff, including telephone communications on April 8, 2025, and June 17, 2025, implying the continued existence and enforceability of the alleged obligation without providing validation.

(5) Representation of amount owed:
Defendants represented that a specific amount is owed under the alleged obligation without providing a verified accounting, payment history, or documentation supporting the amount claimed.

Plaintiff states that the above representations form the factual basis supporting her claims as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

# INTERROGATORY NO. 17

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it assumes the existence of a "discharged obligation," which is disputed, and to the extent it seeks a legal conclusion regarding discharge at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires identification of "all" such conduct beyond that presently known.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following unfair or unconscionable means used in connection with the collection or attempted collection of an alleged obligation:

(1) a document titled 'Mortgage Statement dated December 17, 2024:

Defendants caused to be sent a document asserting an alleged obligation without identifying a lawful creditor or providing documentation demonstrating authority to enforce the alleged obligation.

(2) Failure to validate after dispute:
On or about January 10, 2025, Plaintiff sent an Affidavit of Dispute and Affidavit of Fact – Adverse Claim of Title and Reversion of Ancestral Estate (Exhibit B), disputing the alleged obligation and requesting validation. Despite receipt, Defendants failed to provide verification and continued collection activity.

(3) Continued collection communications:
Defendants, through their agents, initiated telephone communications with Plaintiff on April 8, 2025, and June 17, 2025, regarding the alleged obligation without providing proof of authority or validation.

(4) Assertion of rights without proof:
Defendants have asserted an interest in the Estate and engaged in collection-related conduct without producing documentation establishing a valid agreement, lawful consideration, or authority to enforce any alleged instrument.

(5) Representation of an enforceable obligation without documentation:
Defendants have continued to represent that the alleged obligation is valid and enforceable without providing a verified accounting, chain of title, or documentation supporting such claims.

Plaintiff states that the above conduct forms the factual basis supporting her claims as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

## INTERROGATORY NO. 18

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks a complete legal conclusion regarding alleged violations of the Truth in Lending Act at this stage of discovery.

Plaintiff further objects to this Interrogatory as overly broad to the extent it requires a detailed legal analysis beyond facts presently known to Plaintiff.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies the following facts supporting her allegations:

(1) Failure to identify a lawful creditor:
Defendants caused to be sent a document titled "Mortgage Statement" dated December 17, 2024, asserting an alleged obligation without clearly identifying a lawful creditor or providing documentation establishing ownership of the alleged loan.

(2) Failure to provide notice of transfer or assignment:
Defendants have not provided any written notice identifying a new creditor or any transfer or assignment of the alleged loan, including the identity of the party entitled to enforce the obligation.

(3) Failure to provide required disclosures:
Defendants have not provided documentation reflecting required disclosures regarding the alleged loan, including the identity of the creditor, terms of the obligation, or documentation supporting the existence of a valid and enforceable agreement.

(4) Continued collection activity without disclosure:
Despite Plaintiff's dispute dated January 10, 2025, Defendants continued to engage in collection-related communications, including telephone communications on April 8, 2025, and June 17, 2025, without providing documentation or disclosures supporting their authority or the legal status of the alleged obligation.

Plaintiff states that the above facts form the basis of her allegations as set forth in the Complaint.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

## INTERROGATORY NO. 19

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it seeks identification of "all" such information beyond what is presently known to Plaintiff and to the extent it requires speculation regarding information reported by third parties.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is informed and believes that Defendants have reported information regarding an alleged mortgage obligation to one or more consumer reporting agencies.

Plaintiff identifies the following information as false or misleading:

(1) Representation of a valid and enforceable debt:
Defendants have reported that Plaintiff is obligated on a valid mortgage loan despite failing to provide documentation demonstrating the existence of a valid and enforceable agreement or their authority to enforce the alleged obligation.

(2) Representation of amount owed:
Defendants have reported that a specific amount is owed under the alleged obligation without providing a verified accounting, payment history, or documentation supporting the amount claimed.

(3) Representation of creditor status:
Defendants have reported or implied that they are the creditor or otherwise entitled to collect on the alleged obligation without producing documentation establishing ownership or lawful authority.

(4) Reporting after dispute:
Defendants have continued to report the alleged obligation to consumer reporting agencies despite Plaintiff's dispute dated January 10, 2025, without providing validation or verification of the alleged debt.

Plaintiff is not presently in possession of complete records of all information reported to consumer reporting agencies and reserves the right to supplement this response upon receipt of such information through discovery.

Plaintiff states that the above information forms the factual basis of her claims as set forth in the Complaint.

5) Inconsistent or absent credit reporting:
Plaintiff is informed and believes that Defendants have engaged in enforcement-related actions concerning the alleged obligation; however, such actions are not consistently reflected in Plaintiff's consumer credit reports, creating an inconsistency regarding the character and status of the alleged obligation.

## INTERROGATORY NO. 20

ANSWER:
Plaintiff, appearing specially and without waiving any objections, objects to this Interrogatory to the extent it assumes the existence of "false documents" and seeks a legal conclusion regarding the validity of documents recorded in property records.

Plaintiff further objects to this Interrogatory as overly broad to the extent it seeks identification of all such documents beyond those presently known to Plaintiff or within Plaintiff's possession.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not presently in possession of complete property records or certified copies of all documents recorded relating to the Estate known as 703 Deveron Lane, Houston, Texas.

Plaintiff is informed and believes that Defendants have caused documents to be recorded in connection with the alleged Deed of Trust, foreclosure, or transfer of interest; however, Plaintiff disputes the validity and enforceability of any such documents to the extent they purport to establish Defendants' authority without proper documentation, including proof of a valid assignment, chain of title, or lawful authority to enforce.

Plaintiff is not presently able to identify each specific document recorded without access to complete property records and reserves the right to supplement this response upon receipt and review of such records through discovery.

Plaintiff states that any documents recorded by Defendants that purport to establish an interest in the Estate without proper authority are disputed.

Plaintiff reserves the right to supplement this response as additional information becomes known through discovery.

Respectfully submitted,

Rachael Griffin-El, In Propria Persona, Sui Juris ex rel. Rachael Lee Griffin

C/O 709 Deveron Lane
Houston, Texas [Zip Exempt]
All Rights Reserved – UCC 1-308