# IN UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

APR 1 3 2026

Nathan Ochsner, Clerk of Court

**Rachael Griffin-El, sui juris**

Plaintiff

v.

**Jamie Dimon (dba CEO) JPMorgan Chase Bank, N.A., et al.**

Defendants

**Civil Action No. 4:25-cv-02013**

## PLAINTIFF'S RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S FIRST REQUESTS FOR PRODUCTION

 

Plaintiff Rachael Griffin-El, specially, appearing in sui juris, an aboriginal and indigenous Moorish American sovereign national of the Moroccan Empire at Maghrib alAqsá, North-West Amexem / North America, being of legal age, propria persona, sui juris, not pro se, hereby responds to Defendant Jamie Dimon (dba CEO) of JPMorgan Chase Bank, N.A.'s First Requests for Production as follows:

### GENERAL OBJECTIONS

Plaintiff objects to the Requests to the extent they are overly broad, unduly burdensome, or seek documents not within Plaintiff's possession, custody, or control.

Plaintiff further objects to the extent the Requests assume facts not established, including the existence, validity, or enforceability of any alleged Note, Deed of Trust, Loan, or Foreclosure.

Subject to and without waiving these objections, Plaintiff responds as follows:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as overly broad and to the extent it assumes the existence, validity, or enforceability of any alleged contract or agreement relating to the subject Property.

Plaintiff further objects to this Request to the extent it seeks documents not within Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not presently in possession of any verified or authenticated contract or agreement establishing a valid and enforceable obligation between Plaintiff and Defendants.

To the extent any documents previously existed, Defendants are in equal or superior possession of such documents.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" without reasonable limitation as to time or scope.

Plaintiff further objects to the extent this Request seeks documents not within Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged communications, if any, within her possession that are responsive to this Request.

Plaintiff states that communications, if any, are limited and include correspondence and records of contact relating to Plaintiff's dispute of the alleged obligation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request to the extent it is overly broad and seeks documents not within Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any notices of default, notices of acceleration, or notices of sale relating to the Property for the time period requested.

Plaintiff states that she did not receive any such notices by mail.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including whether Defendants allegedly violated the Fair Debt Collection Practices Act.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to communications, dispute correspondence, and records of Defendants' collection activities.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including allegations of mail fraud.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to communications, correspondence, and records of Defendants' collection activities.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including allegations of fraudulent misrepresentation.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to communications, correspondence, and representations made in connection with the alleged obligation.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including allegations that Defendants made false claims to title or lien.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to Defendants' claimed interest in the Estate and any communications or records concerning such claims.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including allegations that Defendants violated the United States Constitution.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to communications, notices, and actions taken by Defendants concerning the alleged obligation and the Estate.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to this Request as overly broad, vague, and unduly burdensome to the extent it seeks documents relating to "any action or omission" without reasonable limitation.

Plaintiff further objects to the extent this Request seeks documents supporting lawful conclusions regarding alleged wrongful conduct.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to communications, dispute correspondence, notices, and actions taken by Defendants concerning the alleged obligation and the Estate.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks documents reflecting "any interest" in the Estate by any person or entity over an extended period of time.

Plaintiff further objects to this Request to the extent it seeks documents not within Plaintiff's possession, custody, or control, including documents relating to third parties or public records equally available to Defendants.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff is not in possession of complete records establishing all interests in the Estate from October 31, 2005 to the present.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Plaintiff objects to this Request to the extent it assumes that a foreclosure sale occurred in connection with the alleged Loan.

Plaintiff further objects to this Request as overly broad and to the extent it seeks documents not within Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any documents, communications, or records demonstrating that a foreclosure sale lawfully occurred in connection with the alleged Loan.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Plaintiff objects to this Request as overly broad, unduly intrusive, and seeking private medical information not reasonably limited in scope.

Plaintiff further objects to this Request to the extent it seeks documents protected by privacy rights and not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of medical records relating to treatment for mental anguish or emotional distress that are being relied upon in support of her claims in this action.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Plaintiff objects to this Request as overly broad, unduly intrusive, and seeking authorization for the release of private medical and mental health records beyond the scope of this action.

Plaintiff further objects to executing any blanket authorization that would allow Defendants unrestricted access to Plaintiff's medical or mental health records.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff declines to execute the requested authorization.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to properly limited requests concerning claims in this action.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Plaintiff objects to this Request to the extent it seeks documents supporting legal conclusions, including allegations of malice or intent to cause injury.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each document" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

To the extent Plaintiff seeks exemplary damages, Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to Defendants' communications, conduct, and actions concerning the alleged obligation and the Estate.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiff objects to this Request as overly broad to the extent it assumes that all interrogatory responses were based on documents.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff's responses to Defendants' Interrogatories were based on Plaintiff's personal knowledge, information available to Plaintiff, and documents, if any, within Plaintiff's possession.

Plaintiff will produce non-privileged documents, if any, within her possession that were relied upon in responding to Defendants' Interrogatories.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Plaintiff objects to this Request as overly broad and vague to the extent it seeks documents that "in any way relate" to the allege Loan, Property, or relief sought.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any settlement agreements relating to the alleged Loan, the Property, or the relief sought in this action.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" over an extended period of time and across numerous subject matters, including matters not relevant to the claims or defenses in this action.

Plaintiff further objects to this Request to the extent it seeks private or personal communications that are not relevant to the subject matter of this litigation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged communications, if any, within her possession that are responsive to this Request and relevant to the claims and defenses in this action.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" without reasonable limitation and across numerous subject matters.

Plaintiff further objects to this Request to the extent it seeks private or personal communications that are not relevant to the claims or defenses in this action.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged communications, if any, within her possession that are responsive to this Request and relevant to the claims and defenses in this action.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff objects to this Request as overly broad and to the extent it seeks communications not within Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any communications with Tremayne Griffin regarding any bankruptcy proceedings.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case to the extent it seeks "all documents" relating to any bankruptcy proceedings without limitation.

Plaintiff further objects to this Request to the extent it seeks documents that are not relevant to the claims or defenses in this action.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any documents relating to bankruptcy proceedings that are being relied upon in support of her claims in this action.

Plaintiff will produce any non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Plaintiff objects to this Request as not relevant to the claims or defenses in this action and not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any responsive tax return documents for the years requested.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiff objects to this Request as seeking documents not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Request as irrelevant to the claims or defenses in this action and not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of any documents reflecting any personal business contacts Jamie Dimon, has had with the State of Texas.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this Request to the extent it seeks information beyond what is necessary to establish identity.

Subject to and without waiving this objection, Plaintiff responds as follows:

Plaintiff uses the title Rachael Lee Griffin-El and is the individual associated with the documents referenced in this matter.

Plaintiff is not in possession of any (color of title) formal documents reflecting a legal name change.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this Request as overly broad and to the extent it assumes facts not established, including that Plaintiff executed any enforceable Note or Deed of Trust with Defendants.

Plaintiff further objects to this Request to the extent it seeks documents supporting legal conclusions regarding the validity or enforceability of any alleged instrument.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is in possession of copies of documents that purport to be a Deed of Trust associated with the Estate and will produce non-privileged documents, if any, within her possession that are responsive to this Request.

Plaintiff does not concede that Defendants are the lawful holder, owner, or authorized party entitled to enforce any such documents.

Plaintiff reserves the right to supplement this response as discovery continues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff objects to this Request to the extent it seeks documents supporting lawful conclusions, including allegations regarding the validity or invalidity of any alleged lien.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" without reasonable limitation.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce non-privileged documents, if any, within her possession that are responsive to this Request, including documents relating to Defendants' claimed interest in the Property, communications, notices, and records concerning the alleged obligation.

Plaintiff does not concede that Defendants hold a valid or enforceable lien or that Defendants have established the authority to assert any such interest.

Plaintiff reserves the right to supplement this response as discovery continues.

Respectfully submitted,





Rachael Griffin-El, In Propria Persona, Sui Juris ex rel. Rachael Lee Griffin

C/O 709 Deveron Lane

Houston, Texas [Zip Exempt]

All Rights Reserved – UCC 1-308