**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Rachael Griffin-El, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-2013 |
| | § | |
| Jamie Dimon, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Jamie Dimon and JPMorgan Chase Company's Motion to Dismiss. Doc. 57. For the reasons set forth below, the Court GRANTS the Motion to Dismiss and ORDERS Plaintiff to show cause as to why the court should not dismiss the claims against the remaining defendants for her failure to timely effectuate service.

## I.  BACKGROUND

This case arises from Plaintiff's purchase of real property using two notes, each secured by a deed of trust. *See* Docs. 57-1, 57-2. The Federal Deposit Insurance Corporation ("FDIC") assigned one of the deeds of trust to Defendant JPMorgan Chase Company ("JPMC"). Doc. 57-3. In 2024, Plaintiff received a mortgage statement related to the deed of trust held by JPMC, and this mortgage statement served as the impetus for this suit. Doc. 1 at 2.

In May 2025, Plaintiff sued Defendants Jamie Dimon and JPMC, along with several other Defendants,[1] alleging that they unlawfully attempted to foreclose on her property. Doc. 1. On October 6, 2025, Plaintiff amended her Complaint and added additional Defendants.[2] Doc. 52. She accuses the Defendants of (1) "Fraud & UCC Articles 3 and 9 (Lack of Holder in Due Course)," (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) violation of the Truth in Lending Act ("TILA"), (4) violation of the Fair Credit Reporting Act ("FCRA"), and further asserts Texas state claims for (5) defamation, (6) slander of title, and (7) quiet title. *Id.* at 4–6.

Defendants Jamie Dimon and JPMC now move to dismiss.

## II.  LEGAL STANDARD

### A.  *Pro Se* Parties

The Court construes pleadings of *pro se* parties liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even a *pro se* plaintiff must conform to the minimal pleading standards under the Rules. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

---

[1] As of the entry of this Order, Plaintiff has not served any of these defendants.

[2] In her First Amended Complaint, Plaintiff omitted six causes of action included in her original Complaint. *Compare* Doc. 1 *with* Doc. 52. An amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Because Plaintiff has not referenced the original Complaint, the Court considers only the First Amended Complaint and the claims contained therein.

### B. Personal Jurisdiction

A federal court may exercise jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and the exercise of that jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  Federal due process permits personal jurisdiction over a nonresident defendant who has minimum contacts with the forum state, so long as the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.*  The plaintiff carries the burden of showing that a court has personal jurisdiction over a defendant. *Quick Techs. Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002).

### C. Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

The Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative

3

level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In analyzing a motion to dismiss under Rule 12(b)(6), a court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citation omitted). Courts, however, need not accept as true what are simply conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). In considering a motion to dismiss under Rule 12(b)(6), the Court considers the pleadings, including attachments to the complaint, documents incorporated by reference, and matters of which the court may take judicial notice. *See Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. ANALYSIS

The Court lacks personal jurisdiction over Defendant Dimon and must therefore dismiss the claims against him. Moreover, the claims against Defendant JPMC are

dismissed because Plaintiff's First Amended Complaint fails to state any claim against JPMC upon which relief can be granted. Finally, because Plaintiff has not served the remaining defendants during the pendency of this case, the Court orders her to show cause why her claims against them should not be dismissed.

### A.  This Court Lacks Personal Jurisdiction Over Jamie Dimon

The Court must first determine whether it may properly exercise personal jurisdiction over Defendant Dimon. This Court may exert jurisdiction over a defendant for whom the Texas long-arm statute authorizes jurisdiction. *See McFadin*, 587 F.3d at 759. The Fifth Circuit has determined that this statue is squarely within the limits of constitutional due process. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). This means that "the two-step inquiry" of a statutory basis for jurisdiction and constitutionality "collapses into one federal due process analysis." *Johnston v. Multidata System Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Here, Plaintiff fails to allege facts that demonstrate that there exists either general or specific jurisdiction for this court to exert its authority over Mr. Dimon. General jurisdiction may be established by a showing that a defendant is so continuously and systematically present in the forum state that he is essentially "at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). A plaintiff establishes specific jurisdiction by alleging the defendant had purposeful contact with the forum state and the cause of action arises from or is related to that contact. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Plaintiff does not allege Defendant Dimon's continuous presence or any

contact with or conduct in Texas. She only names him as a defendant based on his association with JPMC. *See* Doc. 52 at 2.

Given the utter lack of facts in the Complaint regarding Defendant Dimon's residency or conduct in the State of Texas, this Court cannot properly exercise personal jurisdiction over him and therefore grants his Motion to Dismiss him from the suit.

**B. Plaintiff Has Failed to State a Claim Against JPMC**

Plaintiff pleads seven[3] causes of action against JPMC, Doc. 52 at 4–5, but she fails plead facts plausibly giving rise to the company's liability in either her factual recitation, *id.* at 3, or the statement of her claims. *Id.* at 4–6. Moreover, the Court judicially notices several public documents which foreclose Plaintiff's ability to challenge JPMC's lien against and the deed of trust for her real property.

      1.  <u>Plaintiff Does Not Plausibly Plead that the Deed of Trust<br>or the Lien is Invalid</u>

Several of Plaintiff's causes of action fail because she cannot plausibly allege facts challenging the validity of JPMC's deed of trust or the lien on her real property given her previous admission of those documents' validity. Plaintiff filed for bankruptcy in 2010 and in 2016, each time listing the lien on her house among the claims on her property. *See* Doc. 57-1 at 42, 82. In considering a motion to dismiss, courts may judicially notice publicly available government filings under Federal Rule of Evidence 201(b). *Basic Capital Mgmt.,*

---

[3] Plaintiff enumerates her causes of action in five counts, *see* Doc. 52 at 2–4, one of which combines two distinct claims: her Fair Credit Reporting Act and defamation claims. The Court will treat those separately for purpose of analysis.

*Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) A court need not accept as true allegations in a complaint that conflict with judicially noticed facts. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); 5 Charles Alan Wright et al., FED. PRAC. & PROC. § 1363 (3d ed. Apr. 2026 Update). It is well-established that bankruptcy filings are publicly available for purposes of judicial notice. *See In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019); *State of Fla. Bd. of Trustees of Internal Imp. Tr. Fund v. Charley Toppino & Sons, Inc.*, 541 F.2d 700, 704 (5th Cir. 1975); *In re Santos*, 616 B.R. 334, 341 (Bankr. N.D. Tex. 2020).

The Court takes judicial notice of several deeds of trust and related records publicly on file with the Harris County (Texas) Clerk,[4] as well as conveyance and assignment documents related to those deeds.[5] The Court also takes judicial notice of documents entered on the public docket in Plaintiff's 2010[6] and 2016[7] bankruptcy cases.

After considering the above documents, the Court finds that Plaintiff has failed to plausibly allege that Defendant JPMC does not validly hold the deed of trust or that its lien

---

[4] Deed of Trust, No. RP 013-899-0838 (Harris Cnty., Tex. Clerk Nov. 8, 2025); Planned Unit Dev. Rider, No. RP 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 (Harris Cnty., Tex. Clerk Nov. 8, 2025); Security Document, No. RP 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 (Harris Cnty., Tex. Clerk Nov. 8, 2025); Planned Unit Dev. Rider, No. RP 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 (Harris Cnty., Tex. Clerk Nov. 8, 2025).

[5] Corporate Assignment of Deed of Trust, No. ER 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 (Harris Cnty., Tex. Clerk Nov. 15, 2012); Quit Claim Deed, No. RP-2025-137588 (Harris Cnty., Tex. Clerk Apr. 15, 2025).

[6] Doc. 12, Schedules, *In re Griffin (Griffin I)*, No. 10-41294 (Bankr. S.D. Tex. Oct. 15, 2012); Doc. 75, Order Dismissing Ch. 13 Case, *Griffin I*, No. 10-41294, Doc. 75;

[7] Doc. 1, Ch. 13 Voluntary Petition, *In re Griffin (Griffin II)*, No. 16-36061 (Bankr. S.D. Tex. Feb. 23, 2022); Doc. 77, Order of Discharge, *Griffin II*, No. 16-36061.

on her real property is invalid. The Harris County property records show that the FDIC assigned the deed of trust for her property to JPMC in 2012. *See* Doc. 57-1 at 43–45. Furthermore, in her 2010 Bankruptcy Real Property Declaration (Schedule D), Plaintiff indicated "Chase" as holding a lien on her real property. Doc. 57-1 at 60. She reaffirmed the existence of this lien and of JPMC's interest in her 2016 Bankruptcy Petition. *See* Doc. 57-1 at 82.

Plaintiff's claims of "Fraud & UCC Articles 3 and 9," and her Texas law claims of slander of title, quiet title, and defamation, all depend on the invalidity of JPMC's deed of trust and the associated lien. *See* Doc. 52 at 4 (Plaintiff's claim that JPMC did not validly hold her promissory note as the basis for Plaintiff's fraud and UCC claim); 5–6 (claiming that JPMC used false documents to foreclose on Plaintiff's estate); and 5 (claiming JPMC falsely reported the lien to credit agencies). Fraud requires a material misrepresentation, *see Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 47 (Tex. 1998), while slander of title requires the publishing of false words. *See Williams v. Jennings,* 755 S.W.2d 874, 879 (Tex. App.–Houston [14th Dist.] 1988, writ denied). Similarly, a quiet title claim hinges on the existence of a defendant's invalid or unenforceable claim to real property. *See Kapur v. U.S. Bank N.A. as Trustee for Holders of CIM Trust 2021-NR2, Mortg.-Backed Notes, Series 2021-NR2*, 691 S.W.3d 663, 667 (Tex. App.—Houston [14th Dist.] 2024, pet. denied). Finally, a cause of action for defamation requires that a defendant made a false statement. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Plaintiff premises all four causes of action on the purported

invalidity of JPMC's lien on her real property, accusing JPMC of "record[ing] false documents" and reporting false information to credit agencies Doc. 52 at 5–6. Thus, because Plaintiff has affirmed as authentic the property records and bankruptcy filings, which establish the validity of JPMC's lien, all four claims must necessarily fail as implausible. *See Lovelace,* 78 F.3d at 1017–18 (the Court need not accept as true allegations in a complaint contradicted by judicially noticed documents). Consequently, Plaintiff has not stated a claim for these causes of action.

The Court dismisses these causes of action with prejudice. When the defect in a cause of action is incurable, dismissal with prejudice and disallowing leave to amend is appropriate. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). The Court finds that the chain of title documents and Plaintiff's previous judicial admissions in bankruptcy are insurmountable obstacles to amendment of those claims. Therefore, those claims are dismissed with prejudice.

## 2. Violation of the Fair Debt Collection Practices Act

Plaintiff additionally accuses JPMC of violating the FDCPA. *Id.* at 4–5. To state a claim for violation of the FDCPA, Plaintiff must first allege that Defendants are debt collectors as defined in the Act. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff has failed to allege in a non-conclusory manner that any named Defendant engaged in debt collection. *See* Doc. 52 at 4–5. Her First Amended Complaint reads "[Defendants'] agents made false and misleading representations regarding the character, amount, and legal status of the alleged debt . . . used unfair or unconscionable means to collect or attempt to collect a discharged obligation . . . and failed to validate the alleged debt." *Id.* at 5. These allegations lack the specificity required to plausibly plead that JPMC engaged in debt collection as defined in the FDCPA; they are mere recitations of statutorily-defined violations of the Act unmoored from specific factual allegations. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g.   Because Plaintiff has not plausibly alleged that JPMC engaged in debt collection, this claim must be dismissed.

### 3.  Truth in Lending Act

Next, Plaintiff seeks recovery under Section 1640(a) of TILA. *See* Doc. 52 at 5. Again, Plaintiff fails to state a claim because, under the facts she alleges, the cause of action would be barred by the applicable statute of limitations.

TILA imposes various requirements on lenders to protect consumers from unfair credit practices. If a creditor violates its provisions, the Act provides a private right of action to recover damages. *See* 15 U.S.C. § 1640. This civil liability, however, is subject to a statute of limitations: claims must be brought within one year of the violation, or within three years of a violation for certain enumerated mortgage loans. 15 U.S.C. § 1640(e).

In her First Amended Complaint, Plaintiff alleges "Defendants violated the Truth in Lending Act . . . by concealing the true nature of the transaction and the identity of the creditor." Doc. 52 at 5. Plaintiff does not explain to which transaction she is referring, but the Court liberally construes her claim as referring to the transaction in which she obtained the loan for her house. From the judicially noticed property records, the Court observes that she obtained the loan in 2005. [8] In other words, the transaction giving rise to her allegations occurred twenty years prior to the initiation of this lawsuit. As such, Plaintiff cannot plausibly state a claim for violation of TILA, as it would be subject to at most a three-year statute of limitations under 15 U.S.C. 1640(e) and therefore, as pleaded, would be time-barred.

### 4. Fair Credit Reporting Act

Plaintiff next alleges that JPMC violated the Fair Credit Reporting Act ("FCRA") by "report[ing] false information regarding the alleged debt to credit agencies without lawful verification." Doc. 52 at 5 (citing 15 U.S.C. § 1681s-2). This alleged conduct is specifically covered by Subsection (a) of Section 1681s-2, which governs how data furnishers provide data to credit bureaus. However, Title 15 limits enforcement of this section to certain government agencies and officials. *See* 15 U.S.C. 1681s-2(c), (d). It is well-established among federal courts that "[t]here is no private cause of action for violations of [Section] 1681s-2(a)." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151

---

[8] *See* Deed of Trust, *supra* note 4 at 1.

(2d Cir. 2012) (alterations added); *see also Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir. 2006); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864, 868 (M.D. La. 2003); *Thompson v. Homecomings Fin.*, No. 3-05-CV-100-L, 2005 WL 3534234, *3 at n.5 (N.D. Tex. Dec. 19, 2005); *King v. Equifax Info. Servs.*, No. Civ.A. H-05-0628, 2005 WL 1667783, *2 (S.D. Tex. July 15, 2005). There being no private right of action under Section 1681s-2(a), Plaintiff cannot state a claim under FCRA.

### C. Plaintiff's Failure to Serve Other Defendants

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve defendants within 90 days after a complaint is filed. If a plaintiff fails to do so, the court "must dismiss the action without prejudice" as to those defendants "or order that service be made within a specified time." Fed. R. Civ. P. 4(m). District courts should determine if good cause exists for an extension of time for service before dismissing an action under Rule 4(m). *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Plaintiff filed her original complaint on May 5, 2025, Doc. 1, and later amended it on October 6, 2025. Since then, she has not served Defendants Thomas J. Axon, Franklin Credit Management Corporation, PCF Properties in TX, LLC, or Antony Halaris. The 90-day deadline for service has long passed, and, accordingly, Plaintiff is ORDERED to show cause by August 18, 2026 as to why the claims against those defendants should not be dismissed.

12

### IV.  CONCLUSION

The Court GRANTS  Defendant Dimon's Motion to Dismiss WITH PREJUDICE for lack of personal jurisdiction. Plaintiff's fraud, slander of title, quiet title, and defamation claims against JPMC are DISMISSED WITH PREJUDICE because Plaintiff cannot plausibly state a claim on which relief can be granted.  The remaining claims against JPMC are DISMISSED WITHOUT PREJUDICE for failure to state a claim; and Plaintiff is ORDERED to show cause by August 18, 2026 why the Court should not dismiss the claims against the remaining defendants for her failure to serve them within 90 days of amending her complaint.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 4th of August, 2026.

_____
Nicholas J. Ganjei
United States District Judge