**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RACHAEL GRIFFIN-EL,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**JPMORGAN CHASE CO., JAMIE DIMON, FRANKLIN CREDIT MANAGEMENT CORPORATION, AND THOMAS J. AXON**<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:25-cv-02013** |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JAMIE DIMON'S RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER ON MOTION TO DISMISS**

Defendants JPMorgan Chase Bank, N.A., incorrectly named as JPMorgan Chase Co., ("JPMC") and Jamie Dimon ("Dimon") file this Response to Plaintiff's "Response to the Court's August 4, 2026 Order and Notice Regarding Previously Filed Exhibits A–D" ("Doc. 80") and respectfully show the Court as follows.

## I. NATURE AND STAGE OF THE PROCEEDING

On August 4, 2026, the Court granted JPMC and Dimon's Motion to Dismiss. Doc. 76. The Court dismissed all claims against Dimon with prejudice for lack of personal jurisdiction; dismissed Plaintiff's fraud, slander of title, quiet title, and defamation claims against JPMC with prejudice; and dismissed Plaintiff's remaining claims against JPMC—under the FDCPA, TILA, and FCRA—without prejudice for failure to state a claim. *Id.* The only matter the Order left open as to Plaintiff was a directive that she show cause why her claims against the unserved defendants should not be dismissed under Rule 4(m). *Id.*

On August 17, 2026, Plaintiff filed the document to which JPMC and Dimon now respond—styled a "Response to the Court's August 4, 2026 Order and Notice Regarding Previously Filed Exhibits A–D." Doc. 80. Although captioned a "Response," it does not address service on the unserved defendants. It instead re-files Plaintiff's previously submitted Exhibits A–D and asks the Court to "decline to dismiss" JPMC and Dimon. Doc. 80. To the extent the Court entertains Plaintiff's improper filing as a motion or valid request for relief, Chase responds and urges the Court to deny any relief sought by Plaintiff.

## II. ARGUMENT AND AUTHORITIES

### A. Doc. 80 Is Procedurally Improper and Seeks Relief the Court Did Not Authorize

The Court's August 4 Order resolved JPMC and Dimon's Motion to Dismiss in full. Doc. 76. The only matter the Order left open as to Plaintiff was the show-cause directive concerning her failure to serve Defendants Thomas J. Axon, Franklin Credit Management Corporation, P.C.F. Properties in TX, LLC, and Anthony Halaris within ninety days. *Id.* Doc. 80 does not address service on those defendants at all. It instead re-files Plaintiff's previously submitted Exhibits A–D and asks the Court to reconsider and "decline to dismiss" JPMC and Dimon. Doc. 80.

A party may not, by styling a filing a "response," obtain relief from an order the Court has already entered without invoking a rule that authorizes such relief. The Federal Rules do not recognize a free-standing "response" to a dispositive order as a vehicle for revisiting the merits. Because Doc. 80 seeks relief the Order did not authorize and does not answer the only question the Order posed to Plaintiff, the Court may disregard it, and JPMC and Dimon respectfully submit that it should.

**B. Even If Construed Liberally As A Motion For Reconsideration, Doc. 80 Fails.**

Because Plaintiff proceeds pro se, the Court construes her filings liberally. *Lawson v. Stephens*, 900 F.3d 715, 718 (5th Cir. 2018) To the extent the Court liberally construes Plaintiff's filing as a motion for reconsideration, it fails under every applicable standard.

*1. The August 4 Order is interlocutory, so Rule 54(b)—not Rule 59(e) or Rule 60(b)—governs.*

The vehicle for reconsideration depends on the finality of the challenged ruling. Where the order is a final judgment, Rule 59(e) or Rule 60(b) applies; where the order is interlocutory, Rule 54(b) governs. *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) ("Because the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgments."); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders . . . .").

An order that dismisses claims against some defendants but not others is not final absent a Rule 54(b) certification—even where one defendant is dismissed for lack of personal jurisdiction while claims against others remain. *Luvata Grenada, L.L.C. v. Danfoss Indus. S.A. de C.V.*, 813 F.3d 238, 239–40 (5th Cir. 2016).

The August 4, 2026 Order dismissed JPMC and Dimon but left claims against four other defendants pending, subject to the show-cause directive, and entered no Rule 54(b) certification. Doc. 76. The Order is therefore interlocutory, and any reconsideration of it proceeds under Rule 54(b) and the Court's inherent power—not Rule 59(e) or Rule 60(b). *See Cabral*, 853 F.3d at 766.

2. *Doc. 80 satisfies no basis for reconsideration under rule 54(b).*

Although Rule 54(b) reconsideration is committed to the Court's discretion, that "broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Grand Famous Shipping Ltd. v. Port of Houston Auth.*, 572 F. Supp. 3d 307, 315-16 (S.D. Tex. 2021) (internal quotation marks omitted). A motion to reconsider "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and "may not be used to rehash rejected arguments or introduce new arguments." *Id.*; *accord Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (a motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment"). The recognized grounds are a manifest error of fact or law, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law. *Grand Famous*, 572 F. Supp. 3d at 316.

Doc. 80 establishes none of these. By its own terms it rests on Exhibits A–D "previously filed in this action"—Plaintiff's December 2024 Affidavit of Dispute and related notices—not on newly discovered or previously unavailable evidence. Doc. 80. It rehashes the same holder-in-due-course, "color-of-title," Bill of Attainder, due-process, and treaty theories the Court already considered and rejected, and it identifies no manifest error in the Order and no intervening change in controlling law. That is precisely the reexamination Rule 54(b) does not permit. *Grand Famous*, 572 F. Supp. 3d at 315.

3. *Reconsideration cannot disturb the claims dismissed with prejudice.*

The claims against Dimon, and Plaintiff's fraud, slander of title, quiet title, and defamation claims against JPMC, were dismissed with prejudice. Doc. 76. Those rulings rested on Plaintiff's own judicial admissions in her 2010 and 2016 bankruptcy filings and on judicially noticed public

records establishing the validity of JPMC's lien and deed of trust—grounds the Court found to be insurmountable obstacles to amendment. *Id.* Nothing in Doc. 80 addresses, much less overcomes, those admissions and records. The exhibits Plaintiff resubmits are her own pre-suit correspondence; they do not alter the chain of title or the bankruptcy schedules on which the dismissal rested.

*4. Amendment of the claims dismissed without prejudice would be futile.*

To the extent Doc. 80 is read as seeking leave to replead the FDCPA, TILA, and FCRA claims dismissed without prejudice, it supplies nothing that would cure the defects the Court identified. Doc. 76. The Court dismissed the FDCPA claim because Plaintiff did not plausibly allege that JPMC is a debt collector; the TILA claim as time-barred, the loan having originated roughly twenty years before suit; and the FCRA claim because there is no private right of action under 15 U.S.C. § 1681s-2(a). *Id.* Doc. 80 does not address debt-collector status, the TILA limitations bar, or the absence of a private FCRA remedy. Its Securities Act theory is new, was available earlier, and does not speak to any of these deficiencies. Amendment on this record would be futile.

## V. CONCLUSION

Doc. 80 is an unauthorized filing that seeks relief the August 4, 2026 Order did not leave open and does not answer the show-cause directive the Order issued. Even construed as a motion for reconsideration, it fails: the Order is interlocutory and governed by Rule 54(b), and Doc. 80 identifies no manifest error, presents no newly discovered evidence, and merely rehashes rejected theories on previously filed materials. It cannot disturb the claims dismissed with prejudice, and it does not render amendment of the remaining claims non-futile. JPMC and Dimon therefore

respectfully request that the Court decline to reconsider its August 4, 2026 Order, disregard or deny Doc. 80, and grant JPMC and Dimon all other relief to which they are justly entitled.

Respectfully submitted,

*/s/ Eric G. Carlson*

WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANTS JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AND JAMIE DIMON**

## CERTIFICATE OF SERVICE

This is to certify that on September 1, 2026 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric G. Carlson*
Eric G. Carlson